**ORIGINAL**

FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 2 7 2017

JAMES N. HATTEN, Clerk
By: _____
                 Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

ALLEN J. PENDERGRASS
TERRELL MCQUEEN

Criminal Indictment

No. **1:17-CR-0224**

THE GRAND JURY CHARGES THAT:

## COUNTS ONE through FIVE
### (Mail Fraud)
### 18 U.S.C. § 1341

1. Beginning on a date unknown and continuing until in or about April 2014, in the Northern District of Georgia and elsewhere, the defendants, ALLEN J. PENDERGRASS and TERRELL MCQUEEN, aided and abetted by each other and others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property from state and local governments by means of materially false and fraudulent pretenses, representations, promises, and by omission of material facts, well knowing and having reason to know that said pretenses, representations and promises were false and fraudulent when made and caused to be made and that said omissions were and would be material.

## BACKGROUND

At all times relevant to this Indictment:

2.  In or about, September 2004, PENDERGRASS registered Guishard, Wilburn & Shorts, LLC ("Guishard"), with the Georgia Secretary of State's Office.

3. In or about October 2012, Asset Financial Recovery, Inc. ("Asset Financial") was registered with the Georgia Secretary of State's Office. PENDERGRASS is listed as Asset Financial's chief executive officer and MCQUEEN as the chief financial officer. Asset Financial's registration lists 4854 Old National Highway, Suite 161, College Park, Georgia 30337 as the company's principal place of business.

4. Both Guishard and Asset Financial were held out as companies that provided asset recovery services, including locating unclaimed funds held by local and state governments and returning funds to the rightful owners for a fee.

5. In addition to Guishard and Asset Financial, PENDERGRASS and MCQUEEN used several other companies to provide asset recovery services, including Recovery Capital, Attorney Recovery System, National Asset Recovery Agency, Inc., Beacon Asset Recovery Agency, LLC, and National Unclaimed Funds, Inc., and Service Pros, Inc.

## MANNER AND MEANS OF THE SCHEME TO DEFRAUD

6. The Defendants' scheme and artifice to defraud operated as follows:

A. PENDERGRASS, MCQUEEN and others on behalf of Guishard, Asset

Financial and other related companies mailed and emailed requests to local, county and state government offices throughout the United States seeking lists of unclaimed funds.

B. PENDERGRASS, MCQUEEN and others, after receiving information that a government agency held unclaimed funds, would mail correspondence and limited power of attorney forms fraudulently claiming that Guishard, Asset Financial or a related company was an agent for the rightful owner of the unclaimed funds.

C. PENDERGRASS and MCQUEEN fraudulently used the actual names and forged signatures of the rightful owners of the unclaimed funds or employees or former employees of companies owed the unclaimed funds.

D. PENDERGRASS and MCQUEEN established bank accounts with Wells Fargo, Bank of America and other financial institutions. These accounts were held in the name of Guishard, Asset Financial and other entities owned or controlled by PENDERGRASS and MCQUEEN.

E. PENDERGRASS, MCQUEEN and others deposited fraudulently obtained funds into bank accounts they controlled and then withdrew funds for personal benefit without returning proceeds to the rightful owners.

<u>Execution of the Scheme and Artifice to Defraud</u>

7. On or about the dates listed below for each count, in the Northern District of Georgia and elsewhere, the defendants, ALLEN J. PENDERGRASS and TERRELL MCQUEEN, aided and abetted by each other and others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the

3

aforementioned scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses and representations, did, with the intent to defraud, cause to be delivered by mail and by a private or commercial interstate carrier, the following mailings from the City of Atlanta Finance Department:

| Count | Date (On or about) | Mailing |
|-------|--------------------|---------|
| 1 | 4/5/2013 | Check in the amount of $8,000 payable to Johnson, Coleman & Stephenson LLC C/O Asset Financial Recovery, Inc. |
| 2 | 5/13/2013 | Check in the amount of $76,636.28 payable to Asset Financial Recovery, Inc., C/O Georgia Municipal Association |
| 3 | 5/13/2013 | Check in the amount of $26,874.42 payable to Asset Financial Recovery, Inc. C/O Long, Weinbery, Ansley & Wheeler |
| 4 | 5/13/2013 | Check in the amount of $14,875.67 payable to Asset Financial Recovery Inc. C/O James H Bone, Trustee |
| 5 | 5/13/2013 | Check in the amount of $11,000 payable to Asset Financial Recovery, Inc., C/O Actors Express |

All in violation of Title 18, United States Code, Sections 1341 and 2.

4

## COUNT SIX
### (Money Laundering Conspiracy)
### 18 U.S.C. § 1956(h)

8. Paragraphs 2 through 6 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

9. Beginning on a date unknown and continuing until in or about April 2014, in the Northern District of Georgia and elsewhere, the defendants, ALLEN J. PENDERGRASS and TERRELL MCQUEEN, did knowingly and willfully combine, conspire, and agree with each other and others, both known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, with the intent to promote the carrying on of a unlawful activity, that is, mail fraud, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

All in violation of Title 18, United States Code, Section 1956(h).

5

## COUNT SEVEN
### (Aggravated Identity Theft)
### 18 US.C. § 1028A

10. Paragraphs 2 through 6 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

11.  Beginning on a date unknown and continuing until in or about April 2014, in the Northern District of Georgia and elsewhere, the defendants, ALLEN J. PENDERGRASS and TERRELL MCQUEEN, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, that is, they knowingly possessed and used the name and signature of S.J., an actual person known to the Grand Jury, during and in relation to the federal felony of mail fraud as charged in Count One of this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT EIGHT
### (Aggravated Identity Theft)
### 18 US.C. § 1028A

12.  Paragraphs 2 through 6 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

13. Beginning on a date unknown and continuing until in or about April 2014, in the Northern District of Georgia and elsewhere, the defendants, ALLEN J. PENDERGRASS and TERRELL MCQUEEN, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly transfer, possess

6

and use, without lawful authority, a means of identification of another person, that is, they knowingly possessed and used the name and signature of L.C., an actual person known to the Grand Jury, during and in relation to the federal felony of mail fraud as charged in Count Two of this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT NINE
### (Aggravated Identity Theft)
### 18 US.C. § 1028A

14. Paragraphs 2 through 6 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

15. Beginning on a date unknown and continuing until in or about April 2014, in the Northern District of Georgia and elsewhere, the defendants, ALLEN J. PENDERGRASS and TERRELL MCQUEEN, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, that is, they knowingly possessed and used the name and signature of J.B., an actual person known to the Grand Jury, during and in relation to the federal felony of mail fraud as charged in Count Four of this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

**COUNT TEN**
**(Aggravated Identity Theft)**
**18 US.C. § 1028A**

16.  Paragraphs 2 through 6 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

17. Beginning on a date unknown and continuing until in or about April 2014, in the Northern District of Georgia and elsewhere, the defendants, ALLEN J. PENDERGRASS and TERRELL MCQUEEN, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, that is, they knowingly possessed and used the name and signature of F.A., an actual person known to the Grand Jury, during and in relation to the federal felony of mail fraud as charged in Count Five of this Indictment, in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE PROVISION

18.  Upon conviction of Counts One through Five of this Indictment, defendants ALLEN J. PENDERGRASS and TERRELL MCQUEEN shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1)(C) and Title 28, United States Code, Section 2461, any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s), including but not limited to the following:

- MONEY JUDGEMENT: A sum of money in United States currency equal to the amount of proceeds obtained as a result of the offenses. If more than one defendant is convicted of an offense, the defendants so convicted are jointly and severally liable.

19. Additionally, upon conviction of the offense alleged in Count Six of the Indictment, defendants ALLEN J. PENDERGRASS and TERRELL MCQUEEN shall forfeit to the United States any and all property, real or personal, involved in the money laundering offense and all property traceable to such property pursuant to Title 18, United States code, Section 982(a)(1) and 1956(h).

20. If, as a result of any act or omission of defendants ALLEN J. PENDERGRASS and TERRELL MCQUEEN, any property subject to forfeiture:

A. Cannot be located upon the exercise of due diligence;

B. Has been transferred or sold to, or deposited with, a third person;

C. Has been placed beyond the jurisdiction of the Court;

D. Has been substantially diminished in value; or

E. Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1); or Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendants ALLEN J. PENDERGRASS and TERRELL MCQUEEN up to the value of the forfeitable property.

A _____TRUE_____ BILL

_____
FOREPERSON

JOHN A. HORN
*United States Attorney*

JEFFREY A. BROWN
*Assistant United States Attorney*
Georgia Bar No. 088131
600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181