IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA　　　　：
　　　　　　　　　　　　　　　　　　：　　　CRIMINAL INDICTMENT
　　　　　v.　　　　　　　　　　　　：
　　　　　　　　　　　　　　　　　　：　　　NO. 1:17-CR-224-AT-CMS
　　　　　　　　　　　　　　　　　　：
ALLEN PENDERGRASS　　　　　　　　：

GOVERNMENT'S BRIEF IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS

COMES NOW, the UNITED STATES OF AMERICA ("Government"),

through its counsel Byung J. Pak, United States Attorney for the Northern District

of Georgia, and Jeffrey A. Brown, Assistant United States Attorney, and hereby

submits its Brief in Opposition to Defendant's Motion to Dismiss Based on Double

Jeopardy.1 For the reasons set forth below, the Government respectfully requests

that this Court deny the Defendant's motion in its entirety.

PROCEDURAL HISTORY

On January 30, 2014, Defendant was charged in the Southern District of Ohio

with 51 counts of bank fraud related to conduct of depositing stolen United States

---

1 Defendant requested an evidentiary hearing on the motion. While the Court can decide Defendant's motion based on the allegations in the respective indictments, courts deciding similar motions have held evidentiary hearings. The government will request the opportunity to supplement this motion if the Court decides to hold an evidentiary hearing.

1

Treasury checks into a bank account in Columbus, Ohio between February 2012 and October 2012. (Doc. 1, SDOH, 2:14-CR-21) ("the Ohio Indictment"). On January 26, 2015, Defendant pled guilty to two counts of bank fraud. (Doc. 31, SDOH, 2:14-CR-21). On June 18, 2015, Defendant was sentenced to 30 months in prison and 3 years of supervised release. (Doc. 41, SDOH, 2:14-CR-21).

On June 27, 2017, Defendant was charged by a federal grand jury in a ten-count indictment. (Doc. 1) (the "Georgia Indictment"). In counts one through five, the indictment alleges that beginning on a date unknown and continuing in or about April 2014, Defendant and his co-defendant aided and abetted each other in the offenses of mail fraud related to fraudulently obtaining checks mailed from the City of Atlanta. (Doc. 1). Defendant and his co-defendant were charged in counts six through ten with money laundering and aggravated identify theft related to the mail fraud scheme. (*Id.*).

On August 24, 2017, Defendant filed motions for a Jackson Denno hearing, to suppress evidence, to dismiss the indictment and motion for an extension of time to perfect his motions. (Doc. 25-28). On August 25, 2017, the Court held a pretrial conference and directed the Defendant to perfect his motion to dismiss by September 29, 2017. (Doc. 31). On September 29, 2017, Defendant filed a motion for an

2

extension of time to perfect his motion to dismiss and the Court granted the motion and gave Defendant until October 4, 2017 to perfect his motion to dismiss. (Docs. 33, 35). On October 5, 2017, Defendant filed his motion to dismiss. (Doc. 36).

<u>LEGAL ARGUMENT AND CITATION OF AUTHORITY</u>

**DEFENDANT HAS FAILED TO SHOW DISMISSAL BASED ON DOUBLE JEOPARDY IS APPROPRIATE WHERE INDICTMENTS INVOLVE SEPARATE OFFENSES, TIME PERIODS, CO-DEFENDANTS, CONDUCT AND PLACES.**

The Ohio Indictment and the Georgia Indictment are entirely separate criminal offenses, involving different offenses, conduct, periods of time, places and co-conspirators. Moreover, Defendant as failed to put forth a prima facie non-frivolous claim.[2] Even assuming that Defendant has met his burden to show that two the indictments charged the same offenses, which he has not, an examination of the Ohio and Georgia Indictments charges show they charge unrelated criminal offenses. Therefore, this Court should deny Defendant's motion to dismiss based on

---

[2] *United States v. Stricklin*, 591 F.2d 1112, 1117-18 (5th Cir.), cert. denied, 444 U.S. 963, 100 S.Ct. 449, 62 L.Ed.2d 375 (1979)(When a defendant moves to dismiss an indictment on double jeopardy grounds, it is undisputed that he bears the burden of making a prima facie nonfrivolous claim). Once the defendant has met this initial burden, the government must prove by a preponderance of the evidence that the two indictments charge separate crimes. *United States v. Loyd*, 743 F.2d 1555, 1563 (11th Cir.1984); *United States v. Garcia*, 721 F.2d 721, 723 (11th Cir.1983).

Double Jeopardy.

The Double Jeopardy Clause protects individuals from successive prosecution for the same offense; however, a defendant certainly may be "twice put in jeopardy" for the same offense if he commits the same offense twice. *United States v. Maza*, 983 F.2d 1004, 1010-11 (11th Cir.1993). "Whether a defendant has committed the same offense twice is a factual question," and cannot be determined solely by review of the statutory elements of the offenses charged. *Id*. "Rather, there must also be some determination that the underlying facts that gave rise to the first prosecution are, or are not the sole basis for the second." *Id*. The Supreme Court's *Blockburger*3 case has been interpreted to require only a comparison of the elements of the statutes charged; however, "[r]ead literally, the *Blockburger* rule might be taken to forbid a second prosecution involving a violation of exactly the same law — for example a charge of robbery — notwithstanding that it was based on a different robbery." *Id*. (emphasis in original). "Clearly, that is neither the result the Court intended nor the meaning of the Double Jeopardy Clause. Double jeopardy was not meant to immunize a defendant from prosecution if he violates the same law again." *Id*. (emphasis in original). Consequently, "to support a claim of double jeopardy, a

---

3 *Blockburger v. US*, 284 U.S. 299, 52 S. Ct. 180 (1932).

defendant must show that the two offenses charged are in law and fact the same offense." *United States v. Benefield*, 874 F.2d 1503, 1505 (11th Cir.1989); *United States v. Henry*, 661 F.2d 894,896 (5th Cir.1981).

"This Circuit has adopted a test for distinguishing the existence of a 'separate' conspiracy and hence a separate offense," that focuses on five factors: (1) time; (2) the persons acting as co-conspirators; (3) the statutory offenses charged in each indictment; (4) the overt acts charged, or any other description of the offense charged which indicates the nature and scope of the activity the government sought to punish in each case; and (5) the place where the events alleged as part of the conspiracy took place. *Maza*, 983 F.2d at 1013 (citing *United States v. Marable*, 578 F.2d 151,154 (5th Cir.1978)); *United States v. Nino*, 967 F.2d 1508, 1511 (11th Cir.1992). Evaluation of these factors here show that the offenses charged in the Ohio and Georgia Indictments are distinct and unrelated.

**Time**

Although there is a small overlap, the Indictments cover conduct that occurred in different periods of time. The Ohio Indictment alleges that the scheme was between February and October, 2012. The Georgia Indictment alleges criminal violations in 2013 and 2014.

5

**Co-Conspirators**

There are no co-conspirators listed in the Ohio Indictment, while the Georgia Indictments lists Terrell McQueen as a co-defendant who aided and abetted Allen Pendergrass in the mail fraud scheme, money laundering and aggravated identity theft charges. (Doc. 1). Thus, this factor further distinguishes the criminal offenses and militates against a finding of double jeopardy.

**Overt Acts/Offense Description**

Defendant does not even allege in his 3-page motion to dismiss that the offenses are similar. The Ohio Indictment alleged that Defendant received and deposited 51 stolen United States Treasury checks into a bank account he opened in the name Guishard, Wilburn & Shorts, LLC in Columbus, Ohio. In contrast, the Georgia Indictment alleges that Defendant and his co-defendant used stolen identifies to fraudulently obtained unclaimed funds from governmental agencies and then deposited those funds in various bank accounts. (Doc. 1). While the Ohio Indictment is limited to 51 United States Treasury checks deposited into one bank account in Columbus, Ohio, the Georgia Indictment does not involve any stolen United States Treasury checks and charges distinct criminal offenses. (Doc. 1).

6

Moreover, there is no mention of United States Treasury checks in the Georgia Indictment and checks listed in the Georgia Indictment were unlawfully obtained from the City of Atlanta Finance Department. (Doc. 1). If the Court decides to hold an evidentiary hearing on Defendant's motion, the government will call investigators who would testify that the Georgia Indictment is unrelated to Ohio Indictment.

**Place**

Both the Ohio and Georgia Indictments primarily allege criminal conduct that occurred in their respective districts. In fact, while the Ohio Indictment notes that the crimes occurred in the Southern District of Ohio and "elsewhere," the Indictment alleges that United States Treasury checks had been stolen from the mail in the State of Georgia, but all of the checks were deposited into a bank account in Columbus, Ohio. While the Georgia Indictment alleges that five checks were mailed from the City of Atlanta, Georgia finance department. Therefore, the Indictments primarily allege criminal conduct that occurred in different geographic locations.

Taken together, the factors to be considered in determining the existence of a a separate offense, establish that the underlying facts that gave rise to the first prosecution – the Ohio Indictment are distinct from the second prosecution – the Georgia Indictment. *Maza*, 983 F.2d at 1011. Defendant was not prosecuted in Ohio

and Georgia for the same offenses in law and fact. Defendant's guilty plea and conviction in Ohio were unrelated and distinct from the instant case. Therefore, because Defendant failed to make a prima facie showing that the cases were related and in light of allegations in the Indictments, this Court should deny Defendant's Motion to Dismiss.

CONCLUSION

The Government respectfully requests that this Court deny Defendant's Motion to Dismiss.

This 30th day of October, 2017.

Respectfully submitted,

BYUNG J. PAK
UNITED STATES ATTORNEY

*/s/Jeffrey A. Brown*
JEFFREY A. BROWN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA 30303
404/581-6064
404/581-6181 (fax)
Georgia Bar No. 088131

9

<u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by filing same in the Court's electronic filing system, where it will be automatically served upon:

Robert Citronberg

Undersigned counsel also certifies that this motion has been prepared in Times New Roman 14 point font, in compliance with LR 5.1B, NDGa.

This 30th day of October, 2017.

/S/ Jeffrey A. Brown
JEFFREY A. BROWN
ASSISTANT UNITED STATES ATTORNEY