IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

ALLEN PENDERGRASS,

      Defendant.

CRIMINAL ACTION

NO. 1:17-cr-224-AT-CMS

## <u>NON-FINAL REPORT AND RECOMMENDATION</u>

This case is before the Court on the Motion to Dismiss Based on Double Jeopardy filed by Defendant Allen Pendergrass.  [Docs. 27, 36].  Defendant argues that the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution requires dismissal of the charges against him.  Defendant argues that his Constitutional rights have been violated because he has been federally indicted twice—first in 2014 in the Southern District of Ohio for bank fraud and identity theft, and again in June 2017 in the instant case for mail fraud, money laundering, and aggravated identity theft.  In the two-page perfected motion, Defendant cites no case law and fails to set forth any details of the two cases to support his argument that the charges should be dismissed on double jeopardy grounds.  [Doc. 36].  Defendant does not address the dates of the alleged crimes, the persons

alleged to have been involved in the criminal conduct, the places where the crimes are alleged to have occurred, or even the factual predicate for the various offenses. Rather, Defendant simply states (with no legal support) that the crimes alleged in the instant case "are not so different" from the crimes alleged in the previous case. Defendant contends that the crimes should have all been charged in the same indictment, and the charges against him in this case should be dismissed. He requests an evidentiary hearing and moves this Court to dismiss all the charges against him. Defendant has not shown entitlement to any of his requested relief.

## I.    BACKGROUND

On January 30, 2014, a federal grand jury in the Southern District of Ohio returned an indictment against Defendant in a case styled <u>United States v. Allen J. Pendergrass</u>, Case No. 2:14-cr-21 (S.D. Ohio) ("the Ohio Case"). [Doc. 36-1]. In the Ohio Case, Defendant was charged with fifty-one counts of bank fraud based on allegations that he deposited stolen United States Treasury checks into a bank account in Columbus, Ohio during a six month period between February and August 2012. [<u>Id.</u>]. He was also charged with one count of aggravated identity theft based on his use on September 5, 2012 of the name and social security

number of another person to obtain money from that same Columbus, Ohio bank. [Id.].[1]  Defendant was the sole person charged in the Ohio Case.  [Id.].

On June 27, 2017, a federal grand jury in the Northern District of Georgia returned the ten-count indictment in this case against Defendant and his alleged co-conspirator, Terrell McQueen ("the Indictment").  [Doc. 1, Indictment].  Counts One through Five of the Indictment allege a mail fraud scheme whereby Defendant and Mr. McQueen made fraudulent claims to various governmental agencies for unclaimed funds, deposited fraudulently-obtained money into bank accounts, and then withdrew funds for personal benefit without returning the proceeds to the rightful owners.  [Id. ¶ 6].  The Indictment in this case alleges that Defendant and Mr. McQueen, with the intent to defraud, caused five checks from the City of Atlanta Finance Department to be delivered by mail during a two-month period between April and May 2013.  [Id. ¶ 7].  The Indictment also alleges additional charges related to the scheme, including a money laundering conspiracy (Count

---

[1]  Neither party provided the Court with the documentation to show the outcome of the Ohio Case.  In its brief, however, the Government states that Defendant pleaded guilty to two counts of bank fraud in January 2015, and was later sentenced to a thirty-month term of imprisonment followed by three years of supervised release.  [Doc. 37 at 2].  Defendant did not file a reply or otherwise contest these facts.

Six) and four counts of aggravated identity theft based on the use of the name and signature of four different people (Counts Seven through Ten).  [Id. ¶¶ 8-17].

## II.    ANALYSIS

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects individuals from successive prosecution for the same offenses.  United States v. Maza, 983 F.2d 1004, 1010-11 (11th Cir. 1993).  When an individual commits the same crime twice, however, there is no protection from prosecution.  Id. (noting that the Double Jeopardy Clause is not violated when a defendant is "twice put in jeopardy" for committing the same offense twice).  Id. "Whether a defendant has committed the same offense twice is a factual question," and cannot be determined solely by review of the statutory elements of the offenses charged.  Id.  "Rather, there must also be some determination that the underlying facts that gave rise to the first prosecution are, or are not the sole basis for the second."  Id.

The Eleventh Circuit instructs that to determine whether charged offenses are separate crimes, courts should examine several factors, including the time and place where the offenses allegedly occurred; the persons alleged to be involved in the crimes; the statutory offenses charged in each indictment; and the description of the conduct that indicates the nature and scope of the activity the Government

sought to punish in each case.  See Maza, 983 F.2d at 1013; United States v. Nino, 967 F.2d 1508, 1511 (11th Cir. 1992).

With respect to the relative burdens of proof, the Eleventh Circuit has set forth the standard:

> When a defendant moves to dismiss an indictment on double jeopardy grounds, he bears the initial burden of establishing a nonfrivolous prima facie claim.  Only after the defendant crosses this threshold does the burden of persuasion shift to the government to prove that no constitutional violation exists.  Although a defendant typically can make out a prima facie case by resort to the pleadings from the respective prosecutions, supplemental factfinding may be necessary. To warrant an evidentiary hearing, however, the defendant must at least allege facts that, if proved, would make out a prima facie case. Absent a proffer of evidence demonstrating a nonfrivolous double jeopardy claim there is no obligation to hold an evidentiary hearing.

United States v. Baptista-Rodriguez, 17 F.3d 1354, 1360 (11th Cir. 1994) (internal citations and quotation marks omitted).

### 1. Time and Place

While there is some overlap in the dates of the alleged schemes in the two cases,[2] the fifty-one alleged incidents of bank fraud in the Ohio Case occurred between February and August 2012, and the aggravated identity theft occurred in

---

[2] The Ohio indictment alleges a scheme that occurred "from on or about February 10, 2012, and continuing thereafter until on or about October 1, 2012 . . . ." [Doc. 35-1 ¶ 4].  The Indictment in the instant case alleges a scheme "[b]eginning on a date unknown and continuing until in or about April 2014 . . . ." [Indictment ¶ 1].

September 2012.  [Doc. 36-1 ¶ 11, Count 52].  In the instant case, the mail fraud stemming from the City of Atlanta Finance Department checks is alleged to have occurred several months later, in April and May of 2013, and the crimes alleged in the money laundering and identity theft counts are alleged to have occurred the following year, in April 2014.  [Indictment ¶¶ 7-17].

With respect to the place where the crimes are alleged to have occurred, both the Ohio and Georgia indictments allege criminal conduct that occurred in their respective districts.  The indictment in the Ohio Case reflects that the United States Treasury checks were stolen from the mail in Georgia, but were deposited into a bank account in Columbus, Ohio.  [Doc. 36-1 ¶¶ 5, 11].  The Indictment in the instant case alleges that Defendant fraudulently caused five checks to be mailed from the City of Atlanta Finance Department and does not specify where the checks were deposited.  Based on my review of the indictments in the two cases, it appears that each indictment alleges criminal conduct that primarily occurred in different geographic locations.

Because the time of the alleged offenses is different in the two cases and because the places where the crimes are alleged to have occurred are different, these factors weigh against a finding that the two cases involve the same offense.

6

### 2. *Co-Conspirators*

No co-conspirators are charged in the Ohio Case.  In the instant case, however, the Government has charged Terrell McQueen as a co-defendant who allegedly aided and abetted Defendant in the criminal activities detailed in the Indictment.  This factor weighs against a finding that the two cases involve the same offense.

### 3. *Offenses Charged/Description of the Conduct*

Finally, the offenses charged in the two indictments are different.

In the Ohio Case, Defendant was charged with bank fraud (Counts One to Fifty-One) and aggravated identity theft (Count Fifty-Two).  In the instant case, the Government has charged Defendant with five counts of mail fraud (Counts One to Five), a money laundering conspiracy (Count Six), and four counts of aggravated identity theft (Counts Seven to Ten).

While both cases involve aggravated identity theft, the charge in the Ohio Case involved a victim whose initials were M.H.  In the instant case, however, the victims' initials were S.J., L.C., J.B., and F.A.  Additionally, as noted above, the dates are different, with the Ohio identity theft having occurred in September 2012 and the Georgia identity thefts having occurred in 2014.

The bank fraud charges in the Ohio Case were premised on allegations that Defendant deposited stolen United States Treasury checks into an Ohio bank account.  In contrast, the Indictment in the instant case does not mention United States Treasury checks, but rather alleges that Defendant and his co-defendant used stolen identities to fraudulently obtain unclaimed funds from governmental agencies, including the City of Atlanta.  While both cases allege that Defendant engaged in fraud relating to checks, the similarities appear to end there.  Accordingly, these factors weigh against a finding that the two cases involve the same offense.

### 4.      *Totality of the Factors*

Taken together, these enumerated factors demonstrate that the underlying facts that gave rise to the Ohio Case are different and distinct from the facts alleged in this case.  See Maza, 983 F.2d at 1011.  Defendant has made no attempt to supplement these facts or proffer any other facts that might help him establish a prima facie case.  In light of the differences between the two indictments discussed above, and absent a proffer of evidence demonstrating a nonfrivolous double jeopardy claim, I conclude that there is no obligation to hold an evidentiary hearing and that Defendant's motion should be denied.

### III.  CONCLUSION

For the foregoing reasons, I **RECOMMEND** that Defendant's Motion to Dismiss Based on Double Jeopardy [Docs. 27, 36] be **DENIED**.

Defense counsel has advised the Court that his pending Preliminary Motion for a Jackson-Denno Hearing [Doc. 25] is now moot.   Accordingly, I **RECOMMEND** that it be **DENIED** as well.

Defendant's Preliminary Motion to Suppress [Doc. 26] remains pending. An evidentiary hearing on this motion is set for December 20, 2017 at 9:30 a.m.

**SO  RECOMMENDED**, this 4th day of December, 2017.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE