IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | NO. 1:17-CR-224-AT-CMS |
| | : | |
| ALLEN PENDERGRASS | : | |
| | : | |

## GOVERNMENT'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS SEARCH WARRANT

COMES NOW, the UNITED STATES OF AMERICA ("Government"), through its counsel Byung J. Pak, United States Attorney for the Northern District of Georgia, and Jeffrey A. Brown, Assistant United States Attorney, and hereby submits its Brief in Opposition to Defendant's Particularized Motion to Suppress Search Warrant. For the reasons set forth below, the Government respectfully requests that this Court deny Defendant's motion in its entirety.

## **INTRODUCTION**

First as an initial matter, Defendant must make a showing that he had a subjective expectation of privacy in Asset Financial Recovery, Inc.'s office location or the items seized.[1] Assuming, Defendant can make a sufficient showing

---

[1] A defendant challenging the legality of a search bears the burden of showing he has standing by proving he possessed an objectively reasonable expectation of privacy in the area searched or items seized. *See Rehberg v. Paulk*, 611 F.3d 828,

1

of standing, this Court should deny the Defendant's motion to suppress search warrant because the search warrant established probable cause to believe evidence of fraud would be recovered in the business location. Moreover, even if the Court finds that the search warrant was deficient, the motion should be denied because the officer relied in good faith on a search warrant signed by a state court magistrate judge.

## PROCEDURAL HISTORY

On June 27, 2017, a federal grand jury returned an indictment against the Defendants, Allen Pendergrass and Terrell McQueen, charging them with wire fraud, money laundering and aggravated identity theft. (Doc. 1). On August 8, 2017, Pendergrass file a motion for an extension of time to file motions and conduct pretrial conference. (Doc. 20). On August 11, 2017, this Court granted Pendergrass's motion for extension of time to file motions and extended the deadline for pretrial motions to August 22, 2017 (Doc. 23). On August 24, 2017, Pendergrass filed motions to extend the time for filing motions, for a Jackson-Denno hearing, to suppress evidence, to dismiss the Indictment, motion to for extension of time to perfect motions, and for leave to file motions out of time. (Docs. 25-29).

---

842 (11th Cir.2010) (citations omitted); *United States v. Baron–Mantilla*, 743 F.2d 868, 870 (11th Cir.1984) (citation omitted).

On August 25, 2017, this Court held a pre-trial conference and Pendergrass was given until September 29, 2017 to perfect motions. (Doc. 31). On September 29, 2017, Pendergrass filed a motion for an extension of time to perfect motion to dismiss. (Doc. 33). On October 4, 2017, this Court granted Pendergrass's motion to extension to perfect motion to dismiss until October 4, 2017. (Doc. 35). On October 5, 2017, Pendergrass filed a motion to dismiss indictment. (Doc. 36). On October 30, 2017, the government filed its response in opposition to the motion to dismiss the Indictment. (Doc.37). On December 4, 2017, this Court filed a report and recommendation denying Pendergrass's motion to dismiss. (Doc. 38). On January 8, 2018, Pendergrass filed a supplemental motion to suppress evidence. (Doc. 40). On January 22, 2018, this Court held a status conference; the parties agreed that it was not necessary to hold an evidentiary hearing on Pendergrass's motion to suppress evidence. (Doc. 42). During the status conference, the Court ordered the Government to file a responsive brief by February 5, 2018 and Pendergrass's reply is due on February 19, 2018. (*Id*.).

## **SEARCH WARRANT**

On September 19, 2013, Investigator Douglas Ricks with the Atlanta, Georgia Police Department sought a search warrant from a magistrate judge of the Fulton County, Georgia Magistrate Court to search 4854 Old National Highway, Suite #161, Atlanta, Georgia 30337. Gov't Ex. A. Inv. Ricks' affidavit and

application for search warrant, he swore that:

1. Asset Financial Recovery, LLC is a business located 4854 Old National Highway, Suite 161, Atlanta Georgia 30337 and the name of the business was on the wall of first floor. The business was located in a beige colored building with bluish green canopies over the window and the address number 4854 was printed on the canopy.

2. He was investigator with the City of Atlanta Police Department for 21 years assigned to the Major Fraud unit and that he was advised that the business - Asset Financial Recovery, Inc. committed a fraud against the City of Atlanta when the company contacted the City of Atlanta's financial department and advised they represented various individuals and businesses who had failed to receive payments from the City of Atlanta. Atlanta's financial department conducted an audit see if the company and business names provided by Asset Financial Recover, Inc. were owed funds and if they had cashed checks.

3. Officials with the City of Atlanta finance department learned that checks had not been cashed, cancelled original checks and reissued through Asset Financial Recovery, Inc. The city of Atlanta finance department advised that Asset Financial Recovery, Inc. filed an open records request and possibly learned the names of individuals and businesses who had not received

payments from the City of Atlanta.

4. On July 16, 2013, Ashley Miller who advised that she was the victim of identity fraud contacted the City of Atlanta's finance department. Ashley Miller advised that she is an attorney that represented the law firm of Weissman, Nowack, Curry and Wilco in a case against the City of Atlanta. Ashley Miller advised that her signature had been forged on documents sent to the City of Atlanta requesting a payment of $8000.00 be sent to P.O. Box 1809, Fayetteville, Georgia 30214. The City of Atlanta finance department also checked the other requests that were made by Asset Financial Recovery, Inc. and checks were mailed to Post Office Box #1809, Fayetteville, Georgia 30214.

5. Investigator Ron Bowers with Wells Fargo bank sent Inv. Ricks pictures of Mr. Allen James Pendergrass cashing the fraudulently obtained checks. The checks were cashed at the Wells Fargo bank branch located at 5060 Old Bill Cook Road, College Park, Georgia 30349.

6. Inv. Ricks contacted investigator Ron Bowers with Wells Fargo bank who advised that Asset Financial Recovery Inc.'s bank account received deposits of more than $26,000 on May 15, 2013 and $100,000 on June 20, 2013. Inv. Bowers identified Allen James Pendergrass as the person making the deposits. Inv. Bowers also advised that as soon as funds were deposited into

Asset Financial Recovery's bank account, numerous checks were made payable to Deidra Barber and Terrell McQueen in excess of $10,000.

7. Inv. Ricks checked the state of Georgia records and learned that Asset Financial Recovery was a business incorporated on October 22, 2012 and the registered agents were Deidre Barber, Allen James Pendergrass and Nathan Pendergrass.

8. On August 28, 2013, Inv. Ricks went to the address for Asset Financial Recovery and saw a grey Mercedes with tag number Georgia tag #AVQ5905 that was registered to Allen James Pendergrass with the address of 441 Hwy 279, Fayetteville, GA 30214. While at the business, Inv. Ricks walked inside of the business and observed a glass case on the wall within the business and that Asset Financial Recovery Inc. was located in suite 161. Inv. Ricks took pictures of the office door with the business name.

9. Inv. Ricks also advised that he believed there was probable cause to show that the crimes of 16-8-2 (Theft by taking –Felony) and 16-9-1 (Forgery 3rd Degree) of the Official Codes of Georgia had been committed and evidence of the crimes would be found in the business of Asset Financial Recovery located at 4854 Old National Highway, Suite 161, Atlanta, Georgia 30337[2].

---

[2] The address 4854 Old National Highway, College Park, Fulton County, GA 30337 is also listed on page 2 of the affidavit and application for search warrant. An Internet search reveals the address is listed as both being in Atlanta and College

Inv. Ricks also notes that he obtained arrest warrants for Allen James

Pendergrass for forgery in the 3rd degree and theft by taking.

## ARGUMENT AND LEGAL AUTHORITIES

I.   The search warrant affidavit established probable cause to believe that evidence of fraud would be located at 4854 Old National Highway.

The Fourth Amendment requires that search warrants be based on

probable cause. U.S. Const. amend. IV. "Probable cause" is defined as a

"fair probability that contraband or evidence of a crime will be found in a

particular place." *Illinois v. Gates*, 462 U.S. 213, 238, 103 S. Ct. 2317

(1983). The determination of whether probable cause exists is made in light

of the totality of circumstances. *Id*. A realistic and commonsense approach

should be employed so as to encourage use of the warrant process. *United*

*States v. Miller*, 24 F.3d 1357, 1361 (11th Cir. 1994). Reasonable minds

may differ on the question of whether a particular affidavit establishes

probable cause, but the Supreme Court concluded, "the preference for

warrants is most appropriately effectuated by according great deference to a

magistrate's determination." *United States v. Leon*, 468 U.S. 897, 914, 104

S. Ct. 3405 (1984). A reviewing court should not conduct a de novo

---

Park, Georgia in multiple listings. The property is located in Fulton County per public records found at fultonassessor.org.

determination of probable cause, but only determine whether there is substantial evidence in the record to support the judge's decision to issue a warrant. *Massachusetts v. Upton*, 466 U.S. 727, 728, 104 S. Ct. 2085 (1984). The burden of establishing that a search warrant is defective is upon the defendant. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674 (1978); *United States v. Van Horn*, 789 F.2d 1492, 1500 (11th Cir. 1982).

Here, the affidavit makes the sufficient showing that there is a fair probability that evidence of the crimes of theft by taking and forgery in the 3rd degree would be found in a particular place - 4854 Old National Highway, Suite #161, Atlanta Georgia 30337. Where a "common sense and realistic" interpretation of the affidavit supports a reasonable likelihood that evidence of a crime might be found in a particular place, probable cause is not lacking. *See United States v. Khanani*, 502 F.3d 1281, 1290 (11th Cir.2007) (holding that sufficient probable cause existed to search and seize office computers pursuant to a warrant seeking evidence of immigration and tax fraud violations, even though "the affidavit submitted to obtain the warrant order provided no fact-specific reason to believe there were computers in [defendant's] office, or that his computers had been used to facilitate the commission of any criminal violation"). "All that is required to obtain a search warrant is that 'police must establish probable cause to

conclude that there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Barnes*, 2015 U.S. Dist. LEXIS 133397 at *11, 2015 WL 5793047, Dkt. 1:14-CR-268-SCJ (N.D.Ga. Sept. 30, 2015)(quoting *United States v. Gibson*, 708 F.3d 1256, 1278 (11th Cir. 2013)). This standard does not require certainty, but rather "a fair probability." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002). In light of the totality of circumstances, it is realistic to believe that items related to the theft of checks stolen from the City of Atlanta and forged documents related to those stolen checks would be found Asset Financial Recovery's (AFR) business office in light of the following:

- AFR represented that they represented individuals and companies owed payments from the City of Atlanta.

- The City of Atlanta mailed checks to AFR to post office box 1809 and that Ashley Miller advised the city that her signature was forged on documents requesting the payment of $8000 that was sent to the same post office box.

- James Allen Pendergrass was a registered agent of AFR and was identified by a bank investigator as the individual cashing two fraudulently obtained checks. In addition, a vehicle registered to Pendergrass was parked outside of the business approximately

three weeks before the search warrant was signed.

Therefore, based on a totality of the facts presented in affidavit there was a fair probability that evidence of the crimes would be found at AFR's corporate office.

II.   Inv. Ricks relied in good faith on a search warrant signed by a Fulton County Magistrate Judge.

Should this Court find that the search warrant did not establish probable cause as Defendant argues, this Court should still deny his motion to suppress evidence because Inv. Ricks relied in good faith on the search warrant in this case, as it was signed by a magistrate judge of the Fulton County Magistrate Court. *See United States v. Travers*, 233 F.3d 1327 (11th Cir. 2000)(where court found the search warrant for all documents relating to real estate fraud to be overbroad, search of defendant's residence upheld on the good faith exception, which applies to the particularity requirement as well).

The government is not barred from using evidence obtained by officers acting in reasonable reliance on a search warrant issued by a neutral and detached magistrate judge, even if the search warrant is ultimately found to be invalid. *Leon*, 468 U.S. at 925. The Supreme Court held that the exclusionary rule should not be used to suppress valuable evidence of a

10

crime unless the application and warrant were so defective or deficient that no reasonably well trained officer would rely on it to authorize the search. *Id.* The good faith exception applies in all instances except for four situations: 1) where the magistrate judge was misled by information in the affidavit that the affiant knew was false or would have known was false but for his reckless disregard for the truth; 2) where the magistrate judge wholly abandoned his judicial role; 3) where the search warrant affidavit is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and 4) where a warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. None of the above situations apply.

Defendant has provided no evidence whatsoever to establish that the judge issuing the warrant relied on false information or wholly abandoned the judicial role. (Def.Br. at p. 1). Nor has Defendant shown that the affidavit was "so lacking in indicia of probable cause" where, as discussed above, Inv. Ricks included facts in affidavit sufficient to show that AFR and Defendant were engaged in criminal activity and that evidence of that criminal activity would be found at AFR's corporate office. The affidavit contained sufficient indicia of probable cause to enable a reasonable officer to execute the warrant thinking it valid"); *United States v. McClure*, 160 F.

11

App'x 842, 845 (11th Cir. 2005)("While the affidavit may have suffered from some deficiencies, it was not entirely unreasonable for [Officer] Creel to believe his affidavit supported a finding of probable cause, as it tied the defendant to the residence and the criminal activity with specific dates, and, therefore, sufficient information was contained within to conclude that a fair probability existed that seizable evidence would be found in the place to be searched").

In the alternative, the government requests that this Court schedule an evidentiary hearing to consider facts not contained in the search warrant affidavit if the Court deems it necessary in making its determination of whether Inv. Ricks acted in good faith when relying upon the signed search warrant. *See United States v. Martin*, 297 F.3d 1308, 1318 (11th Cir. 2002)(Court held that judges can look beyond the four corners of the warrant affidavit to determine whether an officer reasonably relied on the warrant)(citing *United States v. Accardo*, 749 F.2d 1477, 1481 (11th Cir. 1985)(case remanded for an evidentiary hearing to be held on the good faith issue)).

## **CONCLUSION**

The Government respectfully submits that the Court should deny Defendant's

Motions to Suppress Search Warrant.

This 5th day of February 2018.

Respectfully submitted,

BYUNG J. PAK
UNITED STATES ATTORNEY


/S/*Jeffrey A. Brown*
JEFFREY A. BROWN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA 30303
404/581-6064
404/581-6181 (fax)
Georgia Bar No. 088131

## Certificate of Service

I served this document today by filing it using the Court's CM/ECF

System, which automatically notifies the parties and counsel of record.

Robert H. Citronberg

/S/*Jeffrey A. Brown*
Jeffrey A. Brown
ASSISTANT UNITED STATES ATTORNEY