IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALLEN J. PENDERGRASS and
TERRELL MCQUEEN,

    Defendants.

CRIMINAL ACTION NO.
1:17-cr-0224-AT

## **ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation as to Defendant Allen J. Pendergrass' motions to suppress evidence [Doc. 47]. Defendant seeks to suppress all evidence obtained as a result of the search at Asset Financial Recovery, arguing that there was no probable cause to support the warrant. The Magistrate Judge determined that there was sufficient probable cause to support the warrant, and even if there was not, the evidence is still admissible under the good faith exception to the exclusionary rule. The Magistrate Judge therefore recommends that this Court deny Defendant's motions to suppress evidence.

The Court notes that no objections have been filed in response to the Magistrate's Report and Recommendation. Therefore, in accordance with 28

U.S.C. § 636(b)(1) and Rule 59 of the Federal Rules of Criminal Procedure, the Court has reviewed the Magistrate Judge's Recommendation for clear error and finds none. Accordingly, the Court receives the Magistrate Judge's Report and Recommendation with approval and hereby **ADOPTS** the Report and Recommendation as the opinion of this Court [Doc. 47]. For the reasons stated in the Magistrate Judge's Report and Recommendation, the Court **DENIES** Defendant Pendergrass' motions to suppress evidence [Docs. 26 and 40].

Trial is hereby set to commence on Monday, June 25, 2018, at 9:30 AM in Courtroom 2308. The pretrial conference is set for Friday, June 8, 2018, at 4:00 PM in Courtroom 2308.[1] By Wednesday, May 30, 2018, the parties are to file any motions in limine and their proposed voir dire questions. By 9:00 AM on Wednesday, May 30, 2018, the Government must file a brief summary of the indictment that the parties can rely on for voir dire. By 9:00 AM on Wednesday, June 6, 2018, the parties are to file any objections to those items listed above. The Court notes that counsel for defendant McQueen and counsel for the Government have requested leave for the dates of May 17, 2018, May 18, 2018, May 25, 2018, and May 29, 2018 – June 8, 2018 [Docs. 41, 43, and 50]. The Court receives and approves these requests. The time from the date of this order to June 25, 2018, shall be excluded from computation under the Speedy Trial Act

---

[1] Defendants are required to attend the pretrial conference with their counsel, unless they file a written waiver of their appearance.

pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B)(iv). Failure to grant this continuance would likely deny counsel for the Defendants and Government the reasonable time necessary to effectively prepare for trial, taking into account the exercise of due diligence. The Court finds that the ends of justice are served by granting this continuance and are consistent with both the best interest of the public and individual justice in this matter.

It is so **ORDERED** this 22nd day of May, 2018.

Amy Totenberg
United States District Judge