IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

*v.*

ALLEN J. PENDERGRASS

Criminal Action No.

1:17-CR-0224-AT-CMS

**Government's Proposed Questions for Voir Dire**

The United States of America, by Byung J. Pak, United States Attorney, and Jeffrey A. Brown, Assistant United States Attorney, for the Northern District of Georgia, provides the following questions for the voir dire of the jury panel.

**<u>Individual Questions</u>**

1. What is your name?

2. (a) In what county do you currently reside?

   (b) How long have you lived there?

   (c) How long have you been a resident of the Northern District of Georgia?

   (d) Where did you reside previously?

3. Are you currently employed?

   (a) If so, how are you currently employed?

   (b) How long have you been so employed?

   (c) What was your previous employment?

4. What is your educational background?

5. (a) What is your marital status?

   (b) What is your spouse's occupation?

   (c) Do you have children?

   (d) Please state each child's sex, age, and employment, if any.

6. Do you belong to any social or professional organizations?

## **Case-Related Questions**

7. Representing the United States of America in this matter is Jeffrey Brown an attorney with the United States Attorney's Office. He will be assisted during this trial by Sammy Harris, a paralegal employed by the U.S. Attorney's Office.

   a. Do any of you, your relatives, or any of your close friends, know Mr. Brown or Mr. Harris?

   b. Do any of you, your relatives, or any of your close friends, to the best of your knowledge, know Byung "B.J." Pak, the United States Attorney for the Northern District of Georgia?

   c. Do any of you, your relatives, or any of your close friends, to the best of your knowledge, know any other lawyers or employees with the United States Attorney's Office for the Northern District of Georgia or Georgia Attorney General's Office, or people who have been so employed during the last 5 years?

8. Members of the United States government are involved in this matter, including United States Postal Inspection Service Agent Matthew Rintoul and IRS Special Agent Wesley Cooper. Do any of you, your relatives, or your close friends, to the best of your knowledge, know Agents Rintoul or Cooper?

9.   The defendant in this case is Allen Pendergrass. One other person that you will hear during the trial as being associated with the alleged criminal conduct is Terrell McQueen. Do you or any of your family, or close friends, to the best of your knowledge, know the defendant – Allen Pendergrass – or Terrell McQueen?

10.  The defendant is represented by Robert Citronberg. Do any of you know Mr. Citronberg, personally or professionally?

11. I am going to read you a list of names of persons who are either expected to be witnesses in this trial or whose names you will hear about during the trial. If you believe you know anyone whose name is read please raise your hand. Government counsel will read the list of names.

For affirmative responses: how do you believe you know this person?

- What is the nature of your relationship?
- If the person is a witness or if you hear the person's name mentioned during the trial, will that affect your ability to be a completely fair and impartial juror?

12.  This case involves allegations that the defendant along with his co-defendant and others unlawfully submitted forged and fraudulent documentation to obtain unclaimed assets of individuals and companies throughout the United States. Do any of you have any personal knowledge of the facts of this case or about the defendant, which has not come from what you have learned in court so far today?

13. Some of the witnesses for the United States will be agents of the Internal Revenue Service or the United States Postal Inspection Service. Do you feel that you might tend to favor or disfavor these witnesses, or give any more or less

credibility to their testimony because they are federal officials, employees, or agents?

## **General Questions**

14. Has any member of the jury panel or any member of your immediate family ever had an unpleasant experience with any federal, state, or local agency that could cause you to be biased against the prosecution in this case?

15. Has any member of the jury panel or any member of your immediate family ever been involved in a lawsuit or any kind of litigation with the United States Government or a state or local government could cause you to be biased against the prosecution in this case?

16. Has any member of the jury panel or a close friend or relative of a member of the jury panel ever been either *convicted of, or charged with* a non-traffic related violation of either state or federal law?

If so: (at bench or in camera, if juror prefers)

a. Who was the family member or friend?

b.  What type of crime was it and when did it occur?

c. Did you testify?

d. Was there anything about your involvement with the police, the court, the prosecutor, or the defense attorney (if there was a trial) which left you dissatisfied or upset? Please elaborate.

e. What is your opinion of, or reaction to, this experience?

f. Is there anything about this experience that would cause you to be unable to be completely fair and impartial in this case if you are selected as a juror?

17. Is there any member of the jury panel who believes that he or she has been falsely accused of a crime? Is yes, please explain.

18.  Have any of you or any member of your immediate family ever been the victim of fraud, including identity theft or computer fraud?

(a) When?

(b) What happened?

(c) Was that case resolved to your satisfaction?

(d) Would that experience affect your ability to render a fair and impartial verdict in this case?

19.  Has any member of the jury panel ever posted bond or acted as a surety for someone who had been arrested or detained in a criminal case?

a. If so, who was the person, and what was the crime or violation that was charged?

20.  Has any member of the jury panel ever testified in court as a witness?

a. If so, was it a civil or criminal case?

b. Did you testify for the plaintiff, defendant, or prosecution?

21. Has any member of the panel ever served on a trial jury or grand jury?

a. When did you serve?

b. If it was a trial jury, was it a civil or criminal trial?

c. Was the jury able to reach a verdict?

d. Were you the foreperson?

22. Has any member of the panel or any member of your immediate family ever received any legal training, practiced law, or worked in an attorney's office?

If so, please state who received the legal training, the type of training, the area of the law involved, and the firms who have been employers.

23. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. Is there anyone who could not apply this standard of proof?

24. Do you have a negative opinion about someone who has pled guilty to a crime and is now cooperating with the government, with the hope that his or her punishment will be reduced as a result of that cooperation?

    a. Would you have a tendency to disbelieve the testimony of someone who is cooperating with the government, even before you heard that person's testimony?

25. Your verdict must be based on the facts of the case—on the evidence. Your duty, as jurors, is to judge guilt or innocence based upon the evidence. It is the duty of the judge to instruct you on the law and to determine punishment if you vote guilty. The law does not permit you to consider emotion, sympathy, prejudice, vengeance, fear, or hostility. Does any prospective juror believe they would have difficulty following this rule?

26. The law does not permit you to consider the issue of punishment because it has nothing to do with the trial, or with guilt or innocence. Is there anybody here who would vote "Not Guilty" no matter what the evidence indicates, merely because this crime may result in a prison sentence, even though you do not know whether it will or not?

27. Is there any member of the jury who has any beliefs or convictions, whether moral, religious, philosophical, or otherwise, that would prevent you from being a fair and impartial juror in this case or that would make it difficult for you to sit in judgment of the defendant?

28. Is there any member of the jury who is not able to apply the instructions of the court regarding applicable legal principles even where he or she may personally disagree?

29. Is there anything about this case from what you have heard so far that leads you to question whether you can be a fair and impartial juror?

30. Without getting into personal details, do any of you have any problems with your hearing or sight or any other physical or medical problems that might impair your ability to sit as a juror in this case, read documents, and devote full attention to this trial?

31. Is there any other reason whatsoever that you have not previously disclosed which would cause you to prefer not to sit as a juror in this case?

32. Is there anything we have forgotten to ask you that you feel is important to tell us?

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*


/s/Jeffrey A. Brown
    *Assistant United States Attorney*
Georgia Bar No. 088131
Jeff.A.Brown@usdoj.gov

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Robert Citronberg

September 12, 2018

/s/ JEFFREY A. BROWN

JEFFREY A. BROWN

*Assistant United States Attorney*