IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALLEN PENDERGRASS | Criminal Action No.<br>1:17-CR-00224-AT |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by Byung J. Pak, United States Attorney for the Northern District of Georgia, and Jeffrey A. Brown and Teresa M. Stolze, Assistant United States Attorneys, hereby request the following jury charges. The government also seeks permission to file additional requests at the close of the evidence to address issues not now apparent.[1]

---

[1] Counsel for government sent proposed joint charges to defense counsel. Defense counel contacted government counsel today and is still considering the government's proposed charges.

1

## PROPOSED JURY INSTRUCTION NO. 1

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant Allen Pendergrass guilty beyond a reasonable doubt.

## PROPOSED JURY INSTRUCTION NO. 2

### B2.2
### The Duty to Follow Instructions and the Presumption Of Innocence
### When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## PROPOSED JURY INSTRUCTION NO. 3

### B3
### Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## PROPOSED JURY INSTRUCTION NO. 4

### B4
### Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## PROPOSED JURY INSTRUCTION NO. 5

### B5
### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## PROPOSED JURY INSTRUCTION NO. 6

### B6.2
### Impeachment of Witnesses Because of
### Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## PROPOSED JURY INSTRUCTION NO. 7

### B6.6
### Impeachment of Witnesses because of Inconsistent Statement
### or Felony Conviction
### (Defendant with Felony Conviction Testifies)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

[Evidence that a Defendant was previously convicted of a crime is not evidence of guilt of the crime(s) in this trial. But you may use the evidence to decide whether you believe the Defendant's testimony.]

## PROPOSED JURY INSTRUCTION NO. 8

### B6.7
### Impeachment of Witness Because of Bad Reputation for
### (or Opinion about) Truthfulness
### (May Be Used With 6.1 – 6.6)

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have a bad opinion about the witness's truthfulness.

You may consider reputation and community opinion in deciding whether to believe or disbelieve a witness.

## PROPOSED JURY INSTRUCTION NO. 9

### B9.1A
### On or About; Knowingly; Willfully – Generally

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that his conduct may be violating.

## PROPOSED JURY INSTRUCTION NO. 10

### B10.2
### Caution: Punishment
### (Single Defendant, Multiple Counts)

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

12

## PROPOSED JURY INSTRUCTION NO. 11

### B11
### Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## PROPOSED JURY INSTRUCTION NO. 12

### B12
### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

## PROPOSED JURY INSTRUCTION NO. 13

### S1.2
### Testimony of Accomplice or Codefendant with Plea Agreement

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has made a plea agreement with a Codefendant in exchange for his testimony. Such "plea bargaining," as it's called, provides for the possibility of a lesser sentence than the Codefendant would normally face. Plea bargaining is lawful and proper, and the rules of this court expressly provide for it.

But a witness who hopes to gain more favorable treatment may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

And the fact that a witness has pleaded guilty to an offense isn't evidence of the guilt of any other person.

## PROPOSED JURY INSTRUCTION NO. 14

### S3
### Identification Testimony

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

1. Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

2. How much time did the witness have to observe the person?

3. How close was the witness?

4. Did anything affect the witness's ability to see?

5. Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

16

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

## PROPOSED JURY INSTRUCTION NO. 15

**S4.1**
**Similar Acts Evidence**
**(Rule 404(b), Fed. R. Evid.)**

During the trial, you heard evidence of acts allegedly done by the Defendant on other occasions that may be similar to acts with which the Defendant is currently charged. You must not consider any of this evidence to decide whether the Defendant engaged in the activity alleged in the indictment. This evidence is admitted and may be considered by you for the limited purpose of assisting you in determining whether the Defendant had the state of mind or intent necessary to commit the crime charged in the indictment or the Defendant committed the acts charged in the indictment by accident or mistake.

## PROPOSED JURY INSTRUCTION NO. 16

### S5
### Note-taking

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## PROPOSED JURY INSTRUCTION NO. 17

### S7
### Aiding and Abetting; Agency
### 18 U.S.C. § 2

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

## PROPOSED JURY INSTRUCTION NO. 18

### S17
### Good-Faith Defense

"Good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

**PROPOSED JURY INSTRUCTION NO. 19**

**O50.1**
**Mail Fraud**
**18 U.S.C. § 1341**

Counts 1 through 5 of the Indictment charges the Defendant with committing mail fraud. It's a Federal crime to use the United States mail or to transmit something by private or commercial interstate carrier  in carrying out a scheme to defraud someone.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

    (1) the Defendant knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises;

    (2) the false or fraudulent pretenses, representations, or promises were about a material fact;

    (3) the Defendant intended to defraud someone; and

    (4) the Defendant used the United States Postal Service by mailing or by causing to be mailed something meant to help carry out the scheme to defraud.

A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers items from one state to another. It doesn't matter whether the message or item actually moves from one state to another as long as the message or item is delivered to the carrier.

A "scheme to defraud" includes any plan or course of action intended to

deceive or cheat someone out of money or property using false or fraudulent
pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a
material fact, it is made with intent to defraud, and the speaker either knows it is
untrue or makes it with reckless indifference to the truth. It may be false or
fraudulent if it is made with the intent to defraud and is a half-truth or effectively
conceals a material fact.

A "material fact" is an important fact that a reasonable person would use to
decide whether to do or not do something. A fact is "material" if it has the capacity
or natural tendency to influence a person's decision. It doesn't matter whether the
decision-maker actually relied on the statement or knew or should have known that
the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific
intent to deceive or cheat someone, usually for personal financial gain or to cause
financial loss to someone else.

The Government does not have to prove all the details about the precise
nature and purpose of the scheme or that the material mailed with an
interstate carrier was itself false or fraudulent. It also does not have to prove that

the use of the mail was intended as the specific or exclusive means carrying out the fraud, or that the Defendant did the actual mailing or depositing.  It doesn't even have to prove that anyone was actually defrauded.

To "cause" the mail to be used is to do an act knowing that the use of the mail will usually follow in the ordinary course of business or where that use can reasonably be foreseen.

Each separate use of the mail as part of the scheme to defraud is a separate crime.

## PROPOSED JURY INSTRUCTION NO. 20
### O74.5
### Money Laundering Conspiracy
### 18 U.S.C. § 1956(h)

Count 6 of the Indictment charges Defendant Allen Pendergrass with committing money laundering conspiracy. It's a Federal crime to conspire to engage in money laundering or transactions involving the proceeds of specified unlawful activity that violates Title 18, United States Code, Section 1956.

The elements of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) are as follows:

(1) the Defendant knowingly conducted or tried to conduct, a financial transaction;

(2) the Defendant knew that the money or property involved in the transaction were the proceeds of some kind of unlawful activity, specifically mail fraud;

(3) the money or property did come from an unlawful activity, specifically mail fraud; and

(4) the Defendant was involved in the financial transaction with the intent to promote the carrying on of that specified unlawful activity.

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of partnership for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the

25

indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) two or more people agreed to try to accomplish a common and unlawful plan to violate 18 U.S.C. Section 1956; and

(2) the Defendant knew about the plan's unlawful purpose and voluntarily joined in it.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan – and voluntarily joined in the plan on at least one occasion – that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. Also a person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

26

To "conduct a transaction" means to start or finish a transaction, or to participate in a transaction at any point.

A "transaction" means a purchase, sale, loan, promise, gift, transfer, delivery, or other disposition of money or property. A transaction with a financial institution also includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, use of a safe deposit box, or purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument.

To "know that the money or property involved in the transaction came from some kind of unlawful activity" is to know that the money or property came from an activity that's a felony under state, federal, or foreign law.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of the activity.

The term "specified unlawful activity" means mail fraud as previous defined.

The term "with the intent to promote the carrying on of specified unlawful activity" means that the Defendant must have conducted or attempted to conduct the financial transaction for the purpose of making easier or helping to bring about the "specified unlawful activity" as just defined.

## PROPOSED JURY INSTRUCTION NO. 21

### O40.3
### Aggravated Identity Theft
### 18 U.S.C. § 1028A(a)(1)

Counts 7 and 8 of the Indictment charge Defendant Allen Pendergrass with aggravated identity theft. It's a Federal crime to commit aggravated identity theft.

The Defendant can be found guilty of aggravated identity theft only if all the following facts are proved beyond a reasonable doubt:

(1)  the Defendant knowingly transferred, possessed, or used another person's means of identification;

(2)  without lawful authority; and

(3)  during and in relation to [mail fraud as alleged in Counts 1 through 5 of the Indictment].

A "means of identification" is any name or number used, alone or together with any other information, to identify a specific person, including a name, social security number, date of birth, officially issued driver's license or identification number, alien registration number, passport number, employer or taxpayer identification number, or electronic identification number or routing code.  It can also include a fingerprint, voice print or other biometric data.

The Government must prove that the Defendant knew that the means of identification, in fact, belonged to another actual person, [living or dead,] and not a fictitious person.

28

The Government must prove that the Defendant knowingly transferred, possessed, or used another person's identity "without lawful authority." The Government does not have to prove that the Defendant stole the means of identification. The Government is required to prove the Defendant transferred, possessed, or used the other person's means of identification for an unlawful or illegitimate purpose.

The Government also must prove that the means of identification was possessed "during and in relation to" the crime alleged in the indictment. The phrase "during and in relation to" means that there must be a firm connection between the Defendant, the means of identification, and the crime alleged in the indictment. The means of identification must have helped with some important function or purpose of the crime, and not simply have been there accidentally or coincidentally. The means of identification at least must facilitate, or have the potential of facilitating, the crime alleged in the indictment.

## PROPOSED JURY INSTRUCTION NO. 22

### <u>Conjunctive Charge</u>

Although the Indictment alleges that some of the statutes in question were violated by various acts that are joined in the Indictment by the word "and," it is sufficient for a finding of guilt if the evidence establishes beyond a reasonable doubt any one of the violations charged. In other words, counts charged using the word "and" should be read as if they were charged using the word "or." For example, if a count were to allege that a defendant violated a statute by hitting someone and kicking them, it would be sufficient for a finding of guilt If you found that the defendant either hit or kicked him. However, you must unanimously agree that the defendant committed at least one of the acts, and which act was committed.

**Sources:**
*Turner v. United States*, 396 U.S. 398, 420 (1970) ("The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive . . . the verdict stands if the evidence is sufficient with respect to one of the acts charged."). *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000) ("Quite simply, the law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive.").

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

ALLEN PENDERGRASS

Criminal Action No.
1:17-CR-00224-AT

### **VERDICT FORM**

1.  As to Count ONE of the Indictment, we, the jury, unanimously find Defendant ALLEN PENDERGRASS:

    _____              _____
    Guilty                          Not Guilty

2.  As to Count TWO of the Indictment, we, the jury, unanimously find Defendant ALLEN PENDERGRASS:

    _____              _____
    Guilty                          Not Guilty

3.  As to Count THREE of the Indictment, we, the jury, unanimously find Defendant ALLEN PENDERGRASS:

    _____              _____
    Guilty                          Not Guilty

4.  As to Count FOUR of the Indictment, we, the jury, unanimously find Defendant ALLEN PENDERGRASS:

    _____              _____
    Guilty                          Not Guilty

31

5.     As to Count FIVE of the Indictment, we, the jury, unanimously find Defendant ALLEN PENDERGRASS:

_____         _____
Guilty               Not Guilty

6.     As to Count SIX of the Indictment, we, the jury, unanimously find Defendant ALLEN PENDERGRASS:

_____         _____
Guilty               Not Guilty

7.     As to Count SEVEN of the Indictment, we, the jury, unanimously find Defendant ALLEN PENDERGRASS:

_____         _____
Guilty               Not Guilty

8.     As to Count EIGHT of the Indictment, we, the jury, unanimously find Defendant ALLEN PENDERGRASS:

_____         _____
Guilty               Not Guilty

9.     As to Count NINE of the Indictment, we, the jury, unanimously find Defendant ALLEN PENDERGRASS:

_____         _____
Guilty               Not Guilty

10.    As to Count TEN of the Indictment, we, the jury, unanimously find Defendant ALLEN PENDERGRASS:

_____         _____
Guilty               Not Guilty

SO SAY WE ALL.

Signed and dated at the United States Courthouse, Atlanta, Georgia, this _____ day of _____, 2018.

_____          _____
Foreperson's Signature                                      Foreperson's Printed Name

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document electronically to:

Bob Citronberg

This 16th day of November, 2018.

/s/Jeffrey A. Brown
JEFFREY A. BROWN
ASSISTANT UNITED STATES ATTORNEY