IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

NOV **1 9** 2018

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES OF AMERICA

                   Plaintiff,            CRIMINAL ACTION

      v.

ALLEN J PENDERGRASS         No. 1:17-CR-224-AT-CMS

# MOTION TO DISMISS FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Allen J Pendergrass moves the court to dismiss all pending charges against the Defendant for

Denial of Counsel and denial of his rights to speedy trial in this matter.

## A.    Ineffective Assistance of Counsel

Claims of Ineffective assistance of counsel are review under a two-part test:

(1) A demonstration that counsel performance fell below an objective standard of
reasonableness based on prevailing professional norms and (2) a showing that the
deficiency performance resulted in prejudice. Grinstead v. State, 845 N.E.2d 1027, 1031
(Ind. 2006) (citing Strickland v. Washington, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80
L.Ed.2d 674 (1984)).

## (1)  A DEMONSTRATION THAT COUNSEL PERFORMANCE FELL BELOW AN OBJECTIVE STANDARD OF REASONABLENESS BASED ON PREVAILING PROFESSIONAL NORMS

The Defendant has one public defender assigned to represent the Defendant in this matter

being Robert Citronberg. The legal services provided by the public defenders fell below an

objective standard of reasonableness based on the following:

1

**Background:**

On September 19, 2013 the Defendant was arrest on state charges and then U.S. Grand Jury Indicted the Defendant on June 27, 2017, and now set for trial on November 26, 2018, more than five year later. The charges stem operations of **Asset Financial Recovery.** Upon his State arrest, the Defendant family paid in excess of $15,000.00 (Fifteen thousand dollars) to hire the same attorney Mr. Robert Citronberg who now represent the Defendant today. At the Defendant bond hearing on the State charges, on October 5, 2015, the Defendant remember the statement that was provided by arresting Officer Lt. Ricks with City Atlanta Police Dept. whom stated to the bond hearing Judge, "that he was going to have the Defendant arrested and jailed in every state in the united states before he was done with the Defendant. The Defendant served approximately two months in jail and (4) months under house arrest with an ankle monitor. The Defendant was released on 03/20/14 due to Pretrial Services concluded that the State District Attorney did not respond to Pretrial Services and did file an indictment against the Defendant. **See Exhibit E.**

On October 15, 2014 the Defendant was Indicted for theft, Fort Collins, CO. Funds were received under the operation of **Guishard, Wilburn & Shorts,** the Defendant accepted his responsibility and plead guilty. The Defendant has confirmed that The City Atlanta Police Officer Lt. Ricks participate in and was listed as a witness. **See Exhibit D.**

Then in 2015, Defendant was Indicted on bank fraud. Funds were received under the operation of **Guishard, Wilburn & Shorts,** the Defendant accepted his responsibility and plead guilty and served 30 months. The Ohio case was a civil case up and until Officer Ricks became a witness, the civil case was converted to a criminal case. Defendant has confirmed that The City Atlanta Police Officer Lt. Ricks participate in and was listed as a witness. **See Exhibit D.**

2

In 2017 the Defendant was Indicted on the current charges one month before being released from prison. While in prison the Defendant worked diligent to completed a (12) twelve-month drug program RDAP (Residential Drug and Alcohol Treatment Program. The Defendant was precluded from graduating, because of outstanding charges against the Defendant by the City of Atlanta (State charge), thus would be eligible to receive (6) month reduction in his sentence due and lose any eligibility for half way house. Defendant wrote letter and even called his attorney of record Defense Counsel Robert Citronberg, whom never would return his calls nor respond to Defendant letters for assistance. The Defended did not violate any rules or regulations during his 30-month sentence. Upon release on bond the Defendant within 30 days was successful in securing employment with Healing Hearts Counseling Center, an Alcohol and Drug Treatment Center as Project Manager, he has helped more than 100 client's who suffered from drug abuse secure housing and employment. Defendant is currently employed with Healing Hearts Counseling Center, Defendant while on probation has not violated any rules or regulation governed by the probation department.

When the Defendant was arraigned on the current charge, he did ask the court for his current Defense Counsel. The defendant trusted and believed that his current Defense Counsel would be most familiar with his case, since counsel was hired (4) year earlier to represent him. The Defendant accept responsibility for not acting sooner to bring such violation of ineffective assistance of counsel.

**Ineffective Assistance of Counsel:**

ABA. Rules of Professional Conduct – Rule 1.4

(a) A lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules;

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

"A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

The Defense Counsel did not inform the Defendant of the purpose of court hearings, consult with the Defendant concerning what the client's objectives were in the litigation much less how the court hearing would accomplish the client's objectives, failed to consult with the client concerning how the client's objectives would be  accomplished as the attorney, Defense Counsel never to determined what the client's objective were, failed to keep the Defendant informed of the status of the matter and ignored the requests to take action on behalf of the Defendant, and failed to comply with reasonable request for information, such as discovery provided by the prosecutor.

The Defendant has not been advised by Defense Counsel of witnesses necessary for the hearing and Defense Counsel has not subpoena any character witnesses, not interview the Co-Defendant in this case. Defense Counsel has not provided Defendant with a copy of discovery nor has Defendant received the discovered requested. The Defendant has been denied effective

4

assistance of counsel, Defendant has not received the benefit of the public defender's

demonstrating the ability of the public defender to handle the Defendant's case.  The Defense

Counsel has not inquired into the factual issues regarding the charges or explained to the

Defendant the legal elements of the charges against the Defendant.

Defense Counsel's failure to maintain adequate communication with defendant. **D**efense Counsel

to return phone calls thru out this case for more than 8 months, and failed to comply with

reasonable request, Further the Defense Counsel failed to consult with Defendant or explained

anything to the Defendant to make informed decisions regarding representation of the Defendant.

> **"Relying on Dunkley v. Shoemate, 350 N.C. 573 (1999), which held "a lawyer cannot properly represent a client with whom he has no contact,".** • **Counsel is required to make sufficient efforts to communicate with his client, which includes attempts to call, write, and/or email the client."**

**Defense Counsel failed to keep the Defendant informed** of the status of the matter or request

to take action behalf of the defendant. Under 28 U.S. Code 1746 – Unsworn Declaration under

penalty of perjury. The Defendant desired to set out facts that would be admissible as evidence

and show that the declarant is competent to testify on the matters stated under Rule 56.1. Motion

for summary judgement. **See Exhibit A**

Defendant sent a copy of the affidavit by email notification to defense Counsel on March 17,

2018 requesting Defense counsel to review and comment and then forwarded to his Defense

Counsel to be filed with court by certified mail receipt in support. A copy of proof of certified

mailing to defense Counsel in March 28, and that the Defendant did include the requirement

under 28 U.S. Code 1746 section (2) "I declare under penalty of perjury that the foregoing is true

and correct.  it was executed within the United States, its territories, possessions, or

commonwealths. **See Exhibit A**.

5

The Defendant had properly stated his claim for relief on March 29th, 2018 by certified mail to his Defense Counsel. It is the Defendant believe at all times that his defense had filed the motion that would require the prosecutor to produce evidence that negate the claim at that time.

**See Exhibit A.**

> **"Courts confronted with sworn statements similar to the one involved in this case have recognized that such statements can be considered in ruling on a motion for summary judgment. See e.g., Curnow v. Ridgecrest Police, 952 F.2d 321, 323- 24 (9th Cir. 1991); Duffee By and Through Thornton v. Murray Ohio Mfg. Co., 160 F.R.D. 602, 604 (D. Kan. 1995). Courts have reasoned that the statements should be considered because they are similar to an affidavit. See Curnow, 952 F.2d at 324; Duffee By and Through Thornton, 160 F.R.D. at 604"**

Defendant also provided Defense Council a copy of the Narrative from the City of Atlanta Offense Report which comprised of the statement by the arresting police officer Lt. Douglas M. Ricks "I had been attempting to identify Mr. Terrell McQueen during this investigation; he is the person who made contact with the City of Atlanta Financial department on numerous occasions requesting checks be mail to the post office box belonging to the business he claimed to be President of, **Asset Financial Recovery.** "The Defense Council failed to investigate or interview staff with the City of Atlanta Financial Department events concerning surrounding the checks that were issued to Asset Financial Recovery that are of issue in this criminal complaint. **See Exhibit G.**

**Rule 4-1.16: Declining or Terminating Representation**: "A lawyer shall not represent or where representation has commenced, shall withdraw from the representation of a client if the lawyer physical or mental condition materially impairs the lawyer ability to represent the client, under rules of Professional Conduct." The defense Counsel health has been a major concern at issue to the proper defense on behave of the defendant, the defense Counsel has repeatedly use health issues in delaying defense motion and appearances in front of this Honorable Court.

## In Furtherance of Support the Motion to Dismiss for Ineffective Assistance of Council.

Please be advised that the Defendant has only recently been granted access to Pacer's from a friend on 11/09/018. After many hours of research on his case and other Cases that the Defense Counsel has handle.  The Defendant over the last year and a half  the following cases was decided Granting Ineffective Assistance of Counsel in the following cases.

**On June 14ᵗʰ, 2018**

**The Defense Counsel Robert Citronberg. Georgia Bar #126275,**

In Case # 1:16-cr-00281-TCB-RGB; USA v. COBB; Defendant COBB made a complaint of Ineffective Assistance of Counsel on May 24ᵗʰ, 2018 and was Granted a Motion to Withdraw his Guilty Plea, and Mr. Robert Citronberg was relieved of any further representation of Defendant COBB. **See Exhibit H**

**"Mr. COBB stated "I Larry Cobb am writing you to inform you of my counsel's ineffectiveness. To represent me effectively without prejudice and by the Constitution of the United States. I have asked Mr. Citronberg repeatedly for Discovery from at least January 2017 until he finally handed it over on April 23, 2018. That is after I went to court without any notice of a court date and at court forcing a plea on me of 25 years saying take the 25 years or go to trial next week. That was the first time he even talked to about a plea. My family communicated with Citronberg about my discovery amongst other things mostly via text messaging which he says he would give me but didn't until after it couldn't be used by me. I have requested my docket, copy suppression motion and result of suppression motion as well as the Jencks material which I've never received or seen with my eyes period. I have not been informed of anything during the course of this case with the exception of having to see a doctor for evaluation. Counsel failed to consult me on important decision and important developments during the course of the prosecution. Never spoke of any offers or plea bargains. Attorney did little to investigate into case, made no effort to locate and present residence of the defendant's psychiatric problems and failed to determine whether the defendant was even competent to stand trial or enter the guilty plea. Federal Rules of criminal procedure 6 (e) (3) € (i) Grand Jury Transcript co-conspirator and co-defendant statement, warrants and affidavit for warrants. Due Process 5ᵗʰ Amendment. There has been any communication whatsoever, I have been in the blind and every time that I did get to see counsel at court or the couple visits, he wouldn't answer my questions. He even told that a defendant couldn't be held liable for offense committed before joining a conspiracy wasn't true, but I had got it from case law in the library. Counsel never checked on what arresting officer did to me. Counsel failed to give same opportunity as my co-defendants. Counsel lied about how much time he would he would argue for. Counsel won't explain to me why my plea has the 924 ( c) discharge and its**

**known I ain't discharged a firearm and none of co-defendant have that in there plea's. I filed a freedom of information act a rogatory letter. Counsel stopped it. Because of failure to communicate and give me discovery and other vital material I was deprived by counsel to assist in my defense. I was never made aware of co-defendant making deals nor the time or sentences they would receive."**

On April 27th, 2017

In Case # 3:16- CR-003-TCB-RGV-5; USA v. FERRELL; Defendant Travonne Ferrell made a complaint of Ineffective Assistance of Counsel on April 23th, 2017. Sent a letter to the Court, (Doc 614) which is construed as a motion for appointment of new counsel.  **See Exhibit I**

**On April 27th, 2017, the Court hereby Grants the motion for appointment of new counsel. The Defendant writes " Dear Judge Vineyard, I write to you today to request that my change of pleasure hearing be scheduled, or canceled, and that I'm appointed new counsel. I find no pleasure in writing to the Court about things my lawyer has failed to do. I have no other choice when I am not receiving effective assistance of counsel.""On March 23rd, 2017, I was taking to the Federal Courthouse in Newnan, Georgia for a change of plea hearing I was unaware of. I previously requested to review the evidence against me before moving any further in my case, which I was promised to have received some weeks ago. My attorney has taken it upon himself to enter me into a guilty plea, and change of plea hearing, that I was never informed of, or agreed to. I was later informed, on the day of the hearing, that my attorney had decided to call out sick, and that the hearing would be rescheduled for a later date. "He goes on to say " I am fighting for my life here, and to protect my rights to view my evidence before determining a course of action is very important to my proceeding. To be denied such a right would be a disservice to me. I decided it was necessary to notify the court now., instead of waiting to the day of the hearing, so the court, therefore can decide how to proceeds."**

Mr. Robert Citronberg , was relieved of any further representation of  both Defendant's.

## PROCEDURAL HISTORY OF MOTIONS FOR THE DEFENDANT ALLEN J. PENDERGRASS FILED BY DEFENSE COUNSEL:

On June 27, 2017, a federal grand jury returned an indictment against the

Defendants, Allen Pendergrass and Terrell McQueen, charging them with wire

fraud, money laundering and aggravated identity theft. **See Exhibit C: 1**

(Doc. 1). On August 8, 2017, Defendant Counsel file a motion for an extension of time to file motions and conduct pretrial conference.

(Doc. 20). On August 11, 2017, Again this Court granted Defense Counsel 's motion for extension of time to file motions and extended the deadline for pretrial motions to August 22, 2017. **Defense Counsel did not consult with or communicate to Defendant.**


(Doc. 23). On August 24, 2017, Defense Counsel filed motions to extend the time for filing motions, for a Jackson Denno hearing, to suppress evidence, to dismiss the Indictment, Again Defense Counsel filed motion to for extension of time to perfect motions, and for leave to file motions out of time. **Defense Counsel did not consult with or communicate to Defendant.**

(Docs. 25-29). On August 25, 2017, this Court held a pre-trial conference and Defense Counsel was given until September 29, 2017 to perfect motions.

(Doc. 31). On September 29, 2017, Defense Counsel filed a motion for an extension of time to perfect motion to dismiss.

(Doc. 33). On October 4, 2017, this Court granted Defense Counsel 's motion to extension to perfect motion to dismiss until October 4, 2017.

(Doc. 35). On October 5, 2017, Defense Counsel filed a motion to dismiss indictment. **Defense Counsel did not consult with or communicate to Defendant.**

(Doc. 36). On October 30, 2017, the government filed its response in opposition to the motion to dismiss the Indictment. **Defense Counsel did not consult with or communicate to Defendant.**

(Doc.37). On December 4, 2017, this Court filed a report and recommendation denying Defense Counsel's motion to dismiss. **Motions filed by the Prosecutor (Government) are approved or unopposed by Defense Counsel without consultation with Defendant.**

(Doc. 38). On January 8, 2018, Defense Council filed a supplemental motion to suppress evidence. **Defense Counsel did not consult with or communicate to Defendant.**

(Doc. 40). On January 22, 2018, this Court held a status conference; the parties agreed that it was not necessary to hold an evidentiary hearing on Defense Counsel's motion to suppress evidence. **Defense Counsel did not consult with or communicate to Defendant.**

(Doc. 42). During the status conference, the Court ordered the Government to file a responsive brief by February 5, 2018 and Defense Council s reply is due on February 19, 2018. (Id.).

(Doc. 46) ORDER ADOPTING 38 Magistrate's Report and Recommendation as to Defense Council

(1). The Court denies as moot 25 Motion for Jackson-Denno Hearing, denies. **Motions filed by the Prosecutor (Government) are approved or unopposed by Defense Counsel without consultation with Defendant.**

(2) Denied Motion to Dismiss Indictment. Signed by Judge Amy Totenberg on 2/13/2018. (jtj) (Entered: 02/13/2018). **Motions filed by the Prosecutor (Government) are approved or unopposed by Defense Counsel without consultation with Defendant.**

(Doc.48)  (02/22/2018) The Judge grants Defense Council the opportunity to file written objections to the Report and Recommendation with 14 days of service. No objection was file by the Defense Counsel on behalf Defendant to the Denied Order of the Jackson-Denmo Motion. No objection was file by the Defense Counsel on behalf Defendant to the Denied Order of the Jackson-Denmo Motion. . **Motions filed by the Prosecutor (Government)  are approved or unopposed by Defense Counsel without consultation with Defendant.**

 (Doc 54) MOTION to Continue Trial filed by Defense Counsel. (Citronberg, Robert) (Entered: 06/20/2018).  Motion was Granted on 06/21/2018. Defendant received notice of cancellation in the mail. **Defense Counsel did not consult with or communicate to Defendant.**

(Doc 68) MOTION to Continue trial date by Defense Counsel. (Citronberg, Robert) (Entered: 09/12/2018) Defense Counsel indicated reason for continuance, Defense Counsel Acknowledged that he was severing from medical problems throughout Defendant case.   He did inform Defendant of his continued medical condition and that he thought it was life threatening. . **Defense Counsel did not consult with or communicate to Defendant.**

(Doc 74) Minute Entry for proceedings held before Judge Amy Totenberg: Pretrial Conference as to Allen J. Pendergrass. Defendant will file voir dire and response to 73 Motion for 404b Evidence by 4:00pm on Friday November 16. Jury charges to be filed by Thursday, November 15. (Court Reporter Shannon Welch) (jpa) (Entered: 11/09/2018). Defense Council for The Defendant refused the Judges Orders and did not file a Response to The Motion for 404b, **Motions filed by the Prosecutor (Government)  are approved or unopposed by Defense Counsel without consultation with Defendant.**

The Defendant, although persistent concerning his desire to understand the charges asserted

against the Defendant and the evidence to be utilized at the trial, has not received the benefit of

Counsel at any time to review any documents in the discovery. Defense has asked the defense

Counsel on several occasion for copies and review of any and all discovery material provided to

him from the government, he has consisted provided excuses to defendant. The public defender

has not reviewed one document from discovery with the Defendant at any time.

> **"The defendant has a right to expect that his attorney will use every skill, expend every energy, and tap every legitimate resource in exercise of independent professional judgment on behalf of defendant and in undertaking representation. Frazer v. United States, 18 F.3d 778, 779 (9th Cir. 1994); U.S.C.A. Const. Amend 6. Counsel owes defendant duty of loyalty, unhindered by state or by counsel's constitutionally deficient performance."**

**PROCEDURAL HISTORY OF MOTIONS FOR THE CO-DEFENDANT TERRELL MCQUEEN FILED BY DEFENSE COUNSEL:**

On June 27, 2017, a federal grand jury returned an indictment against the

Defendants, Allen Pendergrass and Terrell McQueen, charging them with wire

fraud, money laundering and aggravated identity theft. **See Exhibit C: 2**


(Doc 13)  ORDER APPOINTING FEDERAL PUBLIC DEFENDER, Victoria Marie Calvert, for Terrell McQueen. Signed by Magistrate Judge John K Larkins, III on 7/21/2017. (jtj) (Entered: 07/24/2017).

(Doc 19) Unopposed MOTION for Extension of Time to File Pretrial Motions, Unopposed MOTION to Continue Pretrial Conference by Terrell McQueen. (Attachments: # 1 Text of Proposed Order) (Calvert, Victoria) (Entered: 08/02/2017)

(Doc 40) Supplemental MOTION to Suppress Evidence with Brief In Support by Allen J. Pendergrass as to Allen J. Pendergrass, Terrell McQueen. (Citronberg, Robert) (Entered: 01/08/2018). Its cleared that Defense Council for Co-Defendant did not said Motions to Suppress Evidence, it was file by Defendant Counsel.

(Doc 53) MOTION to Continue Trial by Terrell McQueen. (Calvert, Victoria) (Entered: 06/20/2018)

NOTICE OF SENTENCING Set as to Terrell McQueen for November 15, 2018 at 02:00 PM in ATLA Courtroom 2308 before Judge Amy Totenberg. (ddm) (Entered: 07/24/2018)


Defendant believes Defense Counsel for Terrell McQueen presented not a single motion in

defense of Co-Defendant. One is left to believe that the Defendant would not receive a fair trial

from the start of said Indictment due a plan already in play between prosecuting attorney, and

both Public Defender's. The Prosecutor has bootstrapped the foregoing allegation on behalf Co-

Defendant to obtain a guilty plea and or conviction against Defendant.

**Rule of Fairness to Opposing Party and Counsel**

"A lawyer shall not falsify evidence, counsel or assist a witness to testify falsely, or offer an

inducement to a witness that is prohibited by law."  The Defendant believes that the evidence

presented by Prosecutor concerning Defendant a ledge offense is false, the information was false at the time presented, and due to the lack of due diligence of the Prosecutor, Defense Counsel's and investigator to investigate said Co-Defendant giving false statement. The information was presented as truthful, when the Prosecutor should have known the testimony was false.

**Special Responsibility of a Prosecutor**

The prosecutor in a criminal case shall (a) refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause: (b) make reasonable effort to assure that the accused has been advised of the right to, and the procedure for obtaining (c) all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigate the offense, except when the prosecutor is relieved of the responsibility by a protective order of the tribunal. The prosecutor has pursued the prosecution of the Defendant when any reasonable person in a similar position knows or should know the information presented to the court and or jury or not relevant to charges against the Defendant.

"It shall be the primary duty of all persecuting attorneys, including any special persecutors, not to convict, but to see justice is done. **They shall not suppress facts or secrets witnesses capable of establishing the innocence of the accused**"

**Presumption of Innocence.**

"No presumption of guilt arises from the mere fact that a criminal accusation has been made before a competent authority. **All person is presumed to be innocent** and no person may be convicted of a offense unless each element of the offense is proved beyond a reasonable doubt. The fact that he has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt."

> " 'If an attorney owes duties to a party whose interests are adverse to those of one defendant, an actual conflict exists, and the interests of the other client and the defendant are sufficiently adverse if it is shown that the attorney owes a duty to the defendant to take some action that could be detrimental to his other client."

> " '."Under . Strickland v. Washington, 466 U.S. 668 (1984), where an actual conflict of interest exists, an ineffective assistance of counsel claim is presumed. In addition, 'Once a defendant makes a sufficient showing of an actual conflict that adversely

affected counsel's performance, prejudice . is presumed.' Jones v. State, 937 So.2d 96, 100 (Ala.Crim.App.2005)"

"[W]here, as here, a clear conflict of interest exists, the accused has, thus, been denied her Sixth Amendment right to the effective assistance of counsel as a matter of law. Pinkerton v. State, 395 So.2d 1080 [ (Ala.Crim.App.1980) ], cert. denied, 395 So.2d 1090 [Ala.] 1981)

## 2. A SHOWING THAT THE DEFICENCY PERFORMANCE RESULTED IN PREJUDICE

The Defendant has no witnesses, no review of the discovery with the Defense counsel, and had no communication with Defense counsel concerning the case for more than (8) months, (2) week before trial that was set in August. The Defendant states no reasonable interpretation of the foregoing could be considered an adequate performance.

**Counsel's failure to negotiate result's favorable to the defendant in plea negotiations**. Defense Counsel failed to promptly inform the client of any decision or circumstances with respect to which the client's informed consent. A copy of the email received from Defense Counsel on November 12, 2018. **See Exhibit F.**

On October 20th, 2018 Defendant met with Defense Counsel at Krystal's restaurant to discuss the Plea Agreement he received. Defense Counsel said he received in an email. He allowed the Defendant to view it on his phone. The Defendant asked for a copy, but Defense Counsel never sent it. The Plea clearly stated offer of plea to count (8) of the charges. On Monday, November 12, 2018 Defense Counsel called Defendant (3) three times to coerce defendant to take plea that has changed drastically It was completely different the plea agreement that was presented to defendant on October 20, 2018.The Defendant did review the plea agreement on Defense Counsel phone at a meeting with defendant at Krystal restaurant. The Defense Counsel stated that he would quickly get back to Defendant, but Defense Counsel failed to comply to a

reasonable request. Defense Counsel failed to keep the client reasonably informed about the status of the matter.

Defense Counsel shall explain all matters to the extent reasonably necessary to permit client to make informed decision regarding such matters as Plea agreements. The email does Proof that the Prosecutor (Government) did send a Plea agreement on October 18, 2018 and Defense Counsel did received a plea agreement from Jeff Brown, Prosecutor did forward a plea agreement on Monday November 12, the Defense Counsel now denies. **See Exhibit F.**

On October 20, 2018 defendant met with his Defense Counsel at Krystal restaurant and in the plea agreement reviewed by defense counsel phone, Plea to count (8) of the charges, the same count as my co-defendant, but with a different loss amount of at 250k -550k. Defense Counsel stated he was going to get the loss amount reduced and forward to me the plea agreement. Again, Defense council has failed to keep the client informed.

On Monday, November 12, 2018, the defense Counsel contacted the defendant regarding the new Plea agreement by phone, which now require that the Defendant admit to (2) different charges that did not appear in the plea agreement presented to defendant on October 20th, 2018. The Defendant knows beyond a reasonable doubt the he is innocent. Defendant's right's to has been prejudice. This in part because the 404b motion that Defense Counsel has failed to challenge.

The Defendant raise major concern about receiving a fair trial, if the prosecution is allowing to move forward on the 404 b motion. The Honorable Judge granted Defense Counsel more time to file. Even after the Honorable Judge granted defense counsel more time, Defense ignored such request and failed to file said motion on behalf of Defendant.

14

Defense Counsels' serious error's deprived defendant of fair trial:

1. Failure to file Defendant pretrial affidavit. and
2. failed to interview or investigate petitioner's co-defendant prior to trial to discover potential impeachment evidence;
3. Failed to interview or investigate any crucial witness prior to trial to discover potential impeachment evidence; and
4. Failure to interview or investigate witness prior to trial to discover potential impeachment evidence: and
5. Failure to file pre-trial motions timely: The Petitioner contends trial counsel was deficient for failing to file discovery motions.
6. Failure to objection to the 404 b motions.

Lastly, petitioner claims defense counsel was ineffective for failing to file an objection to the motions under Rule 404 – Federal Rules of Evidence and that the failure to file such motions prejudiced petitioner's defense.

**"At common law, evidence of extrinsic misconduct was considered dangerously prejudicial, warranting close scrutiny. admission of evidence of other crimes, bad acts, or wrongs for which the defendant is not on trial."**
**"Since early common law, the general rule was that the state could not introduce evidence showing the accused in a criminal case committed another crime that was separate and distinct from the crime for which he was being prosecuted, even if the separate offense was of the same nature as the crime for which the accused was on trial. E.g., State v. McClain, 240 N.C. 171, 173, 81 S.E.2d 364, 365 (1954) (citing cases going back as far as 1869); State v. Williams, 303 N.C. 507, 513, 279 S.E.2d 592, 596 (1981). This general rule excluding evidence of other crimes was subject to certain "well-recognized exceptions." Id. at 174, 81 S.E.2d at 365. 3 McClain, the leading pre-Rules case on evidence of other crimes, explained that the rationale behind the rule is that evidence of another crime has a dangerous, natural, and inevitable tendency to divert the attention of the jury from the charge before it; it predisposes the jury to believe the defendant is guilty; and it forces the accused to defend against charges for which he is not on trial."**
**"The general rule against admitting other crimes or wrongs was a special application of the broader rule barring the state from attacking the character of the defendant or from proving character with evidence of specific conduct. Id. As a policy matter, early courts believed that a criminal defendant should not be convicted of a current charge because of the kind of person he was or because of conduct unrelated to the crime on trial."**
**"Even at common law, the courts struggled with how to apply the exceptions to the general rule of inadmissibility. McClain acknowledged, "Whether evidence of other distinct crimes properly falls within any of the recognized exceptions noted is often a difficult matter to determine." McClain, 240 N.C. at 176, 81 S.E.2d at 368. However, the following principles were clear, and they should be the guiding star for defense counsel: "**

"The acid test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime. But the dangerous tendency and misleading probative force of this class of evidence require that its admission should be subjected by the courts to rigid scrutiny. Whether the requisite degree of relevancy exists is a judicial question to be resolved in the light of the consideration that the inevitable tendency of such evidence is to raise a legally spurious presumption of guilt in the minds of the jurors. Hence, if the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected." McClain, 240 N.C. at 176, 81 S.E.2d at 368 (emphasis added)."

**Speedy Trial Act 18 U.S.C 3161;**

To comply with other law or court order "Defense Counsel revealed to the Court information concerning the Defendant's desire to maintain the Defendant to a speedy trial. The Defendant did not have any communication with Defense Counsel for more than (8) months with no assistance from counsel assigned to represent the Defendant. The Defendant never communicated to the Court at any time the Defendant's desires not to waive the Defendant right to speedy trial but the Court, after the Defendant made a request for a continuance, stated the Defendant desired a speedy trial, "was adamantly opposed to a continuance," and the continuance would be denied. The information concerning the Defendant desiring a speedy trial was only communicated to the Defendant's counsel. The Communication to the Court of the Defendant's desire for a speedy trial by Defendant attorney without consultation or approval by the Defendant breaches the confidentiality requirements between lawyer and a client. The breach is even more horrendous when the attorney does not disclose the necessity to disclose the information to the Court to the Defendant. The obvious lack of communication with the Defendant is problematic, but the communication with the Court in a manner to jeopardize the Defendant's right to speed trial and effective representation, is more egregious.

16

## CONCLUSION

Based on the foregoing arguments, Allen J. Pendergrass maintains that the Indictment at bar is

due to be summarily dismissed pursuant to Ineffective Assistance of Counsel. Further, he

maintains that he has established the propriety, and necessity, of dismissal with prejudice.

Dated:  This 19th day of November 2018.


Respectfully submitted,




Allen J Pendergrass, Pro Se
Defendant
100 Julia Court
Fayetteville, GA 30214
Tel: 419-631-8755

17

## CERTIFICATE OF SERVICE

I, Allen J Pendergrass, hereby certify that on November 19, 2018, I filed the foregoing with the

Clerk of Courts, and will send to all counsel of record by certified mail.

Robert H. Citronberg
Law Office of Robert Citronberg
Suite 4100 303 Peachtree Street, NW
Atlanta, GA 30308
404-522-7450
Email: rcitronberg@gmail.com

JEFFREY A. BROWN
Jeffrey A. Brown  Assistant
United States Attorney
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA 30303
404-581-6064  404-581-6181 (fax)
Georgia Bar No. 088131

 TERESA STOLZE
Teresa M. Stolze
Assistant United States Attorney
600 U.S. Courthouse
75 Spring St., S.W. Atlanta, GA 30303
404-581-6027  404-581-6181 (fax)
Georgia Bar No. 151873