# EXHIBIT H

CM/ECF-GA Northern District Court
Case 1:17-cr-00224-AT-CMS   Document 79-4   Filed 11/19/18   Page 2 of 14
Page 1 of 1
Case 1:16-cr-00281-TCB-RGV   Document 184   Filed 06/14/18   Page 1 of 1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**1:16-cr-00281-TCB-RGV**
**USA v. Cobb et al**
**Honorable Russell G. Vineyard**

Minute Sheet for proceedings held In Open Court on 06/14/2018.

TIME COURT COMMENCED: 1:30 P.M.
TIME COURT CONCLUDED: 1:45 P.M.      TAPE NUMBER: FTR
TIME IN COURT: 00:15                 DEPUTY CLERK: James Jarvis
OFFICE LOCATION: Atlanta

| | |
|---|---|
| DEFENDANT(S): | [1] Larry Grant Cobb Present at proceedings |
| ATTORNEY(S) PRESENT: | Robert Citronberg representing Larry Grant Cobb |
| PROCEEDING CATEGORY: | Motion Hearing(Attorney Appointment Hearing) |
| MOTIONS RULED ON: | DFT#1-[180] Motion for Appointment of New Counsel is GRANTED |
| MINUTE TEXT: | The Court held a motion hearing regarding defendant's [180] Motion for New Counsel. After reviewing defendant's financial affidavit, the Court determined that defendant was eligible for Court-appointed counsel. Mr. Citronberg was relieved of any further representation of Mr. Cobb. The Court will appoint new counsel to represent defendant. |

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta
MAY 24 2018
JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

PG. 1 of 2

I Larry Cobb am writing you to inform you of my counsels ineffectiveness (Robert H. Citronberg Georgia Bar #126275) to represent me effectively without prejudice and by the guarantee of the constitution of the UNITED STATES.

- I have asked Mr. Citronberg repeatedly for my Discovery from at least January 2017 until he finally handed it over on April 23 2018. That is after i went to court without any notice of a court date and at court forcing a plea on me of 25 years saying take the 25 years or go to trial next week. That was the first time he even talk to me about a plea.

- My family communicated with Mr. Citronberg about my Discovery amongst other things mostly via text messaging which he would say he would give it to me but did'nt until after it could'nt be used by me.

- I have requested my Docket, copy of suppression motion and result of suppression motion as well as the Jencks material which i've never recieved or seen with my eyes period.

- I have not been informed of anything during the course of this case with the exception of having to see a doctor for evaluation.

- Counsel failed to consult with me on important decisions and important developements during the course of the prosecution. Never spoke of any offers or plea bargains.

- Attorney did little to investigate into case, made no effort to locate and present evidence of the defendant's psychiatric problems, and failed to determine whether the defendant was even competent to stand trial or enter the guilty plea.

- Federal Rules of criminal procedure 6(e)(3)(e)(i) Grand Jury transcripts Co-conspirator and Co-defendant's statements. Warrants and affidavits for warrants. Due Process 5th Amendment.

- There has not been any communication whatsoever i have been in the blind and every time that i did get to see counsel at court or the couple visits he would'nt answer my questions. He even told that a defendant couldn't be held liable for offenses committed before joining a conspiracy was'nt true but i had got it from case law in the law library.

Case 1:17-cr-00224-AT-CMS   Document 79-4   Filed 11/19/18   Page 4 of 14
Case 1:16-cr-00281-TCB-RGV   Document 180   Filed 05/24/18   Page 2 of 2

PG. 2 of 2

- counsel never checked on what arresting officer did to me.
- counsel failed to give me the same opportunity as my co-defendants.
- counsel lied about how much time he would argue for.
- counsel won't explain to me why my plea has the 924(c) discharge and it's known i aint discharge a firearm and non of my co-defendent's have that in there pleas.
- I filed a freedom of information act, a rogatary letter and other effects and counsel stopped it.
- Because of failure to communicate and give me discovery and other vital material i was deprived by counsel to help assisst in my own defense.
- I was never made aware of co-defendants making 5k.1 deals nor the time or sentences they recieved.

*Note. The use of a notary is for verification purposes only and not legal advice.

Notary: _Nerald G Bauer_ 5-22-18      _Larry Cobb_ 5-22-2018
                                      Authorized Representative for LARRY GRANT COBB

My Commission ends: 7 Oct 21

### Certificate of Service

This is to certify that the above stated "Judicial Notice of Filing and Praecipe to the clerk" was serviced to the "Attn.- chief clerk for the administrative office of the UNITED STATES DISTRICT COURT this 22 day May 2018 by U.S. Mail.

Attn. chief clerk
Administrative office of the UNITED STATES DISTRICT COURTS
75 Ted Turner Drive, SW
Atlanta, Georgia 30303

cc  GSA Administration Building
Attn. Denise Turner Roth- Admin-
Adam Neufeld- Deputy Admin.
1800 F STREET NE
Washington, D.C. 20006

Case 1:16-cr-00281-TCB-RGV   Document 180-1   Filed 05/24/18   Page 1 of 1

Larry Cobb 70307019 A6-102
Robert A. Deyton Detention Facility
P.O. BOX 730
LOVEJOY, GEORGIA 30250

Hasler
01/31/2018
US POSTAGE $00.50

Mailed from a detention facility

ZIP 30250
011D11646722

CLEARED
MAY 24 2018
U.S. Marshals
Atlanta Ga

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
2211 UNITED STATES COURTHOUSE
75 TED TURNER DRIVE S.W.
ATLANTA, GEORGIA 30303-3361

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL FILE NO. |
| v. | 1:16-CR-0281-TCB |
| LARRY GRANT COBB, | |
| Defendant. | |

### ORDER

Defendant Cobb has entered a guilty plea to five counts in the Superseding Indictment in this case and is presently set for sentencing on June 5, 2018. However Defendant Cobb sent a letter to the Court dated May 24 in which he expresses his dissatisfaction with his retained counsel. The Court construes this letter as a motion for a new attorney and DIRECTS the Clerk to edit the docket to reflect this.

This case is hereby REFERRED back to Magistrate Judge Vineyard to consider this motion and appoint counsel if necessary.

**SO ORDERED** this 1st day of June, 2018.

Timothy C. Batten, Sr.
United States District Judge

AO 72A
(Rev.8/82)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v | : | INDICTMENT NUMBER |
| | : | 1:16-CR-281-TCB-RGV |
| LARRY GRANT COBB | : | |

## MOTION TO WITHDRAW GUILTY PLEA

COMES NOW, the Defendant and moves the court to allow him to withdraw his guilty plea and in support thereof he shows the following:

1.

Mr. Cobb entered a guilty plea in this case on March 5, 2018.

2.

The defendant asserts that pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), a fair and just reason exists for the withdrawal of his guilty plea. The defendant asserts that the plea was not knowingly and voluntarily entered because he did not fully understand the terms of the plea agreement, and he did not have an opportunity to review the discovery.

3.

The Court should examine the totality of the circumstances surrounding the plea when deciding whether a defendant has shown a "fair and just reason" for withdrawing her guilty plea, considering four factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." <u>United States v. Buckles</u>, 843 F.2d 471-472 (11th Cir. 1988).

WHEREFORE, the Defendant requests that the Court conduct a hearing to determine if he will be allowed to withdraw his guilty plea.

Respectfully submitted,

/s/ Paul Cognac
Bar No. 173334
Attorney for Defendant

312 Crosstown Road, Suite 106
Peachtree City, Georgia 30269
678-826-6186

2

## CERTIFICATE OF SERVICE

I hereby certify that this document was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1B and was filed using the CM/ECF system which will automatically send e-mail notification of such filing to all parties of record.

This 3rd day of August, 2018.

/s/Paul Cognac
Bar No. 173334
Attorney for Defendant

312 Crosstown Road, Suite 106
Peachtree City, Georgia 30269
678-826-6186

# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL INDICTMENT |
| v. : | |
| : | NO. 3:16-CR-003-TCB-RGV-5 |
| TRAVONNE FERRELL : | |

ORDER

On April 13, 2017, defendant Travonne Ferrell submitted a letter to the Court, [Doc. 614], which is construed as a motion for appointment of new counsel.[1] The Honorable Timothy C. Batten, Sr., United States District Judge, referred the matter to the undersigned for review. [Doc. 608]. After hearing from the defendant and his current counsel on April 27, 2017, the Court hereby **GRANTS** the motion for appointment of new counsel, [Doc. 614].

**IT IS ORDERED** that Paul Cognac is hereby appointed to represent defendant Travonne Ferrell and Robert H. Citronberg is relieved of further representation of the defendant. New counsel shall have 30 days from the entry of this Order to review the discovery materials and file any necessary pretrial motions and shall notify the undersigned's Courtroom Deputy Clerk and the prosecutor within 30 days from the

---

[1] The Clerk is **DIRECTED** to docket the letter, [Doc. 614], as a motion for appointment of new counsel.

AO 72A
(Rev.8/82)

entry of this Order as to whether he requests a pretrial conference or a hearing in this case.

**IT IS FURTHER ORDERED** that the period between the date of the defendant's motion, April 13, 2017, and the extended date for filing pretrial motions, May 29, 2017, shall be excluded pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B)(iv). The Court finds that the extension of time for new counsel to review the discovery materials and determine whether to file any pretrial motions is necessary for effective representation of the defendant, and the interests of justice in granting the continuance outweigh the defendant's and the public's rights to a speedy trial.

IT IS SO ORDERED, this 28th day of APRIL, 2017.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

FILED IN CHAMBERS
U.S.D.C. Atlanta
APR 13 2017
JAMES N. HATTEN, Clerk
By: AEZ

April 6th, 2017

Dear Judge Vineyard:

I write to you today to request that my change of plea hearing be rescheduled, or canceled, and that I'm appointed new counsel. I find no pleasure in writing to the court about things my lawyer has failed to do. I have no other choice when I am not recieving effective assistance of counsel.

On March, 23rd, 2017 I was taken to the federal Courthouse in Newnan, Georgia for a change of plea hearing I was unaware of. I previously requested to review the evidence against me before moving any further in my case, which I was promised to have recieved some weeks ago. My attorney has taken it upon himself to enter me into a guilty plea, and change of plea hearing, that I was never informed of, or agreed to. I was later informed, on the day of the hearing, that my attorney had decided to call out sick, and that the hearing would be rescheduled for a later date.

I am fighting for my life here, and to protect my rights. To view my evidence before determining a course of action is very important to my proceeding. To be denied such a right would be a disservice to me.

I felt it was neccessary to notify the court now, instead of waiting to the day of the hearing, so the court, therefore, can decide how to proceed.

Sincerely,
Treaume Terrell

