UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cr-00224-AT-CMS |
| | ) | |
| ALLEN J.   PENDERGRASS, | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR SPEEDY TRIAL VIOLATION (POST INDICTMENT)

Comes now Defendant Allen Pendergrass, by and through undersigned counsel, and files this motion to dismiss for violation of Defendant's statutory right to speedy trial.  Mr. Pendergrass brings this motion pursuant to 18 U.S.C. 3162, et seq.

Mr. Pendergrass asks that the Court dismiss the indictment in this case with prejudice.

## RELEVANT TIMELINE

The following dates were not excluded from the Speedy Trial calculations in this case:

1.     July 21, 2017 (Arraignment) through August 8, 2017 (Request to continue motions deadline/pretrial conference) (19 days)

2.     February 22, 2018 (R&R issued) through March 20, 2018 (R&R submitted to district court) (25 days)

1

3.   March 20, 2018 – (R&R submitted to district court) through May 22, 2018 (R&R adopted by district court) (62 days – 30 days of which are excluded)

The total time that has elapsed is as follows[1]:

    19 days
    25 days
    <u>32 days</u>
    76 days

---

[1]   "In calculating includable time, both the date on which an event occurs or a motion is filed and the date on which the court disposes of a motion are excluded." *United States v. Yunis,* 723 F.2d 795, 797 (11th Cir. 1984).

## ARGUMENT

## I.   MR. PENDERGRASS' STATUTORY RIGHT TO A SPEEDY TRIAL HAS BEEN VIOLATED.

The Speedy Trial Act of 1974 (Speedy Trial Act or Act), 18 U.S.C. § 3161 et seq., requires that a criminal defendant's trial commence within 70 days after he is charged or makes an initial appearance, whichever is later, see § 3161(c)(1), and entitles him to dismissal of the charges if that deadline is not met, § 3162(a)(2). *Bloate v. United States*, 559 U.S. 196, 200 (2010). In *Bloate*, the Supreme Court held that delay resulting from a district court's order granting parties time to prepare and file pretrial motions is not automatically excludable pretrial-motion delay. *Bloate*, 599 U.S. at 203-207, 130 S. Ct. at 1351-54. Instead, only the actual filing of a pretrial motion triggers *automatic* pretrial-motion Speedy Trial Act clock stoppage. *See United States v. Hughes*, 840 F.3d 1368 (11th Cir. 2016), *citing Bloate*, 599 U.S. at 206, 130 S. Ct. at 1353. The *Bloate* Court explained that delay that results from a decision granting time to *prepare* pretrial motions, if not from a pretrial motion itself (the defendant's request for additional time), is governed by subparagraph (D) and it is not automatically excludable. *Id.* at 206. Subparagraph D "communicates Congress' judgment that delay resulting from pretrial motions is automatically excludable, *i.e.*, excludable without district court findings, *only* from the time a motion is filed through the hearing or disposition point specified in the subparagraph, and that other periods of pretrial

motion-related delay are excludable only when accompanied by district court findings." *Id.* To exclude the time requested to *prepare* pretrial motions, the court must make explicit findings pursuant to pursuant to section §3161(h)(7). *Id.*

Here, the indictment was filed on June 27, 2017. (Doc. 1.) Mr. Pendergrass made his initial appearance and was arraigned on the indictment on July 21, 2017. (Doc. 12.) Therefore, the speedy trial clock began to run on July 21, 2017. The pretrial conference was set for August 9, 2017. Doc. 17. Counsel for Mr. Pendergrass filed a motion to extend the time to file pretrial motions on August 8, 2017[2]. Doc. 20. The Court granted that request and excluded the time from August 9, 2017 through August 25, 2017, pursuant to section §3161(h)(7)(B)(i). Doc. 23. The Court did not exclude any additional time from the Speedy Trial calculation.

Several pretrial motions were filed and were considered by the magistrate court, triggering the automatic delay discussed in *Bloate, supra*. *See also* 18 U.S.C. § 3161(h)(1)(D) (When conducting the speedy-trial calculus, a court should not include "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."). The magistrate court completed its review of all motions, a report and

---

[2]     A co-defendant filed a motion to extend the time for filing pretrial motions on August 2, 2017. Doc. 19. The court granted each motion for additional time to prepare motions and excluded the time from August 9, 2017 through August 25, 2017, pursuant to section §3161(h)(7)(B)(i). Doc. 23.

recommendation was issued on February 22, 2018.  No objections were filed, but the motion was not submitted to the district court until March 20, 2018.  These 25 days were not excluded from the speedy trial calculations.  Once the report and recommendation was submitted to the district court, the first 30 days of time when the matter was under advisement were excluded.  *See* 18 U.S.C. §3161(h)(1)(H); *United States v. Elkins,* 795 F.2d 919, 922-23 (11th Cir. 1986) (holding that once a district court takes a motion under advisement the excludable time for disposing of that motion is limited to 30 days).  Therefore, the speedy trial clock continued to run for an additional 32 days, making the total non-excludable time 76 days.

Once a violation of the Speedy Trial Act has been established, dismissal is mandated. 18 U.S.C. § 3162(a)(2).  Because more than 70 non-excludable days have elapsed, Mr. Pendergrass' rights under the Speedy Trial Act have been violated and this Court must dismiss the instant action.

## II.    THE INDICTMENT SHOULD BE DISMISSED WITH PREJUDICE.

The determination of whether to dismiss a case on a statutory speedy trial violation with or without prejudice is governed by 18 U.S.C. § 3162(a)(2). "Under both §§ 3162(a)(1) and (a)(2), the district court has discretion to dismiss a case either with or without prejudice." *United States v. Taylor*, 487 U.S. 326, 335 (1988); *United States v. Derose*, 74 F.3d 1177, 1182 (11th Cir.1996). As the Supreme Court clarified in *Taylor*, there is no preference for one type of dismissal

over the other. 487 U.S. at 335.  In choosing whether to dismiss with or without prejudice, the Court is guided by considering, at a minimum, the three factors specifically enumerated in both parts of § 3162(a): the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a re-prosecution on the administration of this chapter and on the administration of justice. *Id.* "[C]ourts are not free simply to exercise their equitable powers in fashioning an appropriate remedy, but, in order to proceed under the Act, must consider at least the three specified factors." *Taylor*, 4877 U.S. at 333.

In order to dismiss the case without prejudice, the burden is on the Government to show "affirmative justification" that warrants dismissal without prejudice. *United States v. Godoy*, 821 F.2d 1498, 1505 (11th Cir. 1987) ("[I]n order to prevent abuse of the [Act's] deadlines, we require a showing of some affirmative justification by the government to warrant a dismissal without prejudice.") (internal quotation marks omitted)

The factors outlined in Taylor weigh in favor of dismissal with prejudice.

### A. *The seriousness of the offense*

Mr. Pendergrass was charged in June 2017 with non-violent offenses stemming from conduct that occurred prior to April 2014.  He was initially arrested by the Atlanta Police Department in September 2013 and held on Fulton County warrants based on the allegations raised here. (*See* Ex. A, Fulton County Docket

and Ex. B, APD report.) His computer and other related property were seized as part of that arrest and were never returned to him.  He was never formally charged in Fulton County. Instead, he was dismissed from pretrial release for lack of prosecution and his matter remained pending.  (*See* Ex. C, dismissal from pretrial release.)  He was then charged in a separate federal district court for matters related to his businesses – the same business referenced in the indictment in this case. (*See* Ex. D, indictment from Ohio.)  Toward the end of his 30-month sentence out of that district, he was brought to answer charges in this case.  The pending detainer from Fulton County prevented him from being released to a half-way house, despite his age, the non-violent nature of his crimes, and his completion of numerous programs while incarcerated.

Here he has been charged with wire fraud, money laundering conspiracy, and aggravated identity theft.  In the grand scheme of criminal conduct, Mr. Pendergrass' charges are on the less severe end of the spectrum. There is no element of the use, attempted use, or threatened use of physical force in this case. The length of time since the offenses were allegedly committed, the history of this case, and the less severe nature of the charges weigh in favor of dismissal with prejudice.

**B. The facts and circumstances of the case which led to the dismissal**

Mr. Pendergrass has filed two separate motions for dismissal in this case; one is based upon pre-indictment delay and the other is based upon post-indictment delay.  Both cases form the basis for consideration of "the facts and circumstances of the case that lead to dismissal." However, should the Court determine that pre-indictment issues are not properly before the Court when considering this factor, he asserts that the pre-indictment delay and the prejudice resulting therefrom should properly be considered under the "other factors" clause of 3162(a)(2)[3].

Dismissal without prejudice is only proper where the includable time was justified. *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir.1984) ("If the excess of includable time was justified, dismissal without prejudice is proper; otherwise, it is not."). "[M]ere lack of improper motive [on the Government's part] is not a sufficient excuse for the delay. Some affirmative justification must be demonstrated to warrant a dismissal without prejudice." *Id.* Here, the initial period of includable time was caused by the review of discovery and preparation of motions.  The other two includable periods were the result of the court exceeding the statutory time to take pretrial motions under advisement.  While these factors

---

[3]     In determining whether to dismiss the case with or without prejudice, the court shall consider, ***among others***, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a re-prosecution on the administration of this chapter [18 USCS §§ 3161 et seq.] and on the administration of justice.

alone might be neutral when the Court considers whether the dismiss with or without prejudice, Mr. Pendergrass asks the Court to consider *all* the facts and circumstances surrounding this case when it makes its determination.

Mr. Pendergrass asserts that his arrest on Fulton County charges was directly related to the present case and that the failure to bring federal charges in this district when he was initially arrested by the Atlanta Police Department in September 2013 was a result of a calculated decision by law enforcement and prosecutors.  The goal, it appears, was to permit his prosecution in multiple districts for related events, to gain tactical advantage over him by depriving him of the opportunity to interview witnesses and collect evidence in and around Atlanta in 2013, and to ensure that he serve an extended period of incarceration in multiple districts on related charges.  This "other factor" weighs in favor of dismissal with prejudice.

Further, as outlined in the companion motion filed here, dismissing a case in one federal district so that prosecution can be brought in another federal district to give the government a tactical advantage, does not toll the Speedy Trial clock. *See United States v. Avalos*, 541 F.2d 1100 (5th Cir. 1976), cert. denied, 430 U.S. 970 (1977)[4].  Nor should holding allegations in one district in abeyance to gain a

---

[4]     In *Avalos*, the government arrested defendant on drug charges in Washington, D. C. and then dismissed the charges in what the Court of Appeals for the D. C. Circuit found was a deliberate attempt at forum shopping. *See also*

tactical advantage toll the clock. If the Court considers the time from Mr. Pendergrass 2013 arrest in its calculations, dismissal with prejudice is heavily favored.

### C. The impact of a re-prosecution on the administration of this chapter and on the administration of justice

Mr. Pendergrass asserts that, after a four-year delay, there has been turnover in staffing in the Atlanta city government in addition to a recent hacking event which resulted in the loss of numerous files in the city database. Witnesses who may have been able to assist in his defense have now left the city's employment or may have faulty memories regarding relevant events. Mr. Pendergrass has at all times (since his arrest on these allegations in 2013) maintained his innocence in relation to these allegations. He is prejudiced by the anxiety attendant to living almost 4 years under a cloud of suspicion related to the impending prosecution. Given that Mr. Pendergrass has already been prosecuted for allegations related to his businesses, these facts should weigh heavily in favor of dismissal.

---

*United States v. Lara*, 172 U.S. App. D.C. 60, 520 F.2d 460 (D.C.Cir.1975) (providing further detail of the prosecutions). The defendant was rearrested in Miami and tried. Reviewing his speedy trial claim, the Fifth Circuit Court of Appeals held the applicable period for a speedy trial ran continuously from his arrest in Washington until his trial in Miami, even though there was a nine-month period between the Washington dismissal and the Miami arrest when he was not under arrest or indictment. The court held that because "the decision to dismiss in the District of Columbia and begin the case anew in Florida was dictated by tactics and not by necessity the government must be charged with these nine months of delay." *Lara*, 520 F.2d at 465.

Finally, as the Second Circuit Court of Appeals noted in *United States v. Caparella*, 716 F.2d 976 (2nd Cir. 1983), when considering this factor, "as a deterrent to other would-be offenders, it seems relatively insignificant. Of greater significance to the administration of justice is the salutary effect of this Court's reaffirmance of Congress' basic purpose in enacting the Speedy Trial Act. . . . It must be remembered that a speedy trial is not only viewed as necessary to preserve the rights of defendants. Just as significant is the protection it accords to society's interest in bringing criminals to justice promptly." *Id.* at 981.

For all of the reasons outlined above, Mr. Pendergrass asks this court to dismiss the indictment in this case with prejudice.

Respectfully submitted this 29th day of January 2019.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
Counsel for Mr. Pendergrass

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date electronically filed the foregoing motion to continue with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

All Defense Counsel

All AUSAs of record

This 29th day of January 2019.


/s/SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
Counsel for Mr. Pendergrass