# SEARCH WARRANT
## IN THE COURT OF FULTON COUNTY
## STATE OF GEORGIA

Docket No.: **E007730**

Warrant No.: **SW-006400**

TO: ALL GEORGIA CERTIFIED PEACE OFFICERS

Affidavit having been made before me by **DOUGLAS RICKS**, a **GEORGIA** certified peace officer charged with the duty of enforci the Criminal Laws, that he has reason to believe that in **FULTON** County, **GEORGIA** on the following described person, remises, or property: (state detailed description of person, property or location)

**4854 Old National Hwy , 30337, ATLANTA, GA**
**The business is located inside a beige colored building with bluish green canopies over the exterior window the building has the address numbers (4854) printed on the canopy that is over the main entrance door. The business is inside the building on the first floor in suite # 161. The name of the business (Asset Financial Recovery LLC.) is on the wall next to the glass door and the door is marked  with the suite # 161.There is also a directory on the wall of the first floor near  the entrance door that states Asset Financial Recovery LLC is located in suite # 161.**

There is now located certain instruments, articles, person(s), or things, namely: (specify evidence, contraband or person(s) to be searched for)

# COMPUTER EVIDENCE

Affiant knows from training and experience that searches and seizures of evidence from computers require agents to seize most or all computer items (hardware, software, passwords and instructions) to be processed later by a qualified computer expert in a laboratory or other controlled environment. Computer storage media to include floppy disks, hard drives, tapes, DVD disks, CD-ROM disks or other magnetic, optical or mechanical storage which can be accessed by computers to store or retrieve data or can store the equivalent of thousands of pages of information. Users may store information or images in random order with deceptive file names, which requires searching authorities to examine all the stored data to determine whether it is included in the warrant. This sorting process renders it impractical to attempt this kind of data search on site.

Affiant knows from training and experience that searching computer systems for criminal evidence requires experience in the computer field and a properly controlled environment in order to protect the integrity of the evidence and recover even "hidden", erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to tampering or destruction (both from external sources, and or from destructive code embedded in the system as a "booby trap"), the controlled environment of a laboratory is essential to its complete and accurate analysis.

Affiant knows from training and experience that in order to fully retrieve data from a computer system, the analyst needs all magnetic storage devices as well as the computer. In cases like this one where the evidence consists partly of graphics files, the input and output devices to include but not limited to keyboards, mice, scanners, printers, monitors, network communication devices, modems and external or connected devices used for accessing computer storage media and the storage media are also essential to show the nature and quality of the graphic images which the system could produce. In addition, the analyst needs all the system software (operating systems or interfaces, and hardware drivers) and any applications software which may have been used to create the data (whether stored on hard drives or on external media) as well as documentation, items containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate items, software or information seized or to activate specific equipment or software.

Affiant knows through training and experiance that persons often communicate with others through correspondence or other documents (whether digital or written) which could tend to identify the origin of the images as well as provide evidence of a person's interest in Forgery and Theft By Taking.

Affiant knows from training and experience that files related to the Forgery and Theft by Taking computers are usually obtained from the Internet using application software which often leaves files, logs or file remnants which would tend to show the exchange, transfer, distribution, possession or origin of the files.

Affiant knows from training and experience that computer software or hardware exists that allows persons to share Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same IP address. Examination of these items can reveal information about the authorized or unauthorized use of Internet connection at the business.

Affiant knows from training and experience that computers used to access the Internet usually contain files, logs or file remnants which would tend to show ownership and use of the computer as well as ownership and use of Internet service accounts used for the Internet access.

Affiant knows from training and experience that search warrants of business involved in computer related criminal activity usually produces items that would tend to establish ownership or use of computers and ownership or use of any Internet service accounts accessed to obtain Financial crimes to include credit card bills, telephone bills, correspondence and other identification documents.

Affiant knows from training and experience that search warrants of residences usually reveal items that would tend to show dominion and control of the property searched, to include utility bills, telephone bills, correspondence, rental agreements and other identification documents.

The above information has led Affiant to believe that probable cause exists to believe that the items listed in this affidavit are evidence of the Forgery and Theft by Taking Official Codes of Georgia Annotated 16-9-1, 16-8- at 4854 Old National Highway, College Park, Fulton County, GA. 30337.

Your affiant requests the authorization to seize, and later analyze for any electronic data, computer processing and/or storage devices, computers and computer systems which also includes central processing units, internal and peripheral storage devices such as fixed discs, internal/external hard drives, floppy diskettes, and any other diskettes, tape drives and tapes, optical storage devices, or other storage devices, peripheral input/output devices such as keyboards, printers, video display monitors, optical readers, scanners and related communications devices such as modems, network adapters, hubs, routers, switches; together with system documentation, operating logs and documentation, appropriate cables and connectors, and software instruction manuals, programs, data, or files containing all of the above records, whether stored on paper, on magnetic media such as hard disk drive, tape, cassette, cartridge, disk, diskette or on memory storage devices or media such as optical disks, programmable instruments such as telephones, answering machines, "electronic address books", portable data assistants, laptop computer systems, desktop computer systems, calculators, or any other storage media where data can be stored, together with indicia of use, ownership, possession, or control of such records. Other property of relevance to this

incident includes video cameras (digital, analogue or any other format), still photo cameras (digital, analogue, or any other format), paper printouts from the printers (e-mails, chat logs, written passwords/login names), and Internet access documents. The actual analysis of any seized digital evidence will be conducted at a later time due to the protracted time a computer forensics investigation takes.

Your Affiant or his designee will take custody of the computer system, computer media, and/or the articles needed for analysis after all exhibits are properly logged. The exhibits will be physically examined, documented, the storage devices forensically imaged or copied (if necessary), and later examined for evidence of these crimes. The results of the examination will be presented by your affiant or designee and later forwarded to the Office of the District Attorney. The RETURN portion of this warrant will reflect the actual seizure of articles. The examination will exceed ten days or more based on the high volume of data to be processed and examined, but all results will be submitted as evidence at a later date

When records or evidence are stored on magnetic media such as tape, diskette, hard drive, etc., it is common to find that specific records authorized to be seized are inextricably mixed and without technically difficulty or extremely time-consuming procedures are inseparable from other records, programs, or files (similar to a bound-volume book containing financial records, addresses, a diary, and notes, for example). Current technology also allows the storage of sounds, images and video "movies" as digital files on a diskette or chip in a recording device, as well as on different formats of magnetic tape. The storage medium containing records or evidence relating to the crime under investigation will be seized for analysis, but only those items authorized to be seized by the warrant will be printed out, disclosed, stored on an evidence disk, or otherwise copied for evidence purposes. Any other items that can be separated out from such evidence will be returned upon completion of the forensic analysis.

Affiant respectfully requests through this judiciary order that Affiant, or at the Affiants direction, a third party be allowed to examine the computers and computer media seized for evidence of the criminal activity outlined herein.

To be searched for

Documents,records,checks,financila statements,fake identifications,documents and /or copies and facsimiles thereof,images or visual depictions representing the possible Forgery and Theft By taking  computers; computer input and output devices to include keyboards, mice, scanners, printers, monitors, network communication devices, modems and external or connected devices used for accessing computer storage media; computer storage media and the digital content to include floppy disks, hard drives, tapes, DVD disks, CD-Rom disks or other magnetic, optical or mechanical storage which can be accessed by computers to store or retrieve data , pictures, computer software and application software installation and operation media, computer software, hardware or digital contents related to the sharing of Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same IP address; manuals and other documents (whether digital or written) which describe operation of items or software seized; items containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate items, software or information seized, correspondence or other documents (whether digital or written) pertaining to the Fraudulently obtaining of funds from the  City Of Atlanta, correspondence or other documents (whether digital or written) exhibiting an interest in thefts and or Forgery, items that would tend to establish ownership or use of computers and ownership or use of any Internet service accounts accessed to obtain to include credit card bills, telephone bills, correspondence and other identification documents, items that would tend to show dominion and control of the property searched, to include utility bills, telephone bills, correspondence, rental agreements and other identification documents. Photographs and videotaped images may be obtained of the place to be searched for comparison with images and video recovered relating to the investigation of the Forgery and Theft by Taking

Which is (name the law being violated)

| | |
|---|---|
| 16-8-2 | Theft By Taking - Felony |
| 16-9-1 | Forgery 3rd Degree (POST 07-01-2012) |

Based upon the affidavit given under oath or affirmation and all other evidence given to me under oath or affirmation, I am satisfied that there is probable cause to believe that a crime is being committed or has been committed and that the property described above is presently located on the person, premises, or property described above.

You are hereby commanded to enter, search and seize within ten (10) days of this date the person, premises, or property described above. A copy of this warrant is to be left with the person searched, if no person is available, on the premises or vehicle searched, and a written return, including an inventory of any things seized, shall be made before me or a Court of competent jurisdiction immediately after the execution of this Search Warrant.

---
Judge **M** **Leftridge** Title **Judge**
JUDGE OF THE **MAGISTRATE** COURT

☐ **OTHER PARTY PROVISION** (Not Valid Unless Signed)

**IT IS HEREBY ORDERED** that the executing officer has the authority of the Court to search any and all persons who are on or within the described premises or who may enter after the search begins based upon probable cause as stated herein.

**SO ORDERED**

---
Judge **M** **Leftridge** Title **Judge**
JUDGE OF THE **MAGISTRATE** COURT
**FULTON** COUNTY

☐ NO-KNOCK PROVISION (Not Valid Unless Signed)
**IT APPEARING** from the aforementioned Affidavit that there are reasonable grounds to believe that the giving of verbal notice would greatly increase the officer's peril and (or) lead to the immediate destruction of the instruments, articles or things ordered to be seized.

**IT IS, THEREFORE, ORDERED** that entry be made without knocking and the giving of verbal notice of the officer's authority and purpose.

**SO ORDERED**

---
Judge **M** **Leftridge** Title **Judge**
JUDGE OF THE **MAGISTRATE** COURT

IN THE **MAGISTRATE** COURT OF **FULTON** COUNTY
STATE OF **GEORGIA**

Docket No.: **E007730**

Warrant No.: **SW-006400**

The undersigned **DOUGLAS RICKS**, being duly sworn, deposes and says:

I am a **GEORGIA** certified peace officer charged with the duty of enforcing the criminal laws, and that I have reason to believe in **FULTON** County, **GEORGIA**, on the person, premises or property described as follows: (state detailed description of person, property, or location)

4854 Old National Hwy , 30337, ATLANTA, GA
The business is located inside a beige colored building with bluish green canopies over the exterior window the building has the address numbers (4854) printed on the canopy that is over the main entrance door. The business is inside the building on the first floor in suite # 161. The name of the business (Asset Financial Recovery LLC.) is on the wall next to the glass door and the door is marked with the suite # 161.There is also a directory on the wall of the first floor near the entrance door that states Asset Financial Recovery LLC is located in suite # 161.

there is now located certain instruments, articles, person(s), or things, namely: (specify evidence, contraband, or person(s) to be

**COMPUTER EVIDENCE**
Affiant knows from training and experience that searches and seizures of evidence from computers require agents to seize most or all computer items (hardware, software, passwords and instructions) to be processed later by a qualified computer expert in a laboratory or other controlled environment. Computer storage media to include floppy disks, hard drives, tapes, DVD disks, CD-ROM disks or other magnetic, optical or mechanical storage which can be accessed by computers to store or retrieve data or can store the equivalent of thousands of pages of information. Users may store information or images in random order with deceptive file names, which requires searching authorities to examine all the stored data to determine whether it is included in the warrant. This sorting process renders it impractical to attempt this kind of data search on site.
Affiant knows from training and experience that searching computer systems for criminal evidence requires experience in the computer field and a properly controlled environment in order to protect the integrity of the evidence and recover even "hidden", erased, compressed, password-protected, or encrypted files. Since computer evidence is extremely vulnerable to tampering or destruction (both from external sources, and or from destructive code embedded in the system as a "booby trap"), the controlled environment of a laboratory is essential to its complete and accurate analysis.
Affiant knows from training and experience that in order to fully retrieve data from a computer system, the analyst needs all magnetic storage devices as well as the computer. In cases like this one where the evidence consists partly of graphics files, the input and output devices to include but not limited to keyboards, mice, scanners, printers, monitors, network communication devices, modems and external or connected devices used for accessing computer storage media and the storage media are also essential to show the nature and quality of the graphic images which the system could produce. In addition, the analyst needs all the system software (operating systems or interfaces, and hardware drivers) and any applications software which may have been used to create the data (whether stored on hard drives or on external media) as well as documentation, items containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate items, software or information seized or to activate specific equipment or software.
Affiant knows through training and experiance that persons often communicate with others through correspondence or other documents (whether digital or written) which could tend to identify the origin of the images as well as provide evidence of a person's interest in Forgery and Theft By Taking.
Affiant knows from training and experience that files related to the Forgery and Theft by Taking computers are usually obtained from the Internet using application software which often leaves files, logs or file remnants which would tend to show the exchange, transfer, distribution, possession or origin of the files.
Affiant knows from training and experience that computer software or hardware exists that allows persons to share Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same IP address. Examination of these items can reveal information about the authorized or unauthorized use of Internet connection at the business.
Affiant knows from training and experience that computers used to access the Internet usually contain files, logs or file remnants which would tend to show ownership and use of the computer as well as ownership and use of Internet service accounts used for the Internet access.
Affiant knows from training and experience that search warrants of business involved in computer related criminal activity usually produces items that would tend to establish ownership or use of computers and ownership or use of

any Internet service accounts accessed to obtain Financial crimes to include credit card bills, telephone bills, correspondence and other identification documents.

Affiant knows from training and experience that search warrants of residences usually reveal items that would tend to show dominion and control of the property searched, to include utility bills, telephone bills, correspondence, rental agreements and other identification documents.

The above information has led Affiant to believe that probable cause exists to believe that the items listed in this affidavit are evidence of the Forgery and Theft by Taking Official Codes of Georgia Annotated 16-9-1, 16-8- at 4854 Old National Highway, College Park, Fulton County, GA. 30337.

Your affiant requests the authorization to seize, and later analyze for any electronic data, computer processing and/or storage devices, computers and computer systems which also includes central processing units, internal and peripheral storage devices such as fixed discs, internal/external hard drives, floppy diskettes, and any other diskettes, tape drives and tapes, optical storage devices, or other storage devices, peripheral input/output devices such as keyboards, printers, video display monitors, optical readers, scanners and related communications devices such as modems, network adapters, hubs, routers, switches; together with system documentation, operating logs and documentation, appropriate cables and connectors, and software instruction manuals, programs, data, or files containing all of the above records, whether stored on paper, on magnetic media such as hard disk drive, tape, cassette, cartridge, disk, diskette or on memory storage devices or media such as optical disks, programmable instruments such as telephones, answering machines, "electronic address books", portable data assistants, laptop computer systems, desktop computer systems, calculators, or any other storage media where data can be stored, together with indicia of use, ownership, possession, or control of such records. Other property of relevance to this incident includes video cameras (digital, analogue or any other format), still photo cameras (digital, analogue, or any other format), paper printouts from the printers (e-mails, chat logs, written passwords/login names), and Internet access documents. The actual analysis of any seized digital evidence will be conducted at a later time due to the protracted time a computer forensics investigation takes.

Your Affiant or his designee will take custody of the computer system, computer media, and/or the articles needed for analysis after all exhibits are properly logged. The exhibits will be physically examined, documented, the storage devices forensically imaged or copied (if necessary), and later examined for evidence of these crimes. The results of the examination will be presented by your affiant or designee and later forwarded to the Office of the District Attorney. The RETURN portion of this warrant will reflect the actual seizure of articles. The examination will exceed ten days or more based on the high volume of data to be processed and examined, but all results will be submitted as evidence at a later date

When records or evidence are stored on magnetic media such as tape, diskette, hard drive, etc., it is common to find that specific records authorized to be seized are inextricably mixed and without technically difficulty or extremely time-consuming procedures are inseparable from other records, programs, or files (similar to a bound-volume book containing financial records, addresses, a diary, and notes, for example). Current technology also allows the storage of sounds, images and video "movies" as digital files on a diskette or chip in a recording device, as well as on different formats of magnetic tape. The storage medium containing records or evidence relating to the crime under investigation will be seized for analysis, but only those items authorized to be seized by the warrant will be printed out, disclosed, stored on an evidence disk, or otherwise copied for evidence purposes. Any other items that can be separated out from such evidence will be returned upon completion of the forensic analysis.

Affiant respectfully requests through this judiciary order that Affiant, or at the Affiants direction, a third party be allowed to examine the computers and computer media seized for evidence of the criminal activity outlined herein.

To be searched for

Documents,records,checks,financila statements,fake identifications,documents and /or copies and facsimiles thereof,images or visual depictions representing the possible Forgery and Theft By taking computers; computer input and output devices to include keyboards, mice, scanners, printers, monitors, network communication devices, modems and external or connected devices used for accessing computer storage media; computer storage media and the digital content to include floppy disks, hard drives, tapes, DVD disks, CD-Rom disks or other magnetic, optical or mechanical storage which can be accessed by computers to store or retrieve data, pictures, computer software and application software installation and operation media, computer software, hardware or digital contents related to the sharing of Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same IP address; manuals and other documents (whether digital or written) which describe operation of items or software seized; items containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate items, software or information seized, correspondence or other

documents (whether digital or written) pertaining to the Fraudulently obtaining of funds from the City Of Atlanta, correspondence or other documents (whether digital or written) exhibiting an interest in thefts and or Forgery, items that would tend to establish ownership or use of computers and ownership or use of any Internet service accounts accessed to obtain to include credit card bills, telephone bills, correspondence and other identification documents, items that would tend to show dominion and control of the property searched, to include utility bills, telephone bills, correspondence, rental agreements and other identification documents.  Photographs and videotaped images may be obtained of the place to be searched for comparison with images and video recovered relating to the investigation of the Forgery and Theft by Taking

Which is (name the law being violated)

| | |
|---|---|
| **16-8-2** | **Theft By Taking - Felony** |
| **16-9-1** | **Forgery 3rd Degree (POST 07-01-2012)** |

The facts tending to establish probable cause that a crime has been, or is being committed and the above described instruments, articles, or things described above are presently located at the above described premises or property are as follows: (state in detail the facts that you believe create probable cause, including statement of ownership, possession, or control if known)

I am investigator D.M.Ricks. I am post certified in the State of Georgia. I was sworn as an officer with the City of Atlanta in 1992. I have been a City of Atlanta Police officer for 21 years. During this time I worked as a Patrol officer, a Narcotics investigator, Assaults investigator, Auto Theft investigator,and Robbery investigator. I am current assigned to the Major Fraud unit as an investigator.

The City of Atlanta's Major Fraud Unit was notified of a fraud against the city committed by the business of Asset Financial Recovery, Inc.

They advised us an asset recovery company contacted the financial department of the City Of Atlanta both by emails and telephone To advise they represented various businesses and individuals who had not received payments awarded To them by the City of Atlanta. The asset recovery company provided names of businesses and individuals who were owed money by the City of Atlanta.

The City of Atlanta's Financial Department conducted an audit To see if the checks had been cashed, by those businesses and individuals and learned the checks had not been cashed.

The City of Atlanta cancelled the original checks then re-issued checks To the victims through the recovery company (Asset Financial Recovery, Inc.)

The checks were mailed To Post office box # 1809 in Fayetteville, Georgia 30214.

On July 16, 2013 Ms Linda Guy from the City of Atlanta's financial department received information from attorney Ashley Miller advising she is a victim of identity fraud. Attorney Miller advised she represented the law firm of Weissman, Nowack, Curry and Wilco in a case against the City of Atlanta. Attorney Miller told financial officer Linda Guy her signature had been forged on the documents sent To the City Of Atlanta requesting a payment of $8,000.00 dollars To be sent To the listed P.O. Box. On June 03, 2013

The City Of Atlanta's financial department then checked the other request that had been by made by Asset Financial Recovery, Inc.

Currently the City Of Atlanta's financial department is not sure how Asset Financial Recovery, Inc. Obtained the names of the businesses and individuals who had not been paid by the City of Atlanta.

Ms Guy told us Asset Financial Recovery, Inc. Filed an open records request and this is possibly how they learned who had not received payments from the City of Atlanta.

I checked the business, Asset Financial Recovery Inc. To see if it is legitimate business in the state of Georgia. I learned the company was incorporated on 10-22-2012 as a profit corporation. The registered agents are Deidre Barber, Allen James Pendergrass and Nathan Pendergrass.

Investigator Bower told me he can see in the account statements deposits of more than $26,000.00 dollars on May 15, 2013 and $100,000.00 into the account of Assets Financial Recovery Inc... on June 20, 2013.

He also identified the person making the deposits as Allen James Pendergrass.

Investigator Bower also advised me as soon as the money was deposited into the business account numerous checks were made payable To Deidra Barber and Terrell McQueen these check were in excess of ten thousand dollars. Then email request for payment were made by Mr. Terrell McQueen.

Investigator Bower sent me pictures of the suspect Mr. Allen James Pendergrass cashing the fraudulently Obtained checks. The checks were cashed in Fulton County at the Wells Fargo bank located at 5060 Old Bill Cook Road, College Park, Georgia 30349. I secured two arrest warrants for Forgery 3rd degree and two for Theft by Taking against Mr. Allen James Pendergrass. On August 28, 2013 Sgt. Cooper and went To the address of the business and noticed a grey Mercedes with the tag number of AVQ5903 Ga. I asked investigator V. Bracley To check it on ACIC. She advised me the car is registered To Allen James Pendergrass with the address of 441 Hwy 279 Fayetteville, Ga.30214.

Sgt. Cooper and I walked inside the business and saw a glass case on the wall with the locations of each business in the building. Assets Financial Recovery Inc. Is located in suite 161.

We took pictures of the office door with the business's name plate next To it.

I then contacted Investigator Ron Bower from Wells Fargo Bank. I asked him to check the deposits and to let me know if there were pictures of the deposits being made in their bank. Mr Bower advised he did have two pictures of the suspect Mr. Allen Pendergrass depositing the two fraudulanly obtained cheks. He sent me the two images.

Base on the above information I am requesting a search warrant for the business of Asset Financial Recovery.

If you are requesting no-knock approval, list facts justifying a no-knock entry:

I swear or affirm that all of the information contained in this Affidavit and all other testimony given by me under oath is true to the best of my knowledge and belief.

_D. M. Ricks_ (signature)

_____

AFFIANT: **DOUGLAS RICKS** Title:

Sworn to and subscribed to before

_____
Judge **M Leftridge** Title **Judge**
Judge of the **FULTON** County
9/19/2013 8:11:42 AM

# AFFIDAVIT AND APPLICATION FOR A SEARCH WARRANT

IN THE **MAGISTRATE** COURT OF **FULTON** COUNTY
STATE OF **GEORGIA**

Docket No.: **E007730**

Warrant No.: **SW-006400**

The undersigned **DOUGLAS RICKS** , being duly sworn, deposes and says:

I am a **GEORGIA** certified peace officer charged with the duty of enforcing the criminal laws, and that I have reason to believe ih **FULTON** County, **GEORGIA**, on the person, premises or property described as follows: (state detailed description of person, property, or location)

**4854 Old National Hwy , 30337, ATLANTA, GA**
The business is located inside a beige colored building with bluish green canopies over the exterior window the building has the address numbers (4854) printed on the canopy that is over the main entrance door. The business is inside the building on the first floor in suite # 161. The name of the business (Asset Financial Recovery LLC.) is on the wall next to the glass door and the door is marked with the suite # 161.There is also a directory on the wall of the first floor near the entrance door that states Asset Financial Recovery LLC is located in suite # 161.

there is now located certain instruments, articles, person(s), or things, namely: (specify evidence, contraband, or person(s) to be

**COMPUTER EVIDENCE**
Affiant knows from training and experience that searches and seizures of evidence from computers require agents to seize most or all computer items (hardware, software, passwords and instructions) to be processed later by a qualified computer expert in a laboratory or other controlled environment.  Computer storage media to include floppy disks, hard drives, tapes, DVD disks, CD-ROM disks or other magnetic, optical or mechanical storage which can be accessed by computers to store or retrieve data or can store the equivalent of thousands of pages of information. Users may store information or images in random order with deceptive file names, which requires searching authorities to examine all the stored data to determine whether it is included in the warrant.  This sorting process renders it impractical to attempt this kind of data search on site.
Affiant knows from training and experience that searching computer systems for criminal evidence requires experience in the computer field and a properly controlled environment in order to protect the integrity of the evidence and recover even "hidden", erased, compressed, password-protected, or encrypted files.  Since computer evidence is extremely vulnerable to tampering or destruction (both from external sources, and or from destructive code embedded in the system as a "booby trap"), the controlled environment of a laboratory is essential to its complete and accurate analysis.
Affiant knows from training and experience that in order to fully retrieve data from a computer system, the analyst needs all magnetic storage devices as well as the computer.  In cases like this one where the evidence consists partly of graphics files, the input and output devices to include but not limited to keyboards, mice, scanners, printers, monitors, network communication devices, modems and external or connected devices used for accessing computer storage media and the storage media are also essential to show the nature and quality of the graphic images which the system could produce.  In addition, the analyst needs all the system software (operating systems or interfaces, and hardware drivers) and any applications software which may have been used to create the data (whether stored on hard drives or on external media) as well as documentation, items containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate items, software or information seized or to activate specific equipment or software.
Affiant knows through training and expearience that persons often communicate with others through correspondence or other documents (whether digital or written) which could tend to identify the origin of the images as well as provide evidence of a person's interest in Forgery and Theft By Taking.
Affiant knows from training and experience that files related to the Forgery and Theft by Taking computers are usually obtained from the Internet using application software which often leaves files, logs or file remnants which

would tend to show the exchange, transfer, distribution, possession or origin of the files.
Affiant knows from training and experience that computer software or hardware exists that allows persons to share Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same IP address. Examination of these items can reveal information about the authorized or unauthorized use of Internet connection at the business.

Affiant knows from training and experience that computers used to access the Internet usually contain files, logs or file remnants which would tend to show ownership and use of the computer as well as ownership and use of Internet service accounts used for the Internet access.

Affiant knows from training and experience that search warrants of business involved in computer related criminal activity usually produces items that would tend to establish ownership or use of computers and ownership or use of any Internet service accounts accessed to obtain Financial crimes to include credit card bills, telephone bills, correspondence and other identification documents.

Affiant knows from training and experience that search warrants of residences usually reveal items that would tend to show dominion and control of the property searched, to include utility bills, telephone bills, correspondence, rental agreements and other identification documents.

The above information has led Affiant to believe that probable cause exists to believe that the items listed in this affidavit are evidence of the Forgery and Theft by Taking Official Codes of Georgia Annotated 16-9-1, 16-8- at 4854 Old National Highway, College Park, Fulton County, GA. 30337.

Your affiant requests the authorization to seize, and later analyze for any electronic data, computer processing and/or storage devices, computers and computer systems which also includes central processing units, internal and peripheral storage devices such as fixed discs, internal/external hard drives, floppy diskettes, and any other diskettes, tape drives and tapes, optical storage devices, or other storage devices, peripheral input/output devices such as keyboards, printers, video display monitors, optical readers, scanners and related communications devices such as modems, network adapters, hubs, routers, switches; together with system documentation, operating logs and documentation, appropriate cables and connectors, and software instruction manuals, programs, data, or files containing all of the above records, whether stored on paper, on magnetic media such as hard disk drive, tape, cassette, cartridge, disk, diskette or on memory storage devices or media such as optical disks, programmable instruments such as telephones, answering machines, "electronic address books", portable data assistants, laptop computer systems, desktop computer systems, calculators, or any other storage media where data can be stored, together with indicia of use, ownership, possession, or control of such records. Other property of relevance to this incident includes video cameras (digital, analogue or any other format), still photo cameras (digital, analogue, or any other format), paper printouts from the printers (e-mails, chat logs, written passwords/login names), and Internet access documents. The actual analysis of any seized digital evidence will be conducted at a later time due to the protracted time a computer forensics investigation takes.

Your Affiant or his designee will take custody of the computer system, computer media, and/or the articles needed for analysis after all exhibits are properly logged. The exhibits will be physically examined, documented, the storage devices forensically imaged or copied (if necessary), and later examined for evidence of these crimes. The results of the examination will be presented by your affiant or designee and later forwarded to the Office of the District Attorney. The RETURN portion of this warrant will reflect the actual seizure of articles. The examination will exceed ten days or more based on the high volume of data to be processed and examined, but all results will be submitted as evidence at a later date

When records or evidence are stored on magnetic media such as tape, diskette, hard drive, etc., it is common to find that specific records authorized to be seized are inextricably mixed and without technically difficulty or extremely time-consuming procedures are inseparable from other records, programs, or files (similar to a bound-volume book containing financial records, addresses, a diary, and notes, for example). Current technology also allows the storage of sounds, images and video "movies" as digital files on a diskette or chip in a recording device, as well as on different formats of magnetic tape. The storage medium containing records or evidence relating to the crime under investigation will be seized for analysis, but only those items authorized to be seized by the warrant will be printed out, disclosed, stored on an evidence disk, or otherwise copied for evidence purposes. Any other items that can be separated out from such evidence will be returned upon completion of the forensic analysis.

Affiant respectfully requests through this judiciary order that Affiant, or at the Affiants direction, a third party be allowed to examine the computers and computer media seized for evidence of the criminal activity outlined herein.


To be searched for

Documents,records,checks,financila statements,fake identifications,documents and /or copies and facsimiles

thereof, images or visual depictions representing the possible Forgery and Theft By taking computers; computer input and output devices to include keyboards, mice, scanners, printers, monitors, network communication devices, modems and external or connected devices used for accessing computer storage media; computer storage media and the digital content to include floppy disks, hard drives, tapes, DVD disks, CD-Rom disks or other magnetic, optical or mechanical storage which can be accessed by computers to store or retrieve data , pictures, computer software and application software installation and operation media, computer software, hardware or digital contents related to the sharing of Internet access over wired or wireless networks allowing multiple persons to appear on the Internet from the same IP address; manuals and other documents (whether digital or written) which describe operation of items or software seized; items containing or displaying passwords, access codes, usernames or other identifiers necessary to examine or operate items, software or information seized, correspondence or other documents (whether digital or written) pertaining to the Fraudulently obtaining of funds from the City Of Atlanta, correspondence or other documents (whether digital or written) exhibiting an interest in thefts and or Forgery, items that would tend to establish ownership or use of computers and ownership or use of any Internet service accounts accessed to obtain to include credit card bills, telephone bills, correspondence and other identification documents, items that would tend to show dominion and control of the property searched, to include utility bills, telephone bills, correspondence, rental agreements and other identification documents.  Photographs and videotaped images may be obtained of the place to be searched for comparison with images and video recovered relating to the investigation of the Forgery and Theft by Taking

Which is (name the law being violated)

| | |
|---|---|
| 16-8-2 | **Theft By Taking - Felony** |
| 16-9-1 | **Forgery 3rd Degree (POST 07-01-2012)** |

The facts tending to establish probable cause that a crime has been, or is being committed and the above described instruments, articles, or things described above are presently located at the above described premises or property are as follows: (state in detail the facts that you believe create probable cause, including statement of ownership, possession, or control if known)

I am investigator D. M. Ricks. I am post certified in the State of Georgia. I was sworn as an officer with the City of Atlanta in 1992. I have been a City of Atlanta Police officer for 21 years. During this time I worked as a Patrol officer, a Narcotics investigator, Assaults investigator, Auto Theft investigator, and Robbery investigator. I am current assigned to the Major Fraud unit as an investigator.

The City of Atlanta's Major Fraud Unit was notified of a fraud against the city committed by the business of Asset Financial Recovery, Inc.

They advised us an asset recovery company contacted the financial department of the City Of Atlanta both by emails and telephone To advise they represented various businesses and individuals who had not received payments awarded To them by the City of Atlanta. The asset recovery company provided names of businesses and individuals who were owed money by the City of Atlanta.

The City of Atlanta's Financial Department conducted an audit To see if the checks had been cashed, by those businesses and individuals and learned the checks had not been cashed.

The City of Atlanta cancelled the original checks then re-issued checks To the victims through the recovery company (Asset Financial Recovery, Inc.)

The checks were mailed To Post office box # 1809 in Fayetteville, Georgia 30214.

On July 16, 2013 Ms Linda Guy from the City of Atlanta's financial department received information from attorney Ashley Miller advising she is a victim of identity fraud. Attorney Miller advised she represented the law firm of Weissman, Nowack, Curry and Wilco in a case against the City of Atlanta. Attorney Miller told financial officer Linda Guy her signature had been forged on the documents sent To the City Of Atlanta requesting a payment of $8,000.00 dollars To be sent To the listed P.O. Box. On June 03, 2013

The City Of Atlanta's financial department then checked the other request that had been by made by Asset Financial Recovery, Inc.

Currently the City Of Atlanta's financial department is not sure how Asset Financial Recovery, Inc. Obtained the names of the businesses and individuals who had not been paid by the City of Atlanta.

Ms Guy told us Asset Financial Recovery, Inc. Filed an open records request and this is possibly how they learned who had not received payments from the City of Atlanta.

I checked the business, Asset Financial Recovery Inc. To see if it is legitimate business in the state of Georgia. I learned the company was incorporated on 10-22-2012 as a profit corporation. The registered agents are Deidre Barber, Allen James Pendergrass and Nathan Pendergrass.

Investigator Bower told me he can see in the account statements deposits of more than $26,000.00 dollars on May 15, 2013 and $100,000.00 into the account of Assets Financial Recovery Inc… on June 20, 2013. He also identified the person making the deposits as Allen James Pendergrass.

Investigator Bower also advised me as soon as the money was deposited into the business account numerous checks were made payable To Deidra Barber and Terrell McQueen these check were in excess of ten thousand dollars. Then email request for payment were made by Mr. Terrell McQueen.

Investigator Bower sent me pictures of the suspect Mr. Allen James Pendergrass cashing the fraudulently Obtained checks. The checks were cashed in Fulton County at the Wells Fargo bank located at 5060 Old Bill Cook Road, College Park, Georgia 30349. I secured two arrest warrants for Forgery 3rd degree and two for Theft by Taking against Mr. Allen James Pendergrass. On August 28, 2013 Sgt. Cooper and went To the address of the business and noticed a grey Mercedes with the tag number of AVQ5903 Ga. I asked investigator V. Bracley To check it on ACIC. She advised me the car is registered To Allen James Pendergrass with the address of 441 Hwy 279 Fayetteville, Ga. 30214.

Sgt. Cooper and I walked inside the business and saw a glass case on the wall with the locations of each business in the building. Assets Financial Recovery Inc. Is located in suite 161.

We took pictures of the office door with the business's name plate next To it.

I then contacted Investigator Ron Bower from Wells Fargo Bank. I asked him to check the deposits and to let me know if there were pictures of the deposits being made in their bank. Mr Bower advised he did have two pictures of the suspect Mr. Allen Pendergrass depositing the two fraudulanly obtained cheks. He sent me the two images.

Base on the above information I am requesting a search warrant for the business of Asset Financial Recovery.

If you are requesting no-knock approval, list facts justifying a no-knock entry:

I swear or affirm that all of the information contained in this Affidavit and all other testimony given by me under oath is true to the best of my knowledge and belief.

AFFIANT: **DOUGLAS RICKS** Title:

Sworn to and subscribed to before

*[signature]*

Judge **M  Leftridge**  Title **Judge**
Judge of the FULTON County
**9/19/2013 8:11:42 AM**

Printed By:    0602                                                              PAGE2
Printed Date:  09/19/2013
                              ATLANTA POLICE DEPARTMENT
                                   Offense Report
                              INCIDENT NUMBER: 132261160-01

Phone:                      SSN:              DOB: 07/08/1980      Sex: M     Race: B
DL Number:                  State:            Hgt: 6'03  Wgt: 250  Hair: BLK  Eyes: BRO
Employer:                   Phone:
Emp Addr:
Bldg:      Apt #:
Arr Date:  09/16/2013
--------------CHARGES--------------
16-8-3 500 (THEFT BY DECEPTION, OVER $500)    Counts: 2


                                    NARRATIVE

On todays date the City of Atlanta's Major Fraud Unit along with Postal investigators, College Park Police and the Georgia State University Police executed an arrest and search warrant at 4854 Old National Hwy suite #161. (Assets Financial Recovery) During the execution of the warrant we detained Mr. Terrell McQueen, and Allen Pendergrass. I had an arrest warrant for Mr. Pendergrass for the crimes of Forgery 3rd degree and Theft by Deception.

I had been attempting to identify Mr. Terrell McQueen during this investigation; he is the person who made contact with the City Of Atlanta's financial department on numerous occasions requesting checks be mailed to the post office box belonging to the business he claimed to President of, Assets Financial Recovery. The two were detained and advised of their Miranda rights and both refused to make any statements without an attorney.


OFFENSE REPORT #132261160-01 REVIEWED BY RICKS, DOUGLAS M ON 9/19/2013 6:09:38 PM

OFFENSE REPORT #132261160-01 APPROVED BY