IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | NO. 1:17-CR-224-AT-CMS |
| | : | |
| ALLEN PENDERGRASS | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS THE INDICTMENT FOR SPEEDY TRIAL
VIOLATION (POST-INDICTMENT)

COMES NOW, the UNITED STATES OF AMERICA ("Government"), through its counsel Byung J. Pak, United States Attorney for the Northern District of Georgia, and Jeffrey A. Brown, Assistant United States Attorney, files this Response to Defendant's Motion to Dismiss The Indictment for Speedy Trial Violation (Post Indictment). (Doc. 89).

INTRODUCTION

Defendant's motion to dismiss the indictment for a Speedy Trial Act violation is without merit. Defendant's motion submits a calculation of the number of days that have run under the Speedy Trial Act without specifically deducting for the 14 days expressly excluded in the Magistrate Judge's February 22, 2018 Report and Recommendation. When the 14 days for filing objections are excluded, the Speedy

1

Trial Act was not violated and Defendant's motion should be denied.

TIMELINE

A. Post-Indictment Timeline

On June 27, 2017, a grand jury charged the Defendant and his co-defendant, Terrell McQueen with five counts of mail fraud in violation of Title 18, United State Code, Section 1341, one count of conspiring to commit money laundering in violation of Title 18, United States Code Section, 1956(h) and four counts of aggravated identity theft in violation of Title 18, United States Code, Section 1028A. (Doc. 1.) The following timeline of events are relevant to determining whether the Speedy Trial clock has expired:

- 7/21/17: Initial appearance and arraignment (Doc. 12)

- 8/8/17: Defendant moves for an extension of time to file pretrial motions and conduct pretrial conference (Doc. 20)

- 8/11/17: Magistrate judge grants motion for extension of time and excludes time between 8/9/17 and 8/25/17 under Speedy Trial Act (Doc. 23)

- 8/24/17: Defendant files motions for a Jackson-Denno Hearing, to suppress evidence, to dismiss the Indictment, for an extension of time to perfect motions, for leave to file motions out of time (Docs. 25-29)

- 8/25/17: Pretrial conference; Magistrate judge takes motion for Jackson Denno Hearing, Motion to Suppress Evidence, Motion to Dismiss under advisement and granted Defendant's Motion for Extension of Time and for Leave to File (Doc. 31)

2

- 9/29/17: Defendant filed a Motion for Extension of Time to perfect motion to dismiss (Doc. 33)

- 10/4/17: Magistrate Judge grants Defendant's Motion for Extension of Time excludes time between 9/29/17 and 10/4/17 under Speedy Trial Act (Doc. 35)

- 10/5/17: Defendant filed a Motion to Dismiss the Indictment (Doc. 36)

- 12/4/17: Magistrate judge issued a Non-Final Report and Recommendation denying Defendant's Motion for Jackson-Denno Hearing and Motions to Dismiss the Indictment and scheduled an evidentiary hearing for Defendant's motion to suppress for December 20, 2017; allows parties 14 days to file objections to R&R (Docs. 38, 39)

- 12/27/17: Report and Recommendation submitted to District Court

- 1/8/2018: Defendant filed a supplemental Motion to Suppress Evidence (Doc. 40)

- 1/22/18: Magistrate Judge held a status conference and took Defendant's Supplemental Motion to Suppress Evidence under advisement and ordered the government to respond by 2/5/18 (Doc. 42)

- 2/13/18: District Court issued an order adopting the Magistrate Judge's R&R (Doc. 46)

- 2/22/18: Magistrate Judge issued a Report and Recommendation (R&R) recommending that Defendant's Motions to Suppress be denied and certified the case ready for trial. (Doc. 47). The Order expressly provided that, "pursuant to Title 18, United States Code, Section 3161(h)(1)(D), the above-referenced fourteen (14) days allowed for objections is EXCLUDED from the computation of time under the Speedy Trial Act." (Doc. 47)

- 3/20/18: Magistrate Judge's R&R (Doc. 47) was submitted to the District Court

3

- 5/22/18: District Court issued an order adopting the R&R (Doc. 47) denying Defendant's Motion to Suppress Evidence, scheduled trial for 6/25/2018 and excluded time between 5/22/18 and 6/25/18 under Speedy Trial Act. (Doc. 52)

- 6/20/18: Defendant filed a motion to continue the trial (Doc. 54)

- 6/21/18: District Court granted Defendants Motion to Continue the trial and excluded time between 6/21/18 and the trial was excluded under Speedy Trial Act. (Doc. 55)

- 6/29/18: District Court continued the trial until 8/6/18 and excluded time between 6/25/18 and 8/6/18 under the Speedy Trial Act. (Doc. 56)

- 7/3/18: Government counsel filed a motion to continue because lead counsel had another trial scheduled to start on 8/6/18. (Doc. 57)

- 7/23/18: District Court granted the Government's Motion to Continue Trial, continued trial until 8/21/18 and excluded time between 8/6/18 and 8/21/18 under Speedy Trial Act. (Doc. 58)

- 7/27/18: Government counsel moved to continue the trial because lead counsel's 8/7/18 trial would not allow the government sufficient time to prepare for the trial in the instant case. (Doc. 61)

- 8/15/18: District Court granted the Government's Second Motion to Continue Trial, continued trial until 9/24/18 and excluded time between 8/21/18 and 9/24/18 under Speedy Trial Act. (Doc. 64)

- 9/12/18: Defendant filed a Motion to Continue Trial due to counsel's health concerns. (Doc. 68)

- 9/17/18: District Court granted the Defendant's Second Motion to Continue Trial, continued trial until 11/26/18 and excluded time between 9/24/18 and 11/26/18 under Speedy Trial Act. (Doc. 64)

4

- 11/19/18: Defendant filed a pro se Motion to Dismiss for Ineffective assistance of counsel. (Doc. 79)

- 11/20/18: District Court held hearing on Defendant's pro se motion to dismiss, granted motion to dismiss counsel and noted that the trial scheduled to begin on 11/26/18 was continued to a date to be determined. (Doc. 80)

- 12/7/18: Government's Motion in Limine (Doc. 71) and Amended Motion for 404(b) Information was submitted to the District Court without mentioning whether time is excluded from Speedy Trial Act

- 12/10/18: District Court appoints new counsel for Defendant. (Doc. 81)

- 1/4/19: District Court sets trial for May 20, 2019 and excludes time from 12/10/18 to 5/20/19. (Doc. 84)

Under the timeline above, and applying this Circuit's law governing the running of the Speedy Trial calendar, the Government believes that the Speedy Trial Act has not been violated, and that the Indictment should not be dismissed.

## FACTUAL AND LEGAL ANALYSIS

The Speedy Trial Act provides that the trial of a criminal defendant who pleads not guilty must begin within 70 days of the later of the filing of the indictment or the date on which the defendant first appears before a judicial officer of the court where the charges are pending. 18 U.S.C. § 3161(c)(1). Where a defendant's trial does not begin within 70 days, the court must dismiss the Indictment upon motion by the defendant. 18 U.S.C. § 3162 (a)(2). The Act, however, excludes specific

5

periods of time from the calculation of the 70-day time period. 18 U.S.C. § 3161(h).

Relevant in this case, the Act, in § 3161(h)(1), excludes the following time periods from calculation:

> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; [and]

….

> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

A motion is considered "under advisement" once the court has received the last piece of information necessary to decide the motion; the court then has no more than thirty days to act before the speedy trial clock resumes. *United States v. Jones*, 601 F.3d 1247, 1255 (11th Cir. 2010). Both the date on which an event occurs and the date on which a court disposes of a motion are excluded from the calculus. *Id.* (*citing United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984)); *see also United States v. Garcia*, 778 F.2d 1558, 1560 (11th Cir. 1986) (the day on which a motion is filed is excludable).

The Speedy Trial Act's pretrial motion exclusion of time stops the speedy trial clock from running automatically upon the filing of a pretrial motion, irrespective of whether the motion has any impact on when the trial begins or whether a judge

6

makes a specific exclusion of that time. *United States v. Tinklenberg*, 131 S.Ct. 2007, 2011 (2011); *United States v. Jernigan*, 341 F.3d 1273, 1286 -1287 (11th Cir. 2003); and *United States v. Davenport*, 935 F.2d 1223, 1228 - 1230 (11th Cir. 1991).

Considering these exclusions, the Defendant's rights have not been violated under the Speedy Trial Act, and the Indictment is not subject to dismissal as adequate time remains for the Defendant to be brought to trial.

1. **The Speedy Trial Act has not been violated and Defendant's case will be tried within 70 days of his initial appearance.**

The Government calculates that there are **58 days** that have not been excluded from the Speedy Trial Calculations in this case and calculates days that were not excluded as follows:

   a. July 21, 2017 (Arraignment) through August 8, 2017 (Defendant's Request to continue motions deadline/pretrial conference) **(17 days)**.
   b. March 9, 2018 (14 days after R&R was issued) through March 20, 2018 (R&R submitted to the District Court) **(10 days)**.
   c. March 20, 2018 (R&R submitted to District Court) through May 22, 2018 (R&R adopted by the District Court) **(31 days (61 days – 30 days of which are excludable))**.

If the Court were adopt the Defendant's calculation of 76 non-excluded days and properly subtract the 14 days omitted from the Defendant' calculations, there are **62 days** that were not excluded. Therefore, because 70 days have not expired and the Speedy Trial Act is currently tolled pending the May 20, 2019 trial date, the

Court should deny Defendant's motion to dismiss.

## 2. Should the Court Disagree with the Government's Calculations and Find that the Speedy Trial Act was violated, the proper remedy is to dismiss the Indictment without prejudice.

As noted above, the Government argues that Defendant's calculations are incorrect and the Speedy Trial Act has not been violated. However, even if the United States has miscalculated the number of days under the Speedy Trial Act, this Court has discretion to dismiss the Indictment with prejudice or without prejudice. *Shiver v. United States*, 619 F. App'x 864 (11th Cir. 2015) (*citing United States v. Brown*, 183 F.3d 1306, 1309–10 (11th Cir. 1999)). "In choosing between the two, the court should consider (1) the seriousness of the offense, (2) the facts and circumstances that led to dismissal, and (3) the impact of re-prosecution on the administration of the Speedy Trial Act and the administration of justice. *Shiver*, 619 F. App'x at 864 (citing 18 U.S.C. § 3162(a)(2)). "Where the crime charged is serious, the court should dismiss with prejudice 'only for a correspondingly severe delay.'" *Shiver*, 619 F. App'x at 864 (*quoting United States v. Williams*, 314 F.3d 552, 557 (11th Cir. 2002)). Here the charges are very serious: the evidence will show that Defendant has engaged in a multi-state fraud scheme over many years involving stealing identities and hundreds of thousands of dollars in state and local government

funds.

The facts and circumstances leading up to dismissal show that the Government was not negligent in prosecuting this case and should not be penalized where it did nothing to contribute to the delay and the delay was caused only by noncompliance with a procedural requirement. *See Jones*, 601 F.3d at 1257. Through no fault of the parties, the Speedy Trial clock ran, and the only fair result that vindicates the public's interest in prosecuting a serial fraudster is dismissal without prejudice. Moreover, Defendant's unsupported claims of the government's attempt to gain tactical advantage strain credulity and the government has not gained a tactical advantage.

Finally, the impact of reprosecution on the administration of both justice and the Speedy Trial Act warrant dismissal without prejudice. The "…third factor permits each side to submit any relevant consideration not covered by the other two statutory factors." *United States v. Godoy*, 821 F.2d 1498, 1506 (11th Cir. 1987). Where the defendant fails to show any "unique circumstance which would mandate weighing this third factor in [his] favor," the district court has broad discretion in deciding whether to dismiss with or without prejudice. *See id.* at 1506-07.

Here, the Defendant has shown no prejudice from any Speedy Trial Act

violation and improperly argues that delay should be measured from the date of his arrest on state charges instead of the date of his initial appearance.1 Instead, he improperly cites a four-year delay, turnover Atlanta City government staff, hacking and anxiety that should weigh in favor of a dismissal with prejudice. (Doc. 89-10). He cites no specific instances of lost evidence or key witness testimony that was loss due to the passage of time. And as to the "anxiety and mental strain" he has suffered since Indictment, he could have mitigated any prolonged emotional distress by enforcing his Speedy Trial rights in the case, which he did not. As noted above, the delay in Defendant's trial have been due in large part to his motions practice. Finally, Defendant's prosecution for separate federal crimes in Ohio actually weighs in favor of reprosecution as Defendant engaged in at least two separate fraud schemes in two different states. Therefore, because reprosecution will compromise neither justice nor the administration of the Act this Court should find this factor weighs in favor of a dismissal without prejudice.

---

1 It is well settled, the proper date to measure pretrial delay for purposes of the Speedy Trial Act is from his initial appearance or indictment, whichever is later. *See* 18 U.S.C. § 3161(c)(1) and (h)(1); *see also United States v. Elkins*, 795 F.2d 919, 922 (11th Cir. 1986).

## CONCLUSION

Based on the foregoing legal authority and argument, the government requests that this Court deny Defendant's Motion to Dismiss Indictment for Speedy Trial Violation (Post Indictment).

This 15th day of February, 2019.

>Respectfully submitted,
>
>BYUNG J. PAK
>UNITED STATES ATTORNEY
>
>*/s/Jeffrey A. Brown*
>JEFFREY A. BROWN
>ASSISTANT UNITED STATES ATTORNEY
>600 U.S. Courthouse
>75 Spring St., S.W.
>Atlanta, GA 30303
>404/581-6064
>404/581-6181 (fax)
>Georgia Bar No. 088131

<u>CERTIFICATE OF SERVICE</u>

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

    Saraliene Durrett

This 15th day of February, 2019.

    /S/ Jeffrey A. Brown
    JEFFREY A. BROWN
    ASSISTANT UNITED STATES ATTORNEY