UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>v.<br><br>ALLEN J.  PENDERGRASS,<br>　　　　Defendant.<br>_____ | )<br>)<br>)<br>) Case No. 1:17-cr-00224-AT-CMS<br>)<br>)<br>)<br>) |

## DEFENDANT'S REPLY TO DISMISS INDICTMENT FOR SPEEDY TRIAL VIOLATION (POST INDICTMENT)

Comes now Defendant Allen Pendergrass, by and through undersigned counsel, and files this reply in support of his motion to dismiss for violation of Defendant's statutory right to speedy trial.  Mr. Pendergrass brings this motion pursuant to 18 U.S.C. 3162, et seq.

Mr. Pendergrass asks that the Court dismiss the indictment in this case with prejudice.

After reviewing the government response, defendant concedes that the magistrate court did issue an order excluding the time period from February 22, 2018 through March 8, 2018.  *See* doc. 48.  However, for the reasons outlined below, Mr. Pendergrass asserts that the time connected to the government's "Notice of Intention to Introduce and Motion in Limine to Permit the Admission of

1

Evidence of Defendant's Acts Not Alleged in the Indictment" should not be excluded. (Docs. 71, 73).

## RELEVANT TIMELINE

The following is a summary of relevant dates:

1. July 21, 2017 (Arraignment) through August 8, 2017 (Request to continue motions deadline/pretrial conference) (**18 days elapse**)

2. February 22, 2018 (R&R issued) (14 days excluded then **11 days elapse** before it is submitted to the district court)

3. March 20, 2018 – (R&R submitted to district court)

4. May 22, 2018 (R&R adopted by district court) (62 days– 30 days of which are excluded) **(32 days elapse)**

5. Several continuances are granted and the time between May 22, 2018 and November 26, 2018 is excluded. (Doc. 64, 69)

6. October 12, 2018 – Government files notice of intent to use 404(b) evidence regarding 404(b) evidence. Doc. 71.

7. November 2, 2018 – Government amends its notice of intent to use 404(b) evidence. Doc. 73.

8. November 19, 2018 – Defense counsel responds to government notice of intent to use 404(b) evidence.

9. November 19, 2018 – Defendant files a pro se motion to dismiss counsel.

10. November 20, 2018 – The court grants defendant's request to dismiss counsel.

11. **November 26, 2018 through December 9, 2018 is not excluded.** **(12 days elapse)**

12.     December 7, 2018 – Government notice of intent to use 404(b) evidence is submitted to the district court with no action taken by the magistrate court. No time is excluded by order.

13.     December 10, 2018 – The Court appoints new counsel for Mr. Pendergrass.

14.     January 4, 2019 – Trial is set for May 20, 2019 (time from December 10, 2018 through May 20, 2019 is excluded)

    The total time that has elapsed is as follows:

        18 days
        11 days
        32 days
        <u>12 days</u>
        73 days

## ARGUMENT

### I.   MR. PENDERGRASS' STATUTORY RIGHT TO A SPEEDY TRIAL HAS BEEN VIOLATED.

Mr. Pendergrass maintains his argument that his statutory Speedy Trial right has been violated and the indictment in this case should be dismissed with prejudice. He concedes that the government is correct that the magistrate court explicitly excluded 14 days in which to file objections in its February 22, 2018 order. *See* docs 47 and 48. However, a review of the government timeline reveals that there is an additional Speedy Trial issue connected to the government's notice of intent to use 404(b) evidence and motion in limine filed by the government on October 12, 2018 and amended on November 2, 2018.

Mr. Pendergrass asserts that the government's notice was not a pretrial motion that would cause delay of the trial (as required to toll the clock)[1]. Instead, it was a notice of intent to use evidence at trial, under Rule 12(b)(4) of the Federal Rules of Criminal Procedure. Rule 12b(4) states in relevant part:

> At the arraignment or as soon afterward as practicable, the government may notify the defendant of its intent to use specified evidence at trial in order to afford the defendant an opportunity to object before trial under Rule 12(b)(3)(C).

---

[1]   18 U.S.C. 3161(h)(1)(d) excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion."

Likewise, Federal Rule of Evidence 404(b) requires the government to provide notice of intent to use such evidence. It states:

> **(1)** *Prohibited Uses.* Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> **(2)** *Permitted Uses; Notice in a Criminal Case.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
>
>   a. provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>
>   b. do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

The notice did nothing to delay the proceedings and no time was explicitly excluded in connection with this notice. Despite the fact that the government titled the document "notice of intent and motion in limine," there is nothing about the notice that would delay the trial. The matter was not considered by the magistrate court and there was no hearing regarding the notice. The issue could be resolved during a pretrial conference or at the time of trial. Other courts have held that similar notices do not toll the Speedy Trial Clock. *See United States v. Harris,* 377 U.S. App. D.C. 49, 491 F.3d 440, 443-44 (D.C. Cir. 2007) (holding that a "Notice of Intent To Impeach Defendant with His Prior Convictions Pursuant to Fed.R.Evid. 609," was not a pretrial motion for purposes of the Speedy Trial

Act, but was instead the type of notice described in Federal Rule of Criminal Procedure 12(b)(4); S*ee also United States v. Bryant,* 381 U.S. App. D.C. 1, 523 F.3d 349, 358 (D.C. Cir. 2008) (same); *United States v. Van Smith*, 530 F.3d 967 (D.C. Cir. 2008) ("We hold that the government's Rule 609 filing was not a pretrial motion and had no effect on the speedy trial clock."). Joining the First Circuit, the *Bryant* court concluded that "to treat such [evidentiary] filings, which are 'commonly carried over until trial,' as pretrial motions that toll the speedy trial clock would allow the government to circumvent the Speedy Trial Act by submitting its filings 'at an early stage and then failing to press for prompt disposition.'" *Id*. (quoting *United States v. Rush*, 738 F.2d 497, 505-06 (1st Cir. 1984)).

Although declining on forfeiture grounds to reach the question whether a Rule 404(b) filing is treated the same way as a Rule 609 filing for Speedy Trial Act purposes, the Van Smith majority also acknowledged that it "may well be" the case that a Rule 404(b) filing, like a Rule 609 filing, does not toll the Speedy Trial Act clock. *Van Smith*, 530 F.3d at 974. As explained by the DC Circuit in United *States v. Marshall* in 2011:

> If the logic of the [Van Smith] majority's analysis was not clear enough to indicate that it also applied to a Rule 404(b) filing, the dissenting opinion provided the roadmap: upon concluding the forfeiture rule was inapplicable in the circumstances, the dissent in Van Smith reasoned that the Rule 404(b) question "is controlled by the court's analysis of the Rule 609 filing." 530 F.3d at 976 (Rogers,

6

J., dissenting). Pointing to en banc authority, the dissent noted that it is "long settled in this circuit" that Rule 404(b) evidence is admitted at trial pursuant to the same notice-and-objection procedure as Rule 609 filings, id. at 979 (quoting United States v. Crowder, 141 F.3d 1202, 329 U.S. App. D.C. 418 (D.C. Cir. 1998) (en banc)), and further that "the rights that Congress secured in the Speedy Trial Act do not hinge on labels applied by the parties to their filings," id. at 980 (citing Van Smith, 530 F.3d at 970-71 (maj. op.); United States v. Santoyo, 890 F.2d 726, 727 (5th Cir. 1989); *United States v. Noah*, 130 F.3d 490, 495 (1st Cir. 1997)). The dissent thus reasoned that the Rule 404(b) analysis was indistinguishable from the Rule 609 analysis undertaken by the Van Smith majority and earlier by the court in Harris, and the Van Smith majority did not dispute this reasoning.

669 F.3d at 291. Ultimately, the *Marshall* court noted:

> Through new appointed appellate counsel, Marshall maintains, among other arguments, that his pretrial counsel were unconstitutionally ineffective in failing to challenge the Rule 404(b) time exclusion for Speedy Trial Act purposes. We agree.

*Id*. at 293.

In *United States v. Jernigan*, 341 F.3d 1273 (11th Cir. 2003), the Eleventh Circuit Court of Appeals held only a *defendant's* motion to *exclude* Rule 404(b) evidence tolled the Speedy Trial Act clock, but declined to decide "[w]hether or not the government's [preceding Rule 404(b)] filing was a motion that required a hearing and tolled the speedy trial clock." 341 F.3d at 1286. Here, Mr. Pendergrass was required to file a response to the government's notice, which he did. He asserts that he did nothing to stop the Speedy Trial clock and the government's notice should not have tolled the running of the clock.

For that reason, Mr. Pendergrass asserts that this time related to the government's notice should not be excluded from the Speedy Trial calculations. As a result, the time that has elapsed is more than 70 days and the indictment should be dismissed with prejudice.

Respectfully submitted this day 28th of February 2019.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
Counsel for Mr. Pendergrass

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date electronically filed the foregoing reply to continue with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

All Defense Counsel

All AUSAs of record

Respectfully submitted this day 28th of February 2019.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
Counsel for Mr. Pendergrass