UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>ALLEN J.  PENDERGRASS,<br>    Defendant.<br>_____ | )<br>)<br>)<br>) Case No. 1:17-cr-00224-AT-CMS<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY IN SUPPORT TO DISMISS INDICTMENT PURSUANT TO
THE FIFTH AND SIXTH AMENDMENT (PRE-INDICTMENT)**

Comes now Defendant Allen Pendergrass, by and through undersigned counsel, and files this reply in support of his motion to dismiss pursuant to the speedy trial clause of the Sixth Amendment and his due process rights as outlined in the Fifth Amendment.

**I.    MR. PENDERGRASS' SIXTH AMENDMENT RIGHT TO A SPEEDY TRIAL HAS BEEN VIOLATED.**

The government suggests that the 2013 investigation and arrest of Mr. Pendergrass were entirely driven by the Atlanta Police Department.  Documents produced in discovery, however, show that federal law enforcement officers from the United States Postal Inspection Service were involved with this case from its inception in 2013.  According to the USPIS website:

1

> U.S. Postal Inspectors are federal law enforcement officers who carry firearms, make arrests, execute federal search warrants, and serve subpoenas. Inspectors work with U.S. Attorneys, other law enforcement, and local prosecutors to investigate cases and prepare them for court. Inspectors throughout the country enforce roughly 200 federal laws related to crimes that adversely affect or entail fraudulent use of the U.S. Mail, the postal system, postal employees, and customers.

https://postalinspectors.uspis.gov/aboutus/mission.aspx

Federal officers from this agency were present at Mr. Pendergrass' arrest and they assisted in the execution of the search warrant at his office. Evidence that was seized during this search was turned over to these federal officers shortly after it was seized. *See* COA 61-66, 77, 335. The APD report regarding the arrest alleges that the scheme being investigated in 2013 appeared to include additional victims in multiple states to include Georgia, Colorado, California, Ohio, Virginia, West Virginia, Texas, Mississippi, and New York, as well as dozens of federal, state, county and municipal government agencies from coast to coast. While detailing the arrest and investigation of Mr. Pendergrass in 2013, APD officer Douglas Ricks explains that "***The USPIS is going to be seeking federal prosecution*** and will assist with the computer forensics on the seized computers and sorting the thousands of documents recovered. Pendergrass and his CFO Terrell McQueen were both arrested for multiple felony counts."  COA-000066 (attached) (emphasis added).  The discovery documents also show that the day after Mr. Pendergrass' arrest, his

computer and other property were turned over to the federal officers from the United States Postal Inspection Service – the same ones who were "going to be seeking federal prosecution" as outlined above. *See* attached chain of custody.  Presumably these items have stayed in the custody and control of federal authorities since 2013 because Mr. Pendergrass has not been allowed to recover the numerous computers and other property that were seized and he was never charged in Fulton County with any related case.  This is true despite the Fulton County pretrial office repeatedly reaching out to the DA's office to notify it that Mr. Pendergrass would be released from pretrial release if not indicted.

    Mr. Pendergrass asserts that the evidence produced thus far supports his claim that federal authorities were working directly with state authorities to investigate and arrest Mr. Pendergrass in 2013.  His arrest and the initiation of the Fulton County case was a ruse to hold him for later federal prosecution.   As noted in the APD report, the goal was federal prosecution. Keeping the Fulton County case open and pending since 2013 (without indictment) permitted the prosecution of Mr. Pendergrass in other districts, where the allegations were older and may have triggered statute of limitations concerns had they been delayed, but still ensured that a hold remained on him in Georgia.  Thus ensuring he could not be released from prison without returning – in custody – to Atlanta.

As previously noted, the delay between his arrest by the City of Atlanta and USPIS and the present indictment was almost 4 years (September 2013 through June 2017). This delay is sufficient to warrant an evidentiary hearing on the matter. *See Avalos,* 541 F.2d 1100 (a fifteen-month delay is sufficient seriously to consider the reasons for delay and other elements of the appellants' speedy trial claim); *Gravitt v. United States,* 523 F.2d at 1214 (sixteen-month delay required evidentiary hearing on speedy trial claim); *Arrant v. Wainwright*, 468 F.2d 677 (5th Cir. 1972) (almost two-year delay was "clearly sufficient" to require serious consideration of speedy trial claim).

The government argues that Mr. Pendergrass cannot show he was prejudiced by the delay. As previously noted, however, in *Doggett v. United States*, 505 U.S. 647 (1992), the Supreme Court held that an "extraordinary" eight-and-one-half-year delay between the defendant's indictment and arrest, which resulted from the government's "egregious persistence in failing to prosecute [him]," violated his right to a speedy trial even in the absence of "affirmative proof of particularized prejudice." *Doggett*, 505 U.S. at 652, 655, 657. For this reason, Mr. Pendergrass asserts that he should prevail even in the absence of proof of particularized prejudice. Still, he offers the following to support his claim of prejudice:

1. Since his arrest in September 2013, he has suffered severe anxiety and concern regarding pretrial arrest and post-trial potential imprisonment.

2. After his arrest by APD and USPIS, he sat in custody for 2 months in Fulton County before he was permitted to post bond in a case directly related to the investigation at issue here. He was then subject to pretrial detention for six months in Fulton County, during which time he was not allowed to leave his home and had to be monitored with an ankle bracelet.

3. As a result of the pending Fulton County case, he was unable to receive the benefits of early release after serving his sentence in another district, even though he successfully completed the RDAP program.

4. He has been unable to access his computers and other office equipment since the seizure in 2013 and he asserts that information on these computers will assist him in the defense of this case.

5. As a sixty-two-year-old man, the defendant currently suffers from memory loss and now takes medicine to enhance his memory. He believes his inability to recall specific events related to this case will prejudice his defense.

6. The loss of records and staff turnover in places like the City of Atlanta may make it difficult to fully investigate his defense.

## II. MR. PENDERGRASS' FIFTH AMENDMENT DUE PROCESS RIGHTS HAVE BEEN VIOLATED.

Even if a charge is brought within the period provided by the statute of limitations, a defendant may be able to show that pre-accusation delay has violated his Fifth Amendment due process rights. To obtain a dismissal of the charges by

reason of pre-indictment delay, a defendant has the burden of establishing that the government engaged in intentional delay to gain a tactical advantage, and that he suffered actual prejudice. *United States v. Lovasco*, 431 U.S. 783 (1977); *United States v. Marion*, 404 U.S. 307, 324 (1971).

Mr. Pendergrass asserts that a hearing on the issue of communication between state and federal authorities is required to determine why the decision was made to wait more than 4 years to indictment Mr. Pendergrass. The government has had in its possession all relevant evidence since Mr. Pendergrass was arrested in September 2013. As noted by the government, Mr. Pendergrass was arrested and investigated by the Atlanta Police Department, the United States Postal Inspector's Office, and the internal revenue service. All three are agencies that regularly assist with prosecutions in this district.

Mr. Pendergrass asserts that the tactical advantage gained by the government is the ability to prosecute Mr. Pendergrass in more than one district and to ensure his maximum punishment in each district. The result being that Mr. Pendergrass' memory is now failing him and he has lost the last 6 years of time and access to his computers – both of which he needed to properly defend this case.

Mr. Pendergrass has evidence that federal law enforcement officers and APD officers were working together in 2013. The stated goal of the federal officers was federal prosecution. Yet, somehow, the decision was made to first prosecute Mr.

Pendergrass in several places outside this district – away from the place where he lived, was arrested, and where his business was operated.  Only when he was nearly done with a 30-month sentence from another district was he brought here to answer for these same allegations raised in 2013.  Mr. Pendergrass asserts that this was not the result of negligence or poor planning; instead the decision was part of a calculated effort to ensure that law enforcement could prosecute him on older charges first while continuing to hold him for prosecution here at a later date.  The still pending Fulton County case (without indictment) permitted the government to maintain possession of all the property seized from Mr. Pendergrass and it ensured he stayed under some court or law enforcement supervision since 2013.

For all of these reasons, Mr. Pendergrass believes he has shown violations of his Fifth and Sixth Amendment rights and he asserts that the indictment in this case should be dismissed with prejudice.

Respectfully submitted this 28th day of February 2019.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
Counsel for Mr. Pendergrass

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date electronically filed the foregoing reply with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

All Defense Counsel

All AUSAs of record

Respectfully submitted this 28th day of February 2019.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
Counsel for Mr. Pendergrass