IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | NO. 1:17-CR-224-AT-CMS |
| | : | |
| ALLEN PENDERGRASS | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
REPLY TO DISMISS THE INDICTMENT FOR SPEEDY TRIAL VIOLATION
(POST-INDICTMENT)

COMES NOW, the UNITED STATES OF AMERICA ("Government"), through its counsel Byung J. Pak, United States Attorney for the Northern District of Georgia, and Jeffrey A. Brown, Assistant United States Attorney, files this Response to Defendant's Motion to Dismiss The Indictment for speedy trial Violation (Post Indictment). (Doc. 100).

INTRODUCTION

Defendant's reply motion concedes that he miscalculated the time that should be excluded under the speedy trial act in his initial motion to dismiss. Inexplicably, Defendant's counsel still argues there was a speedy trial act violation even when authority she cites clearly holds the opposite. First, the time between the hearing on Defendant's motion to dismiss for ineffective assistance of counsel and when this

1

Court appointed a new counsel should also be excluded from the speedy trial clock pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H). Secondly, there was no speedy trial act violation because the time after Defendant's November 19, 2018 response to the government's 404(b) filing should be excluded pursuant to 18 U.S.C. § 3161(h)(1)(D) and (H). *See United States v. Jernigan*, 341 F3d 1273, 1286 (11th Cir. 2003)(noting that defendant's motion in limine to exclude the government's 404(b) evidence tolled the speedy trial clock under § 3161(h)(1)(F)). When these exclusions are properly applied, the speedy trial act was not violated and Defendant's motion should be denied.

## TIMELINE

A. <u>Post-Indictment Timeline</u>

On June 27, 2017, a grand jury charged the Defendant and his co-defendant, Terrell McQueen with five counts of mail fraud in violation of Title 18, United State Code, Section 1341, one count of conspiring to commit money laundering in violation of Title 18, United States Code Section, 1956(h) and four counts of aggravated identity theft in violation of Title 18, United States Code, Section 1028A. (Doc. 1.) The following timeline of events are relevant to determining whether the speedy trial clock has expired:

- 7/21/17: Initial appearance and arraignment (Doc. 12)

- 8/2/18: Co-defendant's counsel filed a motion for extension of time to file pretrial motions (Doc. 19)

- 8/8/17: Defendant moves for an extension of time to file pretrial motions and conduct pretrial conference (Doc. 20)

- 8/11/17: Magistrate judge grants motion for extension of time and excludes time between 8/9/17 and 8/25/17 under speedy trial act (Doc. 23)

- 8/24/17: Defendant files motions for a Jackson-Denno Hearing, to suppress evidence, to dismiss the Indictment, for an extension of time to perfect motions, for leave to file motions out of time (Docs. 25-29)

- 8/25/17: Pretrial conference; Magistrate judge takes motion for Jackson Denno Hearing, Motion to Suppress Evidence, Motion to Dismiss under advisement and granted Defendant's Motion for Extension of Time and for Leave to File (Doc. 31)
- 9/29/17: Defendant filed a Motion for Extension of Time to perfect motion to dismiss (Doc. 33)

- 10/4/17: Magistrate Judge grants Defendant's Motion for Extension of Time excludes time between 9/29/17 and 10/4/17 under speedy trial act (Doc. 35)

- 10/5/17: Defendant filed a Motion to Dismiss the Indictment (Doc. 36)

- 12/4/17: Magistrate judge issued a Non-Final Report and Recommendation denying Defendant's Motion for Jackson-Denno Hearing and Motions to Dismiss the Indictment and scheduled an evidentiary hearing for Defendant's motion to suppress for December 20, 2017; allows parties 14 days to file objections to R&R (Docs. 38, 39)

- 12/27/17: Report and Recommendation submitted to District Court

- 1/8/2018: Defendant filed a supplemental Motion to Suppress Evidence

3

(Doc. 40)

- 1/22/18: Magistrate Judge held a status conference and took Defendant's Supplemental Motion to Suppress Evidence under advisement and ordered the government to respond by 2/5/18 (Doc. 42)

- 2/13/18: District Court issued an order adopting the Magistrate Judge's R&R (Doc. 46)

- 2/22/18: Magistrate Judge issued a Report and Recommendation (R&R) recommending that Defendant's Motions to Suppress be denied and certified the case ready for trial. (Doc. 47). The Order expressly provided that, "pursuant to Title 18, United States Code, Section 3161(h)(1)(D), the above-referenced fourteen (14) days allowed for objections is EXCLUDED from the computation of time under the speedy trial act." (Doc. 47)

-  3/20/18: Magistrate Judge's R&R (Doc. 47) was submitted to the District Court
- 5/22/18: District Court issued an order adopting the R&R (Doc. 47) denying Defendant's Motion to Suppress Evidence, scheduled trial for 6/25/2018 and excluded time between 5/22/18 and 6/25/18 under speedy trial act. (Doc. 52)

- 6/20/18: Defendant filed a motion to continue the trial (Doc. 54)

- 6/21/18: District Court granted Defendants Motion to Continue the trial and excluded time between 6/21/18 and the trial was excluded under speedy trial act. (Doc. 55)

- 6/29/18: District Court continued the trial until 8/6/18 and excluded time between 6/25/18 and 8/6/18 under the speedy trial act. (Doc. 56)

- 7/3/18: Government counsel filed a motion to continue because lead counsel had another trial scheduled to start on 8/6/18. (Doc. 57)

- 7/23/18: District Court granted the Government's Motion to Continue Trial, continued trial until 8/21/18 and excluded time between 8/6/18 and 8/21/18

4

under speedy trial act. (Doc. 58)

- 7/27/18: Government counsel moved to continue the trial because lead counsel's 8/7/18 trial would not allow the government sufficient time to prepare for the trial in the instant case. (Doc. 61)

- 8/15/18: District Court granted the Government's Second Motion to Continue Trial, continued trial until 9/24/18 and excluded time between 8/21/18 and 9/24/18 under speedy trial act. (Doc. 64)

- 9/12/18: Defendant filed a Motion to Continue Trial due to counsel's health concerns. (Doc. 68)

- 9/17/18: District Court granted the Defendant's Second Motion to Continue Trial, continued trial until 11/26/18 and excluded time between 9/24/18 and 11/26/18 under speedy trial act. (Doc. 64)

- 11/19/18: Defendant's counsel filed a response to the Government's motion in limine and notice of intention to use 404(b) evidence arguing that evidnce was inadmissible under 404(b) and was not inextricably intertwined. (Doc. 78)

- 11/19/18: Defendant filed a pro se Motion to Dismiss for Ineffective assistance of counsel. (Doc. 79)

- 11/20/18: District Court held hearing on Defendant's pro se motion to dismiss, granted motion to dismiss counsel and noted that the trial scheduled to begin on 11/26/18 was continued to a date to be determined. (Doc. 80)

- 12/7/18: Government's Motion in Limine (Doc. 71) and Amended Motion for 404(b) Information was submitted to the District Court without mentioning whether time is excluded from speedy trial act

- 12/10/18: District Court appoints new counsel for Defendant. (Doc. 81)

- 1/4/19: District Court sets trial for May 20, 2019 and excludes time from

5

12/10/18 to 5/20/19. (Doc. 84)

Under the timeline above, and applying this Circuit's law governing the running of the speedy trial calendar, the Government believes that the speedy trial act has not been violated, and that the Indictment should not be dismissed.

## FACTUAL AND LEGAL ANALYSIS

The speedy trial act provides that the trial of a criminal defendant who pleads not guilty must begin within 70 days of the later of the filing of the indictment or the date on which the defendant first appears before a judicial officer of the court where the charges are pending. 18 U.S.C. § 3161(c)(1). Where a defendant's trial does not begin within 70 days, the court must dismiss the Indictment upon motion by the defendant. 18 U.S.C. § 3162 (a)(2). The Act, however, excludes specific periods of time from the calculation of the 70-day time period. 18 U.S.C. § 3161(h).

Relevant in this case, the Act, in § 3161(h)(1), excludes the following time periods from calculation:

> (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion; [and]

….

> (H) delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court.

A motion is considered "under advisement" once the court has received the last piece of information necessary to decide the motion; the court then has no more than thirty days to act before the speedy trial clock resumes. *United States v. Jones*, 601 F.3d 1247, 1255 (11th Cir. 2010). Both the date on which an event occurs and the date on which a court disposes of a motion are excluded from the calculus. *Id.* (*citing United States v. Yunis*, 723 F.2d 795, 797 (11th Cir. 1984)); *see also United States v. Garcia*, 778 F.2d 1558, 1560 (11th Cir. 1986) (the day on which a motion is filed is excludable).

The speedy trial act's pretrial motion exclusion of time stops the speedy trial clock from running automatically upon the filing of a pretrial motion, irrespective of whether the motion has any impact on when the trial begins or whether a judge makes a specific exclusion of that time. *United States v. Tinklenberg*, 131 S.Ct. 2007, 2011 (2011); *United States v. Jernigan*, 341 F.3d at 1286 -1287; and *United States v. Davenport*, 935 F.2d 1223, 1228 - 1230 (11th Cir. 1991).

Considering these exclusions, the Defendant's rights have not been violated under the speedy trial act, and the Indictment is not subject to dismissal as adequate time remains for the Defendant to be brought to trial.

1. **The speedy trial act has not been violated and Defendant's case will be tried within 70 days of his initial appearance.**

The Government calculates that there are **54 days** that have not been excluded from the speedy trial Calculations in this case and calculates days that were not excluded as follows:

a. July 21, 2017 (Arraignment) through August 2, 2017 (Co-Defendant's unopposed motion for extension of time to file pretrial) **(11 days)**.
b. March 9, 2018 (14 days after R&R was issued) through March 20, 2018 (R&R submitted to the District Court) **(11 days)**.
c. March 20, 2018 (R&R submitted to District Court) through May 22, 2018 (R&R adopted by the District Court) **(62 days – 30 days of which are excludable)(32 days)**.

Therefore, because 70 days have not elapsed and the speedy trial act is currently tolled pending the May 20, 2019 trial date, the Court should deny Defendant's motion to dismiss.

2. **This Court should find that Defendant's speedy trial clock Calculations are incorrect because they ignore a plain reading of the statute and well-settled authority.**

Defendant incorrectly argues that 73 days have elapsed and the Indictment should be dismissed with prejudice. First, Defendant inexplicably lists his August 8, 2017 motion for an extension of time to file pretrial motions (Doc. 20) as the first motion to toll the speedy trial clock after arraignment. (Doc. 100-2). This calculation ignores the co-defendant's motion for an extension of time to file pretrial motions

8

(Doc. 19) filed six days earlier. The Eleventh Circuit has repeatedly held that pretrial motions filed by one defendant toll the speedy trial clock for all co-defendants. *See United States v. Schlei*, 122 F.3d 944, 985 n. 15 (11th Cir.1997); *United States v. Twitty*, 107 F.3d 1482, 1488 (11th Cir.1997). Therefore, co-defendant's motion tolled the speedy trial act, thus Defendant's calculation that 18 days elapsed is inaccurate. Based on this miscalculation alone, this Court could find that the speedy trial act was not violated. However, defense counsel's speedy trial act miscalculations continue.

Next, Defense counsel incorrectly argues that the period from November 26, 2018 through December 9, 2018 was not excluded from the speedy trial clock. First, that period was excluded based on Defendant's pro se motion to dismiss for ineffective assistance of counsel and hearing in which the Court granted Defendant's pro se motion to dismiss trial counsel and continued the trial. (Doc. 80). The Court never ruled on Defendant's motion to dismiss the Indictment and pursuant to § 3161(h)(1)(D) and (H), all the time between the filing of the motion and the conclusion of hearing is excluded. Once the hearing was concluded the motion is treated as a motion for which no hearing is required and accordingly the court is deemed to have taken the motion under advisement and up to 30 days may be

excluded. *See United States v. Davenport*, 935 F.2d 1223, 1228 (11th Cir. 1991)(*citing Henderson v. United States*, 476 U.S. 321, 327-28, 106 S.Ct. 1871, 1875-77 (1986). Therefore, this Court should properly exclude the time between November 26, 2018 and December 9, 2018.

Additionally, this Court should also exclude the same period because of the Defendant's November 19, 2018 motion requesting the Court to exclude evidence (Doc. 78) in the Government's amended motion for 404(b) information (Doc. 73). In his reply, Defendant's counsel argues that the government's 404(b) motion should not toll the speedy trial clock. (Doc. 100-4). In support of his argument, Defendant's counsel cites *United States v. Jernigan* noting that the Court declined to reach whether the government's 404(b) motion was a motion that required a hearing and tolled the speedy trial clock. 341 F.3d at 1273. However, Defendant's counsel ignores the obvious application of the *Jernigan* decision to the instant case – that Defendant's response to the government's 404(b) motion tolled the speed trial clock. In *Jernigan*, the Eleventh Circuit held that the defendant's motion in limine in response to the government's 404(b) motion required a hearing. *Id*. at 1286 ("[T]here is little question that Nelson's motion in limine required a hearing."). While, Defendant's responsive motion was not a labeled a motion in limine, it clearly was

10

in response to the government's motion in limine and argued that the Court should exclude the evidence the government sought to admit at trial. Therefore, like the motion in *Jernigan*, this Court should find that the Defendant's responsive motion was a pre-trial motion in accordance with 18 U.S.C. § 3161(h)(1)(D) and exclude the time after the motion was filed.

## CONCLUSION

Based on the foregoing legal authority and argument, the government requests that this Court deny Defendant's Motion to Dismiss Indictment for speedy trial Violation (Post Indictment).

This 18th day of March, 2019.

Respectfully submitted,

BYUNG J. PAK
UNITED STATES ATTORNEY

*/s/Jeffrey A. Brown*
JEFFREY A. BROWN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA 30303
404/581-6064
404/581-6181 (fax)
Georgia Bar No. 088131

11

CERTIFICATE OF SERVICE

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

 Saraliene Durrett

This 18th day of March, 2019.

 /S/ Jeffrey A. Brown
 JEFFREY A. BROWN
 ASSISTANT UNITED STATES ATTORNEY