UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>           Plaintiff,                            )<br>                                                      )<br>v.                                                   ) Case No. 1:17-cr-00224-AT-CMS<br>                                                      )<br>ALLEN J.  PENDERGRASS,        )<br>           Defendant.                         )<br>_____) | |

## DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS (DOC. 90) OUT OF TIME AND BRIEF IN SUPPORT

The Court has asked counsel to brief the issue of the timeliness of the recent motion to dismiss on Constitutional grounds.  Present counsel concedes that the motion to dismiss (doc. 90) was not filed before the case was certified for trial.  However, counsel respectfully submits that the failure to file the motion at the time that pretrial motions were originally due should be excused pursuant to Fed. R. Crim. P. 12(c)(3) and, accordingly, she now seeks leave from the Court to file the motion out of time.  Counsel asserts that it appears that, during much of his representation of Mr. Pendergrass, prior counsel suffered health issues that kept him from diligently pursuing his representation of Mr. Pendergrass.  It was for this reason, that Mr. Pendergrass ultimately sought to remove counsel from the case.

The followingly timeline is relevant to the Court's determination here:

1

Mr. Pendergrass was indicted on June 27, 2017.  On October 5, 2017, prior counsel filed a three-page motion to dismiss indictment based on Double Jeopardy grounds.  Docs. 27, 36.  There, he argued that a federal case in Ohio involving Mr. Pendergrass was not so different from the present case that they should have in any way have been separated.  He also filed a one-page motion to suppress evidence (doc. 26) (supplemented with 1 page at doc. 40) and a one-page motion for a *Jackson-Denno* hearing (doc. 25).  The magistrate court recommended that these motions be denied.  Docs. 38, 47.  No objections were filed.  This Court adopted those recommendations.  Docs. 46, 52.

The case was certified ready for trial on February 22, 2018. After repeated requests for a continuance by trial counsel and by the government, Mr. Pendergrass filed a motion to dismiss previous counsel for ineffective assistance.  Doc. 79. This Court granted that motion the next day and on December 10, 2018, present counsel was appointed.  Doc. 81.

Present counsel attempted to secure Mr. Pendergrass' file from previous counsel because previous counsel was sick and was not able to go to the office to prepare the file.  After repeated attempts to obtain the file, present counsel contacted the government on December 18, 2018, asking if the government could provide discovery instead.  The same day, counsel received notice that the

government had already sent discovery out to present counsel. Ex. A., email to government counsel[1].

On January 29, 2019, present counsel filed the motions to dismiss the indictment. Counsel asserts that she was unaware of all of the facts and circumstances outlined in the motion to dismiss (doc. 90) until meeting with Mr. Pendergrass and reviewing the discovery provided by the government. For this reason, she respectfully asks this Court to grant her leave to file the motion to dismiss (doc. 90) out of time.[2]

Under Rule 12 of the Federal Rules of Criminal Procedure, district courts may set, extend, or reset a deadline for the parties to make motions that must be filed before trial, including motions to suppress. Fed. R. Crim. P. 12(b)(3)(C), (c)(1). *United States v. Atkins*, 702 Fed. Appx. 890, 894 (11th Cir. 2017). A defendant who fails to file his motion within the deadlines set by the

---

[1] While discussing discovery issues with the government on March 18, 2019, counsel learned that she has not received all of the discovery in the case. It appears that the government thought counsel received the files from previous counsel and counsel thought all the discovery was sent by the discovery on December 18, 2018. Based upon this discovery, counsel anticipates needing additional time to prepare for trial in this case. Counsel is unsure how much additional discovery will be provided but will file a motion to continue the trial based upon the additional discovery as soon as she learns how much discovery is forthcoming.

[2] The Court has not asked for briefing regarding the timeliness of defendant's motion to dismiss (statutory) (doc. 89). Counsel asserts that this motion could not have been filed prior to the pretrial motions deadline because the time at issue had not yet elapsed.

court waives his right to assert this motion. *Id.* (internal quotations omitted); Fed. R. Crim. P. 12(c)(3). Nevertheless, "this waiver may be excused for good cause." *Id. citing United States v. Lall*, 607 F.3d 1277, 1288 (11th Cir. 2010).

Counsel asserts that the illness of Mr. Pendergrass' prior counsel and the transition to new counsel provide good cause for a waiver in this case. Counsel has worked with diligence to review the discovery and get up to speed on the relevant facts of this case and she asserts that it would prejudice Mr. Pendergrass to be denied the opportunity to litigate this issue. Counsel also asserts that the recent discovery that counsel is missing a large portion of the discovery in this case means that counsel will be requesting additional time to prepare for trial. For that reason, counsel asserts that the delay in litigating the motion to dismiss will not lengthen this case to a substantial degree.

In the alternative, Mr. Pendergrass asserts that previous counsel provided ineffective assistance of counsel when he failed to file the motion to dismiss, particularly in light of the facts outlined in Mr. Pendergrass' *pro se* motion to dismiss counsel (doc. 79). This *pro se* motion detailed defendant's arrest by the APD in 2013 and his subsequent prosecution in other districts. Mr. Pendergrass, acting *pro se,* alleged that he ask counsel to bring the facts outlined therein to the attention of the court. Counsel failed to do so. Present counsel asserts that this

failure provides additional good cause for the Court to grant counsel leave to file the motion at this time.

Respectfully submitted this 18th day of February 2019.

/s/SARALIENE S. DURRETT<br>
Saraliene S. Durrett<br>
GA Bar No. 837897<br>
Counsel for Mr. Pendergrass

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date electronically filed the foregoing motion for leave to file with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

All Defense Counsel

All AUSAs of record

    This 18th day of February 2019.

    /s/SARALIENE S. DURRETT
    Saraliene S. Durrett
    GA Bar No. 837897
    Counsel for Mr. Pendergrass