IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL INDICTMENT |
| v. | : | |
| | : | NO. 1:17-CR-224-AT-CMS |
| | : | |
| ALLEN PENDERGRASS | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
REPLY IN SUPPORT TO MOTION TO DISMISS INDICTMENT PURSUANT
TO THE FIFTH AND SIXTH AMENDMENT (PRE-INDICTMENT)

COMES NOW, the UNITED STATES OF AMERICA ("Government"), through its counsel Byung J. Pak, United States Attorney for the Northern District of Georgia, and Jeffrey A. Brown, Assistant United States Attorney, files this Response to Defendant's Reply in Support of Motion to Dismiss Indictment Pursuant to Fifth and Sixth Amendment (Pre-Indictment). (Doc. 101).

INTRODUCTION

First, Defendant's motion to dismiss based on alleged pre-indictment is untimely and should be denied. Second, this Court is not required to hold an evidentiary hearing. Third, the Government has provided defense counsel with discovery related to communications between state and federal authorities that it has in its possession. Finally, this Court should deny his motions to dismiss.

1

<u>FACTUAL AND LEGAL ANALYSIS</u>

**1.  Defendant's Motions to Dismiss are Untimely and Should be Denied.**

Motions alleging preindictment delay and a violation of the constitutional right to speedy trial must be raised by pretrial motion "if the basis for the motion is then reasonably available." Fed. R. Crim. P. 12(b)(3)(A)(ii), (iii). The court may set deadlines for the filing of pretrial motions, and it may reset the deadlines at any time prior to trial. Fed. R. Crim. P. 12(c)(1)-(2). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the [motion] if the party shows good cause." Fed. R. Crim. P. 12(c)(3). The good cause exception is "narrow" and rarely satisfied. *United States v. Durham*, 659 F. App'x 990, 993 (11th Cir. 2016); *see also United States v. Burke*, 633 F.3d 984, 988 (10th Cir. 2011) (noting that Rule 12(e) provides a "single, narrow exception to the waiver rule," and the court rarely "grant[s] relief under the good-cause exception"). The Court has discretion to decertify the case and reset the deadline for filing pretrial motions. Fed. R. Crim. P. 12(c)(2). But the Court should not permit Defendant to file motions more than 17 months after the extended deadline when he cannot show good cause for failing to challenge pre-indictment delay or constitutional right to speedy trial.

First, the Eleventh Circuit has consistently held that no good cause exists when, as here, "the defendant had all the information necessary to bring a Rule 12(b) motion before the date set for pretrial motions, but failed to file it by that date." *See e.g., United States v. Curbelo*, 726 F.3d 1260, 1267 (11th Cir. 2013) (regarding suppression motion); *United States v. Barrington*, 648 F.3d 1178, 1190 (11th Cir. 2011) (regarding motion alleging a defect in the indictment). It is undisputed that the basis for Defendant's motions to dismiss the Indictment were "reasonably available" before the pretrial motions deadline. The government provided discovery concerning the alleged search warrant and Defendant was aware of the timeline of events that he now alleges supports dismissal. In fact, prior counsel filed a motion alleging double jeopardy related to the Ohio Indictment. Thus, he possessed the information necessary to file motions by the pretrial deadline and cannot show good cause for filing an untimely motion to suppress more than 17 months after he was granted an extension to file pretrial motions.

Second, courts have repeatedly recognized that a defendant cannot establish good cause when, as here, a lawyer consciously decided not to file the motion before the deadline. *See e.g., United States v. Ramirez*, 324 F.3d 1225, 1228 (11th Cir. 2003) (holding that defendants failed to establish good cause where they "waited to

gain a strategic advantage by raising the defense after jeopardy attached"); United States v. Walden, 625 F.3d 961, 965 (6th Cir. 2010) (holding that defendant failed to establish good cause where he decided not to timely file a motion to suppress because counsel believed it would not be necessary in light of the planned guilty plea). Nor can Defendant show good cause for an untimely pretrial motion by pointing to the inadvertence or failure of counsel. *United States v. Milian-Rodriguez*, 828 F.2d 679, 683 (11th Cir. 1987); *see also United States v. Yousef*, 327 F.3d 56, 125 (2d Cir. 2003) ("A strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client" do not constitute good cause); *United States v. Bloate*, 534 F.3d 893, 901 (8th Cir. 2008) (affirming that a misunderstanding between defendant and his attorney was not good cause for allowing an untimely pretrial motion). As the Eleventh Circuit noted in *Taylor*, entertaining untimely motions due to inadvertence of counsel would eviscerate Rule 12(b)(3). *United States v. Taylor*, 792 F.2d 1019, 1025 (11th Cir. 1986). The Court should deny Defendant's request because there is no compelling justification for not filing motions by the extended pretrial deadline.

Defendant argues without supporting any case law that illness of prior counsel and transition to new counsel provide good cause for a waiver in this case. This

4

argument ignores the fact that previous counsel filed several pretrial motions in the case and there is no evidence that counsel's heart condition prevent him from filing the motions filed by new counsel more than17 months after he was granted an extension to file pretrial motions. This Court should find that Defendant has not alleged good cause warranting this court to allow him to file these motions out of time and after this case had been certified ready for trial.

2. **This Court is not required to hold an evidentiary hearing because there was no delay between Defendant's indictment and arrest and there is no support for Defendant's unsupported allegations of collusion between stated and federal authorities related his arrest on state charges.**

First, this Court is not required to hold an evidentiary hearing on Defendant's claims of pre-indictment delay alleging violations of the fifth and sixth amendments. *See e.g., United States v. Radue*, 707 F.2d 493, 495-96 (11th Cir. 1983) (Finding no error with magistrate court's decision not to hold an evidentiary hearing on Defendant's claims that pre-indictment delay violated his sixth amendment guarantee for a speedy trial and fifth amendment due process rights); *United States v Jackson*, 549 F.3d 963, 971-72 (5th Cir. 2008) (Holding that that the district court did not clearly err when it found that Defendant suffered no prejudice and rejected his claims without holding an evidentiary hearing). The Court is not required to hold

a hearing related to Defendant's sixth amendment claims because the 23 days between his June 27, 2017 indictment and July 21, 2017 initial appearance would not trigger the Sixth Amendment's Speedy Trial right. As discussed in the Government's previous filing, the Defendant's September 19, 2013 arrest by Atlanta Police Department does not trigger the sixth amendment right to a speedy trial. *See* Doc. 96 at 5-8. The Court is also not required to hold an evidentiary hearing on Defendant's Fifth Amendment due claims as he has failed to show he incurred substantial prejudice as a result of any delay, nor any evidence that the government intentionally delayed in or to gain a tactical advantage. *Radue*, 707 F.2d at 495-96. Therefore, this Court should not hold an evidentiary hearing on Defendant's motion and should find that Defendant has not made a sufficient showing warranting such a hearing.

### 3.  Discovery

The government has conferred with defense counsel on discovery. Moreover, government counsel has turned over all discovery in its possession and requested that federal agents involved with the Defendant's Atlanta prosecution turn over any and all communication they had with local authorities with respect to the filing of state or federal charges against Defendant. At the time of filing this motion,

government counsel has not received any relevant documents however, agents are still searching through email communications and the government expects that any relevant documents will be provided to defense counsel by or before, March 29, 2019.

<u>CONCLUSION</u>

For the reasons stated herein, the Government respectfully requests that Court deny the Defendant's motions to dismiss as untimely and his request for an evidentiary hearing.

This 25th day of March, 2019.

Respectfully submitted,

BYUNG J. PAK
UNITED STATES ATTORNEY

*/s/Jeffrey A. Brown*
JEFFREY A. BROWN
ASSISTANT UNITED STATES ATTORNEY
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA 30303
404/581-6064
404/581-6181 (fax)
Georgia Bar No. 088131

CERTIFICATE OF SERVICE

I served this document today by filing it using the Court's CM/ECF system,

which automatically notifies the parties and counsel of record.


        Saraliene Durrett


This 25th day of March, 2019.

                                    /S/ Jeffrey A. Brown_____
                                    JEFFREY A. BROWN
                                    ASSISTANT UNITED STATES ATTORNEY