IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:17-CR-0224-AT-1 |
| : | |
| ALLEN J. PENDERGRASS, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER

The Court held a phone conference on April 27, 2019 regarding Defendant's currently pending Motion to Dismiss Indictment for Speedy Trial Violation (Post Indictment) (Doc. 89), Defendant's Motion to Dismiss Indictment for Speedy Trial Violation Pursuant to the Fifth and Sixth Amendment (Pre-Indictment) (Doc. 90), and Defendant's Motion for Leave to File Motion to Dismiss Out of Time and Brief in Support (Doc. 104). Additionally, Defendant's Unopposed Motion to Continue Trial, filed after the conference, is before the Court. (Doc. 110.)

After review of the parties' multiple briefs concerning Defendant's Motion to Dismiss Indictment for Speedy Trial Violation (Post-Indictment) (Doc. 89), the Court **DENIES** this Motion. The Court agrees with and adopts the speedy trial timeline calculations and analysis of the case docketed activity and excludable time set forth in the Government's Response and supplemental Response Brief in connection with Defendant's briefs in support of his Motion to Dismiss the

Indictment for Speedy Trial Violation (Post-Indictment) filed pursuant to the Court's directive. (Docs. 95, 102, 103.) The Court finds that even if the Court were not to adopt the Government's view of the tolling impact of *United States v. Jernigan*, 341 F.3d 1273, 1286-87 (11th Cir. 2003) on the speedy trial clock, the Government's supplemental response brief in conjunction with its original brief correctly calculate the excludable tolling timeframes. Adopting that analysis of the time frames at issue, the Court finds that less than 70 non-excludable days have passed since Defendant's arraignment. Thus, the Court concludes no speedy violation has occurred.

Moreover, the Court finds that the Eleventh Circuit's holding in *Jernigan* properly applies under the circumstances of this case and provides an additional basis for the Court's determination that the Speedy Trial Act has not been violated. The Eleventh Circuit there held that under 18 U.S.C. § 3161(h)(1)(F))[1] all time between the filing of the Defendant's motion opposing the Government's "motion" regarding its intent to file 404(b) evidence motion requiring a hearing must be excluded through the conclusion of the hearing required by the motion.

Here, the Government's Notice of Intention to Introduce and Motion in Limine to Permit the Admission of Evidence of Defendant's Acts Not Alleged in the Indictment (Doc. 71) and Amended Notice (as to the same issues as a whole) (Doc.

---

[1] This section, which provides that "delay resulting from *any* pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," subsequently was re-codified and numbered as 18 U.S.C. § 3161(h)(1)(D). (Emphasis added).

73) were filed in the period immediately preceding the November 26, 2019 scheduled trial in this case, on October 12, 2018 and November 2, 2018 respectively. Defendant's response brief (filed November 19, 2018, Doc. 78) opposed the Government's request and notice of its intent to attempt to introduce evidence of similar acts and purportedly inextricably intertwined other bad acts. Given the broad range of allegedly similar bad acts that the Government sought to introduce and the Defendant's inevitable opposition to that motion from the start, the Court clearly recognized that it would need to conduct a pre-trial hearing to resolve this evidentiary dispute. But 0n the same day (November 19, 2019) that Defendant's counsel belatedly filed his opposition to the Government's 404(b) motion, Defendant also filed his Motion for the Court's appointment of new counsel. The Court promptly held a hearing on the appointment of counsel issue on November 20, 2019 (Doc. 80) and granted that motion via appointment of new counsel on December 10, 2019. The evidentiary issues at the heart of the 404(b) dispute here, regardless of which party filed the 404(b) motion, "plainly cannot be properly ascertained until the trial itself" because of the "context-intensive inquiries that can only be competently made by the district court upon assessing firsthand the evidence presented by both parties." *Jernigan*, 341 F. 3d at 1287. Given the significant evidentiary issues at issue that impact both parties and the specific case circumstances presented here, the Court concludes that the Court's deferral of the resolution of the 404(b) issues until a hearing directly before or at trial "does not render the intervening time non-excludable under

§ 3161(h)(1)(F))."[2]  *Id.* (citing *United States v. Beard*, 41 F.3d 1486, 1488 (11th Cir. 1995)); *see also United States v. Tinklenberg*, 563 U.S. 647, 656 (2011).

At the conclusion of the April 27, 2019 phone conference with counsel, the Court – with both counsel's agreement – determined that this case should refer back to the Magistrate Judge for review the Defendant's Motion to Dismiss Indictment Pursuant to the Fifth and Sixth Amendment (Pre-Indictment) (Doc. 90) and Defendant's Motion for Leave to File Motion to Dismiss Out of Time and Brief in Support (Doc. 104).  Upon further consideration, however, the Court has now determined that it will **GRANT** the Defendant's Motion for Leave to File Motion to Dismiss Out of Time and Brief in Support (Doc. 104).  In the Court's view, Defendant's pre-trial defense presentation was sufficiently abbreviated and potentially adversely impacted by his prior counsel's illness, that the Court finds that the better part of wisdom and fairness in case management calls for allowing Defendant's new counsel to pursue this additional defensive motion (Doc. 90) at this time.  Accordingly, pursuant to Federal Rule of Criminal Procedure 12(c)(2), the Court **RESETS** the time for the Defendant's filing the Defendant's Motion to Dismiss Indictment Pursuant to the Fifth and Sixth Amendment (Pre-Indictment) (Doc. 90) and **DE-CERTIFIES** this case as it is not ready for trial and the production of certain discovery in electronic format remains outstanding.

Having now granted Defendant's Motion for Leave to File Motion to Dismiss out of Time, the Court **DEEMS** the Defendant's Motion to Dismiss (Doc. 90) to be

---

[2] *See* n1.

filed, for any relevant time clock purpose, as of the date of the entry of this Order. The briefing already filed in connection with this motion shall similarly **BE DEEMED** complete and filed as of this date. The Court accordingly **REFERS** this case back to the Magistrate Judge for proceedings to handle the identified motion and any other remaining pre-trial matters that may now arise.

Defendant has shown good cause to support his unopposed motion to continue the trial. This extension is necessary for Defendant's effective preparation for trial based on the circumstances outlined in Defendant's motion as well as Defendant's presentation of additional pretrial motions. The extension will allow counsel time to adequately review the recently produced and soon-to-be produced discovery and to prepare for trial. The Court finds that the ends of justice in permitting this continuance outweigh the Defendant's and the public interest in a speedy trial. Therefore, pursuant to 18 U.S.C. § 3161(h)(7)(a) and (B)(i) and (iv), the 60-day period between May 20, 2019 and July 19, 2019, as requested by Defendant, shall be excluded from the Speedy Trial calculations. The Court foresees that it is likely that trial will need to commence some number of weeks after this 60-day period, at very least, because of the pendency of the Defendant's additional motion to dismiss (Doc. 90), the potential need for an evidentiary hearing on that motion, and the time required for the Magistrate Judge's issuance of a Report and Recommendation and the Court's review of such. Accordingly, the Court will defer scheduling the start date of trial at least until completion of

proceedings before the Magistrate Judge and re-certification of the case as ready for trial.

**IT IS SO ORDERED** this 1st day of May, 2019.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**