UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cr-00224-AT-CMS |
| ) | |
| ALLEN J.  PENDERGRASS, ) | |
|     Defendant. ) | |
| _____) | |

**MOTION PURSUANT TO FED. R. CRIM. P. 17(c)**
**FOR ISSUANCE OF SUBPOENA DUCES TECUM**
**TO ATLANTA POLICE DEPARTMENT**

Comes now Defendant, ALLEN J.  PENDERGRASS, by and through undersigned counsel, and hereby files this Motion to direct that books, papers, recordings, and the other items requested pursuant to a validly issued subpoena be produced to the Court in advance of trial.

**I.     INTRODUCTION AND STATEMENT OF FACTS**

Mr. Pendergrass has filed a motion to dismiss the indictment in this case based on pre-indictment delay.  He asserts that when he was in custody on charges from a different district, the government knew where he was located and failed to bring him to trial in this case.  He asserts that records in the custody of the Atlanta Police Department will support his claims that a detainer related to the connected Fulton County case was placed upon him while he was in BOP custody.  There

will also be information in the file about APD Officer Ricks' decision to pursue prosecution of Mr. Pendergrass in multiple jurisdiction. Information provided in discovery shows that Officer Ricks was listed as a witness in other cases in other districts involving Mr. Pendergrass. These records may also confirm discussions between the Fulton County District Attorney's Office, Officer Ricks, and the United States Attorney's Office about the decision to prosecute Mr. Pendergrass in federal court, rather than state court. Despite the fact that Fulton County maintains an open case against Mr. Pendergrass, it has never attempted to prosecute him. When counsel did an open records request for the Fulton County District Attorney's file, she was told the file is not in the possession of the DA's office. Again, this is the case despite the still open case against Mr. Pendergrass in Fulton County. Counsel also sent a letter to the Fulton County prosecutor listed on the case and has received no response. Counsel also did an open records request to the city of Atlanta for any and all reports related to this case and was told they could not be provided because the case is still pending.

Therefore, counsel believes the only way to secure these files is to issue a subpoena for the records.

## II. ARGUMENT AND CITATION OF AUTHORITY

Prior to trial, litigants can avail themselves of the procedure set forth in Fed.

R. Crim. P. 17(c), which provides that a subpoena may command the person to whom it is directed to produce the books, papers, and documents designated therein. Significantly, Rule 17(c) provides the court with discretion to order that such production be made prior to trial.

### A. The Standard

In *United States v. Nixon*, 418 U.S. 683, 94 S.Ct 3090, 41 L.Ed 1039 (1974), the Supreme Court held that pre-trial production pursuant to Fed. R. Crim. P 17(c) is only appropriate where it is shown that:

(1) The documents are evidentiary and relevant;

(2) They are not otherwise procurable, with due diligence, in advance of trial;

(3) The party cannot properly prepare for trial without such production and inspection in advance of trial; and,

(4) The application was made in good faith and is not a fishing expedition.

*Id.* at 699. It is left to the court's discretion to determine whether the party seeking the subpoena has cleared these hurdles. *See United States v. Eden*, 659 F. 2d 1376 (9th Cir. 1981), *cert. denied*, 455 U.S. 949 (1982). Such subpoenas are routinely allowed by the District Courts for any manner of evidence, ranging from a victim's

3

psychiatric records to witness interviews with media outlets. *See United States v. The LaRouche Campaign,* 841 F. 2d 1176 (1st Cir. 1988) (contempt order affirmed where broadcast company refused to comply with order to produce "outtakes" of an interview with a key trial witness); *United States v. Armstrong,* 955 F. Supp. 1225 (D. Mont. 1997) (17)(c) (subpoena issued to victim's psychiatrist as the potential evidentiary benefit outweighed any privilege); *United States v. Young*, 927 F. Supp. 373 (D. S.D. 1996) (complete medical records of victim ordered to be produced pursuant to subpoena duces tecum and privilege ordered waived). Such subpoenas have been upheld even where the President of the United States moved to quash a subpoena for tape recordings and documents. *See United States v. Nixon*, 418 U.S. 683 (1974). Even documents in the hands of the government are subject to subpoena. *See Bowman Dairy Co. v. United States*, 341 U.S. 214 (1951).

### B. The Requested Subpoena

In this case, Defendant respectfully requests that the Court direct pre-trial compliance with a subpoena for production of a certified copy of the following documents:

1. The entire case file (APD case number 132261160-01), including recordings, reports, notes, emails, or other information related to the

investigation of Allen Pendergrass by the Atlanta Police Department and other agency in conjunction with each other.

2. The entire working case file or officer case file of D.M. Ricks related to the investigation of Allen J. Pendergrass, Terrell McQueen, Asset Financial Recovery, and/or Guishard, Wilburn, and Shorts, LLC, including notes, memoranda, un-filed reports, recordings, photographs, and/or any other information regarding the investigation of these entities.  See APD case number 132261160-01 and related files.

3. Any notes, memoranda, emails, or other documents to or from Officer Ricks regarding the decision to prosecute Allen J. Pendergrass, Terrell McQueen, Asset Financial Recovery, and/or Guishard, Wilburn, and Shorts, LLC, in any federal courts or in the state of Georgia or any other state.  *See* APD case number 132261160-01 and related files.

The subpoena would be directed to:

Records Department
Atlanta Police Department
226 Peachtree Street SW
Atlanta, GA 30303

Mr. Pendergrass asserts that the records are relevant to the current proceeding and have evidentiary value as outlined above.  Counsel asserts that she cannot prepare adequately for the litigation on the current petition to modify

supervision without the requested records.

This request is made in good faith and not for any purpose other than to preparation to litigate this case on behalf of Mr. Pendergrass.

## IV.  **CONCLUSION**

WHEREFORE, for all the within and foregoing reasons, Defendant respectfully request that the Court exercise its discretion and direct the above-named entities to produce the requested books, papers, and documents to the Court so they can be reviewed by the parties in preparation for litigation in this case.

Respectfully submitted this 26th day of September 2019.

                              */s/ Saraliene DURRETT*
                              SARALIENE S. DURRETT


Saraliene Smith Durrett, LLC
1800 Peachtree St. NW, Ste. 300
Atlanta, GA  30309
Counsel for Defendant Pendergrass

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>       Plaintiff,<br><br>v.<br><br>ALLEN J.  PENDERGRASS,<br>       Defendant.<br>_____ | )<br>)<br>)<br>) Case No. 1:17-cr-00224-AT-CMS<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Defendant's motion pursuant to Fed. R. Crim. P. 17(c) having come before the court, and the court having read and considered said motion,

**IT IS HEREBY ORDERED** that subpoenas issue to:

Records Department
Atlanta Police Department
226 Peachtree Street SW
Atlanta, GA 30303

and that said recipients be directed to comply with said subpoenas at the date that is reflected on the subpoena, and that said recipients are directed that the records shall be sent to this Court.

SO ORDERED, this _____ day of _____, 2019.

                                                                                     _____
                                                                                     The Honorable Catherine M. Salinas
                                                                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has this date electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

All Defense Counsel
All AUSAs of record

Respectfully submitted this 26th day of September 2019.

s/Saraliene S. Durrett
1800 Peachtree Street, Suite 300
Atlanta, GA 30309
(404) 433-0855
ssd@defendingatl.com
