UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cr-00224-AT-CMS |
| | ) |
| ALLEN J.  PENDERGRASS, | ) |
| Defendant. | ) |
| _____ | ) |

## DEFENDANT'S MOTION FOR BILL OF PARTICULARS

**I.    A BILL OF PARTICULARS IS NEEDED TO ALLOW MR. PENDERGRASS TO PREPARE HIS DEFENSE AND TO MINIMIZE HIS SURPRISE AT TRIAL.**

Pursuant to Federal Rule of Criminal Procedure 7(f), "[t]he court may direct the government to file a bill of particulars."  Fed. R. Crim. P. 7(f).  The purpose of a bill of particulars is to "inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1985).  A bill of particulars supplements and indictment by providing information *necessary* for a defendant to prepare for trial, and it is not meant to function as a discovery device.  *Anderson*, 799 F.2d at 1441-42 (emphasis in original).

The court is vested with broad discretion in deciding whether to grant a motion for a bill of particulars.  *United States v. Cole,* 755 F2d. 748, 760 (11th Cir. 1985);

*United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981). However, "where an indictment fails to set forth specific facts in support of requisite elements of the charged offense, and the information is essential to the defense, failure to grant a request for a bill of particulars may constitute reversible error." *Cole*, 755 F.2d at 760; *see also United States v. Sharpe*, 483 F.3d 1257, 1263 n. 3 (11th Cir. 2006) (noting that an indictment need not allege in detail the factual proof that will be relied upon to support a charge but that failing to grant a motion for a bill of particulars to obtain information essential to the defense nay be reversible error).

## II.   THE GOVERNMENT HAS PROVIDED INSUFFICIENT INFORMATION IN THE INDICTMENT AND IN DISCOVERY TO ALLOW MR. PENDERGRASS TO PREPARE HIS DEFENSE.

Counts 1-5 fail to explain Mr. Pendergrass' role with sufficient precision to allow him to prepare his defense. It unclear if the government is alleging that Mr. Pendergrass or Mr. McQueen forged the signatures at issue in these counts. Furthermore, the indictment does not explain who – Mr. McQueen or Mr. Pendergrass – is alleged to have mailed correspondence and limited power of attorney forms to the alleged victims in the case. Mr. Pendergrass is entitled to this information so that he can prepare his defense. *See Cole*, 755 F2d. at 760.

As to Count 6, it is unclear what transactions or actions the government alleges were used to ***promote*** the carrying on of mail fraud. Counsel for Mr. Pendergrass has no idea how to defend against this claim. And finally, it is unclear what the

government is claiming Mr. Pendergrass' role is with respect to the aggravated identify theft claims in this case.  Mr. Pendergrass asserts that the lack of clarification regarding his actual role in the alleged crimes and his connection to Mr. McQueen's actions make it impossible to defend the current allegations.  Therefore, he moves this court to instruct the government to file a bill of particulars outlining:

1. As to Counts 1-5, outline which of the co-defendants is alleged to have forged any signatures on the documents relevant to Counts 1-5 and outline how Mr. Pendergrass is alleged to have aided and abetted this fraud if he was not the person alleged to have created the forgeries.

2. As to Count 6, outline what actions or transactions Mr. Pendergrass undertook (or aided and abetted) with the intent to *promote* the carrying on the mail fraud.

3. As to Counts 7-10, outline which of the co-defendants is alleged to have transferred, possessed, and used the means of identification of other people without lawful authority and outline how Mr. Pendergrass is alleged to have aided and abetted this identity theft if he was not the person that transferred, possessed, and used the means of identification.

Respectfully submitted this 7th day of October 2019.

Respectfully submitted,

*s/Saraliene S. Durrett*
SARALIENE S. DURRETT

<u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that I have this day served upon all counsel of record a true and correct copy of the foregoing motion by electronic filing through the Court's CM/ECF system.

This 7th day of October 2019.

Respectfully submitted,

*s/Saraliene S. Durrett*
SARALIENE S. DURRETT
GA Bar No. 837897
Attorney for Allen Pendergrass

1800 Peachtree Street, NE
Suite 300
Atlanta, GA 30309
(404) 433-0855
ssd@defendingatl.com