UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cr-00224-AT-CMS |
| | ) |
| ALLEN J.  PENDERGRASS, | ) |
| Defendant. | ) |
| _____ | ) |

## MOTION TO DISMISS INDICTMENT AS TO COUNT SIX

Allen Pendergrass, by and through undersigned counsel, hereby moves this Court to dismiss Count 6.  In support of this motion, Mr. Pendergrass states the following:

Mr. Pendergrass is charged in count 6 with money laundering conspiracy, in violation of 18 U.S.C. § 1956.  Count 6 is charged as follows:

> Beginning on a date unknown and continuing until in or about April 2014, in the Northern District of Georgia and elsewhere, the defendants, ALLEN J. PENDERGRASS and TERRELL MCQUEEN, did knowingly and willfully combine, conspire, and agree with each other and others, both known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, with the intent to promote the carrying on of a unlawful activity, that is, mail fraud, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i). All in violation of Title 18, United States Code, Section 1956(h).

Based on this allegation, it is impossible to tell what transactions the government is alleging were undertaken by Mr. Pendergrass for the purpose of ***promoting*** the carrying on of the mail fraud. The allegation is merely a recitation of the statutory language.

To pass constitutional muster, an indictment must (1) present the essential elements of the charged offense; (2) notify the accused of the charges to be defended against; and (3) enable the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. *Russell v. United States*, 369 U.S. 749, 763-64, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962); *United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003). The third prong requires that "the record show[] with accuracy to what extent" the defendant may plead a former acquittal or conviction in case other proceedings are taken against him for a similar offense. *Russell*, 369 U.S. at 764. "An indictment that requires speculation on a fundamental part of the charge is insufficient." *Bobo*, 344 F.3d at 1084 (vacating convictions where the indictment failed to specify the scheme or artifices to defraud with which the government was charging the defendant). An indictment's sufficiency is determined from its face. *United States v. Walker*, 490 F.3d 1282, 1296 (11th Cir. 2007).

While an indictment may use the statutory language to generally describe the offense, that language "must be accompanied with such a statement of the facts and

circumstances as will inform the accused of the specific offen[s]e, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117-18, 94 S.Ct. 2887, 2908, 41 L.Ed.2d 590 (1974).  As long ago as 1875, the Supreme Court held that where the general statutory language is used, the indictment "must descend to particulars." *United States v. Cruikshank*, 92 U.S. 542, 558 (1875) (explaining that, for example, it was a crime to steal goods and chattels, "but an indictment would be bad that did not specify with some degree of certainty the articles stolen").

Courts have insisted on a sufficiently detailed indictment in order to address several different concerns.  First, the requirements ensure compliance with the constitutional requirement that charges be presented to a grand jury.  *United States v. Italiano*, 837 F.2d 1480, 1486 (11th Cir. 1988) ("Of even greater relevance here is that it would hinder our task in reviewing a conviction as well as serve as an affront to our criminal justice system to permit an accused to be subject to jeopardy based on facts which were not presented to nor found by the grand jury.").  Preventing a defendant from being convicted of a crime not presented to a grand jury is critical to ensure compliance with both the Fifth and Sixth Amendments.  *See Russell*, 369 U.S. at 760-61; U.S. Const., amends. V, VI.

Relatedly, ensuring that the indictment is sufficiently detailed prevents either the court or the government from effectively amending the indictment.  An

3

indictment cannot be amended except through resubmission to the grand jury, unless the change is merely a matter of form. *Russell*, 369 U.S. at 766, 769-770 (describing the free reign that would be given to the government by allowing the government to change the facts at issue in each count). Allowing the government or the court to effectively amend the indictment would dispense with the requirement, discussed above, that all charges be presented to the grand jury. *Russell*, 369 U.S. at 770; *Italiano*, 837 F.2d at 1486 (allowing otherwise would mean "the great importance which the common law attaches to an indictment by grand jury would be frittered away until its value was almost destroyed" (quotation and alterations omitted)); *see also United States v. Lang*, 732 F.3d 1246, 1250 (11th Cir. 2013) ("The only way to remedy the defects in the indictment would be to rewrite it, and that we may not do.").

Finally, these requirements ensure that a defendant is convicted by a unanimous verdict. *See, e.g.*, *Bobo*, 344 F.3d at 1085. A federal defendant has the right to a unanimous verdict. Fed.R.Crim.P. 31(a). When the indictment is unclear as to the facts that constitute the charged offense, the jury may convict the defendant without being unanimous on those facts. For example, in *Bobo*, the Eleventh Circuit Court of Appeals concluded that "we cannot merely assume that the jury unanimously agreed on *which* overt acts," when there were different overt acts charged in the indictment. *Bobo*, 344 F.3d at 1085 ("Due to the inadequacies in the

4

indictment, we cannot discern what scheme the jury found Dr. Bobo committed."). Similarly, in *United States v. Adkinson*, 135 F.3d 1363, 1377-78 (11th Cir. 1998), this Court vacated the defendant's convictions because the jury never unanimously agreed on the overt acts that allegedly constituted the scheme at issue.

In *United States v. McGarity*, 669 F.3d 1218, 1240 (11th Cir. 2012), this Court vacated the defendants' conviction on one count (Count 40) because the only notice provided was "that the defendants obstructed an unknown official proceeding at some time in some place by some action." Accordingly, this Court determined that "the Superseding Indictment provides insufficient constitutional notice, both as to what charges must be defended against and as to the possibility of future prosecutions on the same basis. Without some indication of either, the Superseding Indictment cannot be said to notify the accused of the charges to be defended against." *McGarity*, 669 F.3d at 1240 (alterations omitted).

Here, the indictment is insufficient as to Count 6. The indictment, though it recites the statutory language, does not contain any factual description as to what actions taken by any of the defendants constituted money laundering. It is unclear what agreement there was between the parties as it relates to money laundering or what actions were taken based on the alleged agreement. Because there is no factual description of the conduct that gave rise to the crime charged in Count 6, the indictment fails on its face, and it does not satisfy any of the concerns articulated by

appellate courts.   Therefore, Mr. Pendergrass submits that Count 6 should be dismissed.

Respectfully submitted this 7th day of October, 2019.

*s/Saraliene S. Durrett*
SARALIENE S. DURRETT
GA Bar No. 837897
Attorney for Allen Pendergrass

1800 Peachtree Street, NE
Suite 300
Atlanta, GA 30309
(404) 433-0855
ssd@defendingatl.com

<u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that I have this day served upon all counsel of record a true and correct copy of the foregoing motion by electronic filing through the Court's CM/ECF system.

This 7th day of October 2019.

Respectfully submitted,

<u>*s/Saraliene S. Durrett*</u>
SARALIENE S. DURRETT
GA Bar No. 837897
Attorney for Allen Pendergrass

1800 Peachtree Street, NE
Suite 300
Atlanta, GA 30309
(404) 433-0855
ssd@defendingatl.com