UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|       Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cr-00224-AT-CMS |
| ) | |
| ALLEN J. PENDERGRASS, ) | |
|       Defendant. ) | |
| _____) | |

## MOTION TO RECONSIDER ORDER DENYING
## MOTION TO SUPPRESS EVIDENCE

Mr. Pendergrass now moves this Court to reconsider its order denying his initial motion to suppress evidence seized pursuant to the September 19, 2013, warrant. Prior defense counsel filed a short motion to suppress and a supplement to that motion arguing that the search warrant at issue (doc. 44-1) lacked probable cause. Docs. 26, 40. This motion was denied. Docs. 47. Defense counsel failed to file objections to the report and recommendation and it was adopted by the district court. Doc. 52. Mr. Pendergrass asserts that prior counsel failed to note the lack of nexus between the place to be searched and the crimes alleged. Further, all of the criminal activity outlined occurred in May and June of 2013 and the officer failed to show that the information was still valid in September 2013, at the time the warrant was requested.

For the reasons outlined below, the warrant was invalid. The *Leon* good faith exception should not apply because the issuing magistrate wholly abandoned his judicial role by issuing a search warrant for an address that had no tie the crime alleged.

I. **THE WARRANT FAILS TO ALLEGE A NEXUS BETWEEN THE PLACE TO BE SEARCHED AND THE CRIME ALLEGED AND THE EVIDENCE RELIED UPON WAS STALE**.

The Fourth Amendment requires that a warrant particularly describe the place to be searched and the items or persons to be seized; exploratory rummaging is prohibited. *United States v. Fannin*, 817 F.2d 1379, 1382 (9th Cir.1987). The Warrant Clause of the Fourth Amendment categorically prohibits the issuance of any warrant except one "particularly describing the place to be searched and the persons or things to be seized." *Garrison*, 480 U.S. at 84, 107 S. Ct. at 1016. The manifest purpose of this particularity requirement was to prevent general searches. By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit. *Id.*

As outlined in the magistrate court's report and recommendation, APD Officer Ricks provided a sworn affidavit in support of the September 19, 2013 warrant. (Doc. 44-1.) In the affidavit, he details an investigation in to fraudulently-

obtained checks that were mailed to a P.O. Box in Fayetteville, Georgia in June of 2013. The checks were issued to a company called Asset Financial Recovery, Inc. In the affidavit, the officer, with very little information to back up his claims, requests a warrant to search a physical address in Atlanta, that he believes is tied to a company called Asset Financial Recovery, LLC. He does not attempt to tie the P.O. box (the only location actually tied to a crime) to the physical address to be searched and he does not attempt to show that the P.O. box is owned, operated, or controlled by Allen Pendergrass or anyone associated with the physical address to be searched. Instead, Officer Ricks makes a giant leap from the fraudulent checks sent to the P.O. box and the physical address to be searched. It appears that Officer Ricks called Wells Fargo and obtained information in violation of the Right to Financial Privacy Act (without a warrant) and traced the checks, but the officer does not even provide sufficient information to show how he connected the checks to the *physical address* to be searched. Any argument that seeing Mr. Pendergrass' car parked outside the address to be searched **_on one occasion_** constitutes a sufficient nexus should be rejected.

    Here, the officers used boilerplate language to justify a search of 4854 Old National Hwy. They did so without making any factual connection between the entity seeking checks from the City of Atlanta – ***Asset Financial Recovery, Inc***. and the business located at the stated address – ***Asset Financial Recovery, LLC.***

Further, the checks at issue were mailed to a completely different address than the one searched. As noted in the affidavit, the checks were mailed to Post office box # 1809 in Fayetteville, Georgia 30214. Probable cause to search requires some nexus between the premises and the alleged crime. *See United States v. Jenkins,* 901 F.2d 1075, 1080–81 (11th Cir.1990). None was provided. For this reason, the evidence seized pursuant to this warrant should be suppressed. *See United States v. Green,* 634 F.2d 222, 226 (11th Cir. Unit B 1981) (finding no probable cause to search based on an agent's general assumption that evidence of a crime committed in California was likely to be found in the defendant's home in Florida).

Finally, the evidence relied upon in the September 13, 2013 warrant application was from May and June of 2013. There is no evidence that evidence of these crimes would be at an entirely different location several months later. For that reason, suppression is required. *See United States v. Bervaldi*, 226 F.3d 1256, 1264 (11th Cir. 2000) (The affidavit must establish that probable cause exists at the time the warrant was issued).

## II. THE LEON GOOD FAITH EXCEPTION[1] SHOULD NOT SAVE THE WARRANT IN THIS CASE.

Under *United States v. Leon*, 468 U.S. 897, 923 (1984), however, the "good faith" exception to the rule requiring the suppression of evidence for violations of the Fourth Amendment keeps evidence from being suppressed ***only*** when law enforcement officers obtain evidence through objective good faith reliance on a facially valid warrant that is later found to lack probable cause. *See United States v. Gonzalez*, 969 F.2d 999, 1004 n.4 (11th Cir. 1992). However, "in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued." *Leon*, 468 U.S. at 922-923. *Leon*'s good faith exception does not apply to the following situations: (1) where the magistrate in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role; (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where,

---

[1] It should be noted that there is no good faith exception in Georgia state courts. *See Abercrombie v. State*, 343 Ga. App. 774 (2017). As this Court knows, Mr. Pendergrass has filed a motion to dismiss based upon pre-indictment delay (doc. 90), which is based in part on the decision to prosecute Mr. Pendergrass in federal court rather than in State court. It appears the government would like to benefit from the legal distinction in how the different sovereigns apply (or do not apply) a good faith exception to search warrants.

depending upon the circumstances of the particular case, a warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. *United States v. Robinson*, 336 F.3d 1293, 1296 (11th Cir. 2003).

Here, the magistrate wholly abandoned his judicial role by issuing a search warrant for a ***physical address in Atlanta***, when the only allegation of criminal activity was tied a ***P.O. Box in Fayetteville.***  For this reason, the evidence seized from 4854 Old National Hwy should be suppressed.

Because prior defense counsel failed to raise valid issues supporting suppression, Mr. Pendergrass asks this Court to grant his motion to reconsider the denial of his motion to suppress.

Respectfully submitted this 7th day of October 2019.

>Respectfully submitted,
>*s/Saraliene S. Durrett*
>SARALIENE S. DURRETT
>GA Bar No. 837897
>Attorney for Allen Pendergrass

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served upon all counsel of record a true and correct copy of the foregoing motion by electronic filing through the Court's CM/ECF system.

This 7th day of October 2019.

Respectfully submitted,
*s/Saraliene S. Durrett*
SARALIENE S. DURRETT
GA Bar No. 837897
Attorney for Allen Pendergrass

1800 Peachtree Street, NE
Suite 300
Atlanta, GA 30309
(404) 433-0855
ssd@defendingatl.com