UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cr-00224-AT-CMS |
| ) | |
| ALLEN J. PENDERGRASS, ) | |
|     Defendant. ) | |
| _____) | |

# **DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION (DOC. 47)**

Mr. Pendergrass now files these objections to the report and recommendation issued on February 22, 2018 (doc. 47). In support whereof, he shows the following:

Prior defense counsel filed a short motion to suppress and a supplement to that motion arguing that the search warrant at issue (doc. 44-1) lacked probable cause. Docs. 26, 40. This motion was denied. Docs. 47. Defense counsel failed to file objections to the report and recommendation and it was adopted by the district court. Doc. 52. This Court has permitted present counsel leave to file objections to the report and recommendation.

Those objections follow.

## I. MR. PENDERGRASS OBJECTS TO THIS COURT'S DETERMINATION THAT THE WARRANT AT ISSUE MADE A SUFFICIENT SHOWING OF PROBABLE CAUSE.

The magistrate court held that that the Affidavit made a sufficient showing that there is a fair probability that evidence of the crimes of theft by taking and forgery would be recovered in the business location. Doc. 47 at 6. Mr. Pendergrass objects to this ruling and asserts that the warrant is faulty because it fails to allege a nexus between the place to be searched and the crime alleged and because the evidence relied upon was stale.

### A. *The warrant application failed to allege a nexus between the place to be searched and the crime alleged.*

In determining whether probable cause exists to support a search warrant, a magistrate must make "a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence or a crime will be found ***in a particular place.***" *Illinois v. Gates*, 462 U.S. 213, 238 (1983) (emphasis added). "There must be a substantial basis to conclude that the instrumentalities of the crime will be discovered ***on the searched premises***." *United States v. Lockett*, 674 F.2d 843, 846 (11th Cir. 1982) (emphasis added). "[An] affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002).

As outlined in the magistrate court's report and recommendation, APD Officer Ricks provided a sworn affidavit in support of the September 19, 2013 warrant. (Doc. 44-1.) In the affidavit, he details an investigation in to fraudulently-obtained checks that were mailed to a P.O. Box in Fayetteville, Georgia in June of 2013. The checks were issued to a company called Asset Financial Recovery, Inc. In the affidavit, the officer, with very little information to back up his claims, requests a warrant to search a physical address in Atlanta, that he believes is tied to a company called Asset Financial Recovery, LLC. He does not attempt to tie the P.O. box (the only location actually tied to a crime) to the physical address to be searched and he does not attempt to show that the P.O. box is owned, operated, or controlled by Allen Pendergrass or anyone associated with the physical address to be searched. Instead, Officer Ricks makes a giant leap from the fraudulent checks sent to the P.O. box and the physical address to be searched. It appears that Officer Ricks called Wells Fargo and obtained information in violation of the Right to Financial Privacy Act (without a warrant) and traced the checks, but the officer does not even provide sufficient information to show how he connected the checks to the *physical address* to be searched. Any argument that seeing Mr. Pendergrass' car parked outside the address to be searched **_on one occasion_** constitutes a sufficient nexus should be rejected.

Here, the officers used boilerplate language to justify a search of 4854 Old National Hwy. They did so without making any factual connection between the entity seeking checks from the City of Atlanta – *Asset Financial Recovery, Inc*. and the business located at the stated address – *Asset Financial Recovery, LLC.* Further, the checks at issue were mailed to a completely different address than the one searched. As noted in the affidavit, the checks were mailed to Post office box # 1809 in Fayetteville, Georgia 30214. Probable cause to search requires some nexus between the premises and the alleged crime. *See United States v. Jenkins,* 901 F.2d 1075, 1080–81 (11th Cir.1990). None was provided. For this reason, the evidence seized pursuant to this warrant should be suppressed. *See United States v. Green,* 634 F.2d 222, 226 (11th Cir. Unit B 1981) (finding no probable cause to search based on an agent's general assumption that evidence of a crime committed in California was likely to be found in the defendant's home in Florida).

### B. *The evidence outlined in the affidavit was stale.*

"[I]t remains a fundamental principal of search and seizure law that information furnished in an application for a search warrant must be timely, and that probable cause must be found to exist **at the time the warrant issues**." *United States v. Barscaro*, 742 F.2d 1335, 1345 (11th Cir. 1984) (emphasis added). The information in the affidavit must be fresh. *Martin*, 297 F.3d at 1314. "[T]o satisfy the probable cause standard, the government must reveal facts that make it likely

that the items being sought are in the place ***when the warrant issues.***" *United States v. Harris*, 20 F.3d 445, 450 (11th Cir. 1994) (emphasis added). Whether information is stale is determined "on the peculiar facts of each case." *United States v. Bervaldi*, 226 F.3d 1256, 1264 (11th Cir. 2000). The test for determining whether a warrant relies upon information too stale to support the issuance of the warrant includes "the maturity of the information, nature of the suspected crime (discrete crimes or ongoing conspiracy), habits of the accused, character of the items sought, and nature and function of the premises to be searched." *Harris*, 20 F.3d at 450. In the end, a "warrant application based upon stale information fails to create probable cause." *Id.*

The evidence relied upon in the September 13, 2013 warrant application was from May and June of 2013 – and it was tied to a different location than the one ultimately searched. There has been no showing that evidence of any crimes would likely be present at an entirely different location several months later. This is particularly true since the allegations were of a person receiving mail at a p.o. box and there was no allegation regarding criminal activity at another location (*i.e.*, there is no claim of observing Mr. Pendergrass involved in criminal activity at another office location only to find out that he had changed office locations to the site of the search warrant). Every allegation made was from activity that occurred several months prior at a different location. For that reason, suppression is required. *See*

*United States v. Bervaldi*, 226 F.3d 1256, 1264 (11th Cir. 2000) (The affidavit must establish that probable cause exists at the time the warrant was issued).

## II. THE LEON GOOD FAITH EXCEPTION[1] SHOULD NOT SAVE THE WARRANT IN THIS CASE.

Mr. Pendergrass also objects to the finding by the magistrate court that the good faith exception to the warrant requirement should save the faulty warrant here. *See* doc. 47 at 7-8.

Under *United States v. Leon*, 468 U.S. 897, 923 (1984), however, the "good faith" exception to the rule requiring the suppression of evidence for violations of the Fourth Amendment keeps evidence from being suppressed ***only*** when law enforcement officers obtain evidence through objective good faith reliance on a facially valid warrant that is later found to lack probable cause. *See United States v. Gonzalez*, 969 F.2d 999, 1004 n.4 (11th Cir. 1992). However, "in some circumstances the officer will have no reasonable grounds for believing that the warrant was properly issued." *Leon*, 468 U.S. at 922-923. *Leon*'s good faith exception does not apply to the following situations: (1) where the magistrate in

---

[1] It should be noted that there is no good faith exception in Georgia state courts. *See Abercrombie v. State*, 343 Ga. App. 774 (2017). As this Court knows, Mr. Pendergrass has filed a motion to dismiss based upon pre-indictment delay (doc. 90), which is based in part on the decision to prosecute Mr. Pendergrass in federal court rather than in State court. It appears the government would like to benefit from the legal distinction in how the different sovereigns apply (or do not apply) a good faith exception to search warrants.

issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his judicial role; (3) where the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where, depending upon the circumstances of the particular case, a warrant is so facially deficient that the executing officers cannot reasonably presume it to be valid. *United States v. Robinson*, 336 F.3d 1293, 1296 (11th Cir. 2003).

Here, the magistrate wholly abandoned his judicial role by issuing a search warrant for a ***physical address in Atlanta***, when the only allegation of criminal activity was tied a ***P.O. Box in Fayetteville.*** For this reason, the evidence seized from 4854 Old National Hwy should be suppressed.

For all of these reasons, Mr. Pendergrass objects to the report and recommendation issued by the magistrate court and asks this Court to grant his motion to suppress.

Respectfully submitted this 31st day of October 2019.

> Respectfully submitted,
> *s/Saraliene S. Durrett*
> SARALIENE S. DURRETT
> GA Bar No. 837897
> Attorney for Allen Pendergrass

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served upon all counsel of record a true and correct copy of the foregoing objections by electronic filing through the Court's CM/ECF system.

This 31st day of October 2019.

Respectfully submitted,  
*s/Saraliene S. Durrett*  
SARALIENE S. DURRETT  
GA Bar No. 837897  
Attorney for Allen Pendergrass

1800 Peachtree Street, NE  
Suite 300  
Atlanta, GA 30309  
(404) 433-0855  
ssd@defendingatl.com