IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALLEN J. PENDERGRASS | Criminal Action No.<br><br>1:17-CR-00224-AT-CMS |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
### MOTION FOR BILL OF PARTICULARS

The United States of America, by Byung J. Pak, United States Attorney for the Northern District of Georgia, and Jeffrey A. Brown, Assistant United States Attorney, hereby files this Response in Opposition to Defendant's Motion for Bill of Particulars. (Doc. 130). Defendant's motion should be denied because, among other things, the indictment appropriately lays out the essential facts of the offenses charged and Defendant's demands seek to improperly compel the government to provide a detailed exposition of its theory and evidence.

## I.
### PROCEDURAL BACKGROUND

On June 27, 2017, a grand jury charged the Defendant and his co-defendant, Terrell McQueen with five counts of mail fraud in violation of Title 18, United States Code, Section 1341, one count of conspiring to commit money laundering in violation of Title 18, United States Code Section, 1956(h) and four counts of

aggravated identity theft in violation of Title 18, United States Code, Section 1028A. (Doc. 1.) The speaking indictment specifically alleges that Defendant operated a mail fraud scheme in the Northern District of Georgia between an unknown date and April 2014. (*Id.*) The Government alleges that Defendant directly participated in a scheme in which he and his employees would use public/open records laws to acquire the names of individuals and companies owed outstanding monies by government agencies, including the City of Atlanta. (*Id.*) The Defendant himself, and through his employees and partners, would then mail correspondence to the government agencies, including forged power of attorney forms, fraudulently claiming that Defendant's company was the authorized agent for the rightful owner of the unclaimed funds. (*Id.*) The fraudulently obtained funds would then be deposited into bank accounts controlled by the Defendant, his employees, and conspirators, without remitting any portions of the proceeds to their rightful owners. (*Id.*)

## II.
### ARGUMENT AND CITATION TO AUTHORITY

I.   **The Purpose of a Bill of Particulars is Not to Compel the Government to Detail its Evidence or Explain Its Legal Theories.**

Rule 7 of the Federal Rules of Criminal Procedure provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It must "set forth the elements of the offense in a manner which fairly informs the defendant of the

charges against him and enables him to enter a plea which will bar prosecution for the same offense." *United States v. Elkins*, 885 F.2d 775, 782 (11th Cir. 1989). "If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge." *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998). The constitutional standard is met "by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime." *United States v. Critzer*, 951 F.2d 306, 308 (11th Cir. 1992) (citation omitted).

"A bill of particulars may not be used for the purpose of obtaining detailed disclosure of the government's case or evidence in advance of trial." *United States v. Zellner*, Criminal Action No. 1:09-CR-320-TCB-GGB, 2011 WL 530718, at *9 (N.D. Ga. Jan. 14, 2011) (citation omitted), adopted by *United States v. Chester*, Criminal Action No. 1:09-CR-320-TCB-GGB, 2011 WL 529952, at *1 (N.D. Ga. Feb. 4, 2011) (citation omitted).  Indeed, a bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused, and its purpose is not to "provide detailed disclosure before trial of the Government's evidence." *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977).  Thus, generalized discovery is not a valid reason for seeking a bill of particulars. *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir. 1981) (citations omitted); *United States v. Davis*, 582F.2d 947,

951 (5th Cir. 1978);[1] *United States v. Lefteris*, Criminal Action No. 1:16-CR-0429-LMM-RGV, Doc. 27 at 5-6 (N.D. Ga. March 15, 2017).

A bill of particulars is not a tool intended "to give the defense a roadmap to the government's case." *United States v. Leiva-Portillo*, Criminal Action No. 1:06-CR-350-WSD-LTW, 2007 WL 1706351, at * 14 (N.D. Ga. June 12, 2007) (citation omitted). Nor are they "designed to compel the government to [provide a] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Roberts*, 174 F. App'x 475, 477 (11th Cir. 2006) (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)). Importantly, a defendant is not entitled to a bill of particulars describing information available from other sources, including elsewhere in the indictment or in discovery. *United States v. Rosenthal*, 793 F.2d 1214, 1227, *modified on other grounds by*, 801 F.2d 378 (11th Cir. 1986). Denial of motions for a bill of particulars "lies within the sound discretion of the trial court and may be challenged only for abuse of that discretion. " *Colson*, 662 F.2d at 1391. "Where there is no prima facie case for disclosure, the defendant has the burden of showing by brief, affidavit or otherwise that nondisclosure would lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation." *United States v. Thevis*, 474 F.Supp. 117, 124 (N.D.Ga. 1979).

---

[1] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the *Eleventh Circuit. Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

In the instant case, Defendant has not met his burden of showing that nondisclosure would lead to prejudicial surprise or obviation of opportunities for meaningful defense preparation with respect to requests for a bill of particulars as to Counts one through five, and seven through ten.  However, the government will provide Defendant with additional information on the financial transactions that he and his co-conspirator undertook with the intent to promote the mail fraud scheme as alleged in Count six of the Indictment.

    **II.    Defendant is Not Entitled To a Bill Of Particulars Because the Indictment and Discovery Materials Provide More Than Adequate Notice of the Charges Necessary for Preparation for Trial.**

The Defendant request seeks an extraordinary level of evidentiary detail and wholesale disclosure of the Government's theories and proof of the case, despite the extensive detail in the Indictment and the voluminous discovery provided in support of the charges. In light of the detailed information already provided by the Government regarding the nature of the charges, the Defendant cannot satisfy his burden of showing that he is unable to prepare a defense without the information requested in his bill of particulars related to Counts one through five and seven through 10.

The Indictment sufficiently alleges the elements of the charged offenses and provides specific details explaining what, when, how, and even why for the offenses. The Indictment explains the scheme to defraud, and describes the

Defendants participated in and executed the scheme and provides time periods for the Defendants acts related to the scheme. Specifically, the Indictment identifies, among other things, (1) the companies the Defendant registered that were used in connection with the scheme to defraud (Doc.1 at ¶¶ 2-5); (2) Defendant operated a mail fraud scheme in the Northern District of Georgia between an unknown date and April 2014. (*Id*.); (3) Defendant mailed and emailed requests to government agencies throughout the United States requesting lists of unclaimed funds (*Id*. at¶6); (3) Defendant and others would mail correspondence and limited power of attorney forms to government agencies fraudulently claiming that Defendant's company was the rightful owner of the unclaimed funds (*Id*.); (4) Defendants fraudulently used actual names and forged signatures of the rightful owners of the unclaimed funds (*Id*.); (5) Defendant established bank accounts with various financial institutions were fraudulently obtained funds were deposited (Id.); and (6) Defendant used the name and forged signature of victims listed by their initials in counts seven through 10 of the Indictment to effectuate the scheme. (*Id*. at ¶ ¶ 10-17).

    Moreover, the discovery provided to the Defendant included computer records showing forged power of attorney documents, business records and correspondence that detail the fraudulent scheme alleged in the Indictment, as well as witness interviews. In addition, discovery includes bank records reflecting the deposit of fraudulently obtained proceeds into bank accounts, including surveillance photographs showing Defendants at a bank teller window

depositing fraudulently obtained funds. The bank records provided in discovery show Defendant's was often the only registered signer on the accounts in which stolen funds were deposited. The bank records also show that Defendant controlled the bank accounts in which stolen funds were deposited, including signing checks that withdrew stolen funds from his businesses' bank accounts. Therefore, the Indictment and discovery provides all of the necessary detail that Defendant needs to prepare for trial and avoid surprise related to mail fraud and aggravated identity theft counts charged in the Indictment.

### III. Defendant's Requests Relating to Mail Fraud and Aggravated Identity Thefts Improperly Seek a Detailed Exposition of the Evidence and Explain the Government's Legal Theories.

Defendant's requests seek nothing more than impermissible disclosure by the government as to its theory regarding certain evidence already in his possession. *See Roberts*, 174 F. App'x. at 477 (holding that a bill of particulars "is not designed to compel the government to [give a] detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial."). Despite the breadth and detail of the information provided to Defendant in the indictment and discovery, Defendant improperly seeks a detailed roadmap into the government's case and specifically requests that the government outline which Defendant forged documents and transferred, possessed and used the means of identification and how Defendant aided and abetted the alleged conduct. The requested information is beyond the proper scope of a bill of particulars. *See*

*United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977) (citations omitted) ("The purpose [of a bill of particulars] is not to provide detailed disclosure before trial of the Government's evidence."); *United States v. Esteves*, 886 F. Supp. 645, 646 (N.D. Ill. 1995) (evidentiary detail sought by defendant beyond proper scope of bill of particulars); *United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994)(citations omitted) (requests to know the "whens," "wheres," and "with whoms" of acts alleged are routinely denied); *United States v. Lobue*, 751 F. Supp. 748, 756 (N.D. Ill. 1990) ("Requests for . . . evidentiary details as to when and where conversations took place are not within the scope of a bill of particulars."); *United States v. White*, 50 F.R.D. 70, 71-72 (N.D. Ga. 1970).

Defendant has failed to specify how the additional details he seeks in these requests are necessary to enable him to prepare his defense, avoid surprise, or plead double jeopardy in a subsequent proceeding. *See United States v. Gorel*, 622 F.2d 100, 104 (5th Cir. 1979). Instead, he argues without citing any controlling authority that the "lack of clarification regarding his actual role in the alleged crimes and his connection to Mr. McQueen's actions make it impossible to defendant against current allegations." (Doc. 130 at 3). "[T]here is a difference between being surprised by the charge and being surprised by the evidence supporting a charge," and the "function of the bill of particulars is to reduce surprise at the charge, that is, to enable the defendant[s] to identify what [they are] alleged to have done in violation of law." *United States v. Slawson*, Criminal Case No. 1:14–CR–00186–RWS–JFK, 2014 WL 5804191, at *13 (N.D. Ga. Nov. 7,

2014) (first alteration in original) (emphasis, citation, and internal marks omitted). And, "[i]t is not to eliminate surprise with respect to evidence offered in support of a charge that is clearly understood by the defendant[s]." *Id.* (citation and internal marks omitted). Defendant's requests "seek evidentiary detail– in light of the information already set forth in the indictment– that is [simply] not appropriate in a bill of particulars." *Id.*

Furthermore, when bill of particulars are sought with respect to "events in which one or more of the defendants participated, or which occurred in one or more of the defendants' presence[,] [t]he Eleventh Circuit has held that this sort of information need not be furnished in a bill of particulars." *United States v. Williams*, 113 F.R.D. 177, 179 (M.D. Fla. 1986) (footnote and citations omitted); *see also United States v. Griesbeck*, No. 10-20108-BC, 2011 WL 528579, at *4 (E.D. Mich. Feb. 8, 2011) (internal marks omitted) (finding defendant was not entitled to information regarding the "precise nature, character and circumstances of any words uttered or acts engaged in" by him). The requested bill of particulars relate to activities in which the Defendant participated and he has failed to demonstrate that he is entitled to the precise information he seeks.

Finally, Defendant improperly cites *United v. Cole*, 755 F.2d 748, 760 (11th Cir. 1985) as the lone case supporting his request for detailed information on which aider and abettor committed specific acts, including forging signatures or mailing fraudulent correspondence. In *Cole*, the Court held that the district court's refusal to grant requested bill of particulars did not constitute reversible

error because "the evidence presented in this case consisted of testimony of conversations and activities in which appellants, Howard Masters and B.K. Taylor, participated, appellants were not surprised by the testimony of witnesses who were present during the conversations and who were joint participants in the illegal activity . . . and appellants have not shown that the government's failure to provide a bill of particulars resulted in surprise or prejudice at trial." 755 F.2d at 760-761. In fact, this Court should use the same reasoning to deny Defendant's requests because Defendant is charged as a joint participant in the criminal conduct and has not shown how a failure to grant his request will result in surprise or prejudice at trial.

## III.
### CONCLUSION

For the reasons stated above, the Court should deny Defendant's motion for bill of particulars. (Doc. 130).

Dated:  November 1, 2019

>Respectfully submitted,
>
>BYUNG J. PAK
>*United States Attorney*
>
>/s/JEFFREY A. BROWN
>*Assistant United States Attorney*
>Georgia Bar No. 088131
>Jeffrey.A.Brown@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

10

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Saraliene S. Durrett
Counsel for Defendant Allen J. Pendergrass

November 1, 2019

*/s/ Jeffrey A. Brown*

Jeffrey A. Brown

*Assistant United States Attorney*