IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALLEN J. PENDERGRASS | Criminal Action No.<br><br>1:17-CR-00224-AT-CMS |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO DISMISS INDICTMENT AS TO COUNT SIX

The United States of America, by Byung J. Pak, United States Attorney for the Northern District of Georgia, and Jeffrey A. Brown, Assistant United States Attorney, hereby files this Response to Defendant's Motion to Dismiss Indictment as to Count Six. (Doc. 131).

### I.
### LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3)(B) allows a defendant to challenge the legal sufficiency of an indictment. Fed. R. Crim. P. 12(b)(3)(B). "An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the Indictment as a bar against double jeopardy for any subsequent prosecution for

the same offense." *United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011). "Each count of an indictment must be regarded as if it were a separate indictment and must stand on its own content without dependence for its validity on the allegations of any other count not expressly incorporated." *United States v. Durrett*, No. 1:10-CR-134-WSD, 2011 U.S. Dist. LEXIS 152290, at *5 (N.D. Ga. Oct. 31, 2011) (*citing Schmitz*, 634 F.3d at 1261). "Nevertheless, factual allegations of one count can inform the meaning of factual allegations of another count." *Durrett*, 2011 U.S. Dist. LEXIS 152290, at *5 (*citing Schmitz*, 634 F.3d at 1263 n.10). "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006).

## II.
### ARGUMENT AND CITATION TO AUTHORITY

**<u>Count Six, which charges conspiracy to commit money laundering, is legally sufficient.</u>**

Count six charges Defendant with conspiring to commit money laundering. The charge of conspiracy in violation of Title 18, United States Code, Section 1956(h) has two elements: "(1) two or more people agreed to try to accomplish a common and unlawful plan to violate [18 U.S.C. § 1956 or 1957]; and (2) the Defendant knew about the plan's unlawful purpose and voluntarily joined in it."

*See United States v. Dohan*, 508 F.3d 989 (11th Cir. 2007); *United States v. Martinelli*, 454 F.3d 1300, 1310 (11th Cir. 2006); *see also* Eleventh Circuit Pattern Jury Instructions (Criminal Cases) 74.5 (2019). Paragraphs 2 through 6 and paragraph 9 of the Indictment present the essential elements of a conspiracy. The Indictment:

- Identifies an agreement between Defendants to use the mail to obtain lists of unclaimed funds. (Doc. 1 ¶ 2.)

- Identifies Defendants' use of fraudulent documents to obtain unclaimed funds. (*Id.*)

- Identifies the relevant statutes, 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(h). (*Id.* at ¶ 9.)

- Provides a date range for the conspiracy—beginning on a date unknown and continuing until in or about April 2014. (*Id.*)

- Alleges that Defendant conducted financial transactions knowing that money involved in those financial transactions represented the proceeds of some form of illegal activity. (*Id.*)

- Alleges the locale of the conspiracy—"in the Northern District of Georgia and elsewhere." (*Id.*)

An indictment for conspiracy to commit a criminal offense is legally sufficient where, as is true here, it "sets forth the essential elements of the offense, identifies the co-conspirators and the object of the conspiracy, the time span of the conspiracy, and the locale of the conspiracy." *Durrett*, 2011 U.S. Dist. LEXIS 152290, at *9; *United States v. Wayerski*, 624 F.3d 1342, 1350 (11th Cir. 2010) (explaining that defendant was adequately informed of conspiracy charge where indictment referred to statute upon which the charge was based, tracked the wording of statute, named co-conspirators, and alleged time and place of predicate violations).

Count six of the Indictment is legally sufficient as Defendant admits it contains the necessary elements of the charged offense. (Doc. 131 at 5). Next, the Indictment notifies Defendants of the charges to be defended against, in that it directly relates to Defendant's financial transactions of funds obtained by the mail fraud scheme described in paragraphs two through six of the Indictment. Moreover, in paragraph 6E, the Indictment alleges that Defendants "deposited fraudulently obtained funds into bank accounts they controlled and withdrew funds for personal benefit without returning the proceeds to the rightful owners." Therefore, there is no credible argument that Defendant is not on notice

of the charges to be defended against. Finally, count six of the Indictment enables the Defendant to rely upon a judgement as a bar against double jeopardy or for a subsequent prosecution for the same offense. Because count six of the offense relates to specific financial transactions related to the described mail fraud scheme, there is no credible concern that a conviction on count six would not bar against double jeopardy or any subsequent prosecution for the same offense.

Defendant argues that count six is insufficient because the Indictment "does not contain any factual description as to what actions taken by any of the defendants constituted money laundering." (Doc. 131 at 5). First, Defendant does not cite a single case standing for the proposition that an Indictment or count therein should be dismissed because it did not contain a factual description of specific actions Defendant undertook in a money laundering conspiracy. Moreover, a plain reading of the Indictment shows that the Indictment does contain a factual description of Defendants' actions that constituted money laundering, namely any financial transactions Defendants undertook with proceeds of the mail fraud scheme alleged in Counts one through five to promote the scheme. As noted above, the indictment alleges specific financial transactions that Defendants undertook, including "deposit[ing] fraudulently obtained funds

into bank accounts they controlled and withdrew funds for personal benefit without returning the proceeds to the rightful owners." (Doc. 1 at ¶ 6E). Finally, the government has agreed to provide additional information on the financial transactions in which the Defendants engaged to promote the mail fraud scheme. Therefore, this Court should find that count six of the Indictment is legally sufficient and deny Defendant's motion to dismiss.

### III.
### CONCLUSION

For the reasons stated above, the Court should deny Defendant's motion to dismiss at to Count Six of the Indictment. (Doc. 131).

Dated:  November 1, 2019

                                          Respectfully submitted,

                                          BYUNG J. PAK
                                             *United States Attorney*

                                        /s/JEFFREY A. BROWN
                                              *Assistant United States Attorney*
                                          Georgia Bar No. 088131
                                          Jeffrey.A.Brown@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Saraliene S. Durrett
Counsel for Defendant Allen J. Pendergrass

November 1, 2019

/s/ Jeffrey A. Brown
Jeffrey A. Brown

*Assistant United States Attorney*