UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cr-00224-AT-CMS |
| ) | |
| ALLEN J. PENDERGRASS, ) | |
|     Defendant. ) | |
| _____) | |

**DEFENDANT'S SUPPLEMENT TO MOTION TO DISMISS INDICTMENT PURSUANT TO
THE FIFTH AND SIXTH AMENDMENT (PRE-INDICTMENT) (Doc. 90)**

Comes now Defendant Allen Pendergrass, by and through undersigned counsel, and files this supplement to his motion to dismiss pursuant to the speedy trial clause of the Sixth Amendment and his due process rights as outlined in the Fifth Amendment. Mr. Pendergrass asserts that the failure to bring federal charges in this district when he was initially arrested by federal and state officials in September 2013 was a result of a calculated decision to permit his prosecution in multiple districts for related events and to gain tactical advantage by depriving him of the opportunity to interview witnesses and collect evidence in 2013, before staffing changes and a recent hacking event rendered the collection of evidence and interviewing of witnesses from the APD and city of Atlanta more difficult for the defense.

Mr. Pendergrass asks that a hearing be held, at which employees of the Fulton County District Attorney's Office and the Atlanta Police Department can testify and explain the timing of their investigation and "prosecution" of Mr. Pendergrass.

As outlined in the magistrate court's report and recommendation (doc. 47), the investigation into this case started in 2013. A search warrant was issued at Asset Financial Recovery, LLC on September 19, 2013. Atlanta Police Department officer Douglas Ricks provided the sworn affidavit for the warrant. There, he detailed allegations of fraud committed against the City of Atlanta by Asset Financial Recovery and Guishard, Wilburn, & Shorts, LLC, businesses which Mr. Pendergrass operated and for which he served as a registered agent.

The allegations in the APD affidavit mirror those that were eventually included in the indictment in this case in June of 2017 (*i.e.,* that Mr. Pendergrass and others defrauded the City of Atlanta by claiming to represent individuals and businesses who were awaiting payment from the city related to various issues, but that when the funds were recovered, they were put to personal use by Mr. Pendergrass and others involved in the alleged scheme).

Mr. Pendergrass was arrested on September 19, 2013, and held in connection with Fulton County Superior Court case number 13CP139937 until he was released on bond on October 4, 2013. (*See* doc. 90, Ex. A, Fulton County docket, Ex. B, bond order, Ex. C, arrest warrant.) He was released from Fulton County pretrial

supervision for lack of prosecution on April 3, 2014.  (*See* doc. 90, Ex. D, release from pretrial services.)

On January 30, 2014, Mr. Pendergrass was charged in the Southern District of Ohio with crimes arising out of his operating Guishard, Wilburn & Shorts.  See *US v. Pendergrass*, 2:14-CR-21; doc. 90, Ex. E, Ohio indictment.)  At the same time, he was also being investigated and prosecuted in Fort Collins, Colorado for similar conduct to that alleged in this case.  Atlanta Police Office Douglas Ricks was the main law enforcement witness in ***all*** cases against Mr. Pendergrass.  Mr. Pendergrass was later convicted and sentenced in federal court in Ohio.  His projected release date from federal prison was August 28, 2017.  Ex. F, attached.

On or about November 3, 2016, BOP case managers sought Mr. Pendergrass' release to a Residential Reentry Center ("RRC") or a halfway house, but this request was denied based upon the pending charges in Fulton County. Ex. G, attached.  (As shown below, the Fulton County District Attorney's Office has recently noted that the case was "mistakenly" listed as open in the Odyssey system as recently as November 2019.)

Mr. Pendergrass was indicted in the present case on June 27, 2017.  Doc. 1. He was then brought to this district while still in custody for his federal case out of Ohio.

On January 29, 2019, Mr. Pendergrass filed a motion to dismiss the indictment based upon the facts outlined above. Doc. 90. On March 29, 2019, present counsel received "supplemental discovery" from the government via email. In the emailed file, there are emails showing that the Fulton County District Attorney's Office was in contact with AUSA Jeff Brown in May 2014 (less than a month after Mr. Pendergrass had been released from Fulton County pretrial release at the insistence of the pretrial release staff because he had yet to be indicted in State court). See Ex. H, attached. The Fulton case then remained open until November 2019, despite the fact that it appears no charges were being considered.

On October 10, 2019, counsel for Mr. Pendergrass sent subpoenas to the Fulton County District Attorney's Office and the Atlanta Police Department for records related to their investigations of Mr. Pendergrass. The court granted counsel time to supplement the motion to dismiss (doc. 90) based on any evidence recovered from these subpoenas. Docs. 128, 129.

On November 15, 2019, counsel received notice from the Fulton County District Attorney's Office stating that they "were unable to locate any records relating to Mr. Pendergrass." Ex. I, attached. ***This is true despite the same office having had an open case involving Mr. Pendergrass for more than 6 years.*** On the same date, the Fulton County District Attorney's Office notified the Court as follows: "With regard to the above-referenced subpoena, I regret to inform you that

this office is not in possession of any records responsive to same. This case is mistakenly listed as "open" in the court's online case management system "Odyssey". We filed a Decline form with the court clerk yesterday to have that corrected to show that the case is now closed." Ex. J, attached. The Fulton County District Attorney's response supports Mr. Pendergrass' claim that the state "prosecution" was a mere place holder for the federal prosecution and that there was never any intent to commence a Fulton County prosecution of Mr. Pendergrass. For that reason, the time from Mr. Pendergrass' arrest by the state and federal task force in September 2013 should weigh heavily in this Court's Constitutional delay calculations. Counsel for the Fulton County District Attorney's Office did not respond when present counsel asked **when** the files related to Mr. Pendergrass were disposed of and **when** the case should actually have been closed.

On December 4, 2019, counsel received notice from the Atlanta Police Department that APD had previously "provided the US Attorney with their only copy of this file." Ex. K, attached. The APD response supports Mr. Pendergrass' claim that the state court "prosecution" was merely a ruse to ensure that Mr. Pendergrass continued under state supervision pending the federal indictment, thereby permitting federal prosecutors to avoid any speedy trial issue that might arise with the delay while ensuring Mr. Pendergrass would remain ineligible for halfway house placement prior to indictment in this district.

5

To facilitate compliance with the 2019 subpoena, the APD file was returned to the APD by the US Attorney's Office for the Northern District of Georgia in December 2019 and subsequently provided to the court.  The "file" consists of 2 spiral bound notebooks with numerous loose pages and one jump drive.  There are no page numbers or index or any way to conclude that the file was in fact complete.  Counsel for ADP did not respond when present counsel asked **when** the APD file was originally turned over to the US Attorney's Office.

Although requested in the subpoena, the Fulton County District Attorney's Office did not provide emails, records of calls, notes, memoranda, or other documents showing communication between the Fulton County District Attorney's Office (or its representatives) and the United States Attorney's Office for the Northern District of Georgia (or its representatives including Jeff Brown) regarding Allen Pendergrass and the potential prosecution of Mr. Pendergrass, and/or related to case number 13CP139937.

Although requested in the subpoena, the APD did not provide any notes, memoranda, emails, or other documents to or from Officer Ricks regarding the decision to prosecute Allen J. Pendergrass, Terrell McQueen, Asset Financial Recovery, and/or Guishard, Wilburn, and Shorts, LLC, in any federal courts or in the state of Georgia or any other state.  Counsel for the APD did confirm that some emails cannot be recovered due to the recent cyber-attack.  Ex. L, attached.  Mr.

Pendergrass has previously asserted that he is prejudiced by the delay in this case because electronic evidence may have been lost due to the recent cyber-attack.

Mr. Pendergrass asserts that a hearing is necessary to so that APD and Fulton County employees can be questioned under oath about the documents that were not provided and about the timing of and reasoning behind the decision to prosecute him in the Northern District of Georgia as opposed to Fulton County.

For all of these reasons, Mr. Pendergrass asserts that an evidentiary hearing should be held on the present motion and then the indictment in this case should be dismissed with prejudice.

Respectfully submitted this 16th day of December 2019.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
Counsel for Mr. Pendergrass

**CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date electronically filed the foregoing supplement to motion to dismiss with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

All Defense Counsel

All AUSAs of record

This 16th day of December 2019.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
Counsel for Mr. Pendergrass