IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ALLEN PENDERGRASS, | CRIMINAL ACTION<br><br>NO. 1:17-cr-224-AT-CMS |

# **O R D E R**

Currently pending before the Court is a motion to dismiss all charges based on pre-indictment delay. [Doc. 90]. Having reviewed the arguments presented in the motion and the government's response, it is apparent that oral argument would assist the Court in reaching a recommendation regarding the disposition of this motion. Oral argument is hereby set for **Wednesday, February 5, 2020, at 10 a.m.** At that hearing, the government should be prepared to advise the Court regarding:

- when it learned that Fulton County did not intend to pursue a case against Mr. Pendergrass;[1]

---

[1] In an email dated November 15, 2019, in connection with a subpoena that Mr. Pendergrass had served, a representative of Fulton County emailed my Chambers, stating: "I regret to inform you that this office is not in possession of any records responsive to [the subpoena]. This case is mistakenly listed as 'open'

- the date that that government received the file from the state law enforcement officers;[2] and

- whether the government was aware in November 2016 that Mr. Pendergrass would not be allowed to go to a halfway house because of pending charges in the Fulton County.[3]

Both sides should be prepared to address whether any court has done what Mr. Pendergrass asks this Court to do, i.e., determine that his Sixth Amendment speedy trial rights attached at the time he was arrested by state law enforcement

---

in the court's online case management system 'Odyssey.' We filed a Decline form with the court clerk yesterday to have that corrected to show that the case is now closed." [Doc. 143-5].

[2] On December 4, 2019, in connection with another subpoena, a representative of the City of Atlanta emailed defense counsel, stating: "I have followed up with APD and have been advised that they are working to secure the return of [the] hard copy file they provided to the US Attorney in this matter so that they may comply with the subpoena as instructed. They have advised that they provided the US Attorney with their only copy of this file." [Doc. 143-6].

[3] On November 3, 2016, the Federal Bureau of Prisons sought Mr. Pendergrass's release to a halfway house. [Doc. 143-2 at ex. G]. According to defense counsel, the request was denied because of the pending charges in Fulton County—charges that apparently Fulton County had decided not to pursue.

officers on state charges. Counsel should also be prepared to discuss the Fifth Amendment due process issues, particularly the caselaw cited in the briefs.

**SO ORDERED**, this 21st day of January, 2020.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE