IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALLEN PENDERGRASS | CRIMINAL ACTION<br><br>NO. 1:17-cr-224-AT-CMS |

## NON-FINAL REPORT AND RECOMMENDATION AND ORDER

On June 27, 2017, a federal grand jury in the Northern District of Georgia returned a ten-count indictment in this case against Defendant Allen Pendergrass and his co-defendant Terrell McQueen, charging them with mail fraud, with being part of a money laundering conspiracy, and with aggravated identity theft. [Doc. 1]. McQueen pled guilty in July 2018. [Doc. 59].

Currently pending before the Court are a motion for a bill of particulars [Doc. 130] and a motion to dismiss Count Six for lack of sufficient detail [Doc. 131].[1] For the reasons that follow, I will deny the motion for a bill of particulars, and I will recommend that the motion to dismiss Count Six be denied.

---

[1] There are two other pending motions before me: Defendant's Amended Motion for 404(b) Information [Doc. 73], which will be deferred to the district

Both pending motions address the pleading standards for federal court indictments. The United States Constitution provides that in all prosecutions, "the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. CONST. amend. VI. The Federal Rules of Criminal Procedure provide additional guidance, requiring that an indictment "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c)(1). In interpreting these standards, the Eleventh Circuit has held that an indictment is sufficient if it tracks the wording of the statute, so long as the language sets forth the essential elements of the crime. See United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992). In ruling on a motion to dismiss an indictment for failure to state an offense, "[t]he sufficiency of a criminal indictment is determined from its face." Id.; see also United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006) (reversing a trial court's post-trial dismissal where the court considered the evidence that had been presented at trial).

Even if an indictment survives a motion to dismiss, a defendant may still be entitled to additional detail from the government through a bill of particulars, a

---

judge, and a motion to dismiss all charges based on pre-indictment delay [Doc. 90], which I have set for oral argument on February 5, 2020.

procedure authorized by Rule 7(f) of the Federal Rules of Criminal Procedure. A district court should require the government to file a bill of particulars where it is necessary "(1) to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense; (2) to minimize surprise at trial; and (3) to enable the defendant to plead double jeopardy in the event of a later prosecution for the same offense." United States v. Warren, 772 F.2d 827, 837 (11th Cir. 1985).

### *Counts One through Five*

Counts One through Five of the indictment allege a mail fraud scheme whereby Defendant and McQueen made fraudulent claims to various governmental agencies for unclaimed funds, using companies that purported to be in the business of identifying unclaimed funds held by local and state governments and returning those funds to the rightful owners, for a fee. [Doc. 1 ¶¶ 2–5]. The indictment alleges that the defendants identified some unclaimed funds held by the City of Atlanta, fraudulently obtained those funds, and used them for their own personal benefit, without returning the proceeds to the rightful owners. [Doc. 1 ¶ 6].

The indictment includes details about the scheme including that the defendants, acting on their own or through one of their companies, would send requests to local, county, and state government offices throughout the United

3

States seeking lists of unclaimed funds. [Doc. 1 ¶ 6]. They would then mail correspondence to the government agencies along with forged limited power of attorney forms, fraudulently claiming that their company was the authorized agent for the rightful owner of the unclaimed funds. [Id.]. Upon receiving the funds, the defendants would keep the money and not return it to the rightful owners. [Id.]. The indictment alleges that as part of the scheme, five checks from the City of Atlanta Finance Department were mailed during a two-month period between April and May 2013; each of the five checks corresponds with one count, i.e., Counts One through Five. [Id. ¶ 7]. Defendant moves for a bill of particulars with respect to Counts One through Five, arguing that the indictment fails to explain his particular role with sufficient precision to allow him to prepare his defense. [Doc. 130 at 2]. He states that it is unclear which of the two defendants is alleged to have forged signatures and which one allegedly mailed documents in connection with the scheme. [Id.].

"The elements of the offense covered by the mail fraud statute are: (1) intention to defraud; and (2) execution of the intention by use of the mails." See Kreuter v. United States, 218 F.2d 532, 533 (5th Cir. 1955). These elements were clearly charged in Counts One through Five. Defendant has presented no meaningful argument that a bill of particulars is necessary to inform him of the

charge against him with sufficient precision to allow him to prepare his defense, to minimize any surprise at trial, or to enable him to plead double jeopardy in the event of a later prosecution for the same offense. Defendant's request seeks a level of evidentiary detail beyond what is required, and he has cited no caselaw supporting his position, other than that cited in the portion of his brief setting out the legal standard. [Doc. 130]. Moreover, the government states in its response that it has provided Defendant with "voluminous discovery" that is more than sufficient to prepare a defense, and the government cites numerous cases in support of its position that a bill of particulars is not warranted with respect to the mail fraud counts. [Doc. 138 at 7–10]. Defendant did not file a reply brief or otherwise contest the government's position regarding the discovery that has been provided. I conclude that a bill of particulars is not warranted with respect to Counts One through Five. See United States v. Holzendorf, 576 F. App'x 932, 935–36 (11th Cir. 2014) (affirming denial of motion for a bill of particulars seeking details of the alleged fraudulent scheme because the indictment described the nature of the fraudulent scheme, and the information sought was already available from other sources).

### Count Six

In Count Six, the government alleges a money laundering conspiracy, in violation of 18 U.S.C. 1956(h):

> Beginning on a date unknown and continuing until in or about April 2014, in the Northern District of Georgia and elsewhere, the defendants, ALLEN J. PENDERGRASS and TERRELL MCQUEEN, did knowingly and willfully combine, conspire, and agree with each other and others, both known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, with the intent to promote the carrying on of a unlawful activity, that is, mail fraud, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

[Doc. 1 at 5].  Defendant moves to dismiss this count or, alternatively, for a bill of particulars, arguing that this count does not contain any factual description as to what actions taken by any of the defendants constituted money laundering, what agreement there was between the parties, and what actions he is alleged to have taken with the intent to promote mail fraud.  [Doc. 131 at 5; Doc. 130 at 2].

After Defendant filed his motions, the government filed a Bill of Particulars with respect to Count Six.  [Doc. 140].  In the Bill of Particulars, the government clarifies that Count Six is premised on the behavior outlined in Counts One through Five.  [Id. ¶ 1].  The government also references bank records that had

been provided in discovery that show specific transactions on May 15, 2013, May 16, 2013, June 20, 2013, including specific transaction amounts and bank account numbers. [Id. ¶ 2]. Finally, the government also referenced specific purchases made from a specific bank account number in July and August 2013. [Id. ¶ 3]. According to the government, this disclosure is sufficient to allow Defendant to defend against the allegations in Count Six. Defendant did not file a reply to either his motion for a bill or particulars or to his motion to dismiss Count Six.

The elements of a money laundering conspiracy are: (1) an agreement between two or more persons to commit a money-laundering offense; and (2) knowing and voluntary participation in that agreement by the defendant. United States v. Castronuovo, 649 F. App'x 904, 911 (11th Cir. 2016). "To convict a defendant of a money-laundering offense under [18 U.S.C.] § 1957, the government must prove: (1) that the defendant knowingly engaged or attempted to engage in a monetary transaction in criminally derived property of a value greater than $10,000; and (2) that the property is derived from specified unlawful activity." See United States v. Molina, 413 F. App'x 210, 213 (11th Cir. 2011). As drafted, the allegations in Count Six appear to meet the bare minimum pleading requirements because they track the language of the statute.   Therefore, I will

recommend that the motion to dismiss be denied.  See United States v. Adkinson, 135 F.3d 1363, 1375 n.37 (11th Cir. 1998) ( "An indictment need do little more than track the language of the statute charged to be sufficient.").

Defendant's alternative motion for a bill of particulars as to this count is now moot, in light of the government's filing of the Bill of Particulars.  The indictment, when viewed in conjunction with the government's Bill of Particulars, clearly informs Defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize any surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.  See Warren, 772 F.2d at 837.  Accordingly, the motion for a bill of particulars with respect to Count Six will be denied as moot.

### *Counts Seven through Ten*

In Counts Seven through Ten, the indictment alleges that Defendant and McQueen, aided and abetted by each other and others known and unknown to the grand jury, committed identity fraud.  Defendants are accused of unlawfully transferring, possessing, and using the name and signature of "S.J." (Count Seven), "L.C." (Count Eight), "J.B." (Count Nine), and "F.A." (Count Ten). [Doc. 1 at 6–8].  In his motion for a bill of particulars, Defendant argues that the government should inform him as to which of the two defendants actually transferred,

possessed, and used the information. And, to the extent Defendant is not the person who actually transferred, possessed, and used the information, Defendant wants the government to explain how it believes he allegedly aided and abetted the identity theft. [Doc. 130 at 3].

As with his challenge to Counts One through Five, Defendant has failed to explain why the added detail he seeks is necessary to enable him to prepare his defense, avoid surprise, or plead double jeopardy in a subsequent proceeding. Notably, Defendant does not claim ignorance of the actual identity of the four victims—S.J., L.C., J.B., and F.A.—nor does he seek information regarding the manner that these people's names and signatures were misused. It appears that he has this information in the discovery that the government provided to him, even though I have not seen it. According to the government, the discovery provided included computer records showing forged power of attorney documents, business records and correspondence that detail the fraudulent scheme, witness interviews, bank records reflecting the deposit of fraudulently obtained proceeds into bank accounts, and surveillance photographs showing Defendant at a bank teller window depositing fraudulently obtained funds. [Doc. 138 at 6–7]. Moreover, the government states that the bank records provided in discovery show that Defendant was often the only registered signer on the accounts into which the stolen funds

were deposited and that he controlled those accounts. [Id. at 7]. Defendant did not file a reply brief or otherwise attempt to contest these assertions. Under these circumstances, I conclude that Defendant is not entitled to a bill of particulars with respect to Counts Seven though Ten.

For the reasons stated, Defendant's Amended Motion for 404(b) Information [Doc. 73] is **DEFERRED** to the district judge. Defendant's motion for a bill of particulars [Doc. 130] is **DENIED**. I **RECOMMEND** that Defendant's motion to dismiss Count Six [Doc. 131] be **DENIED**. Defendant's motion to dismiss based on pre-indictment delay [Doc. 90] remains pending.

**SO ORDERED AND RECOMMENDED**, this 22nd day of January, 2020.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE