IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT |
| | : | |
| ALLEN J. PENDERGRASS, | : | NO. 1:17-CR-224-AT-LTW |
| | : | |
| | : | |
| Defendant. | : | |

# **ORDER**

This case arises on Defendant Allen Pendergrass's ("Mr. Pendergrass") Motion to Dismiss Indictment.  (Doc. 90.)  The Magistrate Judge has issued a Report and Recommendation ("R&R") that recommends the denial of the motion.  (Doc. 152). The Defendant in turn has filed objections to the R&R that are now before this Court.   (Doc. 152.).

Mr. Pendergrass was initially indicted with his co-defendant Terrell McQueen on June 27, 2017. (Doc. 1.) The indictment charged Pendergrass with five counts of mail fraud, four counts of aggravated identity theft, and one count of participating in a money laundering conspiracy. The Government does not dispute "that the conduct for which the Atlanta Police Department ("APD") arrested Pendergrass for in September 2013 is the same conduct that forms the factual basis of the instant federal indictment."  (Doc. 152 at 6-7.)  However, Mr. Pendergrass was never indicted on any state charges.

The Defendant's Motion seeks the dismissal of the indictment based on allegations that the Government violated Defendant's Fifth Amendment right to due process and Sixth Amendment right to a speedy trial. (Doc. 90.)

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a de novo basis and any non-objected portion on a "clearly erroneous" standard. Accordingly, the Court has reviewed the Defendant's motion on a de novo basis as Defendant's objections go to the essence of the Magistrate Judge's evidentiary and legal analysis supporting the R&R's conclusions.

The Court agrees with the Magistrate Judge's overall legal analysis, findings, and recommendation both as to Defendant's claim that the Government's prosecution violated his Fifth Amendment due process rights as to the timely initiation and conduct of a trial free from prejudicial tactical manipulation and his Sixth Amendment right to a speedy trial. The Court finds that no further discussion of the Magistrate Judge's findings and recommendations regarding the Sixth Amendment issues raised is necessary as Defendant's objections simply are not legally viable.

Defendant makes a colorable but insufficiently persuasive allegation of prejudice in connection with his Fifth Amendment due process claim. Specifically, he focuses particularly on the Government's allegedly unfairly

2

prejudicial actions in connection with the prosecution of this case. First, the Government waited until 2017 to obtain an indictment against Defendant even though federal law enforcement officers had earlier accompanied Atlanta Police Department ("APD") detectives in 2013 during APD's investigation when detectives executed a search warrant for Defendant's business based on his alleged fraudulent transactions involving the City of Atlanta. Mr. Pendergrass was arrested by APD officers on September 19, 2013, when the search was conducted. He stayed in state custody until he was released on bond on October 4, 2013. Yet no state charges were ever brought. Second, the U.S. Attorney's Office waited to indict Defendant on these City of Atlanta related fraud offenses until after Defendant's completion of his sentence in 2017 for other fraud offenses for which he was indicted on January 30, 2014, in the U.S. District Court for the Southern District of Ohio.[1] The Court understands that this facially might appear a peculiar or suspect sequence of events, as Defendant alleges. But the reality is that Mr. Pendergrass was simultaneously facing potential separate and distinct criminal charges in the Southern District of Ohio and Northern District of Georgia in the same time frame. The federal prosecutors in Ohio moved more quickly. The Government in the instant case secured a grand jury indictment here on June 27, 2017, shortly before Defendant was released from federal custody on his Ohio conviction and within the statute of limitations for the charged offenses. The Government's determination to wait to pursue the

---

[1] United States v. Allen J. Pendergrass, Case No. 2:14-cr-21 (S.D. Ohio).

indictment in this jurisdiction until Defendant's release from his sentence on the Ohio charges simply by itself does not constitute bad faith, even though it technically could have proceeded while Defendant was incarcerated on the Ohio criminal offenses.

Defendant contends he has suffered prejudice in his trial preparations both from this sequence of events and the passage of time in combination with his weakening memory, witness availability, and the destruction of a swath of City of Atlanta records resulting from third party hacking of City of Atlanta data systems. But he has not presented any specific and concrete evidence as to prejudice or as to bad faith tactical maneuver on the part of the Government that would warrant the Court authorizing an exploratory evidentiary hearing under these circumstances. The Court is prepared to address any issues posed by the loss of City records or witnesses through requested jury instructions and appropriate pretrial measures to be discussed with counsel. And of course, if Defendant's memory and capacity to testify is indeed impaired by his age or disease, such evidence might conceivably be introduced as relevant. In sum, the Court finds that the Magistrate Judge's analysis and disposition of Defendant's Fifth Amendment due process claim are correct.

Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R (Doc. 152) and **DENIES** Defendant's Motion to Dismiss Indictment (Doc. 90).

The Court hereby sets the trial date for defendant Allen J. Pendergrass to begin on August 30, 2021, at 9:30 AM in Courtroom 2308. Voir dire will be held

on Friday, August 27, 2021, at 9:30 in Courtroom 2306. The pretrial conference is set for August 18, 2021, at 10:30 AM in Courtroom 2308. Defendants are required to attend the pretrial conference or present a written waiver of his attendance. By July 14, 2021, the parties are to file any motions in limine and proposed voir dire questions. By July 14, 2021, the Government is to file a summary of the indictment for use in voir dire.  By July 28, 2021, the parties are to file any objections to those items listed above.  The time from May 4, 2021, to August 30, 2021, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

The parties should be prepared to provide the Courtroom Deputy Clerk with three (3) copies of your respective exhibit and witness lists at the start of trial for use by the Judge, Court Reporter, and Courtroom Deputy Clerk.  Each party should also provide a courtesy copy of all exhibits for the Judge's use during trial, preferably in an appropriately labeled notebook provided on the first day of trial.  The parties are referred to Local Rule 16.4(B)(19)(b), NDGa, concerning the pre-marking of exhibits.  The parties <u>must</u> provide a courtesy copy of any documents e-filed just prior to trial or on any day during the course of the trial.

Please refer to Judge Totenberg's Guidelines to Parties and Counsel at http://www.gand.uscourts.gov/case-prep-judge-totenberg   for  information regarding the pretrial conference, voir dire, and courtroom technology.  Any training or trial runs regarding the courtroom technology must be scheduled in advance of trial via the Courtroom Deputy Clerk.  The Court will not allow time

for training or trial runs at the beginning of the trial. Any motions requesting leave to bring technology into the courtroom must be filed no later than three (3) days in advance of trial, to allow time for proper notification to the US Marshals Service.

    **IT IS SO ORDERED** this 4th day of May, 2021.


_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**