UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cr-00224-AT-CMS |
| ) | |
| ALLEN J. PENDERGRASS, ) | |
| Defendant. ) | |
| _____) | |

### DEFENDANT'S MOTION IN LIMINE

**I. THE GOVERNMENT SHOULD BE PRECLUDED FROM ARGUING THAT MR. PENDERGRASS SIGNED AND SENT THE FORGED DOCUMENTS OUTLINED IN THE INDICTMENT.**

In both of its 404(b) motions, the government argued for the admission of certain evidence against Mr. Pendergrass because the "specific counts alleged in the Indictment involve incidents where co-defendant McQueen, not Defendant Pendergrass, signed and sent the forged documents." Doc. 71 at 3; Doc. 73 at 3.

The government should be precluded from changing its theories of factual assertions from pre-trial to trial. Mr. McQueen has pleaded guilty to aggravated identity theft and he admitted to creating, signing, and sending the forged documents at issue. The government should not now be able to claim that Mr. Pendergrass created the documents and/or contacted the alleged victims or even that it is unclear who created the documents and contacted the alleged victims. The Eleventh Circuit has recognized that there may be "Due Process implications

of separate prosecutions for the same crime under contradictory theories or inconsistent factual premises." *United States v. Dickerson*, 248 F.3d 1036, 1043 (11th Cir. 2001). The *Dickerson* court observed that the types of inconsistencies that have been held to give rise to due process violations are those in which the prosecution "assert[s] a new theory or factual premise inconsistent with that presented in a previous trial for the same crime against another defendant." *Id.* at 1043 (emphasis added); *see also Drake v. Kemp*, 762 F.2d 1449, 1479 (11th Cir. 1985) (Clark, J., concurring) (opining that trial was fundamentally unfair where "the prosecution's theories of the same crime in the two different trials negate one another") (emphasis added); *Smith v. Groose*, 205 F.3d 1045, 1052 (8th Cir. 2000) (holding that due process is violated when prosecutors use inherently factually contradictory theories in trials for different defendants); *United States v. Stephens*, 2007 U.S. Dist. LEXIS 75992, 2007 WL 3005216, *2 (M.D. Ga. Oct. 12, 2007) (noting that courts "have emphasized their concern about the unfairness of the prosecution arguing inconsistent theories at two separate trials").

Based on its previous assertions, the government should not now be able to claim or imply that anyone other that Mr. McQueen signed and sent the forged documents related to any counts in the indictment.

Should the government attempt to make such an argument, case law provides that the prior statements adopted by the government in its 404(b) notice

could be admitted as the admission of a party opponent. Federal Rule of Evidence 801(d)(2) permits the admission of an opposing party's statement when:

> **(2)** The statement is offered against an opposing party and:
>
> **(A)** was made by the party in an individual or representative capacity;
>
> **(B)** is one the party manifested that it adopted or believed to be true;
>
> **(C)** was made by a person whom the party authorized to make a statement on the subject;
>
> **(D)** was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
>
> **(D)** was made by the party's coconspirator during and in furtherance of the conspiracy.

The Government is the party opponent of both defendants. *United States v. Gossett,* 877 F.2d 901, 906 (11th Cir. 1989). Several other courts have held that statements of a prosecutor made in a separate criminal case are party admissions. *See United States v. Salerno*, 937 F.2d 797, 812 (2d Cir. 1991) (holding that closing arguments from other case claiming that defendant was only a "puppet" were party admissions in prosecution where defendant was charged as an active participant); *United States v. GAF Corp.*, 928 F.2d 1253, 1261 (2d Cir. 1991) (holding that prior bill of particulars filed by government was a party admission); *United States v. Kattar*, 840 F.2d 118, 131 (1st Cir. 1988) (holding that brief filed by United States in separate litigation that was

inconsistent with its position in this prosecution should have been admitted); *State v. Worthen*, 765 P.2d 839, 847-48 (Utah 1988) (holding that letter written by prosecutor to trial judge was party admission). The party admission rule is "particularly" applicable to statements by government attorneys, who have the power to bind the government. WEINSTEIN'S FEDERAL EVIDENCE § 801.33 [3]; accord, 2 MCCORMICK ON EVIDENCE § 257 at 142 n.8; *see Giglio v. United States*, 405 U.S. 150, 154, 31 L. Ed. 2d 104, 92 S. Ct. 763 (1972).

"The language of the party admission rule provides no basis for creating a prosecutorial exception or an exception where the government is the party opponent. Such an exception is both inconsistent with our decision in *Freeland [v. United State]*, 631 A.2d 1186 (D.C. 1993)] and unfair in light of the applicability of the party admission rule to criminal defendants." *Harris v. United States,* 834 A.2d 106 (DC Cir. 2004).

Mr. Pendergrass asks that this Court order that the government and its witnesses shall be precluded from arguing anything other than that Mr. McQueen is the one who signed and sent the forged documents related to the counts in the indictment.

## II. MR. PENDERGRASS MOVES THIS COURT TO PRECLUDE ANY MENTION OF HIS PRIOR INTERACTIONS WITH LAW ENFORCEMENT INCLUDING HIS PRIOR ARRESTS AND/OR CONVICTIONS AND HIS PRIOR TERMS OF PROBATION, SUPERVISED RELEASE, OR PRISON.

The government has filed a general notice of intent to admit 404(b) evidence in this case. *See* doc. 71, 73. Mr. Pendergrass has filed a motion to exclude this proposed 404(b) evidence. These motions remain pending.

In addition to opposing to the government's 404(b) motion, Mr. Pendergrass asks the Court to preclude this evidence and any other evidence of Mr. Pendergrass' prior interaction with probation, law enforcement, and/or the criminal justice system in general. This evidence does not have any tendency to make a fact at issue here more or less probable than it would be without the evidence. *See* threshold requirement outlined Fed. R. Evid. 401; *see also United States v. Glasser*, 773 F.2d 1553, 1559 (11th Cir.1985) (Evidence must be "probative of the proposition it is offered to prove," and the proposition must be one that is of consequence to the determination of the action.").

And, this Court may exclude even relevant evidence under Rule 403 if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Rule 403's "major function is excluding matter of scant or cumulative probative force, dragged in by

5

the heels for the sake of its prejudicial effect." *United States v. Utter*, 97 F.3d 509, 514-15 (11th Cir. 1996).  Mr. Pendergrass asserts that the fact that he was previously on supervised release or the fact that he had previously been incarcerated are just the type of facts that Rules 401, 403 and 404 are aimed at excluding.  He asks that the Court issue an order directing the government that no witness should disclose to the jury or discuss the fact of any prior interactions Mr. Pendergrass may have had with law enforcement, including any arrests, convictions, terms of probation, supervised release, or prison.

### III.    THIS COURT SHOULD PROHIBIT ANY MENTION OF MR. PENDERGRASS' ALLEGED PRIOR SUBSTANCE ABUSE ISSUES.

At least one witness in this case told the interviewing officers that Mr. Pendergrass had suffered from substance abuse issues after his wife passed away in 2009.  This information is irrelevant and highly prejudicial and all testimony or evidence about this issue should be prohibited under Rules 401 and 403.

### IV.    AGENTS AND OFFICERS SHOULD BE PRECLUDED FROM SPECULATING AND OFFERING OPINIONS, IDEAS, OR "DEDUCTIONS" THAT INVADE THE PROVINCE OF THE JURY.

The Eleventh Circuit Court of Appeals has cautioned against agents speculating and interpreting facts that should be left to the consideration of the jury.  *See United States v. Hawkins*, 934 F.3d 1251, 1266 (11th Cir. 2019); *United States v. Ruoco*, 765 F.2d 983, 995 (11th Cir. 1985) (observing that expert testimony is admissible if it offers something "beyond the understanding and

experience of the average citizen"). An expert's opinions must offer the jury more than what a lawyer can say in closing argument; a witness cannot merely deliver a jury argument from the witness stand. *United States v. Frazier*, 387 F.3d 1244, 1262-63 (11th Cir. 2004).

In the *Hawkins* case, the defendant was convicted of conspiring to distribute and/or possess with intent to distribute 500 grams or more of cocaine hydrochloride. The Eleventh Circuit Court of Appeals vacated his convictions, holding that the admission of improper opinion testimony "which constituted the majority of the evidence against Hawkins" as to all three counts was ***plain error***. *Hawkins*, 934 F.3d at 1269. The Eleventh Circuit found that much of the testimony by the Government's principal witness, a law enforcement officer, 'was not specific to his interpretation of drug codes and jargon' and 'went beyond interpreting code words to interpret conversations as a whole.' The Court explained that during his extensive time on the witness stand, Agent Russell "interpreted" unambiguous language, mixed expert opinion with fact testimony, and ***synthesized the trial evidence for the jury. In short, his testimony strayed into speculation and unfettered, wholesale interpretation of the evidence.*** Based on *Hawkins*, any agent or law enforcement testimony should be limited to factual observations made during the course of the investigation.

## V.  THIS COURT SHOULD CONDUCT A PRETRIAL HEARING TO DETERMINE IF ANY ALLEGED CO-CONSPIRATOR HEARSAY SHOULD BE ADMITTED.

The government may intend to use hearsay statements made by a co-defendant or an unindicted co-conspirator[1] in this case, pursuant to Rule 801(d)(2)(E).  A statement is not hearsay if it is (a) offered against an opposing party, and (b) made by the party's coconspirator during and in furtherance of the conspiracy.  Fed. R. Evid. 801(d)(2)(E).  To be admissible under this Rule, the government must prove by a preponderance of the evidence that: (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy.  *United States v. Flores*, 572 F.3d 1254, 1264 (11th Cir. 2009).  The statement must actually further the conspiracy in some way.  *Id.*  The Eleventh Circuit has made clear that, before the admission of the co-conspirator's statement, this Court "must be satisfied that the party offering the testimony" has met its burden.  *United States v. Byrom*, 910 F.2d 725, 734-35 (11th Cir. 1990).

---

[1] The government has not identified any statements that it intends to use as "co-conspirator" statements.  The government has not explicitly named any co-conspirators besides Mr. McQueen. If the government believes there are additional unindicted co-conspirators, Mr. Pendergrass requests that a list of those persons be provided as soon as possible.

Both the declarant and the defendant must be members of the same conspiracy. *Id.* at 734 n. 10 ("We emphasize that the Supreme Court requires that the declarant, in this case B*yrom*, and the defendant, in this case Perez/Franco, *both be members of the conspiracy*." (emphasis added)).  While the statements themselves may be considered to determine if a conspiracy exists, "the contents of the declarant's statement do not alone suffice to establish a conspiracy in which the declarant and the defendant participated." Fed. R. Evid. 801, advisory notes, 1997 Amendment.  The Advisory Notes to Rule 801(d)(2)(E) note that every "court of appeals that has resolved this issue requires some evidence in addition to the contents of the statement." *Id.* (collecting cases).

"[M]ere idle chatter," even if prejudicial and made among co-conspirators, is not admissible under Rule 801(d)(2)(E), and narratives of past conduct are not "in furtherance of" the conspiracy because those narratives do not advance, facilitate, or promote the ultimate conspiratorial objective.  *United States v. Cornett*, 195 F.3d 776, 783-84 (5th Cir. 1999).

Mr. Pendergrass moves this Court to exclude any hearsay statement made by any individual identified by the government as a co-conspirator.  He denies that she is now or has ever been a member of any conspiracy.

**The only conspiracy charged here is money laundering.** To prove the money laundering conspiracy, the government must show that there was agreement

by two or more people to commit money laundering, or, "[i]n other words, it is a kind of 'partnership' for criminal purposes." 11th Cir. Criminal Pattern Instruction O13.1 (involving 18 U.S.C. § 371). As the pattern instructions make clear,

> simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. *A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.*

*Id.* (emphasis added). Therefore, ***the government must establish that there was an agreement between two or more persons to commit promotional money laundering*** that included both the declarant and Mr. Pendergrass to accomplish the charged unlawful purpose.

Mr. Pendergrass requests that this Court conduct a *James*[2] hearing at which the government is required to meet its burden prior to trial. Mr. Pendergrass recognizes that it is in this Court's discretion to conduct a hearing, especially where the hearing may be impractical, and that, as a result, this Court may sometimes admit the statements if the government "connects them up" with enough independent evidence by the end of trial. *United States v. Roe*, 670 F.2d 956, 962 (11th Cir. 1982). But Mr. Pendergrass asserts that to avoid any confusion and delay during trial, a pre-trial hearing should be held on this matter. *See United States v. Holland*, 396 F. Supp. 3d 1210, 1248 (N.D. Ga. 2019) (1:17-

---

[2] *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

10

CR-0234-AT) ("On the one hand, this Court shares the Government's concern that a *James* hearing has the potential to turn into a several-day mini-trial. On the other, this Court strongly wishes to avoid a situation at trial where the parties haggle at length over the admissibility of numerous coconspirator statements while the jurors sit in the jury room clogging their arteries with stale muffins and losing their attention and capacity to absorb the evidence."). To avoid confusion and delay, the Court should conduct a hearing on any alleged co-conspirator statements to determine their admissibility prior to trial.

The government has not identified any statements that it intends to use as "co-conspirator" statements. At a minimum, if the government plans to use such evidence, it should be required to provide a list of any "co-conspirator" statements that it contends meet the hearsay exception prior to trial so this issue can be resolved before trial begins.

### VI. THE INDICTMENT SHOULD BE REDACTED TO REMOVE ANY SURPLUSAGE.

Pursuant to Fed. R. Crim. P. 7(d), Mr. Pendergrass asks this Court to strike the surplusage in the indictment. Specifically, any reference to Guishard, Wilburn, & Shorts or other asset collection businesses should be removed. See ¶¶ 2, 4, 5, 6.

Fed. R. Crim. P. 7 provides that "the indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The rule further provides that upon the defendant's motion, the

court may strike surplusage from the indictment or information. Fed. R. Crim. P. 7(d). Surplusage is defined as "any fact or circumstance set forth in the indictment which is not a necessary ingredient of the offense." United *States v. Miller*, No. 1:07-CR-128-01, 2008 WL 11293926, at *4, report and recommendation adopted, 2008 WL 11299047 (N.D.Ga. 2008), aff'd, 387 Fed.Appx. 949 (11th Cir. 2010). The purpose of Rule 7(d) "is to protect the defendant against prejudicial allegations of irrelevant or immaterial facts." *United States v. Hedgepeth*, 434 F.3d 609, 612–13 (3d Cir. 2006), quoting 1 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 127, at 634 (3d ed.1999). A district court should grant a motion to strike specific allegations from an indictment as surplusage if "it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992); *United States v. Huppert*, 917 F.2d 507, 511 (11th Cir. 1990).

All counts in the indictment refer to events related to the entity Asset Financial Recovery, Inc. As alleged in the indictment, Asset Financial Recovery, Inc. was formed in or around October 2012. Guishard, Wilburn, & Shorts was formed well outside the timeframe alleged in the indictment and had nothing to do with the crimes alleged in the indictment. Co-defendant McQueen never worked for Guishard, Wilburn, & Shorts and he is the one who created the correspondence (on Asset Financial Recovery, Inc. letterhead) and contacted alleged victims

purportedly on behalf of Asset Financial Recovery, Inc. – not Guishard, Wilburn, & Shorts. The inclusion of Guishard, Wilburn, & Shorts in the indictment is an effort by the government to improperly bring before the jury prior incidents alleged against Mr. Pendergrass and Guishard, Wilburn, & Shorts (*See* Doc. 73 – Government's Notice of Intent to Introduce Acts Not Alleged in the Indictment). Issues related to Guishard, Wilburn, & Shorts are not before the jury for their determination here and any reference to this company or other asset collection companies should be removed from the indictment.

Respectfully submitted this day 26th of October 2021.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
1800 Peachtree Street
Suite 300
Atlanta, GA 30309
404-433-0855


/s/SYDNEY R. STRICKLAND
Sydney Rene Strickland
Strickland Webster, LLC
Suite 510-203
830 Glenwood Ave., S.E.
Atlanta, GA 30316
404-590-7967

Counsel for Mr. Pendergrass

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date electronically filed the foregoing motion in limine with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

All Defense Counsel

All AUSAs of record

Respectfully submitted this day 26th of October 2021.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
1800 Peachtree Street
Suite 300
Atlanta, GA 30309
Counsel for Mr. Pendergrass