The Western District of Washington's bench and bar have long-standing commitments to a fair and unbiased judicial process. As a result, the emerging social and neuroscience research regarding unconscious bias prompted the Court to create a bench-bar-academic committee to explore the issue in the context of the jury system and to develop and offer tools to address it.

One tool the committee developed was a set of jury instructions that address the issue of unconscious bias. Research regarding the efficacy of jury instructions is still young and some of the literature has raised questions whether highlighting the notion of unconscious bias would do more harm than good.[1] However, the body of research supports that, as a general matter, awareness and mindfulness about one's own unconscious associations are important and thus a decision-maker's ability to avoid these associations, however that is achieved, will likely result in fairer decisions.[2]

Accordingly, the proposed instructions are intended to alert the jury to the concept of unconscious bias and then to instruct the jury in a straightforward way not to use bias, including unconscious bias, in its evaluation of information and credibility and in its decision-making. The instructions thus serve the purposes of raising awareness to the associations jurors may be making without express knowledge and directing the jurors to avoid using these associations.

The committee has incorporated unconscious bias language into a preliminary instruction, into the witness credibility instruction, and into a closing instruction.[3] In addition, the committee has developed an instruction that can be given before jury selection if the parties are going to ask questions during *voir dire* regarding bias, including unconscious bias.

---

[1] See, e.g., Irene V. Blair, The Malleability of Automatic Stereotypes and Prejudice, 6 PERSONALITY & SOC. PSYCHOL. REV. 242 (2002) (cumulating research on value of instruction to suppress stereotype and finding it mixed); Jennifer K. Elek & Paula Hannaford-Agor, First, Do No Harm: On Addressing the Problem of Implicit Bias in Juror Decision Making, 49 CT. REV. 190, 193 195, 198 (2013), available at http://aja.ncsc.dni.us/publications/courtrv/cr49-4/CR49-4Elek.pdf; Jennifer A. Richeson & J. Nicole Shelton, Negotiating Interracial Interactions: Costs, Consequences, and Possibilities, 16 CURRENT DIRECTIONS PSYCHOL. SCI. 316 (2007); Jacquie D. Vorauer, Completing the Implicit Association Test Reduces Positive Intergroup Interaction Behavior, 23 PSYCHOL. SCI. 1168 (2012) (finding that White participants' taking race-based IAT led to their non-White (Aboriginal) partners feeling less well regarded than after interactions after a non-race-based IAT); Jennifer K. Elek & Paula Hannaford-Agor, Can Explicit Instructions Reduce Expressions of Implicit Bias?: New Questions Following a Test of a Specialized Jury Instruction, NAT'L CENTER FOR STATE CTS. (Apr. 2014), available at http://ncsc.contentdm.oclc.org/cdm/ref/collection/juries/id/273 (finding "no significant effects of the instruction on judgments of guilt, confidence, strength of prosecution's evidence, or sentence length"; but the study's authors also reported that they were unable to identify the more traditionally-expected baseline bias, "which prevented a complete test of the value of the instructional intervention.").

[2] See Adam Benforado & John Hanson, The Great Attributional Divide: How Divergent Views of Human Behavior Are Shaping Legal Policy, 57 EMORY L.J. 311, 325–26 (2007).

[3] The committee suggests introducing the topic as part of the preliminary instructions as there is research that suggests priming jurors may be more effective than waiting until the end of a case. See, e.g., Lisa Kern Griffin, Narrative, Truth, and Trial, 101 GEO. L.J. 281, 232 (2013); Kurt Hugenberg, Jennifer Miller & Heather M. Claypool, Categorization and Individuation in the Cross-Race Recognition Deficit: Toward a Solution to an Insidious Problem, 43 J. EXPERIMENTAL SOC. PSYCH. 334 (2007) (finding that warnings given ahead of time about likely misperceptions of other race faces may be effective).

## PRELIMINARY INSTRUCTION TO BE GIVEN
## TO THE ENTIRE PANEL BEFORE JURY SELECTION

It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender of the [plaintiff,] defendant, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial.

Accordingly, during this voir dire and jury selection process, I [the lawyers] may ask questions [or use demonstrative aids] related to the issues of bias and unconscious bias.

# PRELIMINARY INSTRUCTIONS TO BE GIVEN
# BEFORE OPENING STATEMENTS

## DUTY OF JURY

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed [written] instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.[1] Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.[2]

In addition, please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

Model Ninth Circuit Criminal Instruction 1.1 (modified). Criminal Instruction 1.1 is similar to Model Civil Instruction 1.1B.

---

[1] Definitions modified by combining writings and comments by Harvard Professor Mahzarin Banaji.
[2] http://faculty.washington.edu/agg/pdf/Kang&al.ImplicitBias.UCLALawRev.2012.pdf

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1) the witness's opportunity and ability to see or hear or know the things testified to;
    (2) the witness's memory;
    (3) the witness's manner while testifying;
    (4) the witness's interest in the outcome of the case, if any;
    (5) the witness's bias or prejudice, if any;
    (6) whether other evidence contradicted the witness's testimony;
    (7) the reasonableness of the witness's testimony in light of all the evidence; and
    (8) any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on the witness's race, color, religious beliefs, national origin, sexual orientation, gender identity, or gender in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Model Ninth Circuit Criminal Instruction 1.7 (modified)

**INSTRUCTION TO BE GIVEN
DURING CLOSING INSTRUCTIONS
(perhaps before 7.5 – Verdict Form)**

**DUTY OF JURY**

I want to remind you about your duties as jurors. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or biases, including unconscious bias. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.[1] Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.[2]

Model Ninth Circuit Criminal Instruction 1.1 (modified). Criminal Instruction 1.1 is similar to Model Civil Instruction 1.1B.

---

[1] Definitions modified by combining writings and comments by Harvard Professor Mahzarin Banaji.
[2] http://faculty.washington.edu/agg/pdf/Kang&al.ImplicitBias.UCLALawRev.2012.pdf