IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Action No. |
| *v.* | 1:17-CR-224-AT-CMS |
| ALLEN J. PENDERGRASS | |

### Government's Notice of Intent to Offer Business Records Pursuant to Federal Rule of Evidence 902(11)

The United States of America, by Kurt R. Erskine, Acting United States Attorney, and Jeffrey A. Brown, Assistant United States Attorney for the Northern District of Georgia, files this Notice of Intent to Offer Business Records Pursuant to Federal Rule of Evidence ("FRE") 902(11).

To promote efficiency at trial, the government hereby provides notice that it intends to introduce into evidence the certain business records pursuant to FRE 902(11) and 803(6) in lieu of calling multiple records custodians for authentication. Through this Notice, the government complies with the requirement of advance notice to the defense and provides an opportunity for inspection of the following exhibits:

- **Fort Collins documents (Fort-Collins 1 -18) (FRE 902(11) certificate at Fort Collins -1);**

- **City of Atlanta Documents (COA 119 – 190, 196 – 215, 217-240 and 242-331) (FRE 902(11) Certificate will be provided in advance of trial);**

- **United States Postal Service Form (COA -344) (FRE 902(11) Emailed the USPS form and Certificate on October 27, 2021 to counsel of record);**

- **Wells Fargo (Wells 1-6, 12-18, 20-38, 43-46, 2133-2817, 2985-3070, 5674-5706) (FRE 902(11) Certificate will be provided in advance of trial);**

- **Bank of America Documents (BOA -1 – 269) (FRE 902(11) certificate at BOA-1);**

- **Synovus Bank/Bank of North Georgia (Synovus-1- 737) (FRE 902(11) certificate at Synovus-1);**

- **SunTrust Bank (SunTrust 1-105, 572-604) (FRE 902(11) Certificate will be provided in advance of trial);**

- **BB&T Bank (BBT-1-469) (FRE 902(11) certificate at BBT-1);**

- **American Express (AMEX 1- 758) (FRE 902(11) certificate at AMEX-1);**

- **Huntington National Bank Records (Huntington – 1 – 1020) (FRE 902(11) certificate at Huntington-1);**

- **J.P Morgan Chase Bank (JPMC -1 – 308) (FRE 902(11) certificate at JPMC-1);**

- **PNC Bank (PNC – 1- 703) (FRE902(11) certificate at PNC-1);**

- **Rev Worldwide (REV-1 – 3) (FRE902(11) certificate at Rev-1); and**

- **County of Santa Cruz documents (Santa-Cruz – 1- 43) (FRE902(11) certificate at SANTA CRUZ-1).**

The government has already produced each of the foregoing documents and FRE 902(11) certificates to the defense or will provide the certificates with this filing or well in advance of trial and has identified the location of each document by Bates number above.

By providing this notice, the government does not contend that the foregoing documents require either the testimony of a records custodians or a FRE 902(11) certification for their admission into evidence.  Nor does the government commit to the introduction of each document.  The government notes that the foregoing documents may be otherwise admissible under alternative Federal Rules of Evidence.  The government also reserves the right to call any proper evidence custodian for each of the noticed documents.  Nonetheless, the government provides this notice in an abundance of caution to alert the defendant sufficiently in advance of trial that the government intends to introduce these business records pursuant to FRE 902(11) at trial.

In determining whether documents are admissible pursuant to the business records exception to the hearsay rule, courts apply Federal Rule of Evidence 803(6). Under the rule, the following evidence is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness":

> **Records of a Regularly Conducted Activity.** A record of an act, event, condition, opinion, or diagnosis if:
>
> **(A)** the record was made at or near the time by--or from information transmitted by--someone with knowledge;
>
> **(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> **(C)** making the record was a regular practice of that activity;
>
> **(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

> **(E)** neither the source of information nor the method or
> circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). In the instant case, the Government can establish the

admissibility of the third-party records under FRE 803(6) based upon the

business records certifications obtained from the third-party records custodians.

Each of the relevant business records certifications indicates that all five of the

conditions of the FRE 803(6) are satisfied.

Likewise, the Government can establish the authenticity of the third-party

records based upon satisfaction of the requirements of under FRE 902(11), which

provides that the following evidence is "self-authenticating" and "require[s] no

extrinsic evidence of authenticity in order to be admitted":

> **Certified Domestic Records of a Regularly Conducted Activity.**
> The original or a copy of a domestic record that meets the
> requirements of Rule 803(6)(A)-(C), as shown by a certification of the
> custodian or another qualified person that complies with a federal
> statute or a rule prescribed by the Supreme Court. Before the trial or
> hearing, the proponent must give an adverse party reasonable
> written notice of the intent to offer the record--and must make the
> record and certification available for inspection--so that the party
> has a fair opportunity to challenge them.

Fed. R. Evid. 902(11). As previously stated, the business records certifications in

this case attest to the foundational requirements for Rule 803(6).

It bears mentioning that the admissibility of business records under Rule

803(6), and the procedures set forth in Rule 104 for determination of the

preliminary questions regarding admissibility, are unaffected by the Supreme

Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004), which holds that

4

any "testimonial" hearsay may not be admitted in a criminal trial unless the declarant is unavailable and the defendant has had a prior opportunity for cross-examination. The Supreme Court made clear in *Crawford* that business records are not the type of testimonial statements with which the Sixth Amendment Confrontation Clause is concerned. *Crawford*, 541 U.S. at 55 (noting that business records "by their nature [are] not testimonial"); *Crawford*, 541 U.S. at 76 (Rehnquist, C.J., concurring) ("To its credit, the Court's analysis of 'testimony' excludes at least some hearsay exceptions, such as business records and official records."). Accordingly, business records can be admitted at trial without calling a witness for the defendant to cross-examine.

Finally, in making its preliminary determination on the business records, the Court need only find the facts supporting admissibility by a preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration.").

Respectfully submitted,

KURT R. ERSKINE
*United States Attorney*

/s/JEFFREY A. BROWN
*Assistant United States Attorney*

Georgia Bar No. 088131
Jeff.A.Brown@usdoj.gov

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Saraliene Durrett

Defense Counsel

October 27, 2021

/s/ JEFFREY A. BROWN

JEFFREY A. BROWN

*Assistant United States Attorney*