IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALLEN J. PENDERGRASS | Criminal Action No.<br><br>1:17-CR-00224-AT-CMS |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION *IN LIMINE***

The United States of America, by Kurt R. Erskine, United States Attorney for the Northern District of Georgia, and Jeffrey A. Brown, Assistant United States Attorney, hereby files this Response to Defendant's Motion in Limine (Doc. 190).

**I.
PROCEDURAL BACKGROUND AND LEGAL STANDARD**

On June 27, 2017, a grand jury charged the Defendant and his co-defendant, Terrell McQueen with five counts of mail fraud in violation of Title 18, United States Code, Section 1341, one count of conspiring to commit money laundering in violation of Title 18, United States Code Section, 1956(h) and four counts of aggravated identity theft in violation of Title 18, United States Code, Section 1028A. (Doc. 1.) The speaking indictment specifically alleges that Defendant operated a mail fraud scheme in the Northern District of Georgia between an unknown date and April 2014. (*Id.*) The government alleges that Defendant

directly participated in a scheme in which he and his employees would use public/open records laws to acquire the names of individuals and companies owed outstanding monies by government agencies, including the City of Atlanta. (*Id.*) The Defendant himself, and through his employees and partners, would then mail correspondence to the government agencies, including forged power of attorney forms, fraudulently claiming that Defendant's company was the authorized agent for the rightful owner of the unclaimed funds. (*Id.*) The fraudulently obtained funds would then be deposited into bank accounts controlled by the Defendant, his employees, and conspirators, without remitting any portions of the proceeds to their rightful owners. (*Id.*)

This Court should only exclude evidence in limine when it is clearly inadmissible on all potential grounds. *In re Seroquel Prods. Liab. Litig.*, 2009 WL 260989, at *1 (M.D.Fla. Feb. 4, 2009) (internal citations omitted). The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground. *Id.* (internal citations omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (internal citation omitted).

Therefore, this Court should deny Defendant's motion in limine given the legal standard for excluding evidence in limine, the Defendant's failure to meet its burden, and the government's assertions that it will not seek to introduce certain evidence.

## II.
### ARGUMENT AND CITATION TO AUTHORITY

**I.   The Court should deny Defendant's motion to preclude the government's argument or evidence that he signed and sent the forged documents outlined in the Indictment.**

As an initial matter, Defendant's motion is unclear whether it is seeking to exclude evidence (i.e., witness testimony concerning Defendant's involvement with documents related to the charged counts in the Indictment) or argument from government counsel related to the same, or both. In any event, the Court should deny the motion on this ground because Defendant has not shown that the evidence or argument is improper or inadmissible. First, Defendant mischaracterized a line from the government's 404(b) motions. In its motion, the government correctly notes that the letters attaching the forged power attorneys for the charged counts in the Indictment are signed by co-defendant Terrell McQueen. (Doc. 71 at 3; Doc. 73 at 3). However, the government factually correct statement in its 404(b) notice is not inconsistent with testimony and argument about the Defendant's involvement with contacting victims or creating the forms that were used in the charged counts. (Doc. 190 at 1).

Defendant's claims of "Due Process" implications are not supported by cited case law. The Due Process concerns expressed in *United States v. Dickerson*, 248 F.3d 1036 (11th Cir. 2001)(finding that any alleged inconsistency in the government's conspiracy theory had no impact on the likelihood of Dickerson

being convicted) and other cases cited by Defendant involve instances where there are separate prosecutions for the same crime under contradictory theories or inconsistent factual premises. Defendant's attempt to compare the government's factually consistent argument in a 404(b) notice to this line of cases is frivolous and without legal support.

### II. The Court should deny Defendant's motion to preclude mention of Defendant's arrest and conviction for noticed convictions admissible under Rule 404(b)

Defendant also asks the Court to preclude the government's introduction of evidence showing that Defendant's prior interaction with probation, law enforcement, and/or the criminal justice systemin general. (Doc. 109-5). Defendant pled guilty to both the Colorado Conviction and Ohio Conviction described in the government's 404(b) notice. (Doc. 73). Defendant insists that this evidence is irrelevant; but, even if probative, too unduly prejudicial to be admitted under Rule 403. The Court, however, should deny the motion for those reasons outlined in the government's 404(b) notice (*Id*.). As the government argues, the evidence is relevant under Rule 404(b) to establish Defendant's knowledge, intent, and lack of mistake or accident. And given the similarity between the other acts and the charged conduct, there is no risk of undue prejudice under Rule 403. Therefore, the Court should deny his motion in limine on this ground.

### III. The government does intend to offer evidence or elicit testimony about Defendant's prior substance abuse issues.

Next, Defendant asks the Court to bar admission of evidence or testimony about Defendant's substance abuse issues. (Doc. 190.) The government has no intention of presenting this testimony.

### IV. The Court should deny Defendant's vague contentions that officers should be precluded from speculating and offering opinions, ideas or deductions.

Defendant's vague contentions are insufficient to support exclusion of any evidence. *See Atwater v. Schwartz*, 2020 WL 7249626, at *5 (S.D. Ga. Dec. 9, 2020) (denying motion in limine as premature, where Court could not say definitively that evidence was inadmissible on all potential grounds, since parties were ambiguous as to what statement was at issue). Defendant has failed to identify any improper testimony that he expected to be offered by law enforcement witnesses and failed to show that testimony would be inadmissible on all potential grounds. In support of his position, Defendant primarily relies on *United States v. Hawkins*, 934 F.3d 1251, 1266 (11th Cir. 2019), a case in which the Eleventh Circuit found plain error in the admission of the government's law enforcement witness's speculative interpretive testimony while deciphering coded language in a narcotics investigation. The instant case is not a narcotics case and the government will not be offering law enforcement testimony to

interpret conversations. Defendant's reliance on *Hawkins* is misplaced and his motion should be denied on this ground as well.

## V. The Court should deny Defendant's request for a pre-trial hearing on co-conspirator hearsay statements.

The government has no intention of introducing any co-conspirator hearsay statements at this time. Should that change at any point in the future, the government will immediately inform defense counsel so that these objections may be raised by Defendant.

## VI. The Court should deny Defendant's request to strike alleged surplusage from the Indictment

Defendant moves to strike as surplusage the Indictment's reference in paragraphs two through six, to Guishard, Wilburn & Shorts and other asset collection businesses. (Doc. 190-11-12). The Court should deny this motion because, as shown in the government's amended notice of intention of to introduce and motion in limine to permit the admission of evidence of Defendant's acts not alleged in the Indictment, these asset recovery businesses - Guishard, Wilburn, & Shorts, Recovery Capital, Attorney Recovery System and other named businesses were part of the charged scheme to defraud. *See United States v. Ben-Ari*, 2010 WL 1049197, *2 (M.D. Fla. Mar. 22, 2010) (transactions that "were part of the charged scheme to defraud ... do not constitute surplusage or evidence admissible only pursuant to Fed. R. Evid. 404(b)").

Even if the named asset collection businesses were not considered part of the scheme to defraud charged in the Indictment, Defendant cannot satisfy the "exacting standard" required for a motion to strike surplusage. *United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992) (citation and quotation omitted). Such a motion should not be granted "unless it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." *United States v. Huppert,* 917 F.2d 507, 511 (11th Cir. 1990), *superseded by statute on other grounds,* as stated in *United States v. McQueen, 86 F.3d 180, 183-84 (11th Cir. 1996); see United States v. McGregor*, 2011 WL 1362102, *1 (M.D. Ala. Apr. 11, 2011) ("[W]hether evidence is unfairly prejudicial or inflammatory may depend on how relevant it is."). The court may reserve ruling on a motion to strike surplusage until the court "has heard evidence that will establish the relevance of the allegedly surplus language ...." *Awan*, 966 F.2d at 1426; *see McGregor*, 2011 WL 1362102, *2 (court willing to reconsider denial of motion to strike if use of the language at issue "should prove from the evidence at trial to be unfairly prejudicial and inflammatory").

Here, in the event this Court were to agree with any portion of the defendants' surplusage argument, the Court should defer ruling on the surplusage motion until hearing the evidence and determining its relevance at trial. At the pre-trial hearing or trial, the government would demonstrate that evidence of Guishard, Wilburn, & Shorts, Recovery Capital, Attorney Recovery System and other listed asset recovery businesses is admissible (a) because the transactions are intrinsic to the conspiracy and mail fraud allegations, *see United States v. Muscatell*, 42 F.3d 627, 630 (11th Cir. 1995) ("Evidence of criminal activity

other than the charged offense is not extrinsic within the meaning of Rule 404(b) if it is an uncharged offense that arose out of the same transaction or series of transactions as the charged offense."), or, alternatively, (b) to demonstrate the relationship of the conspirators, knowledge, and intent to defraud, *see United States v. Hewes*, 729 F.2d 1302, 1314-15 (11th Cir. 1984) (affirming admission of evidence of uncharged fraudulent conduct "identical or quite similar" to and "proximate in time to" the fraud charged in the indictment; evidence was "highly relevant" to issue of defendants' intent). Therefore, the Court should deny Defendant's motion, or, in the alternative, defer ruling until hearing evidence or after the government present evidence at trial.

### III.
### CONCLUSION

For the reasons stated above, the Court should deny Defendant's motion in limine.

Dated:  November 9, 2021

                                            Respectfully submitted,

                                            KURT R. ERSKINE
                                              *United States Attorney*

                                          /s/JEFFREY A. BROWN
                                              *Assistant United States Attorney*
                                            Georgia Bar No. 088131
                                            Jeffrey.A.Brown@usdoj.gov

**Certificate of Service**

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

Saraliene S. Durrett
Counsel for Defendant Allen J. Pendergrass

November 1, 2021

*/s/ Jeffrey A. Brown*

Jeffrey A. Brown

*Assistant United States Attorney*