UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 1:17-cr-00224-AT-CMS |
| | ) |
| ALLEN J.   PENDERGRASS,<br>        Defendant. | )<br>)<br>) |
| | ) |

## DEFENDANT'S RESPONSE TO GOVERNMENT NOTICE OF INTENT TO PROCEED BY BUSINESS RECORDS

Mr. Pendergrass objects to the government's plan to proceed by business records as to thousands of pages of documents in this case.

Fed. R. Evid. 803(6) provides a hearsay exception for records of regularly conducted activity if:

**(A)** the record was made at or near the time by—or from information transmitted by—someone with knowledge;

**(B)** the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

**(C)** making the record was a regular practice of that activity;

**(D)** all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

**(E)** the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Pursuant to Rule 902(11), the original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)–(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record—and must make the record and certification available for inspection—so that the party has a fair opportunity to challenge them.

"The district court has broad discretion in ascertaining admissibility of business record evidence, which should not be disturbed on review in absence of abuse." *United States v. Garnett*, 122 F.3d 1016, 1018 (11th Cir. 1997) (per curiam). The touchstone of admissibility under the business records exception to the hearsay rule is reliability." *United States v. Bueno-Sierra*, 99 F.3d 375, 378 (11th Cir. 1996). "For [the business records] exception to be available, all persons involved in the process must be acting in the regular course of business—otherwise, an essential link in the trustworthiness chain is missing." *T. Harris Young & Associates, Inc. v. Marquette Electronics, Inc*., 931 F.2d 816, 828 (11th Cir. 1991) (citing Fed. R. Evid. 803, notes of advisory committee on 1972 proposed rules).

The government has filed a notice if its intent to offer the following documents as business records pursuant to Federal Rule of Evidence 902(11) and Rule 803(6):

- Fort Collins documents (Fort-Collins 1 -18) (FRE 902(11) certificate at Fort Collins -1);

- City of Atlanta Documents (COA 119 – 190, 196 – 215, 217-240 and 242-331)    (FRE 902(11) Certificate will be provided in advance of trial);

- United States Postal Service Form (COA -344) (FRE 902(11) Emailed the USPS form and Certificate on October 27, 2021 to counsel of record);

- Wells Fargo (Wells 1-6, 12-18, 20-38, 43-46, 2133-2817, 2985-3070, 5674-5706) (FRE 902(11) Certificate will be provided in advance of trial);

- Bank of America Documents (BOA -1 – 269) (FRE 902(11) certificate at BOA-1);

- Synovus Bank/Bank of North Georgia (Synovus-1- 737) (FRE 902(11) certificate at Synovus-1);

- SunTrust Bank (SunTrust 1-105, 572-604) (FRE 902(11) Certificate will be provided in advance of trial);

- BB&T Bank (BBT-1-469) (FRE 902(11) certificate at BBT-1);

- American Express (AMEX 1- 758) (FRE 902(11) certificate at AMEX-1);

- Huntington National Bank Records (Huntington – 1 – 1020) (FRE 902(11) certificate at Huntington-1);

- J.P Morgan Chase Bank (JPMC -1 – 308) (FRE 902(11) certificate at JPMC-1);

- PNC Bank (PNC – 1- 703) (FRE902(11) certificate at PNC-1);

- Rev Worldwide (REV-1 – 3) (FRE902(11) certificate at Rev-1); and

- County of Santa Cruz documents (Santa-Cruz – 1- 43) (FRE902(11) certificate at SANTA CRUZ-1).

Defense counsel has notified government counsel that she will need to see each exhibit before she can determine if she objects to the government proceeding by business records. Thus far, the government has provided defense counsel with the attached documents.

**Ex. A. – Purported business record certification from Wells Fargo.** Mr. Pendergrass objects to the government proceeding by business record as to these documents because it is unclear when the records were provided or which records in discovery are being referenced by the custodian. The government's notice references hundreds of documents, but the records are not attached to the certification provided to defense counsel. Further, the records were purportedly provided in 2014 but the certificate (without any attached records) was provided in anticipation of trial in 2021. The certification does not show that any of the records actually provided in discovery are what they purport to be. This is an improper certification and these records should not be admitted pursuant to this certification.

**Ex. B. – Purported business record certification from U.S. Postal Service 2018 no attached records.** Mr. Pendergrass objects to the use of this document under the business records exception. The document was allegedly located in Mr. Pendergrass's office during the search of the office in 2013. This certification was

provided in 2018 with no attached records.   This is not a proper or reliable certification.

**Ex. B. – Purported business record certification from U.S. Postal Service 2021 (2 pages attached).**  Mr. Pendergrass objects to the use of this document under the business records exception.   The document was allegedly located in Mr. Pendergrass's office during the search of the office in 2013. This certification was provided for the document in 2021.  The certification from 2021 does not say how many documents are being certified and the person certifying the records does not provide her full name.  This is not a proper or reliable certification.

Further, it is unclear who filled out the handwritten information on the postal service application. "For[the business records] exception to be available, all persons involved in the process must be acting in the regular course of business—otherwise, an essential link in the trustworthiness chain is missing." *T. Harris Young & Associates, Inc. v. Marquette Electronics, Inc*., 931 F.2d 816, 828 (11th Cir. 1991) (citing Fed. R. Evid. 803, notes of advisory committee on 1972 proposed rules); *see also United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1999) ("[The business records] exception applies only if the person furnishing the information to be recorded is acting routinely, under a duty of accuracy, with employer reliance on the result, or in short in the regular course of business."). Because there is no record of who filled in the alleged application forms – employee

or applicant – the postal box application does not meet the business record exception. *See Adt Llc v. Vivint, Inc*., 2017 U.S. Dist. LEXIS 234982 (S.D. Fla. 2017) ("Here, the customers who placed the calls to ADT customer service representatives were not acting in the regular course of business. Therefore "an essential link in the trustworthiness chain is missing.").

The *Adt* court noted, "the problem, then, is that the person in charge of receiving the phone call and creating the recording has a business duty to do so, but that person has no personal knowledge of the relevant facts.  Conversely, the non-party speaking on the recording has personal knowledge of the relevant facts, but has no business duty to report those facts." Id. at *6-7.  The *Adt* court relied upon *United States v. Santos,* 201 F.3d 953, 963 (7th Cir. 2000), where the Court explained:

> Businesses have  incentives  to  keep  accurate records germane  to their business, and so the material contained in those records is more likely to be truthful than the average hearsay. But that is provided that this material—the statements sought to be used in evidence for their truth value—was created or adopted by the business record keeper. The reason is inapplicable to information received rather than prepared by the business.  The  fact  that  statements  made  by  strangers  to the business become  a  part  of  its records .  .  . does not make them business records unless they are verified by the business and thus adopted and become the business's own statements.

For the same reasons, the postal box application should not be admitted under the business records exception.  It is unclear who filled out the written portion of the application and there is no way to show that the person filling out the form had a duty or incentive to report any facts accurately.

**Ex. D. – Purported business record certification from Suntrust Bank (no attached records).** Mr. Pendergrass objects to the government proceeding by business record as to these documents because it is unclear when the records were provided or which records in discovery are being referenced by the custodian.  The government's notice references hundreds of documents.  Further, the records were purportedly provided in 2014 but the certificate (without any attached records) was provided in anticipation of trial in 2021.  The certification does not show that any of the records actually provided in discovery are what they purport to be.

Counsel objects to all other records for which the government has either alleged that a certificate will be provided prior to trial and/or for which the government has provided a certificate that fails to describe which documents are being referenced by the custodian.  For many documents, the government references hundreds of pages of documents and it is unclear which documents the custodian is purportedly certifying.  As defense counsel has told government counsel, counsel cannot determine the reliability of any business records and/or business record certification until she sees the actual exhibits the government intends to admit in this manner.  Until such time as counsel is provided with the actual certification *with* the actual records being offered, Mr. Pendergrass maintains his objection to the government proceeding under the business records exception.  Further, some of the records listed in the government's notice contain additional levels of hearsay, which

cannot be cured through a business records exception. *See United States v. Bueno-Sierra*, 99 F.3d 375, 379 n. 10(11th Cir. 1996) (noting that "Rule 803(6) does not eliminate double hearsay problems" and that "each link in the chain of possession must satisfy the requirements of the business records exception or some other exception to the hearsay rule."). *See e.g*., Fort Collins documents, City of Atlanta documents, and Santa Cruz documents. For this reason, these documents should not be admitted under the business records exception or any other exception.

And, contrary to the government's assertion, the Confrontation Clause does come into play when the court is addressing the admissibility of documents. *See Crawford v. Washington*, 541 U.S. 36, 50-51, 124 S. Ct. 1354, 1364, 158 L. Ed. 2d 177 (2004) ("[W]e . . . reject the view that the Confrontation Clause applies of its own force only to in-court testimony, and that its application to out-of-court statements introduced at trial depends upon 'the law of Evidence for the time being.' Leaving the regulation of out-of-court statements to the law of evidence would render the Confrontation Clause powerless to prevent even the most flagrant inquisitorial practices." *Id.* Any allegation that Mr. Pendergrass (or anyone else) signed or adopted a document would implicate the Confrontation Clause. Clearly the government is attempting to claim that Mr. Pendergrass or someone else signed or otherwise adopted some of the documents at issue. They are offering the signature cards and/or other signed documents for the purported truth of the matter – *i.e.* that

someone signed or adopted the statements included in the forms.  For that reason, the documents are testimonial and do implicate the Confrontation Clause.  Because Mr. Pendergrass cannot confront the person or persons who made the records, who maintained the records, or the person who created the documents, these documents should be excluded.

For all of these reasons, Mr. Pendergrass objects to the government proceeding via the business records exception for any of the documents outlined in the government's notice (doc. 194).

Respectfully submitted this 9th day of November 2021.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
1800 Peachtree Street, Suite 300
Atlanta, GA 30309

/s/SYDNEY R. STRICKLAND
Sydney Rene Strickland
Strickland Webster, LLC
Suite 510-203, 830 Glenwood Ave., S.E.
Atlanta, GA 30316

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the undersigned has this date electronically filed the foregoing response to government's intent to proceed by business records with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

All Defense Counsel

All AUSAs of record

Respectfully submitted this day 9th of November 2021.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
1800 Peachtree Street
Suite 300
Atlanta, GA 30309
Counsel for Mr. Pendergrass