UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cr-00224-AT-CMS |
| | ) |
| ALLEN J. PENDERGRASS, | ) |
| Defendant. | ) |
| _____ | ) |

## DEFENDANT'S SUPPLEMENTAL MOTION IN LIMINE

I. **THIS COURT SHOULD REJECT TO THE GOVERNMENT'S ATTEMPT TO EXPAND THE ALLEGED "SCHEME TO DEFRAUD" BY CLAIMING THAT UNRELATED ACTS ARE INTRINSIC TO THIS CASE OR THAT THEY MEET THE REQUIREMENTS OF RULES 403 AND 404(B).**

In its response to defendant's motion in limine, the government argued that the Court should deny defendant's request to strike surplusage from the indictment because other asset recovery businesses – Guishard, Wilburn, & Shorts, Recovery Capital, Attorney Recovery System and other named businesses – were part of the charged scheme to defraud. Doc. 211 at 6. The government also states that at "the pretrial hearing or trial, the government would demonstrate that evidence of Guishard, Wilburn, & Shorts, Recovery Capital, Attorney Recovery System and other listed asset recovery businesses is admissible a) because the transactions are intrinsic to the conspiracy and mail fraud allegations . . . or, alternatively, b) to demonstrate the relationship of the conspirators, knowledge, and intent to defraud.

For all of the reasons outlined in defendant's initial motion in limine, this Court should reject any arguments about intrinsic evidence or 404(b) evidence. Mr. Pendergrass also writes here to clarify the boundaries of the government's case as outlined in its indictment and bill of particulars.

## II.   THE INDICTMENT IN THIS CASE CHARGES A SCHEME RELATED TO THE CITY OF ATLANTA AND ASSET FINANCIAL RECOVERY.

While an indictment may use the statutory language to generally describe the offense, that language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offen[s]e, coming under the general description, with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117-18, 94 S.Ct. 2887, 2908, 41 L.Ed.2d 590 (1974). As long ago as 1875, the Supreme Court held that where the general statutory language is used, the indictment "must descend to particulars." *United States v. Cruikshank*, 92 U.S. 542, 558 (1875) (explaining that, for example, it was a crime to steal goods and chattels, "but an indictment would be bad that did not specify with some degree of certainty the articles stolen").

Courts have insisted on a sufficiently detailed indictment in order to address several different concerns. First, the requirements ensure compliance with the constitutional requirement that charges be presented to a grand jury. *United States v. Italiano*, 837 F.2d 1480, 1486 (11th Cir. 1988) ("Of even greater relevance here

2

is that it would hinder our task in reviewing a conviction as well as serve as an affront to our criminal justice system to permit an accused to be subject to jeopardy based on facts which were not presented to nor found by the grand jury."). Preventing a defendant from being convicted of a crime not presented to a grand jury is critical to ensure compliance with both the Fifth and Sixth Amendments. *See Russell*, 369 U.S. at 760-61; U.S. Const., amends. V, VI.

In the indictment, as to the mail fraud counts, the government alleges:

On or about the dates listed below for each count, in the Northern District of Georgia and elsewhere, the defendants, Allen J. Pendergrass and Terrell McQueen, aided and abetted by each other and others known and unknown to the Grand Jury, for the purpose of executing and attempting to execute the aforementioned scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses and representations, did, with intent to defraud, cause to be delivered by mail and by private or commercial carrier, the following mailings from the City of Atlanta Finance Department:

| Count | Date (On or about) | Mailing |
|---|---|---|
| 1 | 4/5/2013 | Check in the amount of $8,000 payable to Johnson, Coleman & Stephenson LLC C/O Asset Financial Recovery, Inc. |
| 2 | 5/13/2013 | Check in the amount of $76,636.28 payable to Asset Financial Recovery, Inc., C/O Georgia Municipal Association |
| 3 | 5/13/2013 | Check in the amount of $26,874.42 payable to Asset Financial Recovery, Inc. C/O Long, Weinbery, Ansley & Wheeler |
| 4 | 5/13/2013 | Check in the amount of $14,875.67 payable to Asset Financial Recovery Inc. C/O James H Bone, Trustee |
| 5 | 5/13/2013 | Check in the amount of $11,000 payable to Asset Financial Recovery, Inc., C/O Actors Express |

Doc. 1 at 4.

The checks used to execute the mail fraud scheme are exclusively related to

3

the City of Atlanta. Likewise, the aggravated identity theft counts involve these same transactions and therefore also only involve City of Atlanta related conduct.

Mr. Pendergrass is charged in count 6 with money laundering conspiracy, in violation of 18 U.S.C. § 1956. Count 6 is charged as follows:

> Beginning on a date unknown and continuing until in or about April 2014, in the Northern District of Georgia and elsewhere, the defendants, ALLEN J. PENDERGRASS and TERRELL MCQUEEN, did knowingly and willfully combine, conspire, and agree with each other and others, both known and unknown to the Grand Jury, to conduct and attempt to conduct financial transactions affecting interstate commerce, which involved the proceeds of a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, with the intent to promote the carrying on of a unlawful activity, that is, mail fraud, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i). All in violation of Title 18, United States Code, Section 1956(h).

Doc. 1.

Mr. Pendergrass previously filed a motion for a bill of particulars and a motion to dismiss count 6. Docs. 130, 131. In the motion for a bill of particulars, Mr. Pendergrass argued, "As to Count 6, it is unclear what transactions or actions the government alleges were used to promote the carrying on of mail fraud. Counsel for Mr. Pendergrass has no idea how to defend against this claim." Doc. 130 at 2. Mr. Pendergrass asked for a bill of particulars to "outline what actions or transactions Mr. Pendergrass undertook (or aided and abetted) with the intent to promote the carrying on the mail fraud." Doc. 130 at 3.

4

In the motion to dismiss, Mr. Pendergrass argued that, based on the allegations in Count 6, "it is impossible to tell what transactions the government is alleging were undertaken by Mr. Pendergrass for the purpose of promoting the carrying on of the mail fraud." Doc. 131 at 2. The motion also stated:

> The indictment, though it recites the statutory language, does not contain any factual description as to what actions taken by any of the defendants constituted money laundering. It is unclear what agreement there was between the parties as it relates to money laundering or what actions were taken based on the alleged agreement. Because there is no factual description of the conduct that gave rise to the crime charged in Count 6, the indictment fails on its face, and it does not satisfy any of the concerns articulated by appellate courts.

Doc. 131 at 5-6.

In response, the government filed a bill of particulars. Doc. 140. In its bill of particulars, the government outlined the following details:

(1) As alleged in Count six of the Indictment of the above numbered case, ***Defendants conducted financial transactions involving the proceeds of the mail fraud scheme alleged in Counts one through five of the Indictment.*** Moreover, the Indictment alleges that Defendants deposited fraudulently obtained funds into bank accounts they controlled and then withdrew funds for personal benefit without returning proceeds to the rightful owners. (Doc. 1)

(2) The government provided bank records in discovery showing that excess funds ***fraudulently obtained from the City of Atlanta*** were deposited in bank accounts controlled by Defendants. ***These bank records show that Defendant used stolen funds from the City of Atlanta to pay himself, co-defendant and employees of his businesses that allowed the businesses to engage in the fraudulent mail fraud scheme.*** The financial transactions that were used to promote the mail fraud scheme, include, but were not limited to the following transactions: On May 15, 2013, Defendant Pendergrass

5

(2) deposited a fraudulently obtained check in the amount of $26,874.42 from the City of Atlanta in Wells Fargo Bank account number XXXX3556. On May 16, 2013, Defendant Pendergrass signed checks payable to Terrell L. McQueen in amounts of $3,000.00 and $5,602.00, labeled as commissions draw on Wells Fargo Bank account number XXXX3556. On that same date, Defendant Pendergrass also signed checks payable to E.F. and D.B., employees or independent contractors assisting Defendants in the mail fraud scheme. On June 20, 2013, Defendant Pendergrass deposited four checks that were proceeds of the Defendants mail fraud scheme. After the funds were deposited in Wells Fargo Bank account number xxxx3556, Defendant Pendergrass used fraud proceeds to fund checks payable to employees/independent contractors working in mail fraud scheme, including himself, co-defendant Terrell McQueen, A.P., E.F., D.B., and other companies he controlled.

(3) In addition to paying employees that worked with Defendant's companies, Defendants also used stolen funds to operate his fraudulent asset recovery business, including using funds obtained in mail fraud scheme to pay fees to obtain lists of excess funds, purchase postage, and pay business expenses *as reflected in purchases made from Wells Fargo Bank account number ending in xxxx3556 in July and August, 2013.*

Doc. 140 at 1-3 (emphasis added).

The indictment is about City of Atlanta funds. The bill of particulars is about City of Atlanta funds. No doubt the evidence submitted the grand jury was about City of Atlanta funds. All of the checks at issue in the indictment were written by the City of Atlanta finance department and were issued to Asset Financial Recovery, Inc., jointly with other recipients named in the mail fraud charges (1-5). None of these transactions outlined in the indictment or the bill of particulars involved Guishard, Wilburn, & Shorts, Recovery Capital, Attorney Recovery System and

6

other listed asset recovery businesses. All of the checks at issue involve the very discreet time frame of April – May 2013. The government should be limited to the claims it made in its bill of particulars.

### III. THE BILL OF PARTICULARS LIMITS THE CHARGED SCHEME TO TRANSACTIONS INVOLVING CITY OF ATLANTA FUNDS BETWEEN APRIL AND AUGUST 2013.

Pursuant to Fed. R. Crim. P. 7(f), a defendant may seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him. *United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987). "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1442 (11th Cir. 1986) (emphasis original). Because the bill of particulars amplifies the pleading (i.e., the indictment), the Government will be "strictly limited to proving what it has set forth in it." *United States v. Germain*, 33 Fed. App'x 565, 566 (2d Cir. 2002) (*quoting United States v. Glaze*, 313 F.2d 757, 759 (2d Cir. 1963)). *See also United States v. Smith*, 776 F.2d 1104, 1111 (3rd Cir. 1985) (A bill of particulars, like the indictment, is designed to

7

define and limit the government's case). As with the indictment, there can be no variance between the notice given in a bill of particulars and the evidence at trial. *United States v. Neff*, 212 F.2d 297, 309 (3d Cir. 1954); *United States v. Murray*, 297 F.2d 812 (2d Cir.) cert. denied 369 U.S. 828, 7 L. Ed. 2d 794, 82 S. Ct. 845 (1962). A bill of particulars thus set the parameters of the government's case. *See Smith*, 776 F.2d at 1111.

Here, the bill of particulars specifically outlines transactions related to City of Atlanta funds during a few months in 2013. Mr. Pendergrass again objects to the government's attempt to expand the number of transactions to be presented and timeframe of alleged transactions to be presented in this case. This case is about alleged fraud related to the City of Atlanta from April – August 2013 – as clearly outlined by the government in the ***bill of particulars***. The checks referenced in the ***bill of particulars*** that form the basis of the money laundering conspiracy are outlined in the table below:

| Date Issued | Issuer | Named Recipient | Amount | Date Deposited | Bank Account |
|---|---|---|---|---|---|
| 5/10/2013 | City of Atlanta | Asset Financial Recovery, Inc. and Long, Weinbery, Ansley, & Wheeler | $26,874.42 | 5/15/2013 | Asset Financial Recovery, Inc. Wells Fargo Account |
| 5/10/2013 | City of Atlanta | Asset Financial Recovery, Inc. and Michael Burandt | $4367.05 | 6/20/2013 | Asset Financial Recovery, Inc. Wells |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Fargo Account |
| 5/10/2013 | City of Atlanta | Asset Financial Recovery, Inc. and Actors Express | $11,000 | 6/20/2013 | Asset Financial Recovery, Inc. Wells Fargo Account |
| 5/10/2013 | City of Atlanta | Asset Financial Recovery, Inc. and James H. Bone, Trustee | $14,875.67 | 6/20/2013 | Asset Financial Recovery, Inc. Wells Fargo Account |
| 5/10/2013 | City of Atlanta | Asset Financial Recovery, Inc. and Georgia Municipal Association | 76,636.28 | 6/20/2013 | Asset Financial Recovery, Inc. Wells Fargo Account |

There is no other notice provided in the indictment or the bill of particulars that the mail fraud or money laundering conspiracy charged here involves anything other than City of Atlanta funds or any other funds received outside the very clear time frame of April – August 2013. For these reasons, the government's case should be limited to proving these allegations. *See United States v. Braniff Airways, Inc.,* 1978 U.S. Dist. LEXIS 18623 (5th Cir. 1978) ("The indictment, and not the prosecutors, must specify the complete dimensions of the crime charged. The prosecutors may not cure a vague indictment with a bill of particulars which limits the government's case at trial.").

## IV. PERMITTING THE GOVERNMENT TO WIDEN THE SCOPE OF THE CHARGES AT ISSUE WOULD RESULT IN A MATERIAL VARIANCE FROM OR A CONSTRUCTIVE AMENDMENT OF THE INDICTMENT.

"After an indictment has been returned, its charges may not be broadened through amendment except by the grand jury itself." *United States v. Artrip*, 942 F.2d 1568 (11th Cir. 1991), *citing United States v. Andrews*, 850 F.2d 1557, 1560 (11th Cir. 1988), cert. denied, 488 U.S. 1032, 109 S. Ct. 842, 102 L. Ed. 2d 974 (1989). The allegations of the indictment and the proof at trial must correspond so that a defendant is properly notified of the charges to defend against and is protected against the possibility of prosecution for the same offense. *United States v. Reed*, 887 F.2d 1398, 1403 (11th Cir. 1989). An impermissible variance occurs "when the evidence at trial establishes facts materially different from those alleged in the indictment." *United States v. Lander*, 668 F.3d 1289, 1295 (11th Cir. 2012) (quotation marks omitted).

The rule that the charges of the indictment may not be broadened through amendment, except by the grand jury itself, is violated where the trial court, over defendant's objection, permits the government to offer evidence on a charge not contained in the indictment and submits that charge to the jury. *See Stirone v. United Stats*, 361 U.S. at 217-19, 80 S. Ct. at 273-74 (1960). In *Stirone*, the Supreme Court reversed a conviction for obstruction of interstate commerce because the indictment was improperly amended and the offense charged was impermissibly enlarged by

10

the trial court's admission of evidence and its jury charge. The indictment charged interference with sand imports. Evidence was offered and instructions given to include interference with steel exports.

Based on the allegations outlined in the bill of particulars, the government's attempt to offer evidence unrelated to Asset Financial Recovery, Inc. and City of Atlanta funds will impermissibly broaden the charges in this case. The attempt to improperly expand the scope of the charges at trial should be rejected.

### V.   PERMITTING THE GOVERNMENT TO BROADEN THE SCOPE OF THE ALLEGATIONS AT ISSUE WILL ENDANGER MR. PENDERGRASS' RIGHT TO A UNANIMOUS VERDICT.

A federal defendant has the right to a unanimous verdict. Fed. R. Crim. P. 31(a). When the indictment is unclear as to the facts that constitute the charged offense, the jury may convict the defendant without being unanimous on those facts. For example, in *Bobo*, the Eleventh Circuit Court of Appeals concluded that "we cannot merely assume that the jury unanimously agreed on *which* overt acts," when there were different overt acts charged in the indictment. *Bobo*, 344 F.3d at 1085 ("Due to the inadequacies in the indictment, we cannot discern what scheme the jury found Dr. Bobo committed."). Similarly, in *United States v. Adkinson*, 135 F.3d 1363, 1377-78 (11th Cir. 1998), the Eleventh Circuit Court of Appeals vacated the defendant's convictions because the jury never unanimously agreed on the overt acts that allegedly constituted the scheme at issue.

In *United States v. McGarity*, 669 F.3d 1218, 1240 (11th Cir. 2012, the Eleventh Circuit Court of Appeals vacated the defendants' conviction on one count (Count 40) because the only notice provided was "that the defendants obstructed an unknown official proceeding at some time in some place by some action." Accordingly, this Court determined that "the Superseding Indictment provides insufficient constitutional notice, both as to what charges must be defended against and as to the possibility of future prosecutions on the same basis. *McGarity*, 669 F.3d at 1240 (alterations omitted).

If the government is permitted to present evidence of transactions unrelated to the City of Atlanta and unrelated to Asset Financial Recovery, it will be impossible to ensure that the jury is making its determinations based solely on the allegations outlined in the indictment and the bill of particulars. The government's attempt to broaden the scope of its allegations should be rejected.

Respectfully submitted this 15th day of November 2021.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
1800 Peachtree Street
Suite 300
Atlanta, GA 30309
Counsel for Mr. Steward

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served upon all counsel of record a true and correct copy of the foregoing supplemental motion in limine by electronic filing through the Court's CM/ECF system.

This 5th day of November 2021.

Respectfully submitted,

*s/Saraliene S. Durrett*
SARALIENE S. DURRETT
GA Bar No. 837897
Attorney for Allen Pendergrass

1800 Peachtree Street, NE
Suite 300
Atlanta, GA 30309
(404) 433-0855
ssd@defendingatl.com

13