IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLEN J. PENDERGRASS, | : | CIVIL ACTION NO. |
| | : | 1:17-CR-224-AT-1 |
| | : | |
| Defendant. | : | |

## ORDER

This matter is before the Court on the Government's motions in limine to permit the admission of evidence under Fed. R. Evid. 404(b) [Docs. 71, 73] and Defendant's response. [Doc. 191]. The Court's rulings are set forth below.

## I.  Introduction

The Indictment in the present action charges Mr. Pendergrass with five counts of mail fraud, one count of conspiracy to engage in money laundering, and four counts of aggravated identity theft.  (Indictment, Doc. 1.) The Indictment alleges that Mr. Pendergrass and his co-defendant Mr. McQueen, from a date unknown to April 2014, *inter alia* (1) mailed correspondence and limited power of attorney forms to government agencies fraudulently claiming that Defendants' companies were agents of the rightful owners of unclaimed funds and (2) then deposited these fraudulently obtained funds. (Indictment at 1, 6.B, 6.E.) The specific mailings cited in the five mail fraud charges all concern funds sent by the City of Atlanta Finance Department.

In the motions presently before the Court, the Government seeks to introduce evidence of two prior convictions and five other crimes, wrongs, or acts committed by Mr. Pendergrass. In support, the Government contends that the two prior convictions are permissible 404(b) evidence, while the five "other bad acts" are "intrinsic to the charged offenses" and therefore not subject to the requirements of 404(b). (*See generally* Gov. Mot., Doc. 73.) Alternatively, the Government argues that, even if the "other bad acts" are not considered intrinsic to the charged crimes, they are admissible 404(b) evidence. (*Id.* at 21.) Mr. Pendergrass objects to the introduction of any uncharged conduct or past convictions, arguing that (1) the prior convictions do not satisfy the requirements of Rule 404(b) and are improper propensity evidence and (2) the "other bad acts" are not intrinsic to the charged conduct and are instead irrelevant, untimely, and unduly prejudicial. (*See* Def. Resp., Doc. 191.) The Court held a pretrial conference on November 17, 2021, at which the parties presented extensive argument on these issues.

## II. Legal Standard

Federal Rule of Evidence 404(b) provides that evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Even so, the evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan

2

knowledge, identity, absence of mistake, or lack of accident." Fed. R. Ev. 404(b)(2). Under the rule, the Government may introduce evidence of a prior or uncharged act if it demonstrates: (1) that the evidence is relevant to a material issue other than the defendant's character; (2) that the prior act occurred and that the defendant was the actor; and (3) that the probative value of introducing the evidence outweighs any prejudicial effect the evidence might have. *United States v. Cancelliere*, 69 F.3d 1116, 1124 (11th Cir. 1995); *United States v. Kapordelis*, 569 F.3d 1291, 1313 (11th Cir. 2009).

Rule 404(b), however, does not apply where the Government seeks to introduce evidence of an "uncharged offense that arose out of the same transaction or series of transactions as the charged offense, if it was inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime" at trial. *United States v. Chandler*, 996 F.2d 1073, 1101 (11th Cir. 1993). Evidence admitted as "inextricably intertwined" with the charged offense is nevertheless subject to Fed. R. Evid. 403's balancing requirement. *United States v. Church*, 955 F.2d 688, 700 (11th Cir. 1992); Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

III.   **Discussion**

    **A. The Colorado and Ohio Convictions**

    The Government seeks to introduce two of Mr. Pendergrass's prior convictions. First, the Government seeks to introduce Mr. Pendergrass's 2015 conviction from Larimer County, Colorado for one count of felony theft. (Gov. Mot., Doc. 73 at 4.) The Colorado state-court criminal complaint alleged that, from April 3, 2013 to until or about May 2013, Mr. Pendergrass, through his company, defrauded the City of Fort Collins, Colorado by forging and mailing documents to the City of Fort Collins fraudulently claiming to be the agent of an individual entitled to unclaimed government funds. (*Id.* at 5.) Second, the Government seeks to introduce Mr. Pendergrass's 2015 conviction for bank fraud in the Southern District of Ohio, where the indictment alleged that Mr. Pendergrass deposited stolen U.S. Treasury checks and produced false documents to banks in connection with the checks. (*Id.*)

    As the Court indicated at the pretrial conference, it will allow the Government to introduce evidence of the Colorado conviction but not the Ohio conviction. After hearing argument from counsel, the Court concludes that the Colorado conviction is introduced for a proper purpose: to show Mr. Pendergrass's intent and knowledge in connection with the charged crimes, which are highly similar to the allegations in the Colorado complaint. Like the charges in the Colorado complaint, the Indictment in this case involves alleged

attempts to defraud a local government through forged correspondence and fake power of attorney documents, all occurring during the same time frame as the charged conduct in the Indictment. Evidence of the Colorado conviction is therefore presented for an appropriate purpose under the first prong of the 404(b) analysis. *See United States v. Ellisor*, 522 F.3d 1255, 1267-68 (11th Cir. 2008) (finding that past incident of promoting illusory special event was relevant to defendant's intent to commit charged crime of selling tickets to fake Christmas show); *United States v. Sanchez*, 790 F.2d 1561, 1564 (11th Cir. 1986) (holding that prior money laundering scheme was properly admitted to prove intent and knowledge where conspiracy "was similar in time and form to the charged conspiracy, and, as such, aided in establishing that [defendant] acted with knowledge that his actions were illegal"); *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007) (noting that where intent is a material issue, "where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test is satisfied").

As to the second prong of the analysis, the Court finds that there is sufficient proof for a jury to find that Mr. Pendergrass committed the acts alleged in the Colorado complaint, as he pled guilty in that case.

As to the third balancing prong, the Court finds that the probative value of the Colorado conviction outweighs any prejudicial effect at this juncture. *Cancelliere*, 69 F.3d at 1124; Fed. R. Civ. P. 403. Even so, the Court is mindful

that where the government "has a strong case without the extrinsic offense, then the prejudice to the defendant will more likely outweigh the marginal probative value." *United States v. Jones*, 28 F.3d 1574, 1581 (11th Cir. 1994), *modified on other grounds*, 74 F.3d 275 (11th Cir. 1996). "In other words, if the government can do without such evidence, fairness dictates that it should . . ." *Id.* (internal citation omitted). In light of this principle, the Court advises that the Government should plan to present evidence of the Colorado conviction near the end of its case. At that time, the Court will reconsider whether the probative value of the Colorado conviction still outweighs any prejudicial impact in light of the other evidence presented.

The Court will not admit evidence of the Ohio conviction, which does not involve allegations as factually analogous to the ones at issue in the present case. The Ohio conviction therefore is not relevant to show knowledge and intent in the same manner as the Colorado conviction.  Because the Ohio conviction is not presented for proper purpose, it is not admissible 404(b) evidence.

## B. The Other Bad Acts

The Government also seeks to introduce evidence of five "other bad acts." Four of these "other bad acts" concern attempts to defraud the City of Atlanta. One concerns an attempt to defraud the government of Harris County, Texas. (Gov. Mot., Doc. 73 at 6-10.) As alleged by the Government, these incidents can be summarized as follows:

| 1. Wiesman, Nowack, Curry, and Wilco | From date unknown until August 2013, Mr. Pendergrass, through his company, forged and mailed correspondence, including limited power of attorney forms (1) claiming that his company was the agent of law firm Wiesman, Nowack, Curry, and Wilco and (2) directing the City of Atlanta to send money to Defendant's company. |
|---|---|
| 2. Quarterback Club | From date unknown until March 2013, Mr. Pendergrass forged and mailed correspondence, including limited power of attorney forms, (1) claiming that his business was the agent of the Atlanta Quarterback Club and (2) directing City of Atlanta to send money to Defendant's company. |
| 3. Lee Family Trust | From date unknown until July 2014, Mr. Pendergrass forged and mailed correspondence, including limited power of attorney forms, claiming that his business was the agent of the Lee Family Trust. Additionally, Mr. Pendergrass contacted and negotiated with local attorney Cohen to set up a trust bank account to deposit funds from Harris County. |
| 4. Holland and Knight | In January 2013, Mr. Pendergrass directly participated in a scheme to falsify documents to defraud City of Atlanta in claiming that Defendant's business was agent of Holland and Knight. |
| 5. Hemisphere, Inc. | In October 2012, Mr. Pendergrass sent fraudulent correspondence and power of attorney forms to City of Atlanta, falsely claiming to be the agent of Hemisphere Inc. |

Upon review of the Indictment, and after hearing argument from counsel, the Court finds that all five alleged "bad acts" are "inextricably intertwined" with the evidence regarding the charged offenses. *Chandler*, 996 F.2d at 1101; *United States v. US Infrastructure, Inc.*, 576 F.3d 1195, 1210 (11th Cir. 2009) ("Rule 404(b) does not apply when the other act evidence is linked in time and circumstances with the charged crime and concerns the context, motive or setup of the crime; or forms an integral part of the crime; or is necessary to complete the story of the crime."). Four of the "other bad acts" involve alleged attempts to

defraud the City of Atlanta within the same time period as the allegations in the Indictment. As counsel for the Government demonstrated at the pretrial conference, the allegedly forged documents pertaining to the charged offenses (*e.g.* power of attorney forms) are materially the same as the documents pertaining to the "other bad acts." For these reasons, the Court concludes that the uncharged City of Atlanta offenses were "linked in time and circumstances with the charged crime," were part of the same scheme, and were inextricably intertwined. *Id*. While the Lee Family Trust "bad act" involved an alleged attempt to defraud Harris County, Texas and not the City of Atlanta, it also occurred in the same time span as the charged conduct and involved the same scheme, including the use of similar documents. Under the circumstances and in light of the governing authority in this Circuit, the Court finds that the Lee Family Trust incident is also "inextricably intertwined" such that it is not extrinsic evidence proscribed by Rule 404. *See US Infrastructure*, 576 F.3d at 1210 (holding that evidence of uncharged bribe during same time period as charged bribe was inextricably intertwined).[1]

As noted, evidence that is "inextricably intertwined" with the charged conduct is still subject to Rule 403 balancing. *Church*, 955 F.2d at 700. The Court is cognizant that Rule 403 "must be used sparingly because it results in the

---

[1] The Government also argues that the evidence of the five "other bad acts" is relevant to provide the context for the relationship between Mr. Pendergrass and his co-defendant Mr. McQueen in connection with the charged crimes.

exclusion of concededly probative evidence." *US Infrastructure*, 576 F.3d at 1211. At this juncture, the Court declines to exclude the relevant "other bad acts" evidence as prejudicial under Rule 403. However, as trial progresses, the Court will continue to evaluate whether the evidence and testimony is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

## IV.   Conclusion

In sum, the Court will allow the Government to present evidence of the Colorado conviction but not the Ohio conviction under Fed. R. Evid. 404(b). The Court also finds that the five "other bad acts" are not extrinsic evidence subject to Rule 404(b) and are instead intrinsic and "inextricably intertwined" to the conduct charged in the Indictment. Therefore, these five "other bad acts" are admissible, subject to the Rule 403 concerns discussed above. For these reasons, the Court **GRANTS IN PART AND DENIES IN PART** the Government's motions in limine to permit the admission of 404(b) evidence [Docs. 71, 73].

**IT IS SO ORDERED** this 19th day of November 2021.

**Amy Totenberg**
**United States District Judge**

9