UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )  <br>     Plaintiff,                     ) <br>                                   ) <br> v.                                     ) Case No. 1:17-cr-00224-AT-CMS <br>                                   ) <br> ALLEN J. PENDERGRASS,        ) <br>     Defendant.                ) | |

**NOTICE OF INTENT TO OBJECT TO BUSINESS RECORDS
CONTAINING DOUBLE HEARSAY[1]**

At the pretrial conference, the government argued that certain documents should be admitted under the business records exception to the hearsay rule. Defense counsel argued that some of the exhibits the government seeks to admit contain hearsay within hearsay because many of the documents contain statements made by people who are unidentified or who have no duty to provide truthful information. *See e.g.*, attached postal application. (Mr. Pendergrass has attached one example to this motion, but the government seeks to admit various other documents including letters and handwritten notes that will present the same problem.)

The government argues, in essence, that it does not matter if the postal form itself contains hearsay as long as there is a valid business record certification. The government relied upon *United States v. Parker,* 749 F.2d 628 (11th Cir. 1984). In

---

[1] As previously stated, Mr. Pendergrass also objects to the introduction of many of the proposed business records exhibits due to inadequate certifications.

1

*Parker*, the Court found the business records exception could apply to admit a customs certificate of the United Kingdom representing proof that Scotch had been imported and thus the purchaser could avoid taxation in the United Kingdom for the cases of Scotch listed on the certificate. *Id*. at 633. Parker does not address the double hearsay problem presented here.

>Mr. Pendergrass calls the Court's attention to Fed. R. Evid. 805, which states:

>Hearsay within hearsay is not excluded by the rule against hearsay if each part of the combined statements conforms with an exception to the rule.

The Notes of Advisory Committee on Rule 805 state:
>On principle it scarcely seems open to doubt that the hearsay rule should not call for exclusion of a hearsay statement which includes a further hearsay statement when both conform to the requirements of a hearsay exception. ***Thus a hospital record might contain an entry of the patient's age based on information furnished by his wife. The hospital record would qualify as a regular entry except that the person who furnished the information was not acting in the routine of the business. However, her statement independently qualifies as a statement of pedigree (if she is unavailable) or as a statement made for purposes of diagnosis or treatment, and hence each link in the chain falls under sufficient assurances.*** Or, further to illustrate, a dying declaration may incorporate a declaration against interest by another declarant. See McCormick § 290, p. 611.

(Emphasis added).

The government has failed to address the double hearsay problem that exists with many of its proposed business records.

In the context of a business record, double hearsay "exists when the record is prepared by an employee with information supplied by another

2

person." *United States v. Blechman*, 657 F.3d 1052, 1065 (10th Cir. 2011) (*quoting United States v. Gwathney*, 465 F.3d 1133, 1141 (10th Cir. 2006)); *JP Morgan Chase Bank, N.A. v. Classic Home Fin., Inc.,* 548 Fed. Appx. 205 (5th Cir. 2013) ("Double hearsay in the context of a business record exists when the record is prepared by an employee with information supplied by another person."); *United States v. Christ*, 513 F.3d 762, 769 (7th Cir. 2008) ("[S]tatements made by third parties in an otherwise admissible business record cannot properly be admitted for their truth unless they can be shown independently to fall within a recognized hearsay exception."). Business records are excepted from the hearsay rule provided "both the source and the recorder of the information, as well as every other participant in the chain producing the record, are acting in the regular course of business." *United States v. Baker*, 224 U.S. App. D.C. 68, 693 F.2d 183, 188 (D.C. Cir. 1982).

When the other person supplying the information "is an outsider to the business who is not under a business duty to provide accurate information, then the reliability rationale that underlies the business records exception ordinarily does not apply." *United States v. Ary*, 518 F.3d 775, 787 (10th Cir. 2008)). Consequently, "any information provided by an outsider to the business preparing the record must itself fall within a hearsay exception to be

3

admissible." *Id.* (internal alterations omitted) (*quoting United States v. Gwathney*, 465 F.3d 1133, 1141 (10th Cir. 2006)).

The mere fact that one level of multiple-level statement qualifies as "non-hearsay" does not excuse other levels from Rule 805 mandate that each level satisfy exception to hearsay rule for statement to be admissible. *United States v. Dotson*, 821 F.2d 1034, 1987 U.S. App. LEXIS 10245 (5th Cir. 1987).

Based on the government's presentation at the pretrial conference, Mr. Pendergrass raises this issue now to further prepare the Court for litigation of this issue.

Respectfully submitted this day 27th of November 2021.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
1800 Peachtree Street
Suite 300
Atlanta, GA 30309

## **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date electronically filed the foregoing notice of intent to object to business records containing double hearsay with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney(s) of record:

All Defense Counsel

All AUSAs of record

Respectfully submitted this day 27th of November 2021.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
1800 Peachtree Street
Suite 300
Atlanta, GA 30309