UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>      Plaintiff, )<br>)<br>v. ) Case No. 1:17-cr-00224-AT-CMS<br>)<br>ALLEN J. PENDERGRASS, )<br>      Defendant. )<br>_____) | |

## DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER ON INTRINSIC ACT EVIDENCE

This Court has ruled that the government can admit one prior conviction as 404(b) evidence and 5 additional acts as "intrinsic" evidence in this case. Doc. 227. Mr. Pendergrass maintains his objection to this ruling as to all of these acts and to the conviction, as outlined at the pretrial conference.

Mr. Pendergrass writes here to ask the Court to reconsider its ruling as to the Lee Family Trust based upon documents produced by the government on Friday, November 19, 2021.

In its order, the Court outlined the facts alleged by the government as to the Lee Family Trust:

> From date unknown until July 2014, Mr. Pendergrass forged and mailed correspondence, including limited power of attorney forms, claiming that his business was the agent of the Lee Family Trust. Additionally, Mr. Pendergrass contacted and negotiated with local attorney Cohen to set up a trust bank account to deposit funds from Harris County.

Doc. 227 at 7. The Court noted,

> While the Lee Family Trust "bad act" involved an alleged attempt to defraud Harris County, Texas and not the City of Atlanta, it also occurred in the same time span as the charged conduct and involved the same scheme, including the use of similar documents. Under the circumstances and in light of the governing authority in this Circuit, the Court finds that the Lee Family Trust incident is also "inextricably intertwined" such that it is not extrinsic evidence proscribed by Rule 404.

Doc. 227 at 8.

Mr. Pendergrass asserts that evidence related to the Lee Family Trust should be excluded:

1. Based on the plain language of the indictment (alleging a scheme to defraud the City of Atlanta and outlining 5 acts involving the City of Atlanta and the company named Asset Financial Recovery).

2. Based on the government's bill of particulars (alleging that defendants fraudulently obtained and used stolen funds from the City of Atlanta to pay themselves and to engage in the fraudulent mail fraud scheme [alleging fraud against the City of Atlanta] using a bank account in the name of Asset Financial Recovery.

3. Based on evidence provided by Terrell McQueen that *he* set up the post office box and fax account for the Lee Family Trust (provided by Mr. McQueen on November 19, 2021). See attached.

4. Based on evidence provided by Terrell McQueen that *he* set up a voicemail account (Box 18077) and an email account related to the Lee Family Trust, both of which he personally monitored. This evidence includes a voicemail and an email that were both sent to Mr. McQueen regarding this business. See attached.

5. Based on evidence provided by Terrell McQueen that *he* signed and faxed the documents sent to Harris County, Texas related to the

    request for the Lee Family Trust funds using his admitted alias "Gene Bloom."[1] See attached.

6. Based on the evidence that the request to Harris County was sent on "Attorney Recovery Systems" letterhead, which was a business started and controlled by Terrell McQueen –using his home address (8364 Dwayne Land) as his office.

7. Based on the evidence that the request was sent on "Attorney Recovery Systems" letterhead with a different office location (3333 Piedmont Road) than Asset Financial Recovery or Guishard, Wilborn, and Shorts.

No doubt Mr. McQueen will attempt to blame Mr. Pendergrass for his additional fraud and to minimize his own involvement, but at this point the evidence against Mr. McQueen is growing and creating additional points of confusion and a waste of time for the jury. This evidence is not intrinsic to the charged crimes and it is unduly prejudicial. Evidence of Mr. McQueen's additional fraud does not complete the story of the City of Atlanta scheme outlined in the indictment and the bill of particulars. It also significantly lengthens the trial and it invites the jury to convict Mr. Pendergrass on acts other than those charged in the indictment. It should be excluded.

The government's request to admit this evidence should be rejected.

Respectfully submitted this 27th day of November 2021.

                                                   /s/SARALIENE S. DURRETT
                                                   Saraliene S. Durrett

---

[1] At the pretrial conference, the government admitted that Mr. McQueen has used the name Gene Bloom in connection with his fraud. Doc. 228 at 13.

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that I have this day served upon all counsel of record a true and correct copy of the foregoing supplemental motion for reconsideration by electronic filing through the Court's CM/ECF system.

This 27th day of November 2021.

Respectfully submitted,

*s/Saraliene S. Durrett*
SARALIENE S. DURRETT
GA Bar No. 837897
Attorney for Allen Pendergrass

1800 Peachtree Street, NE
Suite 300
Atlanta, GA 30309
(404) 433-0855
ssd@defendingatl.com