UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cr-00224-AT-CMS |
| ) | |
| ALLEN J. PENDERGRASS, ) | |
|     Defendant. ) | |

**DEFENDANT'S SUPPLEMENTAL REQUEST TO CHARGE**

COMES NOW ALLEN PENDERGRASS, by and through undersigned counsel, and pursuant to Rule 30 of the Federal Rules of Criminal Procedure, hereby submits this supplemental request to charge.

Respectfully submitted this 3rd day of December 2021.

/s/SARALIENE S. DURRETT
Saraliene S. Durrett
GA Bar No. 837897
1800 Peachtree Street
Suite 300
Atlanta, GA 30309
404-433-0855
Counsel for Mr. Pendergrass

1

# DEFENDANT'S PROPOSED 11
# THEORY OF DEFENSE[1][2]

The Defendant is entitled to present a theory of defense.

**As to Count 1-5**

[1] The defendant contends that because the government has not shown that Mr. Pendergrass knew about Mr. McQueen's specific acts of fraud before they occurred, it has not shown that Mr. Pendergrass had the intent to defraud with respect to Counts 1 through 5.

**As to Count 6 (Money Laundering Conspiracy)**

[1] The defendant contends that the government has not shown that Mr. Pendergrass knew that the checks related to the scheme outlined in Counts 1 through 5 were proceeds of fraud, rather than the product of lawful asset collection efforts.

[2] The defendant contends that the government has not shown that Mr. Pendergrass knew the checks related to the scheme charged in Counts 1 through 5 were the proceeds of fraud and therefore it cannot show that he knowingly conducted financial transactions with the proceeds of that fraud. Nor can it show that he

---

1   A criminal defendant is entitled to a theory-of-defense instruction where there is any foundation for the instruction in the evidence, even if the evidence is "weak, insufficient, inconsistent, or of doubtful credibility." *United States v. Lively*, 803 F.2d 1124, 1126 (11th Cir. 1986) (quoting United States v. Young, 464 F.2d 160, 164 (5th Cir. 1972)). A defendant is "entitled to have the case submitted to the jury in a manner which [will] enable the jury fairly to consider his proffered defenses." *United States v. Banks*, 942 F.2d 1576, 1580-81 (11th Cir.1991). "We have repeatedly held that "a defendant is entitled to a charge which precisely and specifically, rather than merely generally or abstractly, points to the theory of his defense."' *United States v. Lewis*, 592 F.2d 1282, 1286 (5th Cir.1979) (quoting United States v. Wolfson, 573 F.2d 216, 221 (5th Cir.1978)).

2   While a prosecutor can attack a defense theory during closing argument, *see United States v. Sosa*, 777 F.3d 1279, 1297 (11th Cir. 2015), he is not to misstate the law or tell the jury it can ignore the law, *see Spivey v. Head*, 207 F.3d 1263, 1275 (11th Cir. 2000).

conducted any financial transactions with the intent to promote the carrying on of that fraudulent scheme.

**As to Count 7-10 (Aggravated Identity Theft)**

[1] The defendant contends that the government has failed to prove beyond a reasonable doubt that the Defendant intentionally associated with or participated in transferring, possessing, or using the means of identification of S.J. (count 7), L.C. (count 8), J.B. (count 9), F.A. (count 10).

[2] A conviction on these counts cannot be based on a finding that Defendant was simply present at the scene of a crime or knew about it.

    Respectfully submitted this 3rd day of November 2021.

    /s/SARALIENE S. DURRETT
    Saraliene S. Durrett
    GA Bar No. 837897
    1800 Peachtree Street
    Suite 300
    Atlanta, GA 30309
    404-433-0855
    Counsel for Mr. Pendergrass