

# U.S. Department of Justice

United States Attorney
Northern District of Georgia

*600 U.S. Courthouse*  *Telephone: (404) 581-6000*
*75 Ted Turner Drive S.W.*  *Fax: (404) 581-6181*
*Atlanta, Georgia  30303*

December 2, 2021

Annie Boring
Law Clerk to the Honorable Amy Totenberg
United States District Court
Northern District of Georgia
2388 United States Courthouse
75 Ted Turner Dr., S.W.
Atlanta, Georgia 30303-3309

Re: United States v. Allen Pendergrass

Dear Ms. Boring:

The government received the latest proposed special verdict form from defense counsel. For the reasons stated below, the government objects to the use of this verdict form.

Notably, special verdicts are generally disfavored in criminal cases. *United States v. Griffin*, 705 F.2d 434, 437 (11th Cir. 1983); *United States v. Gonzalez*, 841 F.3d 339 (5th Cir. 2016). They are viewed as "an intrusion on the jury's prerogative to give an up or down vote on guilt with no explanation." *United States v. Gonzalez*, 841 F.3d 339, 342 (5th Cir. 2016). As one court observed, jury deliberation is "one of the most essential features of the right of trial by jury that no jury should be compelled to find any but a general verdict in criminal cases, and the removal of this safeguard would violate its design and destroy its spirit." *Id*. "[N]ot only must the jury be free from direct control in its verdict, but it must be free from judicial pressure, both contemporaneous and subsequent, both of which have been said to result from the submission of special questions." *United States v. McCraken*, 488 F.2d 406, 418 (5th Cir. 1974) (internal citation and quotation marks omitted). Furthermore,

> [t]o ask the jury special questions might be said to infringe on its power to deliberate free from legal fetters; on its power to arrive at a general verdict without having to support it by reasons or by a report of its deliberations; and on its power to follow or not to follow the instructions of the court. Moreover, any abridgement or modification of this institution would partly restrict its historic

>function, that of tempering rules of law by common sense brought
>to bear upon the facts of a specific case.

*Id.*

There are, however, limited situations in which a special verdict form is appropriate. They are "permitted when the information sought is relevant to the sentence to be imposed." *United States v. Buishas*, 791 F.2d 1310, 1317 (7th Cir. 1986) (internal citation omitted). They are also permitted in exceptionally complex cases. *United States v. Russo*, 166 F. App'x 654, 660 (3d Cir. 2006). Special verdict forms are additionally used when there are multiple defendants on trial together. *United States v. Desmond*, 670 F2d 414, 416 (3d Cir. 1982).

None of the special circumstances necessitating the use of a special verdict form are present in this case. The issues in this case are not complex. Mr. Pendergrass is the sole defendant on trial. Moreover, special interrogatories are not needed to determine the sentence to be imposed.

Additionally, the proposed special verdict form unnecessarily requires the jury to make special findings about the alternative means charged in the Mail Fraud and Aggravated Identity Theft counts in the indictment. "Although a jury must decide unanimously that the government has proved each element of a crime, it need not agree unanimously as to which of several means the defendant used to commit each element." *United States v. Williams*, 785 Fed. App'x 692, 703 (11th Cir. 2019); *United States v. Verbitskaya*, 406 F3d 1324, 1334 (11th Cir. 2005); s*ee also Schad v. Arizona*, 501 U.S. 624, 111 S. Ct. 2491, 115 L. Ed. 2d 555 (1991) (holding that due process does not require a jury to unanimously agree on one of several alternative statutory means of committing the charged offense). Consequently, the jury should return a verdict in this case after finding only that the government proved each element of the charged offenses and without requiring special finding regarding alternative means used to commit the crimes.

The government further objects to the proposed special verdict form because it is misleading. It contradicts other instructions, namely the instruction on aiding and abetting. It is also confusing. Notably, the proposed form excludes any reference to aiding to abetting. This is quite significant. The defendant's proposed verdict form fails to make clear that the jury need only find that Mr. McQueen committed one of the charged alternative means for Mail Fraud and Aggravated Identity Theft in order to convict Mr. Pendergrass for aiding and abetting the commission of these offenses. "[T]hose who provide knowing aid to persons committing federal crimes, with the intent to facilitate the crime, are themselves committing a crime." *Rosemond v. United States*, 572 U.S. 65, 71, 134 S. Ct. 1240, 188 L. Ed. 2d 248 (2014).

To convict under a theory of aiding and abetting, the government must prove that (1) *someone* committed the substantive offense; (2) the defendant contributed to and furthered the offense; and (3) the defendant intended to aid in its commission. *United States v. Tagg*, 572 F.3d 1320, 1324 (11th Cir. 2009) (emphasis added). A defendant may be convicted of aiding and abetting "even when he has not personally committed all the acts constituting the elements of the substantive crime aided." *United States v. Hornaday*, 392 F.3d 1306, 1311 (11th Cir. 2004).

Here, with respect to the Mail Fraud counts, the proposed special verdict form improperly implies that Mr. Pendergrass must have directly engaged in conduct involving the

actual making of false and fraudulent pretenses, representation, or promises. The form likewise improperly implies to the jury that a conviction for Aggravated Identity Theft requires proof that Mr. Pendergrass must have engaged in conduct directly involving the actual transfer, possession or use of another person's means of identification. As it reads now, the special verdict form creates the risk of jurors being directed by this court to acquit the defendant based on how the special interrogatories are worded. *But cf United States v. Frezzo Bros., Inc.*, 602 F.2d 1123, 1129 (3d Cir.1979) (noting that "there is the belief that in the long run special verdicts are not favorable to defendants because by a progression of questions each of which seems to require an answer unfavorable to the defendant, a reluctant juror may be led to vote for a conviction which, in the large, he would have resisted").

The government additionally objects to the proposed special verdict form's format. For example, the form lists Counts 1 through 5 simply as "mailing" and then it describes a check. The description "mailing" in these counts fail to sufficiently identify the federal offense charged and the counts exclude any reference to the aiding and abetting statute.

For all the reasons stated above, the court should deny Mr. Pendergrass's request to use a special verdict form. The government instead requests that the court use the general verdict form.

Sincerely,

KURT R. ERSKINE
*United States Attorney*

*Tracia M. King*

TRACIA M. KING
*Assistant United States Attorney*