IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>ALLEN J. PENDERGRASS | Criminal Action No.<br><br>1:17-CT-00224-AT |

### Response to Motion for Bond Pending Appeal

The United States of America, by Ryan K. Buchanan, United States Attorney, and Tracia M. King, Assistant United States Attorney for the Northern District of Georgia, files this response in opposition to Defendant's Motion For Bond Pending Appeal.

**1. Overview**

A Federal Grand Jury returned a ten-count Indictment on June 27, 2017 that charged Allen J. Pendergrass ("Pendergrass") with Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2; Conspiracy to Commit Concealment Money Laundering, in violation of 18 U.S.C. § 1956(h); and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. (Doc. 1). On December 3, 2021, a jury convicted Pendergrass on all counts after a five-day trial. (Doc. 250).

The Sentencing Hearing was held on August 24, 2022. The district court sentenced Pendergrass to serve a total of 46 months in prison, among other

things. (Doc. 289). On September 14, 2022, Pendergrass filed a Motion for Bond Pending Appeal.[1] (Doc. 296).

He argues, inter alia, that his appeal will raise a "substantial question" within the meaning of 18 U.S.C. § 3143(b), the statute governing release pending appeal. *Id*. Specifically, Pendergrass asserts that he intends to raise constitutional claims related to his arrest by the Atlanta Police Department in 2013 and his eventual indictment in this matter in 2017. *Id*. Although the indictment was timely filed, Pendergrass asserts that the pre-indictment delay violated his Fifth and Sixth Amendment rights.

For the reasons stated below, the motion for bond pending appeal should be denied.

## 2. Argument

The issue of bond pending appeal is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3143. It provides in relevant part:

> The judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

---

[1] Pendergrass includes an email regarding a subpoena defense counsel issued to APD and Fulton County for records related to the case which seemingly infers some records are missing. The original APD reports, however, were provided to defense counsel pursuant to a subpoena request and remained with defense counsel until they were returned to the government prior to trial in November 2021. *See* Gov. Ex. 1.

(1) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released ... and
(2) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial.
If the judicial officer makes such findings, he shall order the release of the person in accordance with the provisions of sections 3142(b) or (c).

18 U.S.C. § 3143(b)(1). There are accordingly four factors the district court must find in determining whether to grant release at this stage of the proceedings:

(1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
(2) that the appeal is not for purpose of delay;
(3) that the appeal raises a substantial question of law or fact; and
(4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

*United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985); *see also* 18 U.S.C. § 3143(b). Defendant must prove all four factors by clear and convincing evidence. *United States v. Williams*, 822 F.2d 512, 517 (5th Cir.1987).

Pendergrass satisfies the first two factors. He does not pose a danger to the community, and he is not a flight risk as demonstrated by his compliance while on pretrial release. There is also no allegation that his appeal will be for the purpose of delay.

Pendergrass also seemingly satisfies the fourth factor in *Giancola* - "if [the] substantial question is determined favorably to the defendant on appeal, that

decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Giancola*, 754 F.2d at 901. Pendergrass alleges that his appeal will include issues concerning the violation of his Fifth and Sixth Amendment rights that will result in a reversal if he prevails.

With regards to the third prong of the analysis, it requires Pendergrass to establish that his appeal will raise "a substantial question of law or fact." *Id.* A substantial question is one that is deemed to be more than frivolous. *Id.* "It is a 'close' question or one that very well could be decided the other way." *Id.* It must be one that "would likely result in a new trial or a judgment of acquittal if it were to be resolved in the defendant's favor on appeal." *United States v. Scheur*, 626 F. Supp. 2d 611, 616 (E.D. La. January 7, 2009).

In deciding whether the appeal concerns a substantial question, the district court is not required to find that it committed error when it previously decided issues to be raised on appeal. *Giancola*, 754 F.2d at 900. Moreover, "[w]hether a question is 'substantial' must be determined on a case-by-case basis." *Giancola*, 754 F.2d at 901.

Pendergrass contends that his appeal will raise substantial questions concerning violations of his constitutional rights. He specifically references his arrest in September 2013 and subsequent indictment in 2017 as conduct resulting in violations of his Fifth and Sixth Amendment rights. Doc. 296 at 5.

With respect to his Sixth Amendment claim, Pendergrass contends that his constitutional rights were properly triggered in this case. He claims that he

remained subject to the actual restraints imposed by the 2013 arrest despite the fact he was released from custody three weeks after his arrest. *Id*. at 8; Doc. 152 at 4. In support, he refers to his prosecution in another district – the Southern District of Ohio – that resulted in a sentence imposed in 2015 requiring him to serve 30 months in the Bureau of Prison ("BOP"). Doc. 296 at 6-7; Doc. 296-3.

Pendergrass accordingly argues that his Sixth Amendment rights were properly triggered. He claims he was unlawfully restrained when BOP denied him entry into the Residential Re-Entry Center ("RRC"). Doc. 296 at 6-7; Doc. 296-3. He further claims that he was an "accused" person for purposes of that amendment. *Id*. at 7-8. Pendergrass, however, never presents any argument alleging how the pre-indictment delay violated his Sixth Amendment right.

Additionally, with respect to the Fifth Amendment claim, Pendergrass asserts only that the court committed error when it failed to hold an evidentiary hearing to elicit testimony showing the government deliberately delayed indictment. *Id*. at 8, fn. 2. Whether to hold such hearing, however, is within court's discretion. *See United States v. Barsoum*, 763 F.3d 1321, 1328 (11th Cir. 2014) (stating that a district court's denial of an evidentiary hearing is reviewed for an abuse of discretion); *United States v. Arbolaez*, 450 F.3d 1283, 1293 (11th Cir. 2006) ("Generally, a court's decision about whether to hold an evidentiary hearing lies within that court's sound discretion and will be reviewed only for an abuse of discretion").

As a result, Pendergrass fails to demonstrate that his appeal will raise "substantial questions" within the meaning of § 3143(b).[2] Consequently, he has not satisfied the cumulative requirements under § 3143.

## Conclusion

For the reasons stated above, the Motion for Bond Pending Appeal should be denied.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*

/s/TRACIA M. KING
*Assistant United States Attorney*
Georgia Bar No. 421380

---

[2] Notably, the district court previously considered Pendergrass's constitutional claims and rejected them. *See* Docs. 152 and 177. As explained above, however, it need not decide these issues again in order to determine whether to grant a bond.

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

October 3, 2022

/s/ Tracia M. King

Tracia M. King

*Assistant United States Attorney*