THE FOLLOWING IS THE PDF OF AN OFFICIAL TRANSCRIPT. OFFICIAL TRANSCRIPTS MAY ONLY BE FILED IN CM/ECF BY THE OFFICIAL COURT REPORTER AND WILL BE RESTRICTED IN CM/ECF FOR A PERIOD OF 90 DAYS.  YOU MAY CITE TO A PORTION OF THE ATTACHED TRANSCRIPT BY THE DOCKET ENTRY NUMBER, REFERENCING PAGE AND LINE NUMBER, ONLY AFTER THE COURT REPORTER HAS FILED THE OFFICIAL TRANSCRIPT; HOWEVER, YOU ARE PROHIBITED FROM ATTACHING A FULL OR PARTIAL TRANSCRIPT TO ANY DOCUMENT FILED WITH THE COURT.

```
                    UNITED STATES DISTRICT COURT
                 FOR THE NORTHERN DISTRICT OF GEORGIA
                          ATLANTA DIVISION



UNITED STATES OF AMERICA, )
                          )
                          )
 -VS-                     )  DOCKET NO. 1:17-CR-0224-AT-1
                          )
ALLEN J. PENDERGRASS,     )
                          )
      DEFENDANT.          )


              TRANSCRIPT OF TELECONFERENCE PROCEEDINGS
                 BEFORE THE HONORABLE AMY TOTENBERG
                    UNITED STATES DISTRICT JUDGE
                          APRIL 26, 2019
```

**APPEARANCES**:

**ON BEHALF OF THE GOVERNMENT**:
    JEFF BROWN, ESQ.
    TERESA STOLZ, ESQ.
    ASSISTANT UNITED STATES ATTORNEYS


**ON BEHALF OF THE DEFENDANT**:
    SARALIENE DURRETT, ESQ.




**STENOGRAPHICALLY RECORDED BY**:

                PENNY PRITTY COUDRIET, RMR, CRR
                     OFFICIAL COURT REPORTER
                   UNITED STATES DISTRICT COURT
                       ATLANTA, GEORGIA

1  **(PROCEEDINGS HELD TELEPHONICALLY AT 3:13 P.M., ATLANTA)**

2  THE COURT: I know that everyone's indicated to you
3  their presence, but just for the purpose of the transcript here,
4  this is the United States of America v. Allen Pendergrass, case
5  17-CR-224. Would counsel announce yourselves.

6  MR. BROWN: Jeff Brown on behalf of the government.

7  MS. STOLZ: Teresa Stolz on behalf of the government.

8  MS. DURRETT: And Saraliene Durrett on behalf of
9  Mr. Pendergrass.

10  THE COURT: All right. Mr. Brown, I approved your
11  request for the hearing. I'm sorry I couldn't get an order out
12  earlier that was a little more explanatory, but basically there
13  was a lot -- the record seemed like everyone's throwing everything
14  out there. And so I could conceive of wanting to at minimum ask
15  questions about a number of motions. But the thing that was --
16  the first thing that I wanted to understand really was whether all
17  the discovery issues had been satisfied because those seemed to be
18  lurking as of the last time I was reviewing from the defendant.

19  MR. BROWN: Jeff Brown. So, your Honor, the only
20  outstanding discovery issue is Ms. Durrett's provided the
21  government with a hard drive. And the United States Postal
22  Inspection Service is currently copying the requested computer
23  hard drive belonging to Mr. Pendergrass to that hard drive. And
24  that should be completed by or before May 10th.

25  THE COURT: And what is on that -- what is the

1 significance of the potential information that's on that hard
2 drive?
3     MR. BROWN:  I don't know the significance of why
4 Ms. Durrett wanted those hard drives.  I believe she was looking
5 for some financial documentations from her client that he believes
6 are on that hard drive.  She asked me to provide her with a copy
7 of those hard drives.
8     THE COURT:  Ms. Durrett, do you have any other views or
9 anything else that you want to say in connection with the
10 discovery issue?
11     MS. DURRETT:  No, your Honor.  That's correct, we're
12 waiting on that hard drive.  And we requested that.  It had not
13 previously been produced.  And we do think it has financial
14 documents on it.
15     THE COURT:  Okay.
16     It seemed to me in -- today when I was, again, reviewing
17 the motions that, Ms. Durrett, I don't think you've had much
18 grounds at this juncture after reading the government's brief for
19 the Speedy Trial motion as to post-indictment issues.  Of course,
20 you didn't have a whole other round of reply.  But just in terms
21 of time frame, it seemed to me that in the end Mr. Brown had the
22 better argument there.  I don't know whether you had made any
23 errors or whether you just -- but it seemed to me that in
24 reviewing the -- I didn't understand how you got to basically in
25 excess of the time frame required for the Court to meet new Speedy

1  Trial.
2           Before we spend any time on that issue or if you think
3  there's something else that you have to say, because it is an
4  absolute, you're welcome to say it, and I'll let you say it on
5  Tuesday.  But it would be probably better in terms of planning the
6  day if you had -- after reading his position as well whether you
7  have a different one.
8           MS. DURRETT:  Your Honor, the only thing I'll say about
9  the posttrial Speedy Trial issue is just a -- the one thing that I
10 wanted the Court to look at was the 404(b) notice by the
11 government and whether that time between the filing of that and
12 anything else, any other motion, should have been excluded.  And I
13 cited some case law in my reply about that.  That's really, you
14 know, the last of the arguments that I have about that.
15          THE COURT:  Okay.  I thought -- and I'll put my hands on
16 it also, but one of the things that Mr. Brown contended was even
17 if I were not to go his way on the 404(b), that there was another
18 issue which you hadn't -- that you hadn't basically accounted for
19 that would -- as it is, or that you were in error about as it is.
20 So you're just saying the Court is three days over, and he said
21 something else that was eight days.
22          Do you remember what that was, Mr. Brown?  I'll find it.
23 At the moment I don't --
24          MR. BROWN:  This is Jeff Brown, your Honor.  I'm looking
25 for that right now.  And if I can find that, your Honor.

1    Oh, your Honor, I think I found it.  I think it relates
2 to when the -- I think on page eight of document entry 103, that I
3 think defense counsel miscalculates relating to the actual --
4    THE COURT:  Co-defendants?
5    MR. BROWN:  Yeah, your Honor, correct.  The
6 co-defendant's filing the motion for extension of time.
7    MS. DURRETT:  And I think -- let me pull that up.  And
8 what's the motion that the co-defendant filed?
9    MR. BROWN:  Document 19, the co-defendant filed a motion
10 for extension of time to file pretrial motions, Doc 19.  It was
11 filed six days before Mr. Pendergrass's attorney filed his motion.
12    MS. DURRETT:  And so that is the argument that I
13 initially made in my initial motion, which was I don't think that
14 the motion for extension of time stops the clock.  And I laid out
15 the case law on that.  And either the Court will agree or won't
16 agree.  That is the argument that I made in my initial motion,
17 which is regarding those motions for extension of time.
18    THE COURT:  Will y'all hold one second.  I'm sorry.  One
19 moment.
20    All right.  Well, I'll take a look at it again, but was
21 there one preeminent reason that you didn't think it was going to
22 be good enough, the co-defendant's motion, that you recall?
23 Because I didn't -- that's exactly why I'm asking, so I can go
24 back because I thought that that was a very straightforward issue.
25 But do you recall, Ms. Durrett?

1           MS. DURRETT:  Your Honor, I'll go back and look at it
2   but I -- that is the exact issue that I briefed in Document --
3           THE COURT:  Okay.  All right.  I will go back and look
4   at it then.
5           MS. DURRETT:  Okay.
6           THE COURT:  So, Mr. Brown, I have a question of you.  It
7   seemed to me that you were arguing in your response to the issue
8   of the pretrial delay and being -- and the defendant's right or
9   lack of a right to proceed now with a motion to dismiss on that
10  ground belatedly, that you were saying that the defendant didn't
11  meet the good cause standard but that the Court retain the
12  authority, of course, to reset the deadlines for anything that had
13  to happen in this case.  And, if I did, then I would have to send
14  it back to the magistrate judge if I understood what you were
15  saying in that submission.  Is that correct?
16          MR. BROWN:  I think that's correct, your Honor.
17          THE COURT:  Ms. Durrett, if I were to proceed that way,
18  why wouldn't that basically address your concern?  I mean, you
19  have two different concerns right now.  You said that -- you've
20  already announced that you aren't going to be prepared for trial
21  based on whatever delays there were in getting you information in
22  discovery.  Is that correct still?
23          MS. DURRETT:  That's right, your Honor.  We are
24  definitely not going to be prepared for the current trial date,
25  that's correct.

1        THE COURT:  To the extent that you're asking for relief
2   about this, why wouldn't I then just send it back and decertify
3   the case?
4        MS. DURRETT:  Your Honor, I don't know that I disagree
5   with that.  I don't know that you have to do that.  It seems like
6   the statute permits you to allow the magistrate court to entertain
7   motions that aren't -- that don't terminate the case, I think
8   that's fine.  But I don't think there's a problem if you decertify
9   the case.
10       THE COURT:  Well, I don't want to put either of you in a
11  position of being -- your client being disadvantaged by his
12  reaction.
13       But, Mr. Brown, are you saying that it -- you may not
14  have genuinely wanted that course of action, but would it be
15  better in terms of the government being able to present whatever
16  witnesses it had simply by my either delaying this hearing or
17  sending it back to the magistrate judge and decertify.
18       MR. BROWN:  Your Honor, I think it would probably be
19  proper -- this is Jeff Brown -- to send it back to the magistrate
20  to decertify, and the magistrate court can determine whether --
21  this is Judge --
22       THE COURT:  Salinas I think.
23       MR. BROWN:  Salinas can determine whether she wants to
24  have an evidentiary hearing as relates to defendant's motion for
25  that constitutional Speedy Trial issue.

1    THE COURT: All right. Are there any other pending
2 issues besides this, the ones we've talked about today? I gather
3 that the post office issue and discovery is in process, so that's
4 not really a hanging issue other than the fact it's going to be a
5 while until you get it. And you said May -- mid-May, is that --
6    MR. BROWN: By or before May 10th.
7    THE COURT: May 10th. All right. Okay.
8    Are there any other things from the defendant's
9 perspective?
10    MS. DURRETT: I don't think so, your Honor.
11    THE COURT: And do you have any projection at this
12 juncture, Ms. Durrett, as to when you would be ready for trial?
13    MS. DURRETT: I don't know exactly what's contained on
14 that hard drive, but my guess is that if we look at it, it may
15 have leads to maybe potential witnesses in this case or other
16 information that I would need to follow up on. So I guess I would
17 ask for 60 days from the date that we receive that hard drive.
18    THE COURT: All right. Well, I think it makes sense at
19 this juncture, then, for me to decertify it and send it back to
20 Judge Salinas to determine whether or not there are grounds for
21 the reopening and whether -- even if there are grounds for
22 reopening, whether the motion should be granted.
23    In making that determination I do have to note that
24 Mr. Citronberg has filed very cursory motions and has been quite
25 ill on a cyclical basis during the last number of years. And I

1 say that not just based on this case but on other cases.  So I'm
2 not confident completely as to what transpired in this case and
3 how many of the timelines might have related to when he was off
4 ill or not.  So I would feel uncomfortable in not at least
5 allowing the defendant to present his contention.  At the same
6 time, I don't want to delay this too long.
7     I know that Judge Salinas will fairly and efficiently
8 deal with the issue so that at least they're keyed up for me and
9 you're not waiting for me.  And it seems like it's more fair also
10 so we're not throwing everyone into court on Tuesday with perhaps
11 not being completely prepared for it because of the circumstances
12 here and how it's evolved with change of counsel.
13     So I'm going to decertify it, but I would like you to
14 formalize your request for an extension under these circumstances
15 for trial.  I don't know whether we're going to be ready and
16 whether the hearing will have been held and not have an R and R
17 and everything else.  But I do think it would be helpful if you
18 simply formalize that in a written submission to the Court.
19     MS. DURRETT:  Okay.  Thank you, your Honor.
20     THE COURT:  And once I get that and we -- and you have
21 my basic ruling here, but I will formalize them, just simply the
22 order without all the discussion of the reasons why, but anyone
23 can refer to the transcripts obviously.  And I will issue a
24 separate order on the posting document motion to dismiss.  I don't
25 see any reason for Judge Salinas to have to deal with that.

1          Any questions, concerns, or anything else that you want
2  to raise?
3          MR. BROWN:  Not from the government.  Thank you, Judge.
4  Jeff Brown.
5          MS. DURRETT:  No, your Honor.  This is Saraliene
6  Durrett.
7          So we will not be having a hearing on Tuesday, the 30th,
8  correct?
9          THE COURT:  That's correct.  And I will alert Judge
10 Salinas to what's going on also.  All right?
11         MS. DURRETT:  Thank you.
12         MR. BROWN:  Thank you, Judge.
13         THE COURT:  Very good.  Have a good weekend.
14         (PROCEEDINGS REPORTED WERE CONCLUDED AT 3:29 P.M.)
15                      _____

1              C E R T I F I C A T E
2
3  UNITED STATES DISTRICT COURT
4  NORTHERN DISTRICT OF GEORGIA
5
6          I do hereby certify that the foregoing pages are a true
7  and correct transcript of the proceedings taken down by me in the
8  case aforesaid.
9          This the 26th day of October, 2022.
10
11
12
13
14         _____
15         PENNY PRITTY COUDRIET, RMR, CRR
           OFFICIAL COURT REPORTER
16
17
18
19
20
21
22
23
24
25