IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:17-cr-224-AT |
| ALLEN J. PENDERGRASS, | : | |
| | : | |
| Defendant. | : | |

**<u>ORDER</u>**

Now before the Court is Defendant Allen Pendergrass's Motion for Bond Pending Appeal [Doc. 296]. The Government opposes the Motion. (Doc. 304.)

**I.     Background**

On December 3, 2021, a jury found Defendant Allen Pendergrass guilty on five counts of aiding and abetting mail fraud (Counts 1-5), one count of conspiracy to engage in money laundering (Count 6), and four counts of aiding and abetting aggravated identity theft (Counts 7-10). (Jury Verdict, Doc. 250.) On August 24, 2022, the Court sentenced Mr. Pendergrass to a total term of imprisonment of 46 months.[1] (Judgment and Commitment, Doc. 289.) Pursuant to this sentence, Mr. Pendergrass was directed to self-surrender to FPC Montgomery on November 15,

---

[1] Specifically, Mr. Pendergrass was sentenced to 22 months as to each of Counts 1-6 to be served concurrently to each other, and 24 months as to each Counts 7-10 to be served concurrently to each other but consecutively to Counts 1-6. (*Id.*) The Court recommended that Mr. Pendergrass be allowed to serve his final 18 months of incarceration in home confinement. (*Id.*)

2022. (Doc. 308.) On September 7, 2022, Mr. Pendergrass appealed the judgment entered on August 26, 2022. (Notice of Appeal, 290.) Now, Mr. Pendergrass asks to be released pending appeal.

## II.    Legal Standard

Under 18 U.S.C. § 3143(b), a judicial officer "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained," unless the judge finds—

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) and (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b). Accordingly, as outlined by the Eleventh Circuit, a court must find the following four factors in order to grant bond pending appeal: (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) that the appeal is not for purpose of delay; (3) that the appeal raises substantial question of law or fact; and (4) that if the substantial question is determined favorably to defendant on appeal, that decision is likely to

result in reversal or an order for a new trial of all counts on which imprisonment has been imposed. *United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985).

### III. Discussion

In his Motion, Mr. Pendergrass argues that he is not likely to flee or pose a danger to the community, that his appeal is not for the purpose of delay, and that his appeal raises a substantial question as to whether the pre-indictment delay in this case violated his rights under the Constitution.

Applying the above-outlined standard, the Court first considers whether Mr. Pendergrass is likely to flee or whether he poses a danger to the community. For the past five years, Mr. Pendergrass has been on federal pre-trial release. He has not violated any pre-trial supervision conditions. Mr. Pendergrass has sought and been granted permission to travel outside the jurisdiction on several occasions, without incident. (Docs. 32, 112, 116, 166, 282.) As to any potential danger, Mr. Pendergrass has been convicted of non-violent, fraud-based crimes. Mr. Pendergrass is now 65 years old. The crimes at issue occurred in 2013, approximately nine years ago. For all of these reasons, the Court concludes, by clear and convincing evidence, that Mr. Pendergrass is not likely to flee or pose a danger to the safety of any other person or the community.[2]

---

[2] The Government acknowledges that Mr. Pendergrass is not likely to flee or pose a danger to the community. (Gov. Resp., Doc. 304 at 3.)

Second, the Court finds that Mr. Pendergrass's appeal was not brought for the purposes of delay. The Government also does not dispute this point. (Gov. Resp., Doc. 304 at 3.)

Next, the Court considers whether the appeal raises a substantial question of fact or law. Mr. Pendergrass argues that the question of whether his Fifth Amendment due process rights and his Sixth Amendment speedy trial rights "were violated when he was arrested by a joint task force of state and federal agents in September 2013, but was not indicted in this case until 2017" raises a substantial question of law. (Mot., Doc. 296 at 6.) Mr. Pendergrass's instant Motion — as well as past briefs on these issues — raise serious questions about both (1) the extent of involvement of federal officers and prosecutors in the arrest of Mr. Pendergrass in 2013 by the Atlanta Police Department and (2) the intent of state and federal authorities in determining not to pursue a prosecution against Mr. Pendergrass in Fulton County but later bringing federal charges. (*See generally* Docs. 296, 90, 156.)[3] In turn, there is a real legal question as to whether Mr. Pendergrass's Sixth

---

[3] For example, Mr. Pendergrass cites to an Atlanta Police Department report regarding his arrest *in 2013* in which APD Officer Douglas Ricks states that "[t]he USPIS is going to be seeking *federal prosecution . . .*" (*See* Report, Doc. 296-1 at ECF 6) (emphasis added). Mr. Pendergrass also argues that federal officers were involved in his arrest in 2013 and attaches emails confirming that a federal prosecutor was involved with the investigation, and was arranging meetings with APD and USPIS, in 2014, years before the federal indictment was brought in this case in June of 2017. (*See* Email Exchanges, Doc. 296-4.) Based on these (and other) facts, Defendant argues that his 2013 arrest is sufficient to demonstrate that he was an "accused" for the purposes of the *federal* prosecution, such that his speedy trial rights attached upon the 2013 arrest. *See United States v. Nixon*, 634 F.2d 306, 309 (5th Cir. 1981) ("Of course, if the second charge is but a part of or only gilds the initial charge, the initial arrest would start the critical period" for purposes of the speedy trial calculation) (citing *United States v. De Tienne*, 468 F.2d 151, 155 (7th Cir. 1972), *cert. denied*, 410 U.S. 911 (1973) and *Gravitt v. United States*, 523 F.2d 1211, 1215 (5th Cir. 1975)).

Amendment speedy trial rights attached upon his arrest in 2013. *See United States v. Marion*, 404 U.S. 307, 320 (1971) ("[I]t is either a formal indictment or information *or else the actual restraints imposed by arrest and holding to answer a criminal charge* that engage the particular protections of the speedy trial provision of the Sixth Amendment.") (emphasis added). Although the Court adopted the Magistrate Judge's Report and Recommendation and thereby ruled against Mr. Pendergrass on this issue, it was undoubtedly a close call that implicates substantial questions of law. While the Court stands by its earlier ruling, if this issue is decided in Mr. Pendergrass's favor, his conviction would be reversed. *See United States v. Scheur*, 626 F. Supp. 2d 611, 617-18 (E.D. La. 2009) (granting defendants' motion for bond pending appeal and noting that "the correct analysis does not involve an inquiry into whether the Court's earlier ruling was in error, but rather whether the issue presents a substantial question likely to result in a new trial if decided in the Defendants' favor"). Therefore, the Court finds that the third factor for consideration — whether the appeal raises a substantial issue of fact or law — is also satisfied.

  Finally, there is no question that, if the Eleventh Circuit were to determine that Mr. Pendergrass's speedy trial rights attached upon his 2013 arrest, and if the Court of Appeals then determined that Mr. Pendergrass's speedy trial rights under the Sixth Amendment were violated, then Mr. Pendergrass's conviction would be reversed. *See Doggett v. United States*, 505 U.S. 647, 658 (1992) (reversing judgment after finding violation of defendant's Sixth Amendment right to a speedy

5

trial); *United States v. Ingram*, 446 F.3d 1332, 1340 (11th Cir. 2006) (reversing conviction and directing district court to dismiss indictment, after finding Sixth Amendment speedy trial violation).

Consequently, upon consideration of Mr. Pendergrass's Motion, the Court concludes that all four factors for granting bond pending appeal are met here. *Giancola*, 754 F.2d at 901.

### IV.  Conclusion

For the reasons above, the Court **GRANTS** Defendant's Motion for Bond Pending Appeal [Doc. 296]. The Court **ORDERS** that Mr. Pendergrass shall continue to be subject to the conditions of supervision currently in place. Because the Court grants Defendant's Motion for Bond Pending Appeal, Defendant's Motion for Extension of Time to Voluntarily Surrender [Doc. 309] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 3rd day of November 2022.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**