# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 1:17-CR-0224-AT-CMS-1 |
| | USM Number: 65828-019 |
| ALLEN J. PENDERGRASS | Sydney Strickland & Saraliene Smith Durrett |
| | Defendant's Attorneys |

**THE DEFENDANT:**

The defendant was found guilty on counts 1 through 10 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1341 and 2 | Mail Fraud | April, 2014 | 1-5 |
| 18 U.S.C. § 1956(h) | Money Laundering Conspiracy | April, 2014 | 6 |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | April, 2014 | 7-10 |

The defendant is sentenced as provided in pages 2 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

February 24, 2025
Date of Imposition of Judgment

*/s/ Amy Totenberg*
Signature of Judge

AMY TOTENBERG, SENIOR U. S. DISTRICT JUDGE
Name and Title of Judge

February 24, 2025
Date

DEFENDANT:   ALLEN J. PENDERGRASS
CASE NUMBER:  1:17-CR-0224-AT-1                                                                    Judgment -- Page **2** of **8**

Judgment in a Criminal Case
Sheet 2 -- Imprisonment

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:  **SIX (6) MONTHS** as to each of Count 1 through 6 to be served **CONCURRENTLY** to each other, and **TWENTY-FOUR (24) MONTHS** as to each of Counts 7 through 10 to be served **CONCURRENTLY** to each other and **CONSECUTIVELY** to Counts 1 through 6 for a total term of imprisonment of **THIRTY (30) MONTHS.**

The Court recommends that defendant serve his term of imprisonment at the Bureau of Prisons FPC Montgomery facility.

The Court further recommends the defendant be promptly evaluated for enrollment in the RDAP program.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the United States Marshal. The defendant shall not be required to report earlier than May 12, 2025.

DEFENDANT: ALLEN J. PENDERGRASS  
CASE NUMBER: 1:17-CR-0224-AT-1  Judgment -- Page **3** of **8**

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

_____  
DEPUTY UNITED STATES MARSHAL

DEFENDANT:   ALLEN J. PENDERGRASS  
CASE NUMBER:   1:17-CR-0224-AT-1   Judgment -- Page **4** of **8**

Judgment in a Criminal Case  
Sheet 3 -- Supervised Release

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:  **SIX (6) MONTHS.**

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.
4. With the assistance of your Probation Officer, you shall identify and participate in a group alcohol abuse program for at least four months following your release from prison.
5. You must cooperate in the collection of DNA as directed by the probation officer.
6. You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.  Restitution payments must be made to Clerk, U.S. District Court, Northern District of Georgia, 2211 U.S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, GA 30303.
7. You must not own, possess or have under your control any firearm, dangerous weapon or other destructive device as those terms are defined in 18 U.S.C. § 921 (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:  ALLEN J. PENDERGRASS  
CASE NUMBER: 1:17-CR-0224-AT-1                                                                                Judgment -- Page **5** of **8**

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work (at least 20 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so for advanced age or health related reasons. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at: www.uscourts.gov

I understand that a violation of any of these conditions of supervised release may result in modification, extension, or revocation of my term of supervision.

Defendant's Signature     _____    Date   _____

USPO's Signature         _____    Date   _____

DEFENDANT:   ALLEN J. PENDERGRASS
CASE NUMBER:  1:17-CR-0224-AT-1                                                                      Judgment -- Page **6** of **8**

## SPECIAL CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following special conditions of supervision.

You must make full and complete disclosure of your finances and submit to an audit of your financial documents at the request of your probation officer. You must provide the probation officer with full and complete access to any requested financial information and authorize the release of any financial information. The probation office may share the financial information with the United States Attorney's Office.

You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

If there is reasonable suspicion as discussed below, Probation may require you to submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. *An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you violated a condition of your supervision and that areas to be searched contain evidence of this violation.*  Any search must be conducted at a reasonable time and in a reasonable manner.

You must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

DEFENDANT:  ALLEN J. PENDERGRASS
CASE NUMBER: 1:17-CR-0224-AT-1                                                                                   Judgment -- Page **7** of **8**

Judgment in a Criminal Case
Sheet 5 -- Criminal Monetary Penalties

# CRIMINAL MONETARY PENALTIES

Special Assessment

TOTAL        $1000.00

The assessment shall be paid to Clerk, U.S. District Court, Northern District of Georgia.

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration.  The Court waives the fine and cost of incarceration in this case.

Fine

TOTAL        $0

Restitution

TOTAL        $221,298.36

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss***** | Restitution Ordered |
| --- | --- | --- |
| City of Atlanta<br>Finance Department<br>68 Mitchell Street<br>Suite 11100<br>Atlanta, Georgia 30303 | $194,775.37 | $194,775.37 |
| Harris County Texas<br>C/O Ann Harris Bennett<br>Harris County Tax Collector<br>P.O. Box 4622<br>Houston, Texas 77210-4622 | $5,184.83 | $5,184.83 |
| Fort Collins Colorado<br>City of Fort Collins<br>P.O. Box 580<br>Fort Collins, Colorado 80522 | $21,338.16 | $21,338.16 |

DEFENDANT:  ALLEN J. PENDERGRASS  
CASE NUMBER:  1:17-CR-0224-AT-1 <span style="float:right">Judgment -- Page **8** of **8**</span>

|  |  |  |
|---|---|---|
| TOTALS | $221,298.36 | $221,298.36 |

The court determined that the defendant does not have the ability to pay interest and it is ordered that the interest requirement is waived for the restitution.  Further, the court has determined that the Defendant has limited means at this time and will only be able to pay the amounts due on a fractional basis over time as set forth below.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A. Payment in equal monthly- installments of $100.00, totaling $5,000.00, over a period of **FIVE (5) YEARS**, to commence immediately after the publication date of this judgment.

B. Payment of the $216,298.36 balance of restitution during the term of supervised release will commence SIXTY (60) DAYS after release from imprisonment at a monthly rate of $100.00.  The supervising probation officer may determine an increase or reduction of the monthly rate based upon defendant's ability to pay.